James L. Bromley
Andrew G. Dietderich
Christian P. Jensen
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004-2498
Telephone: (212) 558-4000
Facsimile: (212) 558-3588

*Proposed Counsel to the Debtor*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| SVB FINANCIAL GROUP,[1] | Case No. 23-10367 (MG) |
| Debtor. | |

**DEBTOR'S MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTOR TO MAINTAIN A LIST OF CREDITORS IN LIEU OF SUBMITTING A FORMATTED MAILING MATRIX AND (II) ESTABLISHING PROCEDURES FOR NOTIFYING PARTIES OF COMMENCEMENT OF THIS CHAPTER 11 CASE**

SVB Financial Group, as debtor and debtor-in-possession (the "Debtor") hereby submits this motion (this "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Order"), pursuant to sections 105 and 521 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rules 1007-1 and 5075-1 of the Local Rules of the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), (i) authorizing, but not directing, the Debtor to maintain a list of creditors (the "Creditor Matrix") in electronic format only, in lieu of filing a formatted mailing matrix and

---

[1]    The last four digits of SVB Financial Group's tax identification number are 2278.

(ii) establishing procedures for notifying parties of the commencement of this chapter 11 case

(the "Chapter 11 Case").  Certain facts supporting this Motion are set forth in the *Declaration of*

*William Kosturos in Support of the Debtor's Chapter 11 Petition and First Day Pleadings* (the

"First Day Declaration").  In further support of the Motion, the Debtor respectfully states as

follows:

## Background

1.       On March 17, 2023 (the "Petition Date"), the Debtor filed with the Court a

voluntary petition for relief under the Bankruptcy Code.  The Debtor continues to operate its

businesses and manage its properties as debtor-in-possession pursuant to sections 1107(a) and

1108 of the Bankruptcy Code.  As of the date hereof, no creditors' committee, trustee or

examiner has been appointed in this chapter 11 case (the "Chapter 11 Case").

2.       Additional factual background relating to the Debtor's businesses and the

commencement of this Chapter 11 Case is set forth in the First Day Declaration.

## Jurisdiction

3.       The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C.

§§ 157 and 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is

proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the

relief requested herein are sections 105 and 521 of the Bankruptcy Code, Bankruptcy Rule 1007

and Local Rules 1007-1 and 5075-1.

## Relief Requested

4.       By this Motion, the Debtor requests entry of the Order, substantially in the

form attached hereto as Exhibit A, (i) authorizing, but not directing, the Debtor to maintain the

Creditor Matrix in electronic format only, in lieu of filing a formatted mailing matrix and (ii)

establishing procedures for notifying parties of the commencement of this Chapter 11 Case.

-2-

4854-9055-8039 v.3

## Basis for Relief

**I.    The Court May Allow the Debtor to Maintain the Creditor Matrix in Lieu of Submitting a Formatted Mailing Matrix.**

5.    Local Rule 1007-1(a) requires a debtor in a voluntary chapter 11 case to file a list containing the name and complete address of each creditor.  The Debtor requests that the Court authorize the Debtor to maintain the Creditor Matrix in electronic format only, in lieu of filing a formatted mailing matrix.  Permitting the Debtor to maintain a list of its creditors in electronic format only, in lieu of filing a formatted mailing matrix, is warranted under the circumstances of this Chapter 11 Case.  Indeed, because the Debtor has thousands of potential creditors and other parties-in-interest, converting the Debtor's computerized information to a format compatible with the matrix requirements would be a burdensome task and would greatly increase the risk of error with respect to information on computer systems maintained by the Debtor or its agents.

6.    The Debtor has simultaneously herewith filed an application seeking to retain Kroll Restructuring Administration LLC ("Kroll") as its claims and noticing agent (the "Claims Agent").  If such application is granted, the Claims Agent will, among other things: (a) assist with compiling and maintaining the Creditor Matrix and (b) complete the mailing of notices to the creditors in the Creditor Matrix.

