James L. Bromley
Andrew G. Dietderich
Christian P. Jensen
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004-2498
Telephone: (212) 558-4000
Facsimile: (212) 558-3588

*Proposed Counsel to the Debtor*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re | : : : | Chapter 11 |
| SVB FINANCIAL GROUP,[1] | : : : | Case No. 23-10367 (MG) |
| Debtor. | : : : | |

**DEBTOR'S MOTION FOR ENTRY OF AN ORDER (I) EXTENDING
TIME TO FILE SCHEDULES OF ASSETS AND LIABILITIES,
SCHEDULES OF CURRENT INCOME AND EXPENSES, SCHEDULES
OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND STATEMENTS
OF FINANCIAL AFFAIRS, (II) EXTENDING TIME TO FILE RULE 2015.3
FINANCIAL REPORTS, (III) WAIVING REQUIREMENTS TO FILE THE LIST
OF EQUITY HOLDERS AND SERVE NOTICE OF COMMENCEMENT ON ALL
EQUITY HOLDERS AND (IV) GRANTING RELATED RELIEF**

SVB Financial Group (the "Debtor") hereby submits this motion (this "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Order"), pursuant to sections 105(a) and 521 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code") and rules 1007, 2015.3 and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (a) extending the time to file schedules of assets and liabilities, schedules of current income and expenses, schedules of executory contracts

---

[1] The last four digits of SVB Financial Group's tax identification number are 2278.

4855-9305-6343 v.3

and unexpired leases and statements of financial affairs (collectively, the "Schedules and Statements") by 45 days, for a total of 59 days from the Petition Date (as defined below), without prejudice to the Debtor's ability to request additional extensions, (b) extending the deadline by which the Debtor must file its initial report of financial information with respect to entities in which the Debtor holds a controlling or substantial interest as set forth in Bankruptcy Rule 2015.3(d) (the "2015.3 Report") to 30 days after the initial date set for the meeting of creditors to be held pursuant to section 341 of the Bankruptcy Code (the "341 Meeting"), without prejudice to the Debtor's ability to request additional extensions, (c) waiving the requirements to (i) file the list of equity security holders, as set forth in Bankruptcy Rule 1007(a)(3), and (ii) serve the notice of commencement on all equity security holders, as set forth in Bankruptcy Rule 2002(d), and (d) granting related relief.  Certain facts supporting this Motion are set forth in the concurrently filed *Declaration of William C. Kosturos in Support of the Debtor's Chapter 11 Petition and First Day Pleadings* (the "First Day Declaration").  In further support of the Motion, the Debtor respectfully states as follows:

**Background**

1.  On March 17, 2023 (the "Petition Date"), the Debtor filed with the Court voluntary petitions for relief under the Bankruptcy Code (this "Chapter 11 Case").  The Debtor continues to operate its businesses and manage its properties as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  As of the date hereof, no creditors' committee, trustee or examiner has been appointed in this Chapter 11 Case.

2.  Additional factual background relating to the Debtor's businesses and the commencement of this Chapter 11 Case is set forth in the First Day Declaration.

**Jurisdiction**

3.  The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are sections 105(a) and 521 of the Bankruptcy Code and Bankruptcy Rules 1007, 2015.3 and 9006.

**Relief Requested**

4.  By this Motion, the Debtor requests entry of the Order, substantially in the form attached hereto as <u>Exhibit A</u>, (a) extending the deadline by which the Debtor must file its Schedules and Statements by 45 days, for a total of 59 days from the Petition Date, without prejudice to the Debtor's ability to request additional extensions, (b) extending the deadline by which the Debtor must file the 2015.3 Report to 30 days after the initial date set for the 341 Meeting, without prejudice to the Debtor's ability to request additional extensions, (c) waiving the requirements to (i) file the list of equity security holders, as set forth in Bankruptcy Rule 1007(a)(3), and (ii) serve notice of commencement on all equity security holders, as set forth in Bankruptcy Rule 2002(d) and (d) granting certain related relief.

