James L. Bromley
Andrew G. Dietderich
Christian P. Jensen
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004-2498
Telephone: (212) 558-4000
Facsimile: (212) 558-3588

*Proposed Counsel to the Debtor*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re<br><br>SVB FINANCIAL GROUP,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 23-10367 (MG) |

## SUPPLEMENTAL DECLARATION OF
## WILLIAM C. KOSTUROS IN SUPPORT OF THE DEBTOR'S
## CASH MANAGEMENT MOTION

William C. Kosturos, being duly sworn, states the following under penalty of perjury:

1. On March 19, 2023, I submitted a declaration in support of the above-captioned debtor's (the "Debtor") chapter 11 petition and first day pleadings [D.I. 21] (the "First Day Declaration"). On March 21, 2023, I submitted a supplemental declaration in support of the Debtor's chapter 11 petition and first day pleadings [D.I. 43] (the "First Supplemental Declaration"). Capitalized terms used but not defined herein shall have the meanings ascribed to them in the First Day Declaration and the First Supplemental Declaration.

---

[1] The last four digits of SVB Financial Group's tax identification number are 2278.

4869-9276-3992 v.3

2.  I am submitting this supplemental declaration (the "Supplemental Declaration") in support of *Debtor's Motion for Entry of Interim and Final Orders (I) Authorizing, But Not Directing, the Debtor to (A) Continue to Use Its Cash Management System, Including Existing Bank Accounts, (B) Pay or Honor Certain Prepetition Obligations Related Thereto and (C) Maintain Existing Business Forms, (II) Authorizing Investment Activities, (III) Extending the Time to Comply with the Requirements of Section 345(b) and (IV) Granting Related Relief* [D.I. 20] (the "Cash Management Motion").[2]

3.  In the ordinary course of business, the Debtor provides debt financing to and makes equity investments in funds and related entities managed by SVB Capital, the venture capital and credit investment arm of the Debtor's business. The Debtor has commitments to make equity investments to certain SVB Capital funds and the general partners of SVB Capital funds, as well as certain third-party direct investments. The debt financing is in the form of a secured revolving bridge loan to ten SVB Capital funds under the Capital Call Facility.

4.  The Debtor is the sole lender and agent under the Capital Call Facility. It has obligations to lend to the applicable SVB Capital funds under the Capital Call Facility, subject to borrowing base limitations and a maximum commitment of $170 million. The applicable funds, as borrowers, have obligations to repay the unpaid principal amount of each advance made by the Debtor to the funds, together with all accrued and unpaid interest, within 90 days or 180 days (depending on the specific fund) after the date on which the advance was made. The borrower funds also have obligations to pay fees and expenses to the Debtor, as the agent under the Capital Call Facility. The Capital Call Facility contains market lending terms that are

---

[2] Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Cash Management Motion.

4869-9276-3992 v.3

not materially less favorable to the Debtor than the Debtor would obtain in a comparable agreement with independent parties acting at arm's length.

5. The Capital Call Facility is a revolving credit facility, and the funds' obligations under the credit facility are secured by the capital commitments of the funds' investors (largely comprised of third-party limited partners). The limited partners have obligations to contribute capital into the funds after a "capital call" notice is distributed to the limited partners. When the borrower funds are required to make a fund investment due to existing contractual commitments, the Debtor will make advances under the Capital Call Facility to the borrower funds. The borrower funds are typically required to fund their investments on very short notice while capital calls are typically due from limited partners ten business days after distribution of the capital call notice. Capital calls are typically made every 90 days in the ordinary course of business. The Capital Call Facility is essential to bridge the timing gap between the funds' funding obligations and the limited partners' capital contributions.

6. If limited partners of a borrower fund fail to make capital contributions in an amount in excess of 5% of the capital contributions requested pursuant to a validly issued capital call notice within 30 days when such capital contributions are due, it would constitute an event of default under the Capital Call Facility with respect to such borrower fund, which would permit the Debtor to, among other things, declare all outstanding balances of such defaulting borrower fund immediately due and payable, require the general partner of such defaulting borrower fund to immediately make a capital call, apply any balances and deposits of such defaulting borrower fund that it holds, and dispose of the collateral (i.e., the capital commitments of the limited partners) of the defaulting borrower fund or of its general partner after the Debtor exhausts certain other available remedies.

4869-9276-3992 v.3

7. If a limited partner of a borrower fund fails to make a capital contribution pursuant to a validly issued capital call notice within the specified time period, the general partner of such fund will have the right to declare such limited partner a defaulting limited partner under the fund's governing document and to impose certain consequences on such defaulting limited partner, including, among other things, the imposition of a default interest accruing from the date of default; the reduction in the defaulting limited partner's interest in distributions and corresponding future income and gain of the fund; forced transfer, unilateral purchase or deemed withdrawal of the defaulting limited partner's interests in the fund.

8. The Debtor estimates that the borrower funds will need to make approximately $20 million of fund investments per week over the next 30 days due to existing contractual commitments. The Debtor has notified the limited partners of the borrower funds of its intention to resume capital calls. The Debtor estimates that the borrower funds under the Capital Call Facility will receive approximately $42 million from capital calls over the next two weeks and approximately another $72 million over the following two weeks. Following receipt of capital call proceeds, the borrower funds will be directed to repay outstanding balances on the Capital Call Facility. The Debtor expects the net postpetition borrowing under the Capital Call Facility to result in an $11 million decrease in loans outstanding under the facility as of five weeks after the Petition Date.

9. As for equity commitments, the Debtor estimates that it will need to make and/or fund approximately $20 million in equity commitments over the next 30 days due to existing agreements or arrangements.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

4869-9276-3992 v.3

Dated: March 24, 2023  
New York, NY

Respectfully submitted,

/s/ *William C. Kosturos*
William C. Kosturos
Chief Restructuring Officer

4869-9276-3992 v.3