James L. Bromley
Andrew G. Dietderich
Christian P. Jensen
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004-2498
Telephone: (212) 558-4000
Facsimile: (212) 558-3588

*Counsel to the Debtor*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| SVB FINANCIAL GROUP,[1] | Case No. 23-10367 (MG) |
| Debtor. | |

**NOTICE OF DEBTOR'S FIRST OMNIBUS MOTION FOR ENTRY OF AN ORDER
AUTHORIZING THE DEBTOR TO REJECT CERTAIN EXECUTORY CONTRACTS
AND UNEXPIRED LEASES EFFECTIVE AS OF THE REJECTION DATE**

**PLEASE TAKE NOTICE** that on the date hereof, SVB Financial Group, as

debtor and debtor-in-possession (the "Debtor"), filed the *Debtor's First Omnibus Motion for*

*Entry of an Order Authorizing the Debtor to Reject Certain Executory Contracts and Unexpired*

*Leases Effective as of the Rejection Date* (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that the undersigned counsel will present

the Motion to the Honorable Martin Glenn, United States Bankruptcy Court for the Southern

District of New York (the "Court") at a hearing to be held on **May 18, 2023 at 10:00 a.m.**

**(Eastern Time)** (the "Hearing").

---

[1]  The last four digits of SVB Financial Group's tax identification number are 2278.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections (the "Objections") to the Motion shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules for the United States Bankruptcy Court for the Southern District of New York and shall be filed with the Court in accordance with the customary practices of the Court and General Order M-399. Objections must be filed and received no later than **May 11, 2023 at 4:00 p.m. (Eastern Time)** (the "Objection Deadline") and must be served on the following parties: (a) counsel to the Debtor, Sullivan & Cromwell LLP, 125 Broad Street, New York, NY 10004, Attn: Christian P. Jensen (jensenc@sullcrom.com); (b) counsel to the Official Committee of Unsecured Creditors, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, NY 10036, Attn: Ira S. Dizengoff and Brad M. Kahn and 2001 K Street NW, Washington, DC 20006, Attn: James R. Savin; (c) William K. Harrington, the United States Trustee for Region 2, U.S. Department of Justice, Office of the U.S. Trustee, Alexander Hamilton U.S. Custom House, One Bowling Green, Room 534, New York, New York 10004, Attn: Andrea B. Schwartz, Esq. and Annie Wells, Esq.; and (d) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002.

**PLEASE TAKE FURTHER NOTICE** that only those Objections that are timely filed, served and received will be considered at the Hearing. Failure to file a timely Objection may result in the entry of an order granting the relief requested in the Motion without further notice. Failure to attend the Hearing in person or by counsel may result in relief being granted or denied upon default. In the event that no Objection to the Motion is timely filed and served, the relief requested in the Motion may be granted without a hearing before the Court.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion may be

obtained from the Court's website, https://ecf.nysb.uscourts.gov, for a nominal fee, or obtained

free of charge by accessing the website of the Debtor's claims and noticing agent,

https://restructuring.ra.kroll.com/svbfg/.


Dated: April 28, 2023                    */s/ James L. Bromley*
New York, New York                  James L. Bromley
                                      Andrew G. Dietderich
                                      Christian P. Jensen
                                      SULLIVAN & CROMWELL LLP
                                      125 Broad Street
                                      New York, NY 10004
                                      Telephone: (212) 558-4000
                                      Facsimile: (212) 558-3588
                                      E-mail: bromleyj@sullcrom.com
                                                dietdericha@sullcrom.com
                                                jensenc@sullcrom.com


                                    *Counsel to the Debtor*

James L. Bromley
Andrew G. Dietderich
Christian P. Jensen
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004-2498
Telephone: (212) 558-4000
Facsimile: (212) 558-3588

*Counsel to the Debtor*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

———————————————————— x
:
In re : Chapter 11
:
: Case No. 23-10367 (MG)
SVB FINANCIAL GROUP,[1] :
:
Debtor. :
:
———————————————————— x

**DEBTOR'S FIRST OMNIBUS MOTION FOR ENTRY OF AN ORDER**
**AUTHORIZING THE DEBTOR TO REJECT CERTAIN EXECUTORY CONTRACTS**
**AND UNEXPIRED LEASES EFFECTIVE AS OF THE REJECTION DATE**

