Evan Hollander
Michael Trentin
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, New York 10019
Telephone: (212) 506-5000
Facsimile: (212) 506-5151
Email:  echollander@orrick.com
          mtrentin@orrick.com

*Counsel for Gregory W. Becker*

Alexander Woolverton
Andrew J. Citron
KRAMER LEVIN NAFTALIS
& FRANKEL LLP
1177 Avenue of the Americas
New York, NY 10036
Telephone: (212) 715-9220
Facsimile: (212) 715-8000
Email: awoolverton@kramerlevin.com
          acitron@kramerlevin.com

*Counsel for Daniel J. Beck*

Philip D. Anker
WILMER CUTLER PICKERING
   HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: (212) 230-8800
Facsimile: (212) 230-8888
Email:  Philip.Anker@wilmerhale.com

*Counsel for Eric A. Benhamou, Elizabeth Burr,
Richard D. Daniels, Alison Davis, Roger Dunbar,
Joel P. Friedman, Thomas King, Jeffrey N.
Maggioncalda, Beverly Kay Matthews, Mary J.
Miller, Kate D. Mitchell, John Robinson, and
Garen K. Staglin*

Alex R. Rovira
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 839 5300
Facsimile: (212) 839 5599
Email: arovira@sidley.com

*Counsel for Michelle Draper*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re | ) | |
| | ) | Chapter 11 |
| SVB FINANCIAL GROUP,[1] | ) | |
| | ) | |
| Debtor. | ) | Case No. 23-10367 (MG) |
| | ) | |

**MOVANTS' REPLY TO THE OFFICAL COMMITTEE OF UNSECURED
CREDITORS' OBJECTION TO MOTION FOR ENTRY OF AN ORDER ALLOWING
FOR THE ADVANCEMENT AND PAYMENT OF DEFENSE COSTS OF INSUREDS
PURSUANT TO D&O POLICIES**

---

[1]  The last four digits of SVB Financial Group's tax identification number are 2278.

Gregory W. Becker, Daniel J. Beck, Eric A. Benhamou, Elizabeth Burr, Richard D. Daniels, Alison Davis, Roger Dunbar, Joel P. Friedman, Thomas King, Jeffrey N. Maggioncalda, Beverly Kay Matthews, Mary J. Miller, Kate D. Mitchell, John Robinson, Garen K. Staglin, and Michelle Draper (together, the "Movants") submit this reply (this "Reply") in further support of their Motion for Entry of an Order Allowing for the Advancement and Payment of Defense Costs of Insureds Pursuant to the D&O Policies (the "Motion")[2] and in response to the Official Committee of Unsecured Creditors for SVB Financial Group's (the "Committee") objection to the Motion (the "Objection") [ECF No. 201], and respectfully state as follows:

### PRELIMINARY STATEMENT

1.      Since this Court's first *MF Global* opinion on the subject in 2012, the law in this jurisdiction and others has been clear that directors and officers of the debtor company are entitled to relief from the automatic stay to access D&O Policies to fund their defense costs.  The Committee does not dispute that the Movants and Additional Insureds are entitled to defense coverage under Side A of the D&O Policies because they are incurring fees and costs in connection with the multiple pending securities lawsuits and government investigations for which they are not receiving indemnification from the Debtor.  Rather, the Committee assumes the position of a potential litigation adversary, arguing that, in light of the Debtor's hypothetical and speculative claims against the Movants, the Motion should be denied or limited.  In so arguing, the Committee ignores settled law, including this Court's 2012 and 2014 opinions in *MF Global*, in which it rejected the very same argument.  The estate's status as a potential plaintiff does not give it an interest in the proceeds of an insurance policy that is protected by section 541.

