**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re )<br>)<br>SVB FINANCIAL GROUP,[1] )<br>)<br>Debtor. )<br>) | Chapter 11<br><br>Case No. 23-10367 (MG) |

**ORDER GRANTING MOVANTS' MOTION FOR ORDER**
**ALLOWING THE ADVANCEMENT AND PAYMENT OF**
**DEFENSE COSTS OF INSUREDS PURSUANT TO THE D&O POLICIES**

Upon the motion (the "Motion")[2] of Gregory W. Becker, Daniel J. Beck, Eric A. Benhamou, Elizabeth Burr, Richard D. Daniels, Alison Davis, Roger Dunbar, Joel P. Friedman, Thomas King, Jeffrey N. Maggioncalda, Beverly Kay Matthews, Mary J. Miller, Kate D. Mitchell, John Robinson, Garen K. Staglin, and Michelle Draper (together, the "Movants") for entry of an order (this "Order"), pursuant to sections 105(a) and 362(d)(1) of the Bankruptcy Code, Bankruptcy Rule 4001 and Local Bankruptcy Rule 4001-1, modifying the automatic stay, to the extent it applies, and authorizing the D&O Insurers to advance and/or pay defense costs and fees, subject to the terms and conditions of the D&O Policies related to the Covered Claims; and this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Rules, and that no other or further notice is necessary; and any objections (if any) to the Motion having been withdrawn, resolved or overruled on the merits; and a hearing having been held to consider the relief requested in the Motion and

---

[1] The last four digits of SVB Financial Group's tax identification number are 2278.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

upon the record of the hearing and all of the proceedings had before this Court; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. The automatic stay imposed by section 362(a) of the Bankruptcy Code, to the extent applicable, is hereby modified to authorize, but not direct, the D&O Insurers to, without further order of the Court or notice to any party, advance and/or pay the defense costs and fees of the Movants and the Additional Insureds incurred in connection with the Covered Claims in accordance with and subject to the terms and conditions of the D&O Policies.

3. The Movants (or their designee) shall provide to the Debtor and the Committee, on a quarterly basis, a certificate disclosing the aggregate amount of fees and expenses paid under the D&O Policies through the end of the applicable quarter, as reported to the Movants (or their designee) by the Insurers. The Insurers shall provide such reporting to Movants (or their designee) as soon as practical after the end of each quarterly reporting period, commencing with the quarter ending June 30, 2023, and Movants (or their designee) shall provide such reporting to the Debtor and the Committee as soon as practical after receipt from the Insurers.

4. Notwithstanding anything to the contrary in this Order or the Motion, the applicable Movant or Additional Insured shall be required to seek further relief from this Court for any proposed use of proceeds of the D&O Policies to pay any settlement of any claims made against the Movant or Additional Insured.

5. The D&O Insurers are authorized to take all actions necessary to effectuate the relief granted in paragraph 2 of this Order in accordance with the Motion.

6. Nothing in the Motion or this Order shall (i) affect, impair, prejudice, or otherwise alter the terms and conditions of the D&O Policies, any related agreements, and/or any related reservation(s) of rights provided by the D&O Insurers, the Movants, the Additional Insureds or the Debtor in connection therewith; (ii) affect, impair, prejudice, or otherwise alter the rights, obligations, and defenses of the D&O Insurers, the Movants, the Additional Insureds, or the Debtor under the D&O Policies, any related agreements, and/or any related reservation(s) of rights provided by the D&O Insurers, the Movants, the Additional Insureds or the Debtor in connection therewith; (iii) relieve the Debtor and/or its estate of any of its obligations under any insurance policies, including but not limited to the D&O Policies, and related agreements; or (iv) preclude or limit, in any way, the rights of any insurers, including, without limitation, the D&O Insurers, to contest and/or litigate the existence, primacy, and/or scope of available coverage under any allegedly applicable insurance policies, including, without limitation, the D&O Policies, or to otherwise assert any defenses to coverage, and such insurers, and/or any other parties to any such insurance policies, shall retain and reserve all rights and defenses, if any, that they would otherwise have under and/or with respect to such insurance policies.

7. Nothing in the Motion or this Order shall constitute or be deemed to constitute a finding, representation, admission, or determination as to the existence of coverage or the applicability of any insurance policies, including, without limitation, the D&O Policies.

8. This Order is immediately valid and fully effected upon its entry and the fourteen (14) day stay imposed pursuant to Bankruptcy Rule 4001(a) is waived.

9. The requirements set forth in Local Bankruptcy Rule 9013-1(b) are satisfied by the contents of the Motion.

10. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

**IT IS SO ORDERED.**

Dated:  May 17, 2023
       New York, New York

                                             **/s/ Martin Glenn**
                                             MARTIN GLENN
                                             Chief United States Bankruptcy Judge