**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| SVB FINANCIAL GROUP,[1] | : | Case No. 23-10367 (MG) |
| | : | |
| Debtor. | : | |

**ORDER AUTHORIZING THE DEBTOR TO REJECT CERTAIN**
**UNEXPIRED LEASES EFFECTIVE AS OF THE REJECTION DATE**

Upon the motion (the "Motion")[2] of SVB Financial Group, as debtor and debtor-in-possession (the "Debtor"), for entry of an order (this "Order") authorizing the Debtor to (i) reject certain executory contracts and unexpired leases of nonresidential real property set forth on Exhibit 1 attached hereto, effective as of the Rejection Date, and (ii) take such action as may be necessary to implement and effectuate the rejection of the Contracts and Leases; and this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Rules, and that, except as otherwise ordered herein, no other or further notice is necessary; and objections (if any) to the Motion having been withdrawn, resolved or overruled on the merits; and a hearing having been held to consider the relief requested in the Motion and upon the record of the hearing and all of the proceedings had before this Court; and this Court having found and determined that the relief sought in the

---

[1]  The last four digits of SVB Financial Group's tax identification number are 2278.

[2]  Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

Motion is in the best interests of the Debtor, its estate, its creditors and all other parties-in-interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. Pursuant to section 365 of the Bankruptcy Code, each of the Contracts and Leases set forth on Exhibit 1 attached hereto is rejected *nunc pro tunc* to, and effective as of the date set forth in the column labeled "Rejection Date."

3. Each Counterparty shall have until the date fixed by this Court in this Chapter 11 Case pursuant to Bankruptcy Rule 3003(c)(3) to file any and all claims for damages arising from the Debtor's rejection of the Contracts and Leases.

4. Any furniture, fixtures, equipment, advertising displays and other tangible personal property (collectively, the "Abandoned Property") remaining in the leased premises located at 155 Seaport Boulevard, Boston, MA 02210 and subject to the lease agreement, dated as of July 31, 2001 (as amended), between West Office Operating Limited Partnership (the "Landlord") and Boston Private Financial Holdings, Inc. (listed on Exhibit 1 hereto), shall hereby be abandoned. With the consent of FCB and the Federal Deposit Insurance Corporation as receiver, the Abandoned Property is abandoned free and clear of all liens, claims, encumbrances, interests, and rights of third parties, with such abandonment effective as of the Rejection Date. The Landlord may use or dispose of such Abandoned Property without liability or further notice to the Debtor or any third party, and the automatic stay, to the extent applicable, is modified to allow for such disposition of any such Abandoned Property.

5. The Debtor is authorized and empowered to execute and deliver such documents, and to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

6. Nothing in this Order shall impair, prejudice, waive or otherwise affect any rights of the Debtor and its estate or any party in interest to assert that any claims for damages arising from the Debtor's rejection of the Contracts or Leases is limited to any remedies available under any applicable termination provisions of such rejected Contract or Lease, or that any such claims are obligations of a third party, and not those of the Debtor or its estate.

7. All rights and defenses of the Debtor, any Counterparty, and any party in interest are preserved, including all rights and defenses of the Debtor with respect to a claim for damages arising as a result of a Contract or Lease rejection, including any right to assert an offset, recoupment, counterclaim, or deduction. In addition, nothing in this Order or the Motion shall limit the Debtor's or any party in interest's ability to subsequently assert that any particular Contract or Lease is terminated, expired, or otherwise no longer an executory contract or unexpired lease.

8. The Debtor and its estate does not waive any claims that it may have against any Counterparty, whether or not such claims arise under, are related to, or are independent of the Contracts or the Leases.

9. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity, priority or amount of any particular claim against the Debtor; (b) a promise or requirement to pay any particular claim; or (c) a request or authorization to assume any agreement, contract or lease pursuant to section 365 of the Bankruptcy Code.

10. This Order is immediately effective and enforceable, notwithstanding the possible applicability of Bankruptcy Rule 6004(h) or otherwise.

11. The requirements set forth in Bankruptcy Rules 6004 and 6006 are satisfied.

12. The requirements set forth in Local Rules 6006-1 and 9013-1(b) are satisfied.

13. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation of this Order.

**IT IS SO ORDERED.**

Dated:  May 17, 2023
         New York, New York

                                         _____/s/ Martin Glenn_____
                                              MARTIN GLENN
                                    Chief United States Bankruptcy Judge

# EXHIBIT 1

## Contracts and Leases

| Contracts | | |
|---|---|---|
| **Non-Debtor Counterparty** | **Description of Agreement** | **Rejection Date** |
| Modern Health Arizona P.L.L.C. | Master Services Agreement, dated December 16, 2021, between Modern Health Arizona P.L.L.C. and SVB Financial Group. | April 28, 2023 |
| Modern Health Arizona P.L.L.C. | Order Form for Master Services Agreement, dated January 1, 2023, between Modern Health Arizona P.L.L.C. and SVB Financial Group. | April 28, 2023 |

| Leases | | |
|---|---|---|
| **Non-Debtor Counterparty** | **Description of Agreement** | **Rejection Date** |
| Hachette Book Group – Kent | Agreement of Sublease, dated as of July 7, 2022, between Hachette Book Group, Inc. and SVB Financial Group. | May 17, 2023 |
| NDNE Washington Street II, LLC | Lease agreement, dated May 31, 2002, between Boston Private Financial Holdings, Inc. and NDNE Washington Street II, LLC (as amended). | April 28, 2023 |
| West Office Operating Limited Partnership | Lease agreement, dated as of July 31, 2001, between West Office Limited Partnership and Boston Private Financial Holdings, Inc. (as amended). | April 28, 2023 |