UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x
: 
In re: : Chapter 11
: 
SVB FINANCIAL GROUP,[1] : Case No. 23-10367 (MG)
: 
Debtor. : 
: 
---------------------------------------------------------------- x

**ORDER GRANTING *EX PARTE* MOTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER PURSUANT TO BANKRUPTCY CODE SECTION 105 AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004 AUTHORIZING DISCOVERY OF THE DEBTOR'S CURRENT AND FORMER DIRECTORS AND OFFICERS AND THIRD PARTIES**

Upon the motion (the "Motion")[2] of the Official Committee of Unsecured Creditors (the "Committee"), for entry of an order pursuant to section 105 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing discovery of the Debtor's current and former directors and officers as well as certain third parties, as more fully set forth in the Motion; and the Court having jurisdiction to decide the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and, after due deliberation, the Court having determined that the relief requested in the Motion is in the best interests of the Debtor, the estate, its creditors and all parties in interest; and it appearing

---

[1] The last four digits of SVB Financial Group's tax identification number are 2278.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

that no notice of the relief sought in the Motion is necessary; and good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted, as set forth herein.

2. The Committee is hereby authorized, pursuant to Bankruptcy Rule 2004, to (a) serve document requests as specified below/subpoenas on, and (b) take depositions of, (i) the Debtor's and SVB's current and former directors and officers; (ii) First Citizens; (iii) KPMG; (iv) the Federal Reserve Board of Governors, the Federal Reserve Bank of San Francisco, and California Department of Financial Protection and Innovation; (v) the FDIC; and (vi) the FDIC-R consistent with paragraph 35 of the Motion.

| Recipient(s) | Request(s) |
| --- | --- |
| Ds & Os | 2–7, 10, 11, 16, 17, 20–24, 26, 27, 34, 36, 38, 41–47, 50, 51, 53–55, 57, 58, 63, 68–73, 75, 79, 81, 83, 84, 86, 87, 89, 90, 93, 94, 97–101, 103–112, 117 |
| First Citizens | 1–101, 103–112, 117 |
| KPMG | 1–4, 6, 7, 17, 29, 34–42, 45–76, 79–87, 89, 93, 94, 97–101, 103, 105, 108, 109, 111, 117 |
| FRB, FRBSF, CDFPI | 1, 99–106, 110, 117 |
| FDIC & FDIC-R | 1–118 |

3. The Initial 2004 Discovery Recipients of any such subpoena are directed to respond to the requests and have completed document production no later than twenty-one (21) calendar days of service.

4. The Committee reserves all rights to request additional discovery and/or examination, including, without limitation, requests based on any information that may be revealed as a result of discovery authorized pursuant to this Order.

5. The Committee is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

6. The terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

7. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and enforcement of this Order.

8. The subpoena recipients retain the right to object to the scope and timing of responses to the subpoenas. In the event of objections, the parties shall promptly meet and confer to resolve the objections. To the extent any objections cannot be resolved, the parties seeking the assistance of the Court shall contact my Courtroom Deputy to arrange for a Zoom hearing. If objections cannot be completely resolved, discovery shall proceed expeditiously as to all matters as to which no objections remain to be resolved.

**IT IS SO ORDERED.**

Dated: June 26, 2023
      New York, New York

                                               **/s/ Martin Glenn**
                                              MARTIN GLENN
                              Chief United States Bankruptcy Judge