**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ———————————————— x | | |
| In re | : | Chapter 11 |
| | : | |
| SVB FINANCIAL GROUP,[1] | : | Case No. 23-10367 (MG) |
| | : | |
| Debtor. | : | |
| | : | |
| ———————————————— x | | |

## <u>STIPULATED PROTECTIVE ORDER</u>

This Stipulated Protective Order ("Order") is entered into by and among: (a) SVB Financial Group, the debtor and debtor-in-possession (the "Debtor"); (b) the Official Committee of Unsecured Creditors appointed in the Chapter 11 Case (the "Committee"); (c) the Ad Hoc Group of Senior Noteholders; (d) the Ad Hoc Cross-Holder Group; (e) the Federal Deposit Insurance Corporation as Receiver For Silicon Valley Bank ("FDIC-R," and with the Debtor, the Committee, the Ad Hoc Group of Senior Noteholders, and the Ad Hoc Cross-Holder Group, the "Parties," and, each individually, a "Party"[2]); and (f) any other persons or entities who become bound by this Order pursuant to ¶17(d), 17(l), 18(c) and/or 18(k) through the execution of the form attached hereto as Exhibit A, subject to the terms set forth herein.

The Parties, by and through their respective attorneys of record and subject to Court approval, have agreed to entry of this Order pursuant to section 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 7026 and 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure (the "Federal Rules").

---

[1]      The last four digits of SVB Financial Group's tax identification number are 2278.

[2]      The designation of a "Party" is for purposes of reference in this Order only.

## Recitals

**WHEREAS**, on March 17, 2023 the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the Court (this "Chapter 11 Case"). The Debtor continues to operate its business and manage its properties as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

**WHEREAS**, there are or may be judicial or other proceedings, including without limitation, investigations, examinations under Bankruptcy Rule 2004, adversary proceedings, contested matters and other disputes arising out of or related to the Chapter 11 Case or arising under the Bankruptcy Code in the Chapter 11 Case, or related to proceedings under Title 12 (each, a "Dispute," and collectively, the "Disputes");[3]

**WHEREAS**, the Parties have sought or may seek certain Discovery Material (as defined below) from one another and other parties with respect to the Chapter 11 Case and/or one or more Disputes, including through informal or formal requests (together and collectively, the "Discovery Requests") on a voluntary basis and/or as provided by the Federal Rules, the Bankruptcy Rules, or the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Southern District of New York (the "Local Rules");

**WHEREAS**, during the course of the Discovery Requests, the Parties or others may be required to produce in discovery information that a Party or the person from whom discovery is sought considers to be a trade secret or other confidential business, financial, or technical information; information subject to third party rights of privacy or confidentiality under applicable law; or other non-public, commercially sensitive, proprietary, and/or confidential information;

---

[3]    A Party's consent to the entry of this Order shall not constitute an acknowledgement by such Party that it is subject to a proper Discovery Request (as defined herein) or may be subject to Discovery Requests in the future.

**WHEREAS**, the Parties acknowledge that some information subject to the attorney-client privilege, work-product immunity, or other applicable privilege or immunity may be disclosed inadvertently during the course of the Discovery Requests;

**WHEREAS**, the Parties expressly acknowledge and jointly agree that the inadvertent disclosure of information subject to the attorney-client privilege, work-product immunity, or other applicable privilege or immunity by any party to any Dispute does not effect a waiver of any such privilege or immunity; and

**WHEREAS,** the Parties desire to agree to a protective order to protect such confidential information and to govern the inadvertent disclosure of confidential information or information subject to any applicable privilege or immunity during the pendency of the Discovery Requests, and thereafter, and also for resolution of other issues which have arisen or may arise in connection with the Discovery Requests.

**NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by the Parties that the following terms, subject to the Court's approval, will govern any requests for and production of Discovery Material:

<u>**Scope of Order**</u>

1.     This Order applies to all information, documents, and things exchanged, produced, disclosed, or otherwise made available either by a Party or a non-Party (each a Producing Party, as defined below) to any other Party or non-Party (each a Receiving Party, as defined below), formally or informally, either prior to or after the filing of a judicial proceeding, in response to or in connection with any Discovery Requests, including without limitation, deposition testimony, interrogatories, answers to interrogatories, requests for admission, responses to requests for

admission, documents, information and things produced, as well as any and all copies, abstracts, digests, notes, summaries, and excerpts thereof (collectively referred to as "Discovery Material").

2.     The Parties have sought or may seek certain Discovery Material on a voluntary basis and/or as provided by the Federal Rules, the Bankruptcy Rules, or the Local Rules.  As a result, the Parties have produced, provided access to, and made available, and might continue to produce, provide access to, and make available, certain Discovery Material.  The phrase "Discovery Material" used generally in this Order includes both "Confidential Material" and "Highly Confidential Material," as defined below.

3.     The purpose of this Order is to facilitate and expedite the production, exchange, and treatment of Discovery Material and to protect Discovery Material that a Party, a Party in Interest, as such term is used in section 1109(b) of the Bankruptcy Code ("Party in Interest"), or non-Party seeks to maintain as confidential in accordance with the terms hereof.  Any person or entity that produces, provides, or makes available Discovery Material to any Party in connection with any Dispute is a "Producing Party."  Any person or entity that receives Discovery Material directly or indirectly from any Producing Party is a "Receiving Party."  For the avoidance of doubt, the U.S. Trustee (as defined below) shall not be considered a Receiving Party as that term is used in this Order, irrespective of whether the U.S. Trustee receives Discovery Material pursuant to this Order.

4.     This Order does not affect, amend, or modify any existing formal or informal confidentiality agreements or protective orders applicable to any Producing Party and/or Receiving Party, and nothing in this Order shall constitute a waiver of any rights under such agreements or orders.

5.     The protections conferred by this Order cover material designated as "Confidential" or "Highly Confidential" ("Protected Material") and any information copied or extracted

therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations to or in court, or in other settings that might reveal Protected Material. However, the protections conferred by this Order do not cover the following information: (a) any information that is published or is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; (b) any information that is or was independently obtained by a Party without violating its obligations under this Order; and (c) any information known to the Receiving Party prior to the disclosure or being obtained by the Receiving Party after disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the party designating material as "Confidential Material" or "Highly Confidential Material" (collectively, "Non-Protected Material").

6. The Parties agree that the U.S. Trustee shall be provided with access to all Discovery Material and may conduct and participate in all discovery contemplated and governed by this Order, and will maintain all Protected Material as Protected Material subject to Paragraph 16 hereof. For purposes of this Order, the "U.S. Trustee" shall mean William K. Harrington, the United States Trustee for Region 2, any Assistant, agent, or employee of the U.S. Trustee, and anyone else employed by the U.S. Trustee Program and the Executive Office for U.S. Trustees.

7. For the avoidance of doubt, and except as expressly set forth herein, nothing in this Order—including the fact that a party is a Party to this Order—entitles or is intended to entitle any Party, Party in Interest, or non-Party to any Discovery Material for any purpose, including in connection with any Dispute. Any Party or its counsel serving a subpoena or request upon a non-Party, which subpoena or request requires the production of documents or testimony, may serve a

copy of this Order and instruct the non-Party recipient of such subpoena or request that he, she, or it may designate documents or testimony produced pursuant to such subpoena or request according to the provisions herein upon signing the form attached hereto as Exhibit A and agreeing to be bound by the terms of this Order.

8.     Even after the termination of the Discovery Requests, the confidentiality obligations imposed by this Order shall remain in effect until a designating party agrees otherwise in writing or a court order otherwise directs.

9.     This Order is a procedural device intended to protect Discovery Material. Nothing in this Order shall affect any Party's or non-Party's rights or obligations unrelated to the Discovery Material.

10.     Nothing contained herein shall be deemed a waiver or relinquishment by any Party or non-Party of any objection, including but not limited to, any objection concerning the alleged confidentiality or proprietary nature of any documents, information, or data requested by a Party or non-Party, any right to object to any Discovery Request, or any right to object to the admissibility of evidence on any ground, or to seek any further protective order, or to seek relief from the Court or any other applicable court from any provision of this Order by application on notice on any grounds.

## Designating Discovery Material

11.     Any Producing Party may designate Discovery Material as "Confidential Material" or "Highly Confidential Material" (any such designated Discovery Material is referred to as "Designated Material" herein and the Party designating such materials is referred to herein as "Designating Party") in accordance with the following provisions:

(a)     <u>Confidential Material</u>: A Producing Party may designate Discovery Material as "Confidential" if such Producing Party believes in good faith (or with respect to

documents received from another person, has been reasonably advised by such other person) that: (i) such Discovery Material (A) constitutes or contains nonpublic proprietary or confidential, technical, business, financial, personal or other information of a nature that can be protected under the Bankruptcy Rules or any other Federal Rule or (B) is subject by law or by contract to a legally protected right of privacy; or (ii) the Producing Party (A) is under a preexisting obligation to a third-party to treat such Discovery Material as confidential or (B) has in good faith been requested by another Party, Party in Interest, or non-Party to so designate such Discovery Material on the grounds that such other Party, Party in Interest, or non-Party considers such Discovery Material to contain information that is confidential or proprietary to such Party, Party in Interest, or non-Party.

(b) For purposes of this Order, Discovery Material considered to be Confidential Material may include all non-public materials containing or referring to Confidential Information, including, but not limited to: (i) personally identifiable information; (ii) financial or business plans or projections; (iii) proposed strategic transactions and other business combinations, negotiations, inquiries or agreements including, but not limited to, joint ventures, mergers, purchases, buy-outs, consolidations, transfers of interests and partnerships; (iv) trade secrets and/or proprietary information; (v) non-public studies or analyses by internal or outside experts or consultants; (vi) non-public financial, operational, or accounting results or data; (vii) business, management, and marketing plans and strategies; (viii) acquisition offers and expressions of interest; (ix) contracts or agreements with or among affiliates, partners or Parties; or (x) information that is scandalous or defamatory.

12. <u>Highly Confidential Material</u>: A Producing Party may designate Discovery Material as "Highly Confidential" if such Producing Party believes in good faith (or with respect to documents received from another person, has been reasonably advised by such other person)

that such Discovery Material contains or refers to (i) information maintained, or that constitutes, a trade secret under applicable law; (ii) proprietary technical, financial, marketing, strategic planning, or other commercially sensitive competitive information that would create a substantial risk of harm that could not be avoided by less restrictive means; or (iii) information that would have a negative competitive impact in its business or reputation if shared with individuals other than the attorneys identified herein.

13.    <u>Manner of Designating Discovery Material</u>:

(a)    Where reasonably practicable, any Discovery Material other than oral deposition testimony shall be designated by the Producing Party as such by marking each such page "Confidential," or "Highly Confidential," as applicable.  Native file documents may be designated as "Confidential" or "Highly Confidential" by including such terms (or similar terms) in the file name thereof or on a slip sheet attached thereto.  A Party that was not the Producing Party may designate Discovery Material by providing written notice to all Receiving Parties that such Discovery Material is "Confidential" or "Highly Confidential."

(b)    A Party, Party in Interest, or non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "Highly Confidential."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("Confidential" or "Highly Confidential") on each page that contains protected material.

(c)     In the case of depositions, if counsel for a Party or a Party believes that a portion of the testimony given at a deposition should be Protected Material of such Party, such testimony may be designated as appropriate by: (a) stating so orally on the record and requesting that the relevant portion(s) of testimony is so designated; or (b) providing written notice within seven (7) calendar days of the Party's receipt of the final transcript from the court reporter that the relevant portion(s) of such transcript or recording of a deposition thereof is so designated, except in the event that a hearing on related issues is scheduled to occur within seven (7) calendar days, in which case the foregoing seven (7) day period will be reduced to three (3) business days.  Such designation and notice shall be made in writing to the court reporter, with copies to all other counsel, identifying the portion(s) of the transcript that is so designated, and directing the court reporter to treat the transcript as Confidential or Highly Confidential Material.  Until expiration of the aforesaid designation period, as applicable, following receipt of the transcript by the Parties, all deposition transcripts and recordings shall be considered and treated as Highly Confidential Material unless otherwise designated by counsel to any Party on the record at the deposition.

(d)     For information produced in some form other than documentary, and for any other tangible item, the Producing Party must affix in a prominent place on the exterior of the container(s) in which the information or item is stored the legend "Confidential" or "Highly Confidential."

(e)     For information produced in electronic form on a computer readable medium (e.g., CD-ROM), the Producing Party must affix in a prominent place on the storage medium on which the information is stored, and on any container(s) for such medium, the legend "Confidential" or "Highly Confidential."

14.     Late Designation of Discovery Material: The failure to designate particular Discovery Material as "Confidential" or "Highly Confidential" at the time of production ("Misdesignated Material") shall not operate to waive a Producing Party's right to later designate such Discovery Material as Confidential or Highly Confidential Material.   At such time, arrangement will be made for the destruction of the Misdesignated Material or for the return to the Producing Party of all copies of the Misdesignated Material and for the substitution, where appropriate, of properly labeled copies of such Discovery Material.  If requested by the Producing Party, a Receiving Party shall verify in writing that it has taken all commercially reasonable steps to return or destroy such Misdesignated Material.  No Party shall be deemed to have violated this Order if, prior to notification of any later designation, such Discovery Material was disclosed or used in any manner consistent with its original designation but inconsistent with its later designation.  Once such later designation has been made, however, any Discovery Material shall be treated in accordance with that later designation; provided, however, that if the material that was not designated has been, at the time of the later designation, previously publicly filed with a court, no Party shall be bound by such later designation except to the extent determined by the Court upon motion of the Party that failed to make the designation.

### Use and Disclosure of Confidential or Highly Confidential Material

15.     General Limitations on Use and Disclosure of all Discovery Material: Except as expressly set forth herein, all Discovery Material shall be used by the Receiving Parties solely for the purposes of a Dispute or the Chapter 11 Case (including the Parties' consideration of any Dispute leading up to or in respect of the commencement of any case or proceeding), in any judicial proceedings relating to any Dispute or this Chapter 11 Case, or wherein a claim arises out of the same transaction(s) or occurrence(s) involved in any Dispute, and any appeal of any decision in respect thereof, and not in any other litigation or judicial proceedings unrelated to any Dispute or

this Chapter 11 Case, or for any business, competitive, governmental, commercial, or administrative purpose or function.

16.     General Limitations on Use and Disclosure of Protected Material: Except as expressly set forth herein, a Receiving Party or a person in receipt of material designated under this Order may use Protected Material disclosed or produced by another Party or by a non-Party in connection with the Discovery Requests only for purposes consistent with Paragraph 15 of this Order and for prosecuting, defending, appealing, or attempting to reach a settlement.  For the avoidance of doubt, a Receiving Party or a person in receipt of materials designated under this Order may not use Protected Material for any business, commercial, or competitive purpose, or during the course of any other action, litigation, or proceeding unrelated to any Dispute or this Chapter 11 Case.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  Further, nothing in this Order shall prevent or in any way limit the ability of the U.S. Trustee or any other entity of the United States in using and disclosing Designated Material for civil or criminal law enforcement purposes, whether informally, in compliance with a subpoena or court order, or otherwise, including without limitation disclosing Designated Material to any other federal governmental entity.  To the extent that Designated Material is sought from the U.S. Trustee pursuant to any request under the Freedom of Information Act, the Privacy Act, or other applicable law requiring disclosure, or informal requests from other government agencies, prior to the disclosure of any Designated Material, the U.S. Trustee shall provide the Designating Party with prompt written notice to give the Designating Party an opportunity to object to the disclosure of any specific portion of the Designated Material.  If the Designating Party does not object within seven (7) calendar days of the date of the U.S. Trustee's written notice, then the U.S. Trustee may disclose the Designated

Material.  If the Designating Party objects, then the U.S. Trustee will not disclose the Designated Material until either (a) a consensual resolution is reached or (b) the Designating Party obtains a ruling from the Court or is denied relief from the Court.

Upon the completion of the Discovery Requests, a Receiving Party or person in receipt of material designated under this Order must comply with the provisions of Paragraph 27 below.

Protected Material must be stored and maintained by a Receiving Party or a person in receipt of material designated under this Order at a location and in a secure manner that ensures access is limited to persons authorized under this Order and that the confidentiality of such material is maintained.

17. <u>Confidential Material</u>: Confidential Material, and any and all information contained therein, shall be given, shown, made available to, or communicated only to the following:

(a) Outside counsel of record or in-house counsel who represent any Party in this Chapter 11 Case or any Dispute, as well as stenographic, clerical and legal assistant employees, and agents of those attorneys whose functions require access to Confidential Material;

(b) Parties, including their respective members, managers, partners, directors, officers, employees, and agents who are assisting with or making decisions with respect to the Discovery Requests, and are obligated to such Party in a manner that the Party would have a legal remedy against such person or entity were such person or entity to disregard the signatory's instruction to comply with this Order; for the avoidance of doubt, this includes the individual Committee members and their counsel in their capacities as such, subject in all respects to the limitations provided on such Committee Members and their Representatives (as defined therein) in Article 7 of the ByLaws adopted by the Committee; and provided further, that a Party shall not

include a member or any representative of the Ad Hoc Group of Senior Noteholders or the Ad Hoc Cross-Holder Group other than outside counsel of record to such Party in the Chapter 11 Case;[4]

(c)     The U.S. Trustee;

(d)     Industry advisors, financial advisors, accounting advisors, experts and consultants (and their respective staff) that are retained by the Parties to this Order in connection with the Chapter 11 Case or any Dispute; provided that counsel desiring to disclose Confidential Material to such advisors, expert or consultants (and their respective staff) shall first obtain a signed copy of Exhibit A from each such advisor, expert, or consultant and each of his or her personnel who would require access to Confidential Material, and counsel shall retain in his or her file an original or copy of each signed form;

(e)     Any person who is indicated on the face of a document to have been an author, addressee, or copy recipient thereof, an actual recipient thereof, or in the case of meeting minutes, an attendee of the meeting;

(f)     For purposes of witness preparation, any deponent or witness who was noticed for a deposition, or is on a witness list for hearing or trial, in preparation for his or her noticed deposition, hearing, or trial testimony where such Confidential Material is determined by counsel in good faith to be necessary to the anticipated subject matter of testimony, provided, however, that such Confidential Material can only be shared with such person in connection with preparation for the anticipated testimony, and the persons identified in this paragraph shall not be permitted to retain copies of such Confidential Material and such person shall be bound by this

---

[4]     For the avoidance of doubt, a member or representative of the Ad Hoc Group of Senior Noteholders or the Ad Hoc Cross-Holder Group is permitted to receive analyses that have been derived in whole or in part from information obtained from Confidential Material, provided that no direct quotation or citation to the Confidential Material is reflected in such analyses.

Order to not disclose any Confidential Material except in the course of testifying in the Chapter 11 Case or any Dispute;

(g)     Any adverse witness during the course of a deposition where counsel questioning the witness reasonably and in good faith believes that questioning the witness regarding the Confidential Material is reasonably necessary;

(h)     Outside photocopying, graphic-production services, or litigation-support services, as necessary for use in connection with the Discovery Requests, provided that each such person or entity is obligated to the Party seeking or obtaining the services in such a manner that the Party would have a legal remedy against such person or entity were such person or entity to disregard the Party's instruction to comply with this Order;

(i)     Court reporters, stenographers, or videographers who record deposition or other testimony in connection with the Discovery Requests;

(j)     The Court and its personnel;

(k)     The jury at trial;

(l)     Any other person or entity with respect to whom the Producing Party may consent in writing; provided that such person shall first execute the form attached here to as Exhibit A;

(m)     Any other person or entity specified in Paragraph 18; and

(n)     Any other person or entity the Court orders to have access.

18.     Highly Confidential Material: Highly Confidential Material, and any and all information contained therein, shall be given, shown, made available to, or communicated only to the following:

(a)     Outside counsel, in-house counsel only to the extent they are directly responsible for overseeing or assisting with the Chapter 11 Case and legal staff working under the express direction of such counsel, for:

      i.      Debtor;

      ii.      FDIC-R;

      iii.      The Committee;

      iv.      The Ad Hoc Group of Senior Noteholders;

      v.      The Ad Hoc Cross-Holder Group;[5] and

      vi.      The U.S. Trustee.

(b)     Outside counsel to Individual Committee members, subject in all respects to the limitations provided on such Committee Members and their Representatives (as defined therein) in Article 7 of the ByLaws adopted by the Committee;

(c)     Industry advisors, financial advisors, accounting advisors, experts and consultants (and their respective staff) that are retained by the Parties to this Order in connection with the Chapter 11 Case or any Dispute; provided that counsel desiring to disclose Highly Confidential Material to such advisors, expert or consultants (and their respective staff) shall first obtain a signed copy of Exhibit A from each such advisor, expert, or consultant and each of his or her personnel who would require access to Highly Confidential Material, and counsel shall retain in his or her file an original or copy of each signed form;

---

[5]     For the avoidance of doubt, a member or representative of the Ad Hoc Group of Senior Noteholders or the Ad Hoc Cross-Holder Group is permitted to receive analyses that have been derived in whole or in part from information obtained from Highly Confidential Material, provided that no direct quotation or citation to the Highly Confidential Material is reflected in such analyses.

(d)     Any person who is indicated on the face of a document to have been an author, addressee, or copy recipient thereof, an actual recipient thereof, or in the case of meeting minutes, an attendee of the meeting;

(e)     For purposes of witness preparation, any deponent or witness who was noticed for a deposition, or is on a witness list for hearing or trial, in preparation for his or her noticed deposition, hearing, or trial testimony where such Highly Confidential Material is determined by counsel in good faith to be necessary to the anticipated subject matter of testimony, provided, however, that such Highly Confidential Material can only be shared with such person in connection with preparation for the anticipated testimony, and the persons identified in this paragraph shall not be permitted to retain copies of such Highly Confidential Material and such person shall be bound by this Order to not disclose any Confidential Material except in the course of testifying in the Chapter 11 Case or any Dispute;

(f)     Any adverse witness during the course of a deposition where counsel questioning the witness reasonably and in good faith believes that questioning the witness regarding the Highly Confidential Material is necessary;

(g)     Outside photocopying, graphic production services, or litigation support services, as necessary for use in connection with the Discovery Requests, provided that each such person or entity is obligated to the Party seeking or obtaining the services in such a manner that the Party would have a legal remedy against such person or entity were such person or entity to disregard the Party's instruction to comply with this Order;

(h)     Court reporters, stenographers, or videographers who record deposition or other testimony in connection with the Discovery Requests;

(i)     The Court and its personnel;

(j) The jury at trial;

(k) Any other person or entity with respect to whom the Producing Party may consent in writing; provided that such person shall first execute the form attached here to as Exhibit A; and

(l) Any other person or entity the Court orders to have access.

19. <u>Challenge Notice</u>: If any Party to this Order objects to the designation of any documents or information as Confidential Material or Highly Confidential Material, the Party shall first state the objection in writing to the other Party explaining the basis for its belief that the confidentiality designation was not proper (a "Challenge Notice"). The Parties agree to confer in good faith to attempt, within five (5) business days of receipt of the written objection to such designation, to resolve any dispute regarding any such designation. If the Parties are unable to resolve such dispute, the Receiving Party may seek appropriate relief from the Court; provided, however, that all documents and/or information to which an objection is made shall be treated as Confidential Material or Highly Confidential Material, in accordance with the designation attached to the Discovery Material, until such objection is resolved. The party seeking to maintain that the Protected Material is either Confidential or Highly Confidential has the burden to demonstrate such a designation is appropriate. Each Party hereby agrees that it will not contest a Party's request for expedited consideration for such relief. Further, a Receiving Party shall not be obliged to challenge the propriety of a designation at the time made, and a failure to do so shall not preclude or have any relevance to a subsequent challenge thereto. The failure of any Party to challenge the designation by a Designating Party of Discovery Materials "Confidential" or "Highly Confidential" during the discovery period shall not be a waiver of that Party's right to object to the designation at trial.

20. <u>Sealing of Protected Material Filed with or Submitted to Court</u>:

(a)     Designated Material contained in pleadings, documents, or other papers (or attachments thereto) that a Party seeks to file with the Court shall be redacted and filed with the Court under a temporary seal.  Only those portions of pleadings, documents, or other papers (or attachments thereto) that contain Designated Material may be filed under the temporary seal.  To file pleadings, documents or other papers (or attachments thereto) with the Court under the temporary seal, parties shall file the pleadings, documents or other papers (or attachments thereto) on the Court's electronic docket in redacted form and unredacted copies shall be delivered to the Court both on a thumb drive and in a separate sealed envelope conspicuously marked "Filed Under Temporary Seal – Subject to Protective Order," together with such other markings as may be required by the Court.

(b)     Any Party filing ("Filing Party") with the Court pleadings, documents, or other papers (or attachments thereto) containing Designated Material under the temporary seal shall serve outside counsel for the Parties with unredacted copies.

(c)     Each Filing Party shall use best efforts when filing with the Court pleadings, documents, or other papers (or attachments thereto) to remove only Designated Material from pleadings, documents, or other papers (or attachments thereto).

(d)     Each Filing Party shall, at or before the time of filing with the Court pleadings, documents, or other papers (or attachments thereto) containing a Designated Party's Designated Material, provide notice to that Designating Party that such filing contains its Designated Material.

(e)     Unless the Designating Party provides written notice to the Filing Party as described in paragraph (f) below, the Filing Party shall file a notice with the Court advising the

18

Court that the pleading, document, or other paper (or attachments thereto) does not meet the requirements for sealing under section 107(b) of the Bankruptcy Code and requesting that the temporary seal be lifted and the pleadings, documents, or other papers (or attachments thereto) provided in the sealed envelope be filed by the Clerk on the Court's electronic docket. The Filing Party shall assist the Clerk in any way requested by the Clerk to ensure that the temporary seal is lifted and that the public has access to the unredacted documents.

(f)     If the Designating Party determines that the Designated Material should remain under seal, then the Designating Party must, within seven (7) calendar days from the filing by the Filing Party, provide written notice to the Parties that all or a part of the relevant Designated Material satisfies the requirements of section 107(b) of the Bankruptcy Code and should remain under seal. Upon receipt of such notice, the Designating Party and the Filing Party, together with any other Parties who have expressed interest in participating in such meet and confer and/or the U.S. Trustee to the same extent, shall meet and confer in an effort to reach a consensus regarding the appropriateness of the Designated Material being sealed and access to the public restricted. Whether or not such consensus is reached, in order for the Designated Material to remain sealed and public access remain restricted, the Designating Party must file with the Court a motion under section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018 seeking Court authorization to have the Designated Material remain under seal, within 21 calendar days from the date of the filing. Until the Court rules on the sealing motion, the Designated Material shall remain under seal.

21.     <u>Use of Discovery Material in Open Court</u>: The limitations on disclosure in this Order shall not apply to any Discovery Material offered or otherwise used by any Party at trial or any hearing held in open court except as provided in this paragraph. As part of any pretrial conference

or any meet and confer regarding the use of exhibits in any evidentiary hearing or otherwise in open court, counsel for any Party who desires to offer or use such Protected Material at trial or any hearing to be held in open court shall meet and confer in good faith with the Producing Party together with any other parties who have expressed interest in participating in such meet and confer to discuss procedures for such trial or hearing and ways to redact the Protected Material so that the material may be offered or otherwise used by any Party, in accordance with the provisions of the Bankruptcy Code and Bankruptcy Rules. If the Parties are unable to resolve a dispute related to such Protected Material, then either Party may raise the issue with the Court or any other applicable court. The Party seeking to maintain that the Protected Material shall not be used at trial or at a hearing to be held in open court has the burden to demonstrate such limitation is appropriate. In the absence of relief from the Court or any other applicable court, the Protected Material shall not be offered or otherwise used at trial or any hearing held in open court. In the event that any Protected Material is used in any court proceeding relating to matters in this Chapter 11 Case or otherwise in any Dispute, the Protected Material shall not lose its status as Confidential or Highly Confidential Material through such use.

### **Miscellaneous Provisions**

22.    <u>Unauthorized Disclosure of Protected Material</u>: In the event of a disclosure by a Receiving Party of Protected Material to persons or entities not authorized by this Order to receive such Protected Material, the Receiving Party making the unauthorized disclosure shall, upon learning of the disclosure: immediately notify the person or entity to whom the disclosure was made that the disclosure contains Protected Material subject to this Order; immediately make reasonable efforts to recover the disclosed Protected Material as well as preclude further dissemination or use by the person or entity to whom the disclosure was made; and immediately notify the Producing Party of the identity of the person or entity to whom the disclosure was made,

the circumstances surrounding the disclosure, and the steps taken to recover the disclosed Protected Material and ensure against further dissemination or use thereof. Disclosure of Protected Material other than in accordance with the terms of this Order may subject the disclosing person to such sanctions and remedies as the Court may deem appropriate.

23. <u>Production of Privileged Discovery Material</u>: Nothing in this Order shall require disclosure of information that is protected from disclosure by the attorney-client privilege, work-product immunity, or any other legally cognizable privilege. This Order is entered pursuant to Rule 502(d) of the Federal Rules of Evidence. If a Producing Party produces materials that the Producing Party later discovers to be privileged or subject to other protection, such as work-product protection, the production of that material shall not be deemed to constitute the waiver of any applicable privileges or protections. In such circumstances, as soon as the Producing Party becomes aware that privileged or protected material was produced, it must notify the Receiving Party and request, at the Producing Party's election, either the return or the destruction of the produced material. Immediately after receiving such notification, the Receiving Party shall, as instructed, return or destroy and confirm destruction of all such produced material, including all copies, notes, and/or summaries thereof in any Receiving Party work product. Such return or destruction and confirmation of destruction shall not preclude the Receiving Party from seeking to compel production of the produced material for reasons other than its production or any information about the contents of the material that was gained due to its production. Moreover, this Order shall not prevent any Party from challenging the designation of such material as privileged or protected and moving to compel production of allegedly privileged or protected documents. If the Receiving Party becomes aware during the review of any material that is likely to be privileged or subject to other protection, the Receiving Party shall immediately notify the

Producing Party and sequester the material until the Producing Party has had a reasonable opportunity to respond.

24.  Use of Non-Protected Material: Nothing in this Order shall limit a Party's ability to use Non-Protected Material for any purpose, including in a deposition, hearing, trial, or otherwise, in connection with the Chapter 11 Case or any Dispute.

25.  Obligations Following Conclusion of the Chapter 11 Case and/or Disputes: Within 90 calendar days of the later of the conclusion of the Chapter 11 Case and/or the Disputes, including all appeals as to all Parties, all Parties, Parties in Interest, and non-Parties shall, upon the request of the Producing Party, take all commercially reasonable steps to return to counsel for the respective Producing Party, or to destroy, all Protected Material, and all copies thereof in the possession of any person, except that: counsel may retain for its records their work product and a copy of court filings, deposition transcripts, deposition recordings, deposition exhibits, expert reports, and exhibits introduced at any hearing; and a Receiving Party may retain Protected Material that is auto-archived or otherwise "backed up" on electronic management and communications systems or servers, or as may be required for regulatory recordkeeping purposes; provided that such retained documents will continue to be treated as provided in this Order.  If a Receiving Party chooses to take all commercially reasonable steps to destroy, rather than return, documents in accordance with this paragraph, that Receiving Party shall, if requested by the Producing Party, verify such destruction in writing to counsel for the Producing Party. Notwithstanding anything in this paragraph, to the extent that the information in the Discovery Material remains confidential, the terms of this Order shall remain binding.

26.  Continuing Applicability of Confidentiality Agreement and Stipulated Protective Order: The provisions of this Order shall survive the final termination of the Chapter 11 Case and

the Disputes for any retained Discovery Material. The final termination of the Chapter 11 Case and the Disputes shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Discovery Material pursuant to this Order, and the Court shall retain jurisdiction to enforce the terms of this Order.

27. <u>Designated Materials Subpoenaed or Ordered Produced in Other Litigation</u>: If a Receiving Party or a person in receipt of Protected Material designated under this Order is served with a subpoena or an order issued in other litigation that seeks or would compel disclosure of any Protected Material, the Receiving Party or person in receipt of material designated under this Order must so notify the Designating Party promptly, unless such notice is prohibited by applicable law. Such notification must include a copy of the subpoena or the court order.

The Receiving Party or person in receipt of Protected Material also must promptly inform the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order and also deliver a copy of this Order to the party in the other litigation that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Order and to afford the Designating Party an opportunity to protect its confidentiality interests in the court from which the subpoena or order was issued. The Designating Party shall bear the burden and the expense of seeking protection in that court of its Protected Material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party to disobey a lawful directive from another court.

28. <u>Use of Discovery Material by Producing Party</u>: Nothing in this Order affects the right of any Producing Party to use or disclose its own Discovery Material in any way. Such disclosure will not waive the protections of this Order and will not otherwise entitle other Parties,

Parties in Interest, non-Parties, or their attorneys to use or disclose such Discovery Material in violation of this Order. Notwithstanding the foregoing, any Producing Party that publicly disseminates its own Discovery Material, including in a filing not sealed with the Court or in open court, may not subsequently restrict other parties' public use of the same Discovery Material on the grounds that such material constitutes Protected Material. Nothing in this Order affects the right of any Producing Party under applicable law to claw back Discovery Material.

29. <u>Appeals</u>: In the event that any Party appeals from any decision relating to matters in this Chapter 11 Case or in any Dispute, the Parties hereto agree to file a joint application to the appropriate appellate court, within ten (10) business days of the filing of the notice of appeal, to maintain under seal the documents filed with the trial court that contain or disclose Confidential Material or Highly Confidential Material. The provisions of this paragraph may be waived only with the written consent of the Producing Party.

30. <u>Obligations of Parties</u>: Nothing herein shall relieve a Party of its obligations under the Federal Rules, Bankruptcy Rules, Local Rules, or under any future stipulations and orders, regarding the production of documents or the making of timely responses to Discovery Requests.

31. <u>Advice of Counsel</u>: Nothing herein shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying on examination of Discovery Material; provided, however, that in rendering such advice and otherwise communicating with such clients, counsel shall not make specific disclosure of any information in any manner that is inconsistent with the restrictions or procedures set forth herein.

32. <u>Enforcement</u>: The provisions of this Order constitute an Order of this Court and violations of the provisions of this Order are subject to enforcement and the imposition of legal sanctions in the same manner as any other Order of the Court.

33. <u>Right to Further Relief</u>: Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

34. <u>Right to Assert Other Objections</u>: By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to the use in evidence of any of the material covered by this Order.

35. <u>Effective Pending Approval</u>: The Parties agree that, pending entry by the Court, this Order shall be effective as if entered and, specifically, any violation of its terms shall be subject to the same sanctions and penalties as if this Order had been entered by the Court.

36. <u>Modification</u>: No modification of this Order shall be binding or enforceable unless in writing and signed by the Parties.

37. <u>Counterparts</u>: This Order may be executed in one or more counterparts, including by facsimile, PDF or other electronic delivery, each of which will be deemed an original, but all of which together constitute on and the same instrument.

*[Remainder of Page Left Intentionally Blank]*

*CONSENTED TO BY*:

**SULLIVAN & CROMWELL LLP**

*/s/ James L. Bromley* _____
James L. Bromley
Andrew G. Dietderich
Christian P. Jensen
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: bromleyj@sullcrom.com
      dietdericha@sullcrom.com
      jensenc@sullcrom.com

*Counsel to the Debtor*
*and Debtor-in-Possession*

**AKIN GUMP STRAUSS HAUER & FELD LLP**

*/s/ David M. Zensky* _____
David M. Zensky
Ira S. Dizengoff
Joseph L. Sorkin
Brad M. Kahn
Katherine Porter
One Bryant Park
New York, NY 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
E-mail: dzensky@akingump.com
      idizengoff@akingump.com
      jsorkin@akingump.com
      bkahn@akingump.com
      kporter@akingump.com

James R. Savin
2001 K Street NW
Washington, DC 20006
Telephone: (202) 887-4000
Facsimile: (202) 887-4288
E-mail: jsavin@akingump.com

*Counsel to the Official Committee*
*of Unsecured Creditors*

*[Signatures Continue on Next Page]*

**DAVIS POLK & WARDWELL LLP**

*/s/ Elliot Moskowitz*

Marshall S. Huebner
Elliot Moskowitz
Angela M. Libby
David Schiff
Aryeh Ethan Falk
450 Lexington Avenue
New York, NY 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
E-mail: marshall.huebner@davispolk.com
elliot.moskowitz@davispolk.com
angela.libby@davispolk.com
david.schiff@davispolk.com
aryeh.falk@davispolk.com

*Counsel to the Ad Hoc Group
of Senior Noteholders*

**WHITE & CASE LLP**

*/s/ Brian Pfeiffer*

Thomas E. Lauria (*admitted pro hac vice*)
Brian Pfeiffer
200 South Biscayne Boulevard, Suite 4900
Miami, FL 33131
Telephone: (305) 371-2700
Facsimile: (305) 358-2700
E-mail: tlauria@whitecase.com
brian.pfeiffer@whitecase.com

Glenn Kurtz
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
Email: gkurtz@whitecase.com

*Counsel to the Ad Hoc Cross-Holder
Group*

*[Signatures Continue on Next Page]*

**REED SMITH LLP**

/s/ Derek J. Baker

| | |
|---|---|
| Kurt F. Gwynne | Derek J. Baker (*admitted pro hac vice*) |
| Casey D. Laffey | 1717 Arch Street |
| 599 Lexington Avenue | Three Logan Square, Suite 3100 |
| New York, NY 10022 | Philadelphia, PA 19103 |
| Telephone: (212) 521-5400 | Telephone: (215) 851-8100 |
| Facsimile: (212) 521-5450 | Facsimile: (215) 851-1420 |
| E-mail: kgwynne@reedsmith.com | E-mail: dbaker@reedsmith.com |
| claffey@reedsmith.com | |

Keith M. Aurzada (*admitted pro hac vice*)
2850 N. Harwood Street, Suite 1500
Dallas, TX 75201
Telephone: (469)-680-4200
Facsimile: (469) 680-4299
E-mail: kaurzada@reedsmith.com

*Counsel to the Federal Deposit Insurance
Corporation, as Receiver for Silicon Valley
Bank*

**IT IS SO ORDERED.**

Dated:  July 19, 2023
        New York, New York

                        **/s/ Martin Glenn**
                        MARTIN GLENN
                        Chief United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ———————————————————— x | | |
| | : | Chapter 11 |
| In re | : | |
| | : | |
| SVB FINANCIAL GROUP,[1] | : | Case No. 23-10367 (MG) |
| | : | |
| Debtor. | : | |
| | : | |
| ———————————————————— x | | |

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

_____ [print or type full name], of _____

[print or type full address], declare under penalty of perjury that I have read in its entirety and understand the *Stipulated Protective Order* that was issued by the United States Bankruptcy Court for the Southern District of New York (the "***Bankruptcy Court***") on _____ in the matter of *In re SVB Financial Group* (Case No. 23-10367) (the "***Order***"). I agree to comply with and to be bound by all the terms of the Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to the Order to any person or entity except in strict compliance with the provisions of the Order. I further agree to submit to the jurisdiction of the Bankruptcy Court solely for the purpose of enforcing the terms of this Order, even if such enforcement proceedings occur after termination of the Chapter 11 Case or the Disputes (as defined in the Order).

---

[1]     The last four digits of SVB Financial Group's tax identification number are 2278.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____