AKIN GUMP STRAUSS HAUER & FELD LLP
Ira S. Dizengoff
David M. Zensky
Joseph L. Sorkin
Brad M. Kahn
Katherine Porter
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002

James R. Savin
2001 K Street NW
Washington, DC 20006
Telephone: (202) 887-4000
Facsimile: (202) 887-4288

*Counsel to the Official Committee
of Unsecured Creditors of SVB Financial
Group*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| SVB FINANCIAL GROUP,[1] | Case No. 23-10367 (MG) |
| Debtor. | |

### *EX PARTE* MOTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER PURSUANT TO BANKRUPTCY CODE SECTION 105 AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004 AUTHORIZING <u>DISCOVERY OF CERTAIN PERSONNEL</u>

---

[1] The last four digits of SVB Financial Group's tax identification number are 2278.

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ...........................................................................................1

JURISDICTION AND VENUE ..........................................................................................2

RELEVANT BACKGROUND ............................................................................................2

RELIEF REQUESTED.........................................................................................................5

COMPLIANCE WITH RULES ..........................................................................................6

NOTICE ................................................................................................................................6

NO PRIOR REQUEST ........................................................................................................6

RESERVATION OF RIGHTS ............................................................................................7

CONCLUSION.....................................................................................................................7

# TABLE OF AUTHORITIES

**Cases**                                                                                                                    **Page(s)**

*In re Drexel Burnham Lambert Grp., Inc.*,
   123 B.R. 702 (Bankr. S.D.N.Y. 1991) ...................................................................................6

*In re Hughes*,
   281 B.R. 224 (Bankr. S.D.N.Y. 2002) ...................................................................................6

**Statutes**

11 U.S.C. § 105 ..................................................................................................................................2

28 U.S.C. § 157 ..................................................................................................................................2

11 U.S.C. § 1107 ................................................................................................................................2

11 U.S.C. § 1108 ................................................................................................................................2

28 U.S.C. § 1334 ................................................................................................................................2

28 U.S.C. § 1408 ................................................................................................................................2

28 U.S.C. § 1409 ................................................................................................................................2

**Other Authorities**

Fed. R. Civ. P. 34(a)(1)(A) .................................................................................................................3

Fed. R. Bankr. P. 9013-1(a) ................................................................................................................6

Fed. R. Bankr. P. 2004 ............................................................................................................. *passim*

The Official Committee of Unsecured Creditors (the "Committee") of SVB Financial Group ("SVBFG" or the "Debtor") in the above-captioned chapter 11 case (the "Chapter 11 Case"), by and through its undersigned counsel, hereby submits this *ex parte* motion (the "Motion") for entry of an order pursuant to section 105 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing the Committee to conduct an examination of former personnel of SVBFG and/or Silicon Valley Bank ("SVB" or the "Bank") (the "Discovery Recipients") who possess information relevant to the Committee's ongoing investigation. In support of this Motion, the Committee respectfully states as follows:

## PRELIMINARY STATEMENT

1. From its inception, the Committee has been engaged in an examination into, *inter alia*, the circumstances leading up to SVB's failure and the commencement of this Chapter 11 Case and the potential claims or causes of action that may exist for the benefit of the Debtor's estate. In connection with that investigation, the Committee filed an *ex parte* motion on June 23, 2023 [ECF No. 340] (the "Prior Motion") seeking entry of an order under Bankruptcy Rule 2004 authorizing the Committee to conduct an examination of, and seek discovery from, First Citizens Bank and Trust Company ("First Citizens"), which acquired certain assets and operations of the Bank and is in possession of the majority of the relevant prepetition books and records, and from numerous current or former directors and/or officers of the Debtor and/or Bank, as well as certain other discovery parties.

2. On June 26, 2023, the Court granted the Prior Motion and issued an order [ECF No. 345] (the "Prior Order") permitting the Committee to serve the requested discovery.

3. The Committee has also sought and obtained permission to receive confidential supervisory information ("CSI") from the Board of Governors of the Federal Reserve System ("Federal Reserve Board"), the California Department of Financial Protection and Innovation ("CDFPI"), and the Federal Reserve Bank of San Francisco ("FRBSF"). Specifically, the Federal Reserve Board and CDFPI have agreed that the Debtor and the parties subject to the Prior Order may include CSI in their productions to the Committee, and the FRBSF has confirmed it has no unique CSI for parties to withhold in discovery.

4. Based on the Committee's review of the documents collected to date pursuant to the Prior Order, the Committee has identified eleven additional former personnel who are likely to have documents and information that are important for the Committee's investigation. Each of these individuals worked on issues directly relevant to the failure of the Bank and the Chapter 11 Case of the Debtor. As such, the Committee seeks authority to serve discovery on these present Discovery Recipients under Bankruptcy Rule 2004.

**JURISDICTION AND VENUE**

5. This Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

6. Venue is proper under 28 U.S.C. §§ 1408 and 1409.

7. The bases for the relief requested herein are Bankruptcy Code section 105 and Bankruptcy Rule 2004.

**RELEVANT BACKGROUND**

8. On March 17, 2023 (the "Petition Date"), the Debtor commenced this Chapter 11 Case. The Debtor continues to operate its businesses and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

9. On March 28, 2023, the U.S. Trustee appointed the Committee to serve as a fiduciary for all unsecured creditors.

10. On June 23, 2023, the Committee filed the Prior Motion seeking permission to serve discovery on First Citizens and various former Bank and Debtor personnel, among others.[1] On June 26, 2023, the Court approved the requested discovery, as reflected in the Prior Orders.

11. The Committee also sought and obtained rare access to CSI in connection with its investigation. Following the Committee's requests, the Federal Reserve Board issued letters to the Committee on July 28, 2023, and August 10, 2023, authorizing the parties identified in the Prior Orders, as well as the Debtor, to produce CSI to the Committee as described in the letters. In response to the Committee's request, the FRBSF stated that the only potential CSI at issue is held by the Federal Reserve Board (which, as noted, the Federal Reserve Board authorized for production). The CFDPI likewise informed the Committee, by letters dated July 31, 2023, and August 11, 2023, that the Debtor and the parties subject to the Prior Orders have been authorized to produce CSI to the Committee.

12. Since commencing its investigation, the Committee has received and reviewed numerous documents from the Debtor and the other parties under the Prior Orders, including documents from multiple directors and officers of SVBFG. The majority of the discovery parties subject to the Prior Orders have completed, or have nearly completed, their productions. Productions from the parties in possession of more voluminous material (e.g., First Citizens and certain advisors) are ongoing and continue to be produced on a rolling basis.

---

[1] The Committee also filed another motion seeking permission to seek discovery from certain advisors to SVBFG, which the Court also granted. [ECF No. 346] (together with the Prior Order, the "Prior Orders"). The Committee has also received certain discovery on a voluntary basis from the Debtor.

13. The Committee and its professionals have devoted significant time and attention to analyzing the information that the Committee has obtained through its investigation and to considering potential claims and causes of action for the benefit of the estate, and any defenses to such claims. The Committee's professionals have conducted a deep dive into the facts and circumstances surrounding the events that precipitated the Chapter 11 Case, including the conduct of the Debtor's fiduciaries and advisors.

14. Based on the Committee's continuing analysis of information obtained to date, the Committee has identified the following Discovery Recipients who are likely to be in possession of documents and information that would relate to the conduct and events that are central to the Committee's investigation:[2]

- Kathy Pionke, Head of Enterprise Risk Management;
- Michael Kruse, Treasurer;
- Jonathan Nass, Director of Liquidity Governance and Limits, and Head of Treasury Liquidity Risk Management;
- Bob Neitz, Chief Compliance Officer;
- Dave Swett, Senior Director Regulatory Affairs;
- Alicia Koht, Chief of Staff of the Risk Division;
- Jignesh Gardi, Head of Asset & Liability Management;
- Jatin Belani, Director, Liquidity Risk Management;
- Will Stevenson, Head of Liquidity Solutions;
- Marc Cadieux, Chief Credit Officer; and
- Matthew Freiman, Head of Risk Transformation.

---

[2] The Committee coordinated with conflicts counsel to the Debtor, Jenner & Block LLP, to prepare the list of present Discovery Recipients identified in this Motion.

15. Each of the present Discovery Recipients held a senior position in the Bank or SVBFG in the lead up to its collapse and is likely to be in possession of documents and information relevant to the Committee's investigation. In addition, each of the present Discovery Recipients had a significant role and important responsibilities with regard to monitoring risk management, setting risk strategies, and monitoring liquidity issues—topics that are important to the Committee's investigation.

**RELIEF REQUESTED**

16. The Committee requests an order pursuant to Bankruptcy Rule 2004 authorizing the Committee to serve document requests/subpoenas on the present Discovery Recipients. Submitted herewith is a 2004 Document Subpoena containing the current requests the Committee plans to serve on the present Discovery Recipients. *See* Exhibit B.

17. The Committee requests that the Court order the Discovery Recipients to have substantially completed document production no later than twenty-one (21) calendar days from the date of service of the subpoenas.

18. As with the Prior Motion, the Committee intends to request from the present Discovery Recipients only those documents not obtainable from SVB's server(s) and other electronic repositories formerly in SVB's custody or control that maintained SVB or SVBFG emails, documents and data. The Committee has sought materials that were held on SVB's servers directly from First Citizens. The present Discovery Recipients will be asked only for texts, voicemails, emails other than those sent or received from/to an SVB email address, documents and data on personal computers, and hard copy documents.

19. Objections to any of the requests are preserved, and the Committee anticipates a typical meet and confer process with the present Discovery Recipients concerning any such

5

objections.  In addition, the Committee has negotiated and the Court has ordered a protective order with all the other parties to govern discovery in this Chapter 11 Case.  *See* ECF No. 428.

20. As discussed in greater detail in the Prior Motion, discovery is appropriate here due to the nature of SVB's collapse and because each of the discovery targets is a former employee of the Bank or SVBFG that was involved in liquidity risk management, financial risk management, and/or enterprise risk management.  Each of the present Discovery Recipients is in possession of information that is relevant to the Committee's investigation and is the proper recipient of duly served discovery.  *See In re Hughes*, 281 B.R. 224, 226 (Bankr. S.D.N.Y. 2002) (recognizing the broad scope of examination allowed under Bankruptcy Rule 2004); *In re Drexel Burnham Lambert Grp., Inc.*, 123 B.R. 702, 711 (Bankr. S.D.N.Y. 1991) (same).

21. The requested discovery will permit the Committee to conduct the necessary investigation into the conduct and events leading up to the Chapter 11 Case in order to assess the value and strength of any potential causes of action.

## COMPLIANCE WITH RULES

22. This Motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of their application to this Motion. The Committee submits that this Motion satisfies Rule 9013-1(a) of the Local Bankruptcy Rules for the Southern District of New York.

## NOTICE

23. The Committee is proceeding with this Motion on an *ex parte* basis.  Nevertheless, the Committee has provided advance notice to conflicts counsel to the Debtor.

## NO PRIOR REQUEST

24. No prior request for relief sought in this Motion has been made.

## **RESERVATION OF RIGHTS**

25. The Committee and its members reserve all their respective rights, claims, defenses, and remedies, including, without limitation, the right to amend, modify, or supplement this Motion, to seek additional discovery, add additional parties, or to raise additional grounds for granting this Motion during any hearing on the Motion.

## **CONCLUSION**

26. WHEREFORE, the Committee respectfully requests that the Court enter an order, substantially in the form of Exhibit A, that authorizes the Committee to (i) serve discovery on the present Discovery Recipients and (ii) take depositions of the present Discovery Recipients

[*Signature block on following page*]

Dated: New York, NY
November 7, 2023

**AKIN GUMP STRAUSS HAUER & FELD LLP**

By: /s/ *David M. Zensky*
David M. Zensky
Ira S. Dizengoff
Joseph L. Sorkin
Brad M. Kahn
Katherine Porter
One Bryant Park
New York, NY 10036-6745
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
dzensky@akingump.com
idizengoff@akingump.com
jsorkin@akingump.com
bkahn@akingump.com
kporter@akingump.com

James R. Savin
2001 K Street NW
Washington, DC 20006
Telephone: (202) 887-4000
Facsimile: (202) 887-4288
jsavin@akingump.com

*Counsel to the Official Committee
of Unsecured Creditors of SVB Financial Group*