7.    Accordingly, the Debtor, working with Kroll, is preparing the Creditor Matrix in electronic format.  To ensure that no parties-in-interest are prejudiced, the Debtor will make the Creditor Matrix available in readable electronic format to any party-in-interest who so requests (or in non-electronic format at such requesting party's sole cost and expense).  The Debtor therefore submits that the preparation and maintenance of the Creditor Matrix, in lieu of a formatted mailing matrix, is warranted under the facts and circumstances present in this Chapter

-3-

11 Case.

**II.    The Court May Establish Procedures for Mailing Notices to Creditors, Including the Notice of Commencement of This Chapter 11 Case.**

8.      As stated above, by separate application filed concurrently herewith, the Debtor is seeking authority to retain Kroll as Claims Agent.  The Debtor proposes that Kroll undertake all mailings directed by the Court, the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee") or as required by the Bankruptcy Code, including the notice of commencement of this Chapter 11 Case, substantially in the form attached hereto as Exhibit B (the "Notice of Commencement").  Kroll's assistance with mailing and preparing creditor lists and notices will ease the administrative burdens on the Court and the U.S. Trustee.  With such assistance, the Debtor will also be capable of undertaking all necessary mailings.

9.      In order to assist Kroll with the tasks described above, the Debtor respectfully requests that the Court establish the procedures outlined herein.  Bankruptcy Rule 2002(a) provides, in relevant part, that "the clerk, or some other person as the court may direct, shall give the debtor, the trustee, all creditors and indenture trustees at least 21 days' notice by mail of . . . the meeting of creditors under § 341 or § 1104(b) of the Code.  Fed. R. Bankr. P. 2002(a)(1).  Furthermore, Bankruptcy Rule 2002 provides that notice of the order for relief shall be sent by mail to all creditors and shareholders.  Fed. R. Bankr. P. 2002(d), (f).  The Debtor requests authority for Kroll to serve the Notice of Commencement by regular mail to creditors in accordance with Bankruptcy Rule 2002.

10.      Bankruptcy Rule 2002(l) permits the Court to order "notice by publication if it finds that notice by mail is impracticable or that it is desirable to supplement the notice." Fed. R. Bankr. P. 2002(l).  In addition to mailing the Notice of Commencement, the Debtor

-4-

proposes to publish the Notice of Commencement, as soon as reasonably practicable, on the website maintained by Kroll at https://restructuring.ra.kroll.com/svbfg/.  The Debtor believes that such publication of the Notice of Commencement provides sufficient notice to persons who did not otherwise receive notice by mail.

11.     These proposed procedures will ensure that the Debtor's creditors receive prompt notice of the commencement of this Chapter 11 Case and of the meeting of creditors. Section 105(a) of the Bankruptcy Code empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).  The Debtor submits that implementing these procedures is within the Court's equitable powers under section 105(a) of the Bankruptcy Code.  The Debtor accordingly requests that the Court approve the foregoing as providing sufficient notice of the commencement of this Chapter 11 Case.

### Notice

12.     No creditors' committee, trustee or examiner has been appointed in this Chapter 11 Case.  Notice of this Motion has been provided to: (a) the U.S. Trustee; (b) the Securities and Exchange Commission; (c) the Internal Revenue Service; (d) the United States Department of Justice; (e) the United States Attorney for the Southern District of New York; (f) the Federal Deposit Insurance Corporation; (g) the Federal Reserve Board of Governors; (h) the parties identified on the Debtor's list of 30 largest unsecured creditors; and (i) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002.  The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be provided.

### Conclusion

WHEREFORE, for the reasons set forth herein, the Debtor respectfully requests

-5-

that the Court (a) enter the Order, substantially in the form attached hereto as <u>Exhibit A,</u> and

(b) grant such other and further relief as is just and proper.

| | |
|---|---|
| Dated: March 19, 2023<br>New York, New York | <u>*/s/ James L. Bromley*</u><br>James L. Bromley<br>Andrew G. Dietderich<br>Christian P. Jensen<br>125 Broad Street<br>New York, NY 10004<br>Telephone: (212) 558-4000<br>Facsimile: (212) 558-3588<br>E-mail: bromleyj@sullcrom.com<br>      dietdericha@sullcrom.com<br>      jensenc@sullcrom.com<br><br>*Proposed Counsel to the Debtor* |

-6-

**<u>EXHIBIT A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____ x
                                      :
In re                                :         Chapter 11
                                        :
SVB FINANCIAL GROUP,[1]       :         Case No. 23-10367 (MG)
                                        :
          Debtor.             :
                                        :
_____ x

### ORDER (I) AUTHORIZING THE DEBTOR TO MAINTAIN A LIST OF CEDITORS IN LIEU OF SUBMITTING A FORMATTED MAILING MATRIX AND (II) ESTABLISHING PROCEDURES FOR NOTIFYING PARTIES OF COMMENCEMENT OF THIS CHAPTER 11 CASE

Upon the motion (the "Motion")[2] of SVB Financial Group, as a debtor and debtor-in-possession (the "Debtor"), for entry of an order (this "Final Order") pursuant to sections 105 and 521 of the Bankruptcy Code, Bankruptcy Rule 1007 and Local Rules 1007-1 and 5075-1, (i) authorizing, but not directing, the Debtor to maintain a list of creditors (the "Creditor Matrix") in electronic format only, in lieu of filing a formatted mailing matrix and (ii) establishing procedures for notifying parties of the commencement of this Chapter 11 Case; and this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and venue of this Chapter 11 Case and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Rules, and that, except as otherwise ordered herein, no other or further notice is necessary; and objections (if any) to the Motion having been withdrawn, resolved or overruled on the

---

[1]    The last four digits of SVB Financial Group's tax identification number are 2278.

[2]    Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

merits; and a hearing having been held to consider the relief requested in the Motion and upon

the record of the hearing and all of the proceedings had before this Court; and this Court having

found and determined that the relief sought in the Motion is in the best interests of the Debtor, its

estate, its creditors and all other parties-in-interest; and that the legal and factual bases set forth

in the Motion establish just cause for the relief granted herein; and after due deliberation and

sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED as set forth herein.

2.      In lieu of submitting a formatted mailing matrix, the Debtor shall make

available a single Creditor Matrix of all of the Debtor's creditors in readable electronic format

(or in non-electronic format at such requesting party's sole cost and expense) upon reasonable

request by parties-in-interest.

3.      The Claims Agent (upon this Court's authorization to engage Kroll as the

Debtor's Claims Agent) is authorized to undertake all mailings directed by this Court, the U.S.

Trustee or as required by the Bankruptcy Code, including, but not limited to, the notice of

commencement of this Chapter 11 Case and any other correspondence that the Debtor may wish

to send to creditors.

4.      The Notice of Commencement and the procedures for notifying parties of

the commencement of this Chapter 11 Case are approved.

5.      The Debtor is authorized and empowered to execute and deliver such

documents, and to take and perform all actions necessary to implement and effectuate the relief

granted in this Order.

2

6.      This Order is without prejudice to the rights of any party-in-interest or the

U.S. Trustee to seek to unseal the Confidential Information or any part thereof.

7.      The requirements set forth in Local Rule 9013-1(b) are satisfied.

8.      This Court shall retain jurisdiction with respect to any matters, claims,

rights or disputes arising from or related to the Motion or the implementation of this Order.

Dated: _____
       New York, New York

                        _____
                        The Honorable Martin Glenn
                        Chief United States Bankruptcy Judge

## **EXHIBIT B**

**Notice of Commencement**

| Information to identify the case: | | |
|---|---|---|

Debtor __SVB Financial Group__
       Name

EIN  9 1 – 1 9 6 2 2 7 8

United States Bankruptcy Court for the: __Southern__ District of __New York__
       (State)

Date case filed for chapter 11  03/17/2023
    MM / DD / YYYY

Case number: __23-10367 (MG)__

---

Official Form 309F1 (For Corporations or Partnerships)

# Notice of Chapter 11 Bankruptcy Case

**10/20**

**For the debtor listed above, a case has been filed under chapter 11 of the Bankruptcy Code. An order for relief has been entered.**

**This notice has important information about the case for creditors and debtors, including information about the meeting of creditors and deadlines. Read both pages carefully.**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtor or the debtor's property. For example, while the stay is in effect, creditors cannot sue, assert a deficiency, repossess property, or otherwise try to collect from the debtor. Creditors cannot demand repayment from the debtor by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees.

Confirmation of a chapter 11 plan may result in a discharge of debt. A creditor who wants to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadline specified in this notice. (See line 11 below for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at https://pacer.uscourts.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.**

**Do not file this notice with any proof of claim or other filing in the case.**

| | | | |
|---|---|---|---|
| **1.** | **Debtor's full name** | SVB Financial Group | |
| **2.** | **All other names used in the last 8 years** | N/A | |
| **3.** | **Address** | 387 Park Avenue South<br>New York, NY 10016 | |
| **4.** | **Debtor's attorney** Sullivan & Cromwell LLP<br>Name and address | 125 Broad Street<br>New York, NY 10004-2498 | Contact phone (212) 558-4000<br>Email jensenc@sullcrom.com |
| **5.** | **Bankruptcy clerk's office**<br>Documents in this case may be filed at this address. You may inspect all records filed in this case at this office or online at https://pacer.uscourts.gov. | US Bankruptcy Court<br>Southern District of New York<br>One Bowling Green<br>New York, NY 10004-1408 | Hours open Monday - Friday 8:30am to 5:00 pm<br>Contact phone 212-668-2870 |
| **6.** | **Meeting of creditors**<br>The debtor's representative must attend the meeting to be questioned under oath. Creditors may attend, but are not required to do so. | Date _____ at _____ Time<br>**Time and date to be determined.**<br>The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket. | Location: U.S. Bankruptcy Court<br>Southern District of New York<br>One Bowling Green<br>New York, NY 10004-1408 |

For more information, see page 2 ▶

| Debtor | | Case number (if known) | 23-10367 (MG) |
|---|---|---|---|
| | SVB Financial Group | | |
| | Name | | |

| | | | |
|---|---|---|---|
| **7.** | **Proof of claim deadline** | **Deadline for filing proof of claim:** | **Not yet set. If a deadline is set, notice will be sent at a later time.** |

A proof of claim is a signed statement describing a creditor's claim. A proof of claim form may be obtained at www.uscourts.gov or any bankruptcy clerk's office.

Your claim will be allowed in the amount scheduled unless:

- your claim is designated as *disputed*, *contingent*, or *unliquidated*;
- you file a proof of claim in a different amount; or
- you receive another notice.

If your claim is not scheduled or if your claim is designated as *disputed*, *contingent*, or *unliquidated*, you must file a proof of claim or you might not be paid on your claim and you might be unable to vote on a plan. You may file a proof of claim even if your claim is scheduled.

You may review the schedules at the bankruptcy clerk's office or online at https://pacer.uscourts.gov.

Secured creditors retain rights in their collateral regardless of whether they file a proof of claim. Filing a proof of claim submits a creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial.

| | | | |
|---|---|---|---|
| **8.** | **Exception to discharge deadline**<br>The bankruptcy clerk's office must receive a complaint and any required filing fee by the following deadline. | If § 523(c) applies to your claim and you seek to have it excepted from discharge, you must start a judicial proceeding by filing a complaint by the deadline stated below.<br><br>**Deadline for filing the complaint:** | **Not yet set. If a deadline is set, notice will be sent at a later time.** |

| | | |
|---|---|---|
| **9.** | **Creditors with a foreign address** | If you are a creditor receiving notice mailed to a foreign address, you may file a motion asking the court to extend the deadlines in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. |

| | | |
|---|---|---|
| **10.** | **Filing a Chapter 11 bankruptcy case** | Chapter 11 allows debtors to reorganize or liquidate according to a plan. A plan is not effective unless the court confirms it. You may receive a copy of the plan and a disclosure statement telling you about the plan, and you may have the opportunity to vote on the plan. You will receive notice of the date of the confirmation hearing, and you may object to confirmation of the plan and attend the confirmation hearing. Unless a trustee is serving, the debtor will remain in possession of the property and may continue to operate its business. |

| | | |
|---|---|---|
| **11.** | **Discharge of debts** | Confirmation of a chapter 11 plan may result in a discharge of debts, which may include all or part of your debt. See 11 U.S.C. § 1141(d). A discharge means that creditors may never try to collect the debt from the debtor except as provided in the plan. If you want to have a particular debt owed to you excepted from the discharge and § 523(c) applies to your claim, you must start a judicial proceeding by filing a complaint and paying the filing fee in the bankruptcy clerk's office by the deadline. |