**Basis for Relief**

**I.    Cause Exists to Extend the Time to File the Schedules and Statements.**

5.  The Court has authority to grant the relief requested herein pursuant to Bankruptcy Rules 1007(c) and 9006(b), which bestow upon the Court the authority to extend the time required for filing of the Schedules and Statements "for cause shown." Fed. R. Bankr. P. 1007(c) and 9006(b). The Debtor respectfully submits that sufficient cause exists for granting the requested extension of time.

6.      To prepare its Schedules and Statements, the Debtor, with the assistance of its advisors, have been working as expeditiously as possible to compile information from all available books, records and other documents pertaining to, among other things, accounts payable and receivable, real estate and capital leases, employee wages and benefits, intercompany transactions and vendor and supplier agreements which, in the aggregate, are expected to consist of thousands of claims, assets and contracts of the Debtor.  Collecting the required information requires a substantial amount of time, energy and resources from the Debtor's personnel and professional advisors.

7.      Making this process even more challenging, the Debtor is currently unable to access a substantial portion of its books, records, files, electronic systems and key employees. As described in the First Day Declaration, in the days following the receivership and leading up to the chapter 11 filing, the Debtor continued to receive limited information on its business operations from personnel at Silicon Valley Bridge Bank, N.A. (the "Bridge Bank") who provide key services to the Debtor under the shared services arrangements.  That cooperation stopped in the days immediately prior to the filing, and Bridge Bank employees have since not provided any of the Debtor's information to the Debtor's officers or representatives and have cut off access to books and records.  The Bridge Bank and the Federal Deposit Insurance Corporation as receiver ("FDIC-R") each engaged bankruptcy counsel on the Petition Date, with whom the Debtor has been working to obtain access, but as of the date of this Motion the Debtor has been unable to access a substantial portion of its books, records, files, electronic systems and key employees.

8.      Due to the competing demands on the Debtor and its advisors to stabilize business operations leading up to the filing of this Chapter 11 Case and the initial postpetition period, the Debtor will likely not be able to complete the Schedules and Statements within the

-4-

initial 14-day time period. Additionally, even if the Debtor is able to regain access to its accounting system operated by Bridge Bank, it is possible that certain invoices related to prepetition goods and services have not yet been received and entered into the system, and therefore it will take some time before the information required to prepare the Schedules and Statements gets collected and compiled.

9. Section 105 of the Bankruptcy Code also empowers the Court to "issue any order, process, or judgement that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a). The Debtor submits that focusing the attention of its key personnel and advisors on critical operational and chapter 11 compliance issues during the early days of this Chapter 11 Case will facilitate a smooth transition into chapter 11 and ultimately maximize the value of its estates for the benefit of creditors and all parties-in-interest. In addition, the requested extension will not harm creditors or other parties-in-interest because the Debtor will still be required to file the Schedules and Statements in advance of any deadline for filing proofs of claim in this Chapter 11 Case. As such, there is ample "cause" to extend the deadline pursuant Bankruptcy Rule 1007(c) and 9006(b), to provide the Debtor with an additional 45 days, for an aggregate of 59 days from the Petition Date, to file the Schedules and Statements, and such extension would be appropriate under these circumstances.

10. Courts in this district have regularly determined cause existed to extend the filing deadline in similar chapter 11 cases and granted relief similar to that requested herein. *See, e.g.*, *In re Genesis Global Holdco, LLC*, 23-10063 (SHL) (Jan. 27, 2023), D.I. 42 (extending the time to file schedules and statements by 35 days for a total of 49 days); *In re Revlon, Inc.*, 22-10760 (DSJ) (June 17, 2022), D.I. 83 (granting 45-day extension); *In re Voyager Digital Holdings, Inc.*, 22-10943 (MEW) (July 8, 2022), D.I. 59 (granting 30-day extension); *In re*

*Pareteum Corp.*, 22-10615 (LGB) (May 18, 2022), D.I. 38 (same). The Debtor submits that the present circumstances especially warrant similar relief in this Chapter 11 Case.

## II.     Cause Exists to Extend the Time to File the 2015.3 Reports.

11.     Pursuant to Bankruptcy Rule 2015.3(b), a chapter 11 debtor must file, no later than seven days before the date set for the 341 Meeting and no less than every six months thereafter, periodic financial reports of the value, operations and profitability of each entity that is not a publicly traded corporation or a debtor in the chapter 11 cases, and in which the estate holds a substantial or controlling interest. The Court has authority to grant an extension "for cause" pursuant to Bankruptcy Rule 9006(b). Pursuant to Bankruptcy Rule 2015.3(d), the Court has authority to modify the reporting requirements, after notice and a hearing, for cause, including that the debtor is "not able, after a good faith effort, to comply with those reporting requirements."

12.     The Debtor holds interests in certain non-Debtor subsidiaries that fall under the requirements of Bankruptcy Rule 2015.3, and thus are required to file 2015.3 Reports. Cause exists to extend the deadline for filing the 2015.3 Reports as requested herein based on (a) the size, complexity and geographic scope of the Debtor's business, (b) the substantial burdens imposed by complying with Bankruptcy Rule 2015.3 in the early days of this Chapter 11 Case and (c) the current lack of access to the Debtor's books and records, as discussed above. The Debtor is not in a position to complete its initial 2015.3 Report within the time required under Bankruptcy Rule 2015.3.

13.     Extending the deadline to file its initial 2015.3 Report will also enable the Debtor to work with its advisors and the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee") to determine the appropriate nature and scope of the report and any proposed modifications to the reporting requirements established by Bankruptcy

Rule 2015.3, obviating the need for subsequent amendments to the 2015.3 Report. Accordingly, the Debtor respectfully requests that the Court grant an extension of the time by which the Debtor must file its initial 2015.3 Report to 30 days after the initial date set for the 341 Meeting, without prejudice to the Debtor's ability to request additional extensions.

14. This Court has routinely granted the relief requested herein in complex chapter 11 cases such as these. *See, e.g.*, *In re Celsius Network LLC*, 22-10964 (MG) (July 19, 2022), D.I. 57 (granting debtors the later of 30 days after the 341 meeting or 44 days after the petition date to file their 2015.3 reports); *In re Avianca Holdings S.A.*, 20-11133 (MG) (May 12, 2020), D.I. 44 (granting debtors the later of 30 days after the 341 meeting and 59 days after the petition date to file their 2015.3 reports); *In re Endo International plc*, 22-22549 (JLG) (Aug. 24, 2022), D.I. 106 (granting debtors 45 days after the 341 meeting to file their 2015.3 reports); *In re Revlon, Inc.*, 22-10760 (DSJ) (June 17, 2022), D.I. 83 (granting debtors the later of 30 days after the 341 meeting or 45 days after the petition date to file their 2015.3 reports); *In re Garrett Motion Inc.* 20-12212 (MEW) (Sept. 24, 2020), D.I. 77 (granting debtors 44 days from the petition date to file their 2015.3 reports); *In re LATAM Airlines Group S.A.*, 20-21154 (JLG) (June 1, 2020), D.I. 75 (granting debtors the later of 30 days after the 341 meeting and 59 days after the petition date to file their 2015.3 reports); *In re Ditech Holding Corp.*, 19-10412 (JLG) (Feb. 15, 2019), D.I. 64 (granting debtors additional 35 days after the 341 meeting to file their 2015.3 reports); *In re Waypoint Leasing Holdings Ltd.*, 18-13648 (SMB) (Dec. 12, 2018), D.I. 79 (granting debtors 30 days after the 341 meeting to file their 2015.3 reports); *In re Aegean Marine Petrol. Network Inc.*, 18-13374 (MEW) (Nov. 16, 2018), D.I. 82 (granting debtors 44 days after the petition date to file their 2015.3 reports).

**III.     Cause Exists to Waive the Requirements to File a List of Equity Security Holders and to Serve Notice of Commencement on All Equity Security Holders Under the Circumstances of This Chapter 11 Case.**

15.     Bankruptcy Rule 1007(a)(3) requires a debtor to file, within 14 days after the petition date, a list of the debtor's equity security holders.  Bankruptcy Rule 2002(d), in turn requires that equity security holders be provided notice of, among other things, the commencement of the bankruptcy case and the confirmation hearing.  The Court has the authority to modify or waive the requirements under both rules.  Fed. R. Bankr. P. 1007(a)(3) ("[U]nless the court orders otherwise, the debtor shall file . . . a list of the debtor's equity security holders . . . ."); *see also* 11 U.S.C. § 105(a) ("The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."); Fed. R. Bankr. P. 9007 ("When notice is to be given under these rules, the court shall designate, if not otherwise specified herein, the time within which, the entities to whom, and the form and manner in which the notice shall be given.").

16.     The Debtor submits that the requirements to file a list of, and to provide notice directly to, all equity security holders should be waived as to the Debtor.  The Debtor is a public company, and as of December 31, 2022 had 59,171,883 shares of common stock outstanding and 383,500 shares of preferred stock outstanding.  The Debtor submits that preparing and filing the list of the Debtor's equity security holders with last known addresses is unnecessary at this time and would create an additional expense without a concomitant benefit to the Debtor's estates.  Furthermore, sending notices to all such parties will be expensive and time consuming and will serve little or no beneficial purpose.  Equity security holders likely will

know of this Chapter 11 Case through the financial press as well as the Debtor's reporting with the United States Securities and Exchange Commission.[2]

17. Moreover, the Debtor filed with its petition a list of significant holders of its outstanding common stock. As soon as is practicable, the Debtor intends to cause the notices required under Bankruptcy Rule 2002(d) to be served on registered holders of the Debtor's common stock. The notices also will be posted on the case website maintained by the Debtor's proposed Claims and Noticing Agent. Accordingly, the Debtor respectfully requests that the requirements to file a list of, and to serve notices on, all of the Debtor's equity security holders be waived.

18. Courts in this district routinely grant substantially similar relief in cases involving publicly-traded debtors. *See, e.g., In re Garrett Motion Inc.*, 20-12212 (MEW) (Sept. 24, 2020), D.I. 77 (waiving the requirement to file list of equity security holders); *In re LSC Communications, Inc.*, 20-10950 (SHL) (Apr. 15, 2020), D.I. 37 (same and also waiving the requirement to mail the notice of commencement to all equity security holders); *In re The McClatchy Co.*, 20-10418 (MEW) (Feb. 14, 2020), D.I. 69 (same); *In re Synergy Pharm. Inc.*, 18-14010 (JLG) (Dec. 27, 2018), D.I. 125 (same); *In re Sears Holding Co.*, 18-23538 (RDD) (Oct. 16, 2018), D.I. 112 (same); *In re SunEdison, Inc.*, 16-10992 (SMB) (Apr. 25, 2016), D.I. 64 (same); *In re Republic Airways Holdings Inc.*, 16-10429 (SHL) (Feb. 29, 2016), D.I. 49 (same).

### Notice

19. No creditors' committee, trustee or examiner has been appointed in this Chapter 11 Case. Notice of this Motion has been provided to: (a) the U.S. Trustee; (b) the

---

[2] Substantially contemporaneously with the filing of the petition on March 17, the Debtor filed a Current Report on Form 8-K with the Securities and Exchange Commission regarding the commencement of this Chapter 11 Case. Such 8-K is publicly available.

4855-9305-6343 v.3

Securities and Exchange Commission; (c) the Internal Revenue Service; (d) the United States Department of Justice; (e) the United States Attorney for the Southern District of New York; (f) the Federal Deposit Insurance Corporation and the Federal Reserve Board of Governors; (g) the parties identified on the Debtor's consolidated list of 30 largest unsecured creditors; and (h) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002. The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be provided.

## No Prior Request

20. No prior motion for the relief requested herein has been made to this or any other Court.

## Conclusion

WHEREFORE, for the reasons set forth herein, the Debtor respectfully requests that the Court (a) enter the Order, substantially in the form attached hereto as Exhibit A and (b) grant such other and further relief as is just and proper.

Dated: March 19, 2023  
New York, New York

*/s/ James L. Bromley*  
James L. Bromley  
Andrew G. Dietderich  
Christian P. Jensen  
SULLIVAN & CROMWELL LLP  
125 Broad Street  
New York, NY 10004  
Telephone: (212) 558-4000  
Facsimile: (212) 558-3588  
E-mail: bromleyj@sullcrom.com  
   dietdericha@sullcrom.com  
   jensenc@sullcrom.com  

*Proposed Counsel for the Debtor*

# **EXHIBIT A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| SVB FINANCIAL GROUP,[1] | Case No. 23-10367 (MG) |
| Debtor. | |

**ORDER (I) EXTENDING TIME TO FILE SCHEDULES OF ASSETS
AND LIABILITIES, SCHEDULES OF EXECUTORY CONTRACTS AND
UNEXPIRED LEASES AND STATEMENTS OF FINANCIAL AFFAIRS,
(II) EXTENDING TIME TO FILE RULE 2015.3 FINANCIAL REPORTS,
(III) WAIVING REQUIREMENTS TO FILE THE LIST OF EQUITY
HOLDERS AND SERVE NOTICE OF COMMENCEMENT ON
ALL EQUITY HOLDERS AND (IV) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of SVB Financial Group (the "Debtor"), for entry of an order (this "Order") (a) extending the time for the Debtor to file its Schedules and Statements, (b) extending the time for the Debtor to file its 2015.3 Report to 30 days after the initial date set for the 341 Meeting, (c) waiving requirements to file the list of equity holders and serving the notice of commencement on all equity holders and (d) granting related relief; and this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and venue of this Chapter 11 Case and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Rules of the Bankruptcy Court for the Southern District of New York, and that, except as otherwise ordered

---

[1]   The last four digits of SVB Financial Group's tax identification number are 2278.

[2]   Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

4855-9305-6343 v.3

herein, no other or further notice is necessary; and objections (if any) to the Motion having been withdrawn, resolved or overruled on the merits; and a hearing having been held to consider the relief requested in the Motion and upon the record of the hearing and all of the proceedings had before this Court; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtor, its estates, its creditors and all other parties-in-interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. The time within which the Debtor must file the Schedules and Statements is extended for an additional by 45 days (for a total of 59 days after the Petition Date), without prejudice to the Debtor's rights to seek additional extensions.

3. The Debtor is hereby permitted to seek any further extension by notice of presentment on five business days' notice to the U.S. Trustee and counsel to any official committee appointed in this Chapter 11 Case, and that in such event (i) the deadline for the Debtor to file its Schedules shall be automatically extended through and including the later of the date upon which the Court enters an order denying such extension and any further date determined by the Court and (ii) the Debtor shall be permitted to submit a bridge order to the Court reflecting such automatic extension, which bridge order may be entered with no further notice or opportunity to be heard afforded to any party.

4. The time within which the Debtor must file the 2015.3 Report is extended to 30 days after the initial date set for the 341 Meeting, without prejudice to the Debtor's rights to seek additional extensions.

4855-9305-6343 v.3

5. The requirement under Bankruptcy Rule 1007(a)(3) that the Debtor file the list of equity security holders is waived.

6. The requirement under Bankruptcy Rule 2002(d) that the Debtor serves the notice of commencement of this Chapter 11 Case on all equity security holders is waived for cause shown, and the Debtor is authorized to serve notices required under Bankruptcy Rule 2002(d) on registered holders of the Debtor's equity securities.

7. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

8. The Debtor is authorized and empowered to execute and deliver such documents, and to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

9. The requirements set forth in Local Rule 9013-1(b) are satisfied.

10. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation of this Order.

Dated: _____
      New York, New York

      The Honorable Martin Glenn
      Chief United States Bankruptcy Judge

4855-9305-6343 v.3