> **PARTIES RECEIVING NOTICE OF THIS OMNIBUS MOTION SHOULD LOCATE**
> **THEIR NAMES AND CORRESPONDING CONTRACTS OR LEASES IN EXHIBIT 1**
> **TO THE PROPOSED ORDER ATTACHED TO THE MOTION.**

SVB Financial Group, as debtor and debtor-in-possession (the "Debtor"), hereby

submits this motion (this "Motion") for entry of an order, substantially in the form attached

hereto as Exhibit A (the "Order"), pursuant to sections 105(a) and 365(a) of title 11 of the United

States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), rule 6006 of the Federal Rules

of Bankruptcy Procedure (the "Bankruptcy Rules") and rule 6006-1 of the Local Bankruptcy

Rules of the Southern District of New York (the "Local Rules") authorizing the Debtor to

(i) reject certain executory contracts (the "Contracts") and unexpired leases of nonresidential real

---

[1] The last four digits of SVB Financial Group's tax identification number are 2278.

property (each, a "Lease," and collectively, the "Leases") set forth on Exhibit 1 to the Order,
effective as of the date provided for each such Contract or Lease in Exhibit 1 to the Order (such
date for each Contract or Lease, the "Rejection Date") and (ii) take such action as may be
necessary to implement and effectuate the rejection of the Contracts and Leases. Certain facts
supporting this Motion are set forth in the filed *Declaration of William C. Kosturos in Support of
the Debtor's Chapter 11 Petition and First Day Pleadings* [D.I. 21] and *Supplemental
Declaration of William C. Kosturos in Support of the Debtor's Chapter 11 Petition and First
Day Pleadings* [D.I. 43] (the "First Day Declarations"). In support of this Motion, the Debtor
respectfully states as follows:

## Background

1. On March 17, 2023 (the "Petition Date"), the Debtor filed with the Court a
voluntary petition for relief under the Bankruptcy Code (this "Chapter 11 Case"). The Debtor
continues to operate its businesses and manage its properties as debtor-in-possession pursuant to
sections 1107(a) and 1108 of the Bankruptcy Code. On March 28, 2023, the Office of the United
States Trustee for the Southern District of New York (the "U.S. Trustee") appointed an Official
Committee of Unsecured Creditors (the "Committee") pursuant to section 1102 of the
Bankruptcy Code [D.I. 72].

2. Additional factual background relating to the Debtor's businesses and the
commencement of this Chapter 11 Case is set forth in the First Day Declarations.

## Facts Specific to the Relief Requested

**A.     General Background**

3. The Debtor and its advisors are currently in the process of collecting,
reviewing and analyzing the contracts and leases to which the Debtor is a party, and during this
process the Debtor has considered, among other things, the ongoing value and projected costs of

maintaining such contract and leases, many of which do not relate to the operations of the Debtor or its non-debtor subsidiaries.

4. Accordingly, the Debtor has determined that there is no longer a need for the Contracts or Leases, as (i) the premises of the Leases are not utilized for the Debtor's continuing operations and (ii) the Debtor currently derives no benefit from the Contracts.

**B. The Leases**

5. The Leases historically housed employees working solely for the Debtor's former subsidiary Silicon Valley Bank ("SVB"). After consulting with First Citizens Bancshares, Inc. ("FCB") (as successor in interest to the relevant businesses of SVB), the Debtor and FCB have determined that the Leases are no longer necessary for the operations of either FCB or the Debtor. Furthermore, FCB (acting through its advisors) has informed the Debtor, and provided the Debtor with a representation, that FCB has fully vacated such leased property (including by removing all materials that are property of FCB and/or the Federal Deposit Insurance Corporation as receiver of SVB, or contain any customer information or personal identifiable information), returned the premises to the conditions required for surrender under the lease and unambiguously surrendered such property to the landlord, including by returning all keys, keycards and other access materials. Accordingly, based on the representation of FCB, the Leases are in condition to be surrendered to each landlord listed on Exhibit 1 attached hereto (each, a "Counterparty"), FCB has unambiguously vacated the property and the Debtor is able to confirm the full surrender of each of the premises to the applicable Counterparty as of the Rejection Date.

6. By rejecting the Leases as of the Rejection Date, the Debtor will save millions of dollars in total rent and associated obligations under the Leases. Moreover, in addition to the Debtor's contractual obligation to pay rent and other associated costs under the

Leases, the Debtor could be obligated to pay certain real property taxes, utilities, insurance and other related charges associated with the Leases. Accordingly, the Debtor has determined in its business judgment that the costs of continuing the Leases eclipse any marginal benefits that could potentially be achieved from assignments or subleases of the Leases. In an effort to reduce postpetition administrative costs and in the exercise of the Debtor's business judgment, the Debtor believes that the rejection of the Leases as of the applicable Rejection Date is in the best interests of the Debtor and its estate. A description of each Lease the Debtor intends to reject is set forth on Exhibit 1 to the Order.

**C.     The Contracts**

7.      The Contracts set forth on Exhibit 1 to the Order include (i) the Master Services Agreement, dated December 16, 2021, between Modern Health Arizona P.L.L.C. ("Modern Health," a "Counterparty") and SVB Financial Group, and (ii) the Order Form for Master Services Agreement related thereto, dated as of January 1, 2023, between Modern Health and SVB Financial Group. Historically, the Contracts provided employees of the Debtor's affiliates with certain therapy and meditation benefits and related services from Modern Health. No individuals remain eligible for the benefits under the Contracts, and thus the Contracts provide no benefit to the Debtor. By rejecting the Contracts as of the Rejection Date, the Debtor will save hundreds of thousands of dollars in expenses under the Contracts over the coming months. As a result, rejection of the Contracts will prevent the Debtor from needlessly burdening the estate with no attendant benefits.

8.      In an effort to reduce postpetition administrative costs and in the exercise of the Debtor's business judgment, the Debtor believes that the rejection of the Contracts as of the Rejection Date is in the best interests of the Debtor and its estate. A description of the Contracts the Debtor intends to reject is set forth on Exhibit 1 to the Order.

9.      The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).  The statutory predicates for the relief requested herein are sections 105(a) and 365(a) of the Bankruptcy Code, Bankruptcy Rule 6006 and rule 6006-1 of the Local Rules.

**Relief Requested**

10.      By this Motion, the Debtor request entry of the Order, substantially in the form attached hereto as <u>Exhibit A</u>, authorizing the Debtor to (i) reject the Contracts and Leases, effective as of the Rejection Date, and (ii) take such action as may be necessary to implement and effectuate the rejection of the Contracts and Leases.  The Debtor and its estates reserve any and all rights to assert that the Contracts are not executory contracts and that the Leases are not unexpired leases, and nothing included in, or omitted from, this Motion shall impair, prejudice, waive or otherwise affect such rights.

**Basis for Relief**

**A.      Rejection of the Contracts and Leases Reflects the Debtors' Business Judgment.**

11.      The Debtor has determined that the Contracts and Leases are not integral to the Debtor's chapter 11 efforts, are not otherwise beneficial to the Debtor's estate and present burdensome liabilities.  Accordingly, the Debtor's decision to reject the Contracts and Leases is an exercise of business judgment, and the rejection should be approved.

12.      Section 365(a) of the Bankruptcy Code provides that a debtor, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a).  "The purpose behind allowing the assumption or rejection of executory contracts is to permit the trustee or debtor-in-possession to use valuable property of

the estate and to 'renounce title to and abandon burdensome property.'" *In re Orion Pictures Corp.*, 4 F.3d 1095, 1098 (2d Cir. 1993) (citation omitted); *NLRB* v. *Bildisco & Bildisco*, 465 U.S. 513, 528 (1984) ("[T]he authority to reject an executory contract is vital to the basic purpose to a Chapter 11 reorganization, because rejection can release the debtor's estate from burdensome obligations that can impede a successful reorganization."); *In re Republic Airways*, 547 B.R. 578, 582 (Bankr. S.D.N.Y. 2016); *see also In re Ames Dep't Stores, Inc.*, 306 B.R. 43, 51-52 (Bankr. S.D.N.Y. 2004) ("The ability to reject provides the trustee or debtor-in-possession with the means to relieve the estate of the duty to perform on burdensome obligations at the expense of all the estate's other creditors, and to avoid the incurrence of additional administrative expenses which lack a corresponding benefit to the estate.").

13.     The Debtor's rejection of an executory contract or unexpired lease is governed by the "business judgment" standard. *See Grp. of Institutional Inv'rs, Inc.* v. *Chi., Milwaukee, St. Paul & Pac. R.R.*, 318 U.S. 523, 550 (1943) (noting that "the question whether a lease should be rejected . . . is one of business judgment"); *In re Penn Traffic Co.*, 524 F.3d 373, 383 (2d Cir. 2008); *In re Old Carco LLC*, 406 B.R. 180, 188 (Bankr. S.D.N.Y. 2009); *In re Delta Airlines, Inc.*, 359 B.R. 468, 476 (Bankr. S.D.N.Y. 2006).

14.     Courts defer to a debtor's business judgment in rejecting an executory contract or unexpired lease, and upon finding that a debtor has exercised its sound business judgment, approve the rejection under section 365(a) of the Bankruptcy Code. *See NLRB* v. *Bildisco & Bildisco*, 465 U.S. at 523 (recognizing "business judgment" standard used to approve rejection of executory contracts or unexpired leases); *In re Enron Corp.*, 2006 WL 898033, at *4 (Bankr. S.D.N.Y. Mar. 24, 2006) ("In determining whether to approve a [debtor's] decision to reject such lease or contract, a court applies the 'business judgment' test which is met if the

rejection is beneficial to the estate.") (citing *Nostas Assocs.* v. *Costich*, 78 F.3d 18, 25 (2d Cir. 1996)).

15.     The "business judgment" standard is not a strict standard; it requires only a showing that either assumption or rejection of the executory contract will benefit the debtor's estate.  *See Orion Pictures*, 4 F.3d at 1098-99; *In re Balco Equities, Inc.*, 323 B.R. 85, 99 (Bankr. S.D.N.Y. 2009) ("In determining whether the debtor has employed reasonable business discretion, the court for the most part must only determine that the rejection will likely benefit the estate.") (quoting *In re G Survivor Corp.*, 171 B.R. 755, 758 (Bankr. S.D.N.Y. 1994), *aff'd*, 187 B.R. 111 (S.D.N.Y. 1995)); *see also In re Genco Shipping & Trading Ltd.*, 509 B.R. 455, 463 (Bank. S.D.N.Y. 2014) ("A court will generally not second-guess a debtor's business judgment regarding whether the assumption or rejection of a contract will benefit the debtor's estate.").  Further, under the business judgment standard "a debtor's decision to reject an executory contract must be summarily affirmed unless it is the product of 'bad faith, or whim or caprice.'"  *In re Trans World Airlines, Inc.*, 261 B.R. 103, 121 (Bankr. D. Del. 2001); *see also In re Bradlees Stores, Inc.*, 194 B.R. 555, 558 n.1 (Bankr. S.D.N.Y. 1996).

16.     Moreover, section 105(a) of the Bankruptcy Code provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  Section 105(a) allows the bankruptcy court to "craft flexible remedies that, while not expressly authorized by the [Bankruptcy] Code, effect the result the [Bankruptcy] Code was designed to obtain."  *In re Combustion Eng'g, Inc.*, 391 F.3d 190, 235-36 (3d Cir. 2004) (citing *Official Comm. of Unsecured Creditors of Cybergenics Corp. ex rel. Cybergenics Corp.* v. *Chinery*, 330 F.3d 548, 568 (3d Cir. 2003)).  Section 105(a) therefore provides additional authority to the Court to grant the relief requested herein.

-7-

17.     The Debtor submits that rejection of the Contracts and Leases effective as of the Rejection Date is within the Debtor's business judgment and is in the best interests of its estate.  The Contracts are neither necessary for, nor benefiting, the Debtor's operations and, therefore, constitute an unnecessary and burdensome expense for the Debtor's estate.  Thus, the Debtor has concluded that maintaining the Contracts is not in the best interest of its estate.

18.     Additionally, any continued expense in maintaining the Leases is unnecessary for the Debtor's business.  The Debtor has offered FCB the opportunity to request assignment of any of the Leases needed by FCB for its ongoing operations and FCB has confirmed it does not wish to seek such assignment.  Accordingly, the Debtor believes that any benefit to be derived from further attempts to assign these leases or to identify a potential party to acquire the Leases would likely be substantially outweighed by the cost of maintaining the Leases and a hindrance to the Debtor's efforts in this Chapter 11 Case.  Rejection of the Leases will save the Debtor millions of dollars in total rent and associated costs.

19.     Courts in this district have routinely granted relief similar to the relief requested herein.  *See, e.g. In re Revlon, Inc.*, Case No. 22-10760 (DSJ) (Jan. 17, 2023), D.I. 1332 (authorizing the rejection of certain unexpired leases); *In re Starlin LLC*, 22-10888 (MG) (Jan. 12, 2023), D.I. 182 (same); *In re ABC Carpet Co., Inc.*, 21-11591 (DSJ) (Dec. 20, 2021), D.I. 290 (authorizing rejection of certain executory contracts and unexpired leases); *In re GBG USA Inc.*, Case No. 21-11369 (MEW) (Sept. 1, 2021), D.I. 151 (same); *In re Greensill Capital Inc.*, Case No. 21-10561 (MEW) (Mar. 31, 2021), D.I. 30 (same); .

**B.     Deeming the Contracts and Leases Rejected *Nunc Pro Tunc* to, and Effective as of, the Rejection Date is Appropriate.**

20.     Section 365(a) of the Bankruptcy Code does not directly address whether a bankruptcy court may grant an order providing for retroactive rejection of contracts or leases,

and the Second Circuit has declined to decide whether approval of retroactive rejection is within the equitable authority of a bankruptcy court. *See In re Jamesway Corp.*, 179 B.R. 33, 37 (S.D.N.Y. 1995) (noting that section 365 "does not state that rejection cannot be applied retroactively, or that there are restrictions as to the manner in which the court can approve rejection."); *Adelphia Bus. Sols., Inc.* v. *Abnos*, 482 F.3d 602, 607 (2d Cir. 2007) (declining to answer whether a bankruptcy court has equitable authority to make its rejection order retroactive).

21.     Nonetheless, courts in this district and elsewhere have held that a bankruptcy court may authorize retroactive rejection where the balance of equities favors granting such relief. *See BP Energy Co.* v. *Bethlehem Steel Corp.*, No. 02 CIV. 6419 (NRB), 2002 WL 31548723, at *3 (S.D.N.Y. Nov. 15, 2002) ("[W]e cannot conclude . . . that a bankruptcy court's assignment of a retroactive rejection date falls outside of its authority when the balance of the equities favors this solution."); *In re Jamesway Corp.*, 179 B.R. at 38 ("[A] court can, where appropriate, approve rejection retroactively."); *see also In re Thinking Machines Corp.*, 67 F.3d 1021, 1028 (1st Cir. 1995) (concluding that in the section 365 context, "bankruptcy courts may enter retroactive orders of approval, and should do so when the balance of equities preponderates in favor of such remediation."). In considering the balance of equities, a bankruptcy court may consider the costs that a delayed rejection date would otherwise impose on a debtor and the timing of the debtor's surrender of leased premises. *See In re Jamesway Corp.*, 179 B.R. at 38 (considering the fact that the landlord's actions delayed the court's order); *see also In re Adelphia Bus. Solutions*, 482 F.3d 602, 608-09 (2d Cir. 2007) ("The Bankruptcy Court also properly considered that [the debtor] had vacated the premises and thereby provided [the landlord] with the opportunity to lease the premises to another tenant.").

22.     In this instance, the balance of the equities favors the rejection of the Contracts and Leases *nunc pro tunc* to, and effective as of, the Rejection Date.  Without a retroactive date of rejection, the Debtor will be potentially forced to incur unnecessary administrative costs for Contracts and the Leases that do not provide any benefits to the Debtor and its estate.  No Contract or Lease Counterparty is harmed by rejection of the Contracts and Leases *nunc pro tunc* to the Rejection Date because they are each on notice as of the filing of the Motion, in the case of the Leases, the leased premises have been unambiguously surrendered, and each Counterparty can, as of that date, start preparing for rejection and mitigating damages. Furthermore, the Debtor anticipates filing a motion to establish a bar date in this Chapter 11 Case and the Counterparties shall have until the date fixed by this Court to file any and all claims for damages arising from the Debtor's rejection of the Contracts and Leases.  Based upon the foregoing, the Debtor submits that *nunc pro tunc* rejection of the Contracts and Leases is supported by the equities of these Chapter 11 Case.

23.     Courts in this district routinely grant *nunc pro tunc* relief similar to that requested herein.  *See, e.g., In re Buyk*, Case No. 22-10328 (MEW) (May 25, 2022), D.I.226 (authorizing debtors to reject certain unexpired leases *nunc pro tunc* to the date specified in the motion); *In re GBG USA Inc.*, Case No. 21-11369 (MEW) (Sept. 1, 2021), D.I. 151 (authorizing rejection of certain executory contracts and unexpired leases *nunc pro tunc* to the petition date); *In re Skill Capital*, Case No. 21-11369 (DSJ) (Aug. 10, 2021), D.I. 33 (authorizing *nunc pro tunc* rejection); *In re Solstice Marketing Concepts LLC*, Case No. 21-10306 (MG) (Mar. 18, 2021), D.I. 96 (same); *In re KB US Holdings, Inc*., Case No. 20-22962 (SHL) (Nov. 12, 2020), D.I. 355 (same).

## Waiver of Bankruptcy Rule 6004(h)

24.     The Debtor respectfully requests a waiver of the 14-day stay under Bankruptcy Rule 6004(h).  Pursuant to Bankruptcy Rule 6004(h), "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until expiration of 14 days after entry of the order, unless the court orders otherwise."  For the reasons described above, the relief requested is essential to prevent potentially irreparable damage to the Debtor's operations, value and ability to reorganize.

## Compliance with Bankruptcy Rule 6006(f)

25.     Bankruptcy Rule 6006(f) establishes requirements for a motion to reject multiple executory contracts or unexpired leases that are not between the same parties.  Rule 6006(f) states, in part, that such motion shall:

(1)     state in a conspicuous place that parties receiving the omnibus motion should locate their names and their contracts or leases listed in the motion;

(2)     list parties alphabetically and identify the corresponding contract or lease;

(3)     specify the terms, including the curing of defaults, for each requested assignment;

(4)     specify the terms, including the identity of each assignee and the adequate assurance of future performance by each assignee, for each requested assignment;

(5)     be numbered consecutively with other omnibus motions to assume, assign, or reject executory contracts or unexpired leases;

(6)     be limited to no more than 100 executory contracts or unexpired leases.

26.     The Debtor respectfully submits that the relief requested in this Motion complies with the requirements of Bankruptcy Rule 6006(f).

## Reservation of Rights

27.     Nothing in this Motion: (a) is intended or shall be deemed to constitute an

assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtor or its estate; (b) shall impair, prejudice, waive, or otherwise affect the rights of the Debtor or its estate to contest the validity, priority, or amount of any claim against the Debtor or its estate; (c) shall impair, prejudice, waive, or otherwise affect the rights of the Debtor or its estate with respect to any and all claims or causes of action against any third party; or (d) shall be construed as a promise to pay a claim or continue any applicable program postpetition, which decision shall be in the discretion of the Debtor.  Any payment made pursuant to an order of the Court granting the relief requested herein is not intended to be nor should it be construed as an admission as to the validity of any claim or a waiver of the Debtor's rights to subsequently dispute such claim.

## Notice

28.     Notice of this Motion has been provided to: (a) the U.S. Trustee; (b) counsel to the Committee; (c) the Securities and Exchange Commission; (d) the Internal Revenue Service; (e) the United States Department of Justice; (f) the United States Attorney for the Southern District of New York; (g) the Federal Deposit Insurance Corporation; (h) the Federal Reserve Board of Governors; (i) the parties identified on the Debtor's list of 30 largest unsecured creditors; (j) the Counterparties and (k) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002.  The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be provided.

## Conclusion

WHEREFORE, for the reasons set forth herein, the Debtor respectfully requests that the Court (a) enter the Order, substantially in the form attached hereto as Exhibit A, and (b) grant such other and further relief as is just and proper.

Dated: April 28, 2023                        */s/ James L. Bromley*
New York, New York                   James L. Bromley
                                     Andrew G. Dietderich
                                     Christian P. Jensen
                                     SULLIVAN & CROMWELL LLP
                                     125 Broad Street
                                     New York, NY 10004
                                     Telephone: (212) 558-4000
                                     Facsimile: (212) 558-3588
                                     E-mail: bromleyj@sullcrom.com
                                              dietdericha@sullcrom.com
                                              jensenc@sullcrom.com

                                   *Counsel to the Debtor*

# **EXHIBIT A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

——————————————————————— x

In re

SVB FINANCIAL GROUP,[1]

        Debtor.

——————————————————————— x

   :
   :
   :
   :
   :
   :
   :

Chapter 11

Case No. 23-10367 (MG)

## ORDER AUTHORIZING THE DEBTOR TO REJECT CERTAIN UNEXPIRED LEASES EFFECTIVE AS OF THE REJECTION DATE

Upon the motion (the "Motion")[2] of SVB Financial Group, as debtor and debtor-in-possession (the "Debtor"), for entry of an order (this "Order") authorizing the Debtor to (i) reject certain executory contracts and unexpired leases of nonresidential real property set forth on Exhibit 1 attached hereto, effective as of the Rejection Date, and (ii) take such action as may be necessary to implement and effectuate the rejection of the Contracts and Leases; and this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Rules, and that, except as otherwise ordered herein, no other or further notice is necessary; and objections (if any) to the Motion having been withdrawn, resolved or overruled on the merits; and a hearing having been held to consider the relief requested in the Motion and upon the record of the hearing and all of the proceedings had before this Court; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtor, its estate, its creditors and all other parties-in-

---

[1]    The last four digits of SVB Financial Group's tax identification number are 2278.

interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED as set forth herein.

2.      Pursuant to section 365 of the Bankruptcy Code, each of the Contracts and Leases set forth on Exhibit 1 attached hereto is rejected *nunc pro tunc to*, and effective as of the date set forth in the column labeled "Rejection Date."

3.      Each Counterparty shall have until the date fixed by this Court in this Chapter 11 Case pursuant to Bankruptcy Rule 3003(c)(3) to file any and all claims for damages arising from the Debtor's rejection of the Contracts and Leases.

4.      The Debtor is authorized and empowered to execute and deliver such documents, and to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

5.      Nothing in this Order shall impair, prejudice, waive or otherwise affect any rights of the Debtor and its estate to assert that any claims for damages arising from the Debtor's rejection of the Contracts or Leases is limited to any remedies available under any applicable termination provisions of such rejected Contract or Lease, or that any such claims are obligations of a third party, and not those of the Debtor or its estate.

6.      All rights and defenses of the Debtor and any Counterparty are preserved, including all rights and defenses of the Debtor with respect to a claim for damages arising as a result of a Contract or Lease rejection, including any right to assert an offset, recoupment, counterclaim, or deduction.  In addition, nothing in this Order or the Motion shall limit the

---

[2]      Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

Debtor's ability to subsequently assert that any particular Contract or Lease is terminated, expired, or otherwise no longer an executory contract or unexpired lease.

7.     The Debtor and its estate does not waive any claims that it may have against any Counterparty, whether or not such claims arise under, are related to, or are independent of the Contracts or the Leases.

8.     Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity, priority or amount of any particular claim against the Debtor; (b) a promise or requirement to pay any particular claim; or (c) a request or authorization to assume any agreement, contract or lease pursuant to section 365 of the Bankruptcy Code.

9.     This Order is immediately effective and enforceable, notwithstanding the possible applicability of Bankruptcy Rule 6004(h) or otherwise.

10.     The requirements set forth in Bankruptcy Rules 6004 and 6006 are satisfied.

11.     The requirements set forth in Local Rules 6006-1 and 9013-1(b) are satisfied.

12.     This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation of this Order.

Dated: _____
       New York, New York

_____
The Honorable Martin Glenn
Chief United States Bankruptcy Judge

4864-7164-6048 v.2

## EXHIBIT 1

### Contracts and Leases

| Contracts | | |
|---|---|---|
| **Non-Debtor Counterparty** | **Description of Agreement** | **Rejection Date** |
| Modern Health Arizona P.L.L.C. | Master Services Agreement, dated December 16, 2021, between Modern Health Arizona P.L.L.C. and SVB Financial Group. | April 28, 2023 |
| Modern Health Arizona P.L.L.C. | Order Form for Master Services Agreement, dated January 1, 2023, between Modern Health Arizona P.L.L.C. and SVB Financial Group. | April 28, 2023 |

| Leases | | |
|---|---|---|
| **Non-Debtor Counterparty** | **Description of Agreement** | **Rejection Date** |
| Hachette Book Group – Kent | Agreement of Sublease, dated as of July 7, 2022, between Hachette Book Group, Inc. and SVB Financial Group. | April 28, 2023 |
| NDNE Washington Street II, LLC | Lease agreement, dated May 31, 2002, between Boston Private Financial Holdings, Inc. and NDNE Washington Street II, LLC (as amended). | April 28, 2023 |
| West Office Operating Limited Partnership | Lease agreement, dated as of July 31, 2001, between West Office Limited Partnership and Boston Private Financial Holdings, Inc. (as amended). | April 28, 2023 |