---

[2]  Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

4146-9172-2823.11

2.      The Committee also argues that the Debtor's status as an additional insured under Side B and Side C of certain of the policies warrants unspecified limitations on the Movants' ability to access the policies.  On this point, the Committee ignores the terms of the policies and the reality of this case.  Many of the policies (the so-called "Side A DIC Policies") provide no coverage for the Debtor at all.  As for the other policies, Side B provides coverage only if and to the extent that the Debtor indemnifies the directors and officers, something it has been unable to do because of the bankruptcy.  The Committee's assertion that it is motivated to preserve proceeds for the Debtor to settle potential securities claims under Side C of the policies is equally untenable, as such claims, if allowed, would be subordinated pursuant Section 510(b) of the Bankruptcy Code.[3]  No party (including the Debtor itself) has asserted that the estate has any present need (or is likely in the future to have any need) for Side B or Side C coverage.  Moreover, in the unlikely event that such need arises in the future, the insurance policies are unambiguous that the Movants' rights under the policies are contractually senior to those of the Debtor.[4]

3.      In its effort to impose unnecessary constraints on the ability of officers and directors to access coverage under the policies, the Committee argues that absent such constraints the officers and directors will have "unfettered access" to policy proceeds with absolutely no oversight.  This argument ignores not only the law – the Debtor and its estate have no real interest in the policy proceeds – but also reality.  The insurance carriers, the parties whose funds will be expended to pay defense costs, are highly motivated, and well positioned, to monitor expenditures by counsel.

---

[3] Side C coverage applies to losses suffered by the Debtor from securities claims made against it.

[4] *See* Motion, Ex. B (copy of the primary policy) at Article XI Priority of Payments, p. 5 of 15 (providing that the ABC Policies are principally intended to protect the officers and directors).

4146-9172-2823.11

4.      To avoid wasteful litigation on this issue, however, Movants are willing (i) to provide quarterly reporting to the Debtor and the Committee disclosing the aggregate amount of defense costs paid under the D&O Policies, and (ii) to seek further relief from this Court before utilizing policy proceeds to pay any settlement of claims.  Subject to these proposed modifications, and for the reasons discussed below, the Court should deny the Committee's Objection and grant the Motion.

## ARGUMENT

**I.    Movants and Additional Insureds Are Entitled to Relief from the Automatic Stay, to the Extent it Applies at all, for the Advancement and Payment of their Defense Costs.**

5.      Directors' and officers' insurance policies, such as the D&O Policies at issue here, exist primarily for the purpose of protecting directors and officers. *See Ochs v. Lipson (In re First Central Financial Corp.)*, 238 B.R. 9, 16 (Bankr. E.D.N.Y. 1999) ("D & O policies are obtained for the protection of individual directors and officers . . . . In essence and at its core, a D & O policy remains a safeguard of officer and director interests and not a vehicle for corporate protection."); *see also In re MF Glob. Holdings Ltd.*, 469 B.R. 177, 194 (Bankr. S.D.N.Y. 2012) ("if the Individual Insureds are not provided access to the MFGA Policies, the Individual Insureds would be deprived of the benefits of payment of defense costs that the insurance was intended to provide").  Even where a debtor may have a potential need for coverage under a D&O policy, courts have either found that a hypothetical, speculative, or contingent need for coverage does not cause the proceeds of such policy to become property of the estate, or have nonetheless lifted the automatic stay to allow the D&Os access to coverage for their defense or settlement.  *See In re Allied Digital Techs., Corp.*, 306 B.R. 505, 512-13 (Bankr. D. Del. 2004) ("[W]hen the liability policy provides the debtor with indemnification coverage but indemnification either has not occurred, is hypothetical, or speculative, the proceeds are not property of the bankruptcy estate.");

4

*see also In re Downey Fin. Corp.*, 428 B.R. 595, 607 (Bankr. D. Del. 2010); *In re World Health Alternatives, Inc.*, 369 B.R. 805, 810 (Bankr. D. Del. 2007).

6.      The Committee nevertheless argues that the stay should not be lifted because policy proceeds need to be preserved to protect the Debtor against potential securities claims.  However, the Debtor does not presently have a need for coverage under Side C and it is unlikely that such a need will arise in the future.  As noted in the Motion, the Debtor is named in only two of the Securities Class Actions, both of which are subject to the automatic stay protecting the Debtor. Moreover, any allowed claims against the Debtor arising out of the Securities Class Actions (and any other securities claims filed against the estate) will surely be subordinated under Section 510(b) of the Bankruptcy Code.  As for any pending or future regulatory investigations, the policies provide coverage only for directors and officers, not the Debtor itself, with respect to such matters.[5] Likewise, the Debtor does not have a need for Side B coverage since, as a result of this bankruptcy filing, the Debtor has declined to indemnify the Movants or the Additional Insureds.

7.      In stark contrast, the Movants and Insureds are incurring significant defense costs as a result of the Securities Litigations and Regulatory Investigations.  Under these circumstances, "the Individual Insureds' need far outweighs the Debtors' hypothetical or speculative need for coverage." *MF Global Holdings, Ltd.*, 469 B.R. 177.

8.      The Committee's true motivation in filing this Objection is not to preserve policy proceeds for some hypothetical claim that may or may not be asserted against the Debtor in the future.  Rather, it is merely seeking to preserve policy proceeds for the estate as a potential plaintiff against the directors and officers.  The Committee's own words make this clear.  *See, e.g.,*

---

[5] *See* Motion, Ex. B (copy of primary policy), at Article XXIX Definitions, pp.11-12 of 15 (defining "Claim" for which there may be coverage to include an investigation of an "Insured Person" by an "Enforcement Unit"; defining "Insured Person" to mean a "natural person" who is or was a director or officer; defining "Enforcement Unit" to mean "any federal, state, local or provincial law enforcement or governmental regulatory authority).

5

Objection ¶ 26 ("Modifying the automatic stay to permit the Directors and Officers to access the Policies to pay their defense costs now would reduce the amount of coverage available to fund recoveries to unsecured creditors in the event that [the] Committee is successful in pursuing claims . . . .").

9.      This is not a legitimate basis for denying the directors and officers access to the policies, as this Court and many others have held.  In granting relief from the automatic stay in *In re CHS Electric, Inc.*, the bankruptcy court rejected the very same argument, noting that the trustee there was not concerned with entity coverage but with "preserving sufficient insurance proceeds to satisfy *his* potential claims against the officers and directors."  *In re CHS Elec., Inc.*, 261 B.R. 538, 539 (Bankr. S.D. Fla. 2001).  The court explained:

> [The Trustee's] efforts to protect sufficient insurance proceeds to satisfy what he believes will be a large judgment against the Debtor's former officers and directors is certainly consistent with a general policy in favor of maximizing the size of a bankruptcy estate. Unfortunately, [the Trustee] could not cite to, and this Court is unaware of, any Bankruptcy Code provision or case law that would give a bankruptcy trustee any different status than a non-bankruptcy plaintiff with an unliquidated claim against third-parties which may be covered by insurance proceeds about to be used to settle or satisfy a judgment entered in favor of other plaintiffs.
>
> ….
>
> Simply because [Trustee] is a trustee in bankruptcy does not arm him with super-plaintiff powers in causes of action between third parties.

*Id.* at 544.

10.      Similarly, in its second *MF Global* opinion, this Court lifted the stay and found that continued court oversight over the payment of defense costs was not appropriate merely because the trustee wanted to preserve policy proceeds for claims it had brought against the debtor's former directors and officers.  *See In re MF Glob. Holdings Ltd.*, 515 B.R. 193, 205-06 (Bankr. S.D.N.Y.

6

2014) (citing *In re Allied Digital Techs., Corp.*, 306 B.R. 505, 513 (Bankr. D. Del. 2004) ("[The] Trustee is no different than any third party plaintiff suing defendants covered by a wasting policy. No one has suggested that such a plaintiff would be entitled to an order limiting the covered defendants' rights to reimbursement of their defense costs.")); *see also In re MF Glob. Holdings Ltd.*, 515 B.R. at 202 ("To the extent that the Debtors stand to benefit from any litigation recoveries against the Individual Insureds, the Debtors have no greater rights than any other plaintiffs to recoveries from the D & O Policies"); *In re MF Glob. Holdings Ltd.*, 469 B.R. at 196-97. Numerous other cases are in accord. *See, e.g.*, *In re Beach First Nat. Bancshares, Inc.*, 451 B.R. 406, 411 (Bankr. D.S.C. 2011) (rejecting a trustee's argument that lifting the automatic stay to prevent payment of defense costs is improper because it will reduce her recovery as a plaintiff); *In re First Cent. Fin. Corp.*, 238 B.R. at 21 (denying the trustee's request for an injunction and rejecting the notion that a trustee, as an estate fiduciary, has superseding right to recover insurance proceeds before others).

11.     Here, the Committee cannot prevent the Movants and Additional Insureds from accessing coverage under the D&O Policies on the basis that it may bring claims, all of which are entirely hypothetical and speculative, against certain of the Movants and Additional Insureds. This Court rejected this argument in both *MF Global* opinions, and it should do so again. Nor does the estate's speculative and contingent interest in the proceeds for its own coverage under Side C outweigh the needs of the Movants and Additional Insureds, who are incurring defense costs now and would suffer substantial irreparable harm if the Motion is denied.

12.     Throughout its Objection, the Committee makes entirely unsupported assertions regarding certain of the Movants' management of Silicon Valley Bank, citing to out-of-court statements by regulatory agencies such as the Federal Reserve Board and the Governmental

Accountability Office, and certain news articles.  These mischaracterized, cherry-picked, non-evidentiary allegations do not support the Committee's position with respect to this Motion.[6]  *See In re MF Glob. Holdings Ltd.*, 469 B.R. at 194 ("accusations of misconduct provide no basis for denying the Individual Insureds insurance protection ….").  To the contrary, the fact that the Debtor's officers and directors are facing claims by multiple groups of plaintiffs and investigations by government agencies serves only to highlight their immediate need for coverage under the D&O Policies.  It would be patently unfair for such claims to proceed while at the same time cutting off the ability of the directors and officers to adequately defend themselves against such claims.  *See In re Allied Digital Techs., Corp.*, 306 B.R. at 513 ("No one has suggested that such a plaintiff would be entitled to an order limiting the covered defendants' rights to reimbursement of their defense costs."); *see also In re MF Glob. Holdings Ltd.*, 469 B.R. at 194 (acknowledging the unfairness in depriving individuals of the ability to defense themselves).   Moreover, as this Court also recognized in *MF Global*, ensuring that directors and officers have access to competent defense counsel helps to preserve estates assets by increasing the prospect of settlement.  *Id.*

## II.    Movants Will Nevertheless Agree to Reasonable Conditions to Stay Relief.

13.    The Committee demands that the Court order three (3) conditions or restrictions on Movants' and Additional Insureds' access to insurance coverage: (i) a requirement that directors' and officers' obtain court approval of any settlement to be paid from the D&O Policy Proceeds; (ii) monthly reporting requirements of the amount of defense costs expended; and (iii)  a monetary limit, or "cap," on the amount of coverage available to the directors and officers.  *See* Objection, ¶¶ 6, 31-33.  For the reasons discussed above, the Committee has no legal basis to seek any of

---

[6] In fact, the Federal Reserve Board report reflects that Silicon Valley Bank's supervisors gave it the highest or second highest ratings for capital, asset quality, earnings, liquidity, and sensitivity to market risk in the five years leading up to the receivership.  FRB Report at pp. 40, 59.

these restrictions. Nonetheless, in the interest of resolving this matter, Movants are willing to make the following accommodations:

14. First, Movants will agree to the Committee's request that any settlement paid out of the D&O Policies be subject to further Court order.

15. Second, Movants will also agree to reasonable reporting requirements. Specifically, Movants will agree to inform the Committee and the Debtor in writing, on a quarterly basis, of the aggregate dollar amount of fees and costs paid by the insurance companies under the D&O Policies (as reported by the insurance companies to Movants (or their designee)). Although it appears that the Committee would prefer more detailed reporting monthly, that is not necessary or appropriate under these circumstances. There are currently at least thirty (30) individuals who are potentially seeking coverage under the D&O Policies through this Motion or by joinder. It would be unduly complicated and inefficient for these individuals and their law firms to have to provide independent detailed monthly reporting. It could also prejudice Movants in any potential litigation with the Committee. The reporting offered by the Movants will allow the Committee and the Debtor to monitor the fees and costs and readily determine the amount of available coverage remaining under the D&O Policies.

16. There is no need for more than that especially because it can be expected that the Insurers themselves will closely monitor the fees and expenses incurred by counsel to the officers and directors. *See In re Beach First Nat. Bancshares, Inc.*, 451 B.R. at 411 (granting relief from the automatic stay and requiring the insurer, who would be reviewing fees under its normal business practice, to notify the trustee of the amount of fees being paid). Indeed, courts in this District, including in a recent order in another major case, have required quarterly reporting by insurers without any cap or other restrictions or conditions. *See In re Genesis Global HoldCo,*

9

*LLC*, Case No. 23-10063, ECF No. 300 (Bankr. S.D.N.Y. May 9, 2023); *see also In re Sears Holdings Corp.*, No. 18-23538, ECF No. 5382 (Bankr. S.D.N.Y. Oct. 16, 2019).

17.     Third, having agreed to the reasonable accommodations described above, Movants submit that there is no need to make any further concessions.  A "cap" is not appropriate for several reasons.  First, the large number of covered claims and individuals potentially entitled to coverage in this case make it difficult, if not impossible, to estimate an appropriate cap in terms of amount or duration.  Second, as noted above, the Insurers themselves have a vested interest in monitoring fees and expenses.  Finally, there is no legal basis to impose a cap where the estate has no current interest in the policy proceeds under Side B or Side C and there is no indication that the estate is likely to have such an interest in the future.  Although ten years ago this Court ordered a soft cap of $30 million in its initial *MF Global* opinion in 2012, that case involved both D&O and errors and omissions (E&O) policies.  *See MF Glob. Holdings, Ltd.*, 469 B.R. at 191, 197.  There, the SIPA Trustee had asserted a claim for coverage under the E&O policies and, unlike the D&O Policies in this case, the E&O policies had no priority of payment provision and unquestionably provided coverage for the estate for substantial claims that had been asserted against it by commodities customers.

18.     Here, the facts are entirely different:  This case involves only D&O policies, some of which (the Side A DIC Policies) do not even provide any theoretical coverage to the Debtor, and the rest of which provide only Side B and Side C coverage, which are not likely to be utilized and which in any event are subordinate to the coverage provided to the directors and officers. Notably, in this Court's subsequent *MF Global* opinion in 2014, the Court found that a cap was no longer necessary, including because the insureds were only seeking coverage under the D&O policies, and not the E & O policies.  *In re MF Glob. Holdings Ltd.*, 515 B.R. at 196 ("By limiting

their requests to the D & O Policies, the Individual Insureds have advanced compelling arguments that the proceeds should not be subject to further bankruptcy court oversight or limitation."). Likewise, a cap is not appropriate under the facts and circumstances of this case.

19.     Movants' proposed modifications discussed above are set forth in the Revised Proposed Order attached hereto as <u>Exhibit A</u> (the "<u>Revised Proposed Order</u>").   The Revised Proposed Order also contains certain revisions proposed by the Primary Insurer.   A redline comparing the revisions to the initial proposed order filed with the Motion is attached hereto as <u>Exhibit B</u>.

*[Remainder of page intentionally left blank]*

11

## CONCLUSION

WHEREFORE, for the foregoing reasons, the Movants respectfully request that the Court enter the Revised Proposed Order, substantially in the form annexed hereto, granting the relief requested in the Motion and such other and further relief as the Court deems just and proper.

Dated: May 15, 2023
   New York, New York      Respectfully submitted,

                */s/ Evan Hollander*
                Evan Hollander
                Michael Trentin
                ORRICK, HERRINGTON & SUTCLIFFE LLP
                51 West 52nd Street
                New York, New York 10019
                Telephone: (212) 506-5000
                Facsimile: (212) 506-5151
                Email: echollander@orrick.com
                   mtrentin@orrick.com

                *Counsel for Gregory W. Becker*

                */s/ Alexander Woolverton*
                Alexander Woolverton
                Andrew J. Citron
                KRAMER LEVIN NAFTALIS & FRANKEL LLP
                1177 Avenue of the Americas
                New York, NY 10036
                Telephone: (212) 715-9220
                Facsimile: (212) 715-8000
                Email: awoolverton@kramerlevin.com
                   acitron@kramerlevin.com

                *Counsel for Daniel J. Beck*

4146-9172-2823.11

*/s/ Philip Anker*
Philip D. Anker
WILMER CUTLER PICKERING
    HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: (212) 230-8800
Facsimile: (212) 230-8888
Email:  Philip.Anker@wilmerhale.com

*Counsel for Eric A. Benhamou, Elizabeth Burr, Richard D. Daniels, Alison Davis, Roger Dunbar, Joel P. Friedman, Thomas King, Jeffrey N. Maggioncalda, Beverly Kay Matthews, Mary J. Miller, Kate D. Mitchell, John Robinson, and Garen K. Staglin*

*/s/ Alex R. Rovira*
Alex R. Rovira
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 839 5300
Facsimile: (212) 839 5599
Email: arovira@sidley.com

*Counsel for Michelle Draper*

13

**<ins>EXHIBIT A</ins>**

**Revised Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re | ) |
|  | ) |
|  | )    Chapter 11 |
| SVB FINANCIAL GROUP,[1] | ) |
|  | ) |
|                 Debtor. | )    Case No. 23-10367 (MG) |
| _____ | ) |

### [PROPOSED] ORDER GRANTING MOVANTS' MOTION FOR ORDER ALLOWING THE ADVANCEMENT AND PAYMENT OF DEFENSE COSTS OF INSUREDS PURSUANT TO THE D&O POLICIES

Upon the motion (the "Motion")[2] of Gregory W. Becker, Daniel J. Beck, Eric A. Benhamou, Elizabeth Burr, Richard D. Daniels, Alison Davis, Roger Dunbar, Joel P. Friedman, Thomas King, Jeffrey N. Maggioncalda, Beverly Kay Matthews, Mary J. Miller, Kate D. Mitchell, John Robinson, Garen K. Staglin, and Michelle Draper (together, the "Movants") for entry of an order (this "Order"), pursuant to sections 105(a) and 362(d)(1) of the Bankruptcy Code, Bankruptcy Rule 4001 and Local Bankruptcy Rule 4001-1, modifying the automatic stay, to the extent it applies, and authorizing the D&O Insurers to advance and/or pay defense costs and fees, subject to the terms and conditions of the D&O Policies related to the Covered Claims; and this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Rules, and that no other or further notice is necessary; and any objections (if any) to the Motion having been withdrawn, resolved or overruled on the merits; and a hearing having been held to consider the relief requested in the Motion and

---

[1] The last four digits of SVB Financial Group's tax identification number are 2278.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

upon the record of the hearing and all of the proceedings had before this Court; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED as set forth herein.

2.      The automatic stay imposed by section 362(a) of the Bankruptcy Code, to the extent applicable, is hereby modified to authorize, but not direct, the D&O Insurers to, without further order of the Court or notice to any party, advance and/or pay the defense costs and fees of the Movants and the Additional Insureds incurred in connection with the Covered Claims in accordance with and subject to the terms and conditions of the D&O Policies.

3.      The Movants (or their designee) shall provide to the Debtor and the Committee, on a quarterly basis, a certificate disclosing the aggregate amount of fees and expenses paid under the D&O Policies through the end of the applicable quarter, as reported to the Movants (or their designee) by the Insurers.  The Insurers shall provide such reporting to Movants (or their designee) as soon as practical after the end of each quarterly reporting period, commencing with the quarter ending June 30, 2023, and Movants (or their designee) shall provide such reporting to the Debtor and the Committee as soon as practical after receipt from the Insurers.

4.      Notwithstanding anything to the contrary in this Order or the Motion, the applicable Movant or Additional Insured shall be required to seek further relief from this Court for any proposed use of proceeds of the D&O Policies to pay any settlement of any claims made against the Movant or Additional Insured.

5.      The D&O Insurers are authorized to take all actions necessary to effectuate the relief granted in paragraph 2 of this Order in accordance with the Motion.

6.      Nothing in the Motion or this Order shall (i) affect, impair, prejudice, or otherwise alter the terms and conditions of the D&O Policies, any related agreements, and/or any related reservation(s) of rights provided by the D&O Insurers, the Movants, the Additional Insureds or the Debtor in connection therewith; (ii) affect, impair, prejudice, or otherwise alter the rights, obligations, and defenses of the D&O Insurers, the Movants, the Additional Insureds, or the Debtor under the D&O Policies, any related agreements, and/or any related reservation(s) of rights provided by the D&O Insurers, the Movants, the Additional Insureds or the Debtor in connection therewith; (iii) relieve the Debtor and/or its estate of any of its obligations under any insurance policies, including but not limited to the D&O Policies, and related agreements; or (iv) preclude or limit, in any way, the rights of any insurers, including, without limitation, the D&O Insurers, to contest and/or litigate the existence, primacy, and/or scope of available coverage under any allegedly applicable insurance policies, including, without limitation, the D&O Policies, or to otherwise assert any defenses to coverage, and such insurers, and/or any other parties to any such insurance policies, shall retain and reserve all rights and defenses, if any, that they would otherwise have under and/or with respect to such insurance policies.

7.      Nothing in the Motion or this Order shall constitute or be deemed to constitute a finding, representation, admission, or determination as to the existence of coverage or the applicability of any insurance policies, including, without limitation, the D&O Policies.

8.      This Order is immediately valid and fully effected upon its entry and the fourteen (14) day stay imposed pursuant to Bankruptcy Rule 4001(a) is waived.

9.      The requirements set forth in Local Bankruptcy Rule 9013-1(b) are satisfied by the contents of the Motion.

4159-9949-4471

10.    This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.


Dated: New York, New York
       May ___, 2023

                                               _____
                                               The Honorable Martin Glenn
                                               United States Bankruptcy Judge

## **EXHIBIT B**

**Redline to Revised Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re | ) | |
| | ) | Chapter 11 |
| SVB FINANCIAL GROUP,[1] | ) | |
| | ) | |
| Debtor. | ) | Case No. 23-10367 (MG) |
| _____ | ) | |

**[PROPOSED] ORDER GRANTING MOVANTS' MOTION FOR ORDER**
**ALLOWING THE ADVANCEMENT AND PAYMENT OF**
**DEFENSE COSTS OF INSUREDS PURSUANT TO THE D&O POLICIES**

Upon the motion (the "Motion")[2] of Gregory W. Becker, Daniel J. Beck, Eric A.
Benhamou, Elizabeth Burr, Richard D. Daniels, Alison Davis, Roger Dunbar, Joel P. Friedman,
Thomas King, Jeffrey N. Maggioncalda, Beverly Kay Matthews, Mary J. Miller, Kate D.
Mitchell, John Robinson, Garen K. Staglin, and Michelle Draper (together, the "Movants") for
entry of an order (this "Order"), pursuant to sections 105(a) and 362(d)(1) of the Bankruptcy
Code, Bankruptcy Rule 4001 and Local Bankruptcy Rule 4001-1, modifying the automatic stay,
to the extent it applies, and authorizing the D&O Insurers to ~~follow~~advance and/or pay defense
costs and fees, subject to the terms and conditions of the D&O Policies ~~by advancing and paying~~
~~defense costs in defense of~~related to the Covered Claims; and this Court having jurisdiction to
consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and this matter being a core
proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate
notice of the Motion and the relief requested therein has been provided in accordance with the
Bankruptcy Rules and the Local Rules, and that no other or further notice is necessary; and any

---

[1] The last four digits of SVB Financial Group's tax identification number are 2278.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

objections (if any) to the Motion having been withdrawn, resolved or overruled on the merits; and a hearing having been held to consider the relief requested in the Motion and upon the record of the hearing and all of the proceedings had before this Court; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1.    The Motion is GRANTED as set forth herein.

2.    The automatic stay imposed by section 362(a) of the Bankruptcy Code, to the extent applicable, is hereby modified to authorize, but not direct, the D&O Insurers to make payments to or on behalf, without further order of the Court or notice to any party, advance and/or pay the defense costs and fees of the Movants and the Additional Insureds of defense costs and any other sums incurred in connection with the Covered Claims in accordance with and subject to the terms and conditions of the D&O Policies.

3.    The Movants (or their designee) shall provide to the Debtor and the Committee, on a quarterly basis, a certificate disclosing the aggregate amount of fees and expenses paid under the D&O Policies through the end of the applicable quarter, as reported to the Movants (or their designee) by the Insurers.  The Insurers shall provide such reporting to Movants (or their designee) as soon as practical after the end of each quarterly reporting period, commencing with the quarter ending June 30, 2023, and Movants (or their designee) shall provide such reporting to the Debtor and the Committee as soon as practical after receipt from the Insurers.

4.    Notwithstanding anything to the contrary in this Order or the Motion, the applicable Movant or Additional Insured shall be required to seek further relief from this Court

for any proposed use of proceeds of the D&O Policies to pay any settlement of any claims made against the Movant or Additional Insured.

5.    The D&O Insurers are authorized to take all actions necessary to effectuate the relief granted in paragraph 2 of this Order in accordance with the Motion.

6.    3.  Nothing in the Motion or this Order shall (i) affect, impair, prejudice, or otherwise alter (i) the terms and conditions of the D&O Policies, any related agreements, and/or any related reservation(s) of rights provided by the D&O Insurers, the Movants, the Additional Insureds or the Debtor in connection therewith or; (ii) affect, impair, prejudice, or otherwise alter the rights, obligations, and defenses of the D&O Insurers, the Movants, the Additional Insureds, or the Debtor under the D&O Policies, any related agreements, and/or any related reservation(s) of rights provided by the D&O Insurers, the Movants, the Additional Insureds or the Debtor in connection therewith.; (iii) relieve the Debtor and/or its estate of any of its obligations under any insurance policies, including but not limited to the D&O Policies, and related agreements; or (iv) preclude or limit, in any way, the rights of any insurers, including, without limitation, the D&O Insurers, to contest and/or litigate the existence, primacy, and/or scope of available coverage under any allegedly applicable insurance policies, including, without limitation, the D&O Policies, or to otherwise assert any defenses to coverage, and such insurers, and/or any other parties to any such insurance policies, shall retain and reserve all rights and defenses, if any, that they would otherwise have under and/or with respect to such insurance policies.

7.    Nothing in the Motion or this Order shall constitute or be deemed to constitute a finding, representation, admission, or determination as to the existence of coverage or the applicability of any insurance policies, including, without limitation, the D&O Policies.

8.    ~~4.~~ This Order is immediately valid and fully effected upon its entry and the fourteen (14) day stay imposed pursuant to Bankruptcy Rule 4001(a) is waived.

9.    ~~5.~~ The requirements set forth in Local Bankruptcy Rule 9013-1(b) are satisfied by the contents of the Motion.

10.    ~~6.~~ This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated: New York, New York
      May ___, 2023                              _____
                                                The Honorable Martin Glenn
                                                United States Bankruptcy Judge

| Summary report: Litera Compare for Word 11.3.1.3 Document comparison done on 5/15/2023 3:02:17 PM | |
|---|---|
| **Style name:** Standard | |
| **Intelligent Table Comparison:** Active | |
| **Original filename:** Proposed Order for comparison.docx | |
| **Modified filename:** SVB - Revised Proposed Order - D&O 4159-9949-4471 4.docx | |
| **Changes:** | |
| Add | 26 |
| Delete | 11 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 37 |