JENNER & BLOCK LLP
Vincent E. Lazar
Landon S. Raiford (admitted *pro hac vice*)
353 N. Clark Street
Chicago, Illinois 60654
(312) 222-9350

Marc B. Hankin
Carl N. Wedoff
1155 Avenue of the Americas
New York, NY 10036
(212) 891-1600

*Conflicts Counsel to the Debtor*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>SVB FINANCIAL GROUP,[1]<br><br>          Debtor. | Chapter 11<br><br>Case No. 23-10367 (MG) |

### SVB FINANCIAL GROUP'S THIRD *EX PARTE* MOTION FOR ENTRY OF AN ORDER UNDER BANKRUPTCY CODE SECTION 105 AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 2004, 9006, AND 9016 AUTHORIZING EXPEDITED DISCOVERY

---

[1] The last four digits of SVB Financial Group's tax identification number are 2278.

SVB Financial Group, debtor and debtor-in-possession ("Debtor"), submits this motion for entry of an order, substantially in the form attached hereto as Exhibit A (the "Order"), under section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2004-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), authorizing and directing production of discovery materials from the Discovery Recipients (defined below) and directing an expedited response and production of documents under Bankruptcy Code section 105(a) and Bankruptcy Rules 9006 and 9016. In support of this Motion, the Debtor respectfully represents as follows:

**Preliminary Statement**

1. The Debtor seeks authorization to obtain Rule 2004 examinations to evaluate potential causes of action belonging to the estate, and to make informed decisions about whether such claims should be settled, abandoned, or otherwise treated under a plan.

2. The Debtor seeks discovery from the former Debtor personnel (the "Additional Employees")[2] identified by the Official Committee of Unsecured Creditors ("UCC") in its *Ex Parte Motion for Entry of an Order Pursuant to Bankruptcy Code Section 105 and Federal Rule of Bankruptcy Procedure 2004 Authorizing Discovery of Certain Personnel* [Dkt. 658] (the "Third UCC Motion"), which was granted by Order entered on November 8, 2023 [Dkt. 659]. The Debtor is working with the UCC to coordinate discovery sought from the Additional Employees. The Debtor seeks separate authorization to serve Rule 2004 discovery because (a) certain of the

---

[2] The Additional Employees are (i) Kathy Pionke, (ii) Mike Kruse, (iii) Jonathan Nass, former Director of Governance, (iv) Bob Neitz, (v) Dave Swett, (vi) Alicia Koht, (vii) Jignesh Gardi, (viii) Will Stevenson, (ix) Marc Cadieux, (x) Matt Freiman, and (xi) Jatin Balani.

responsive documents may be privileged, and (b) the Additional Employees may refuse to provide access to the documents without receiving a subpoena.

3. The Debtor also requests authorization to serve Rule 2004 discovery on Ernst & Young LLP ("E&Y," and together with the Additional Employees, the "Discovery Recipients"), which provided regulatory and risk-management consulting services to the Debtor prior to the petition date.

4. Each of the Discovery Recipients worked on issues directly relevant to the Debtor's chapter 11 case and are likely to have documents and information that are relevant to the Debtor's evaluation of estate claims. Accordingly, the Court should authorize the Debtor to serve discovery on the Discovery Recipients under Bankruptcy Rule 2004.

## Jurisdiction and Venue

5. The Court has jurisdiction over this matter under 28 U.S.C. § 1334. This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

6. Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

7. The bases for the relief requested herein are Bankruptcy Code section 105, Bankruptcy Rules 2004, 9006, and 9016 and Local Rule 2004-1.

## Background

8. Prior to March 10, 2023, the Debtor owned and operated Silicon Valley Bank ("SVB"), a state-chartered bank. On March 10, 2023, Silicon Valley Bank was closed on the order of the California Department of Financial Protection and Innovation ("DFPI") and on the same

day DFPI asked the Federal Deposit Insurance Corporation as receiver for Silicon Valley Bank ("FDIC-R") to serve as receiver of Silicon Valley Bank.[3]

9. On March 17, 2023 (the "Petition Date"), the Debtor commenced this Chapter 11 case (the "Chapter 11 Case").

10. On March 28, 2023, the United States Trustee appointed the UCC pursuant to section 1102 of the Bankruptcy Code [Dkt. 72].

11. The Debtor continues to operate its businesses and manage its assets as a debtor-in-possession under Bankruptcy Code sections 1107(a) and 1108. No request has been made for the appointment of a trustee or examiner in this case.

12. On May 16, 2023, the Debtor filed its *Ex Parte Motion for Entry of an Order Pursuant to Bankruptcy Code Section 105 and Federal Rules of Bankruptcy Procedure 2004, 9006, and 9016 Authorizing Expedited Discovery* ("Initial Debtor Motion") [Dkt. 239], which requested an order authorizing limited discovery from the FDIC-R and any third party with relevant information concerning the Debtor's bank accounts at SVB and the circumstances surrounding FDIC-R's conduct relating to the Debtor and the Debtor's assets. On May 17, 2023, the Court entered an order granting the Initial Debtor Motion. [Dkt. 251.]

13. On June 23, 2023, the UCC filed two motions (together, the "Initial UCC Motions") seeking authority to propound Rule 2004 discovery upon a group of current or former directors and/or officers of the Debtor or SVB, and other persons and entities with information relevant to

---

[3] Additional factual background relating to the Debtor's businesses, the receivership of SVB, and the commencement of this Chapter 11 Case is set forth in the *Declaration of William C. Kosturos in Support of the Debtor's Chapter 11 Petition and First Day Pleadings* [Dkt. 21] and *Supplemental Declaration of William C. Kosturos in Support of the Debtor's Chapter 11 Petition and First Day Pleadings* [Dkt. 43].

3

the Debtor's chapter 11 case. [Dkt. 340, 341]. On June 26, 2023, the Court entered orders granting the Initial UCC Motions. [Dkt. 345, 346.]

14. On August 16, 2023, the Debtor filed its *Second Ex Parte Motion for Entry of an Order Pursuant to Bankruptcy Code Section 105 and Federal Rules of Bankruptcy Procedure 2004, 9006, and 9016 Authorizing Expedited Discovery* ("Second Debtor Motion") [Dkt. 504], seeking authority to serve Rule 2004 discovery upon certain of the parties identified in the Initial UCC Motions. On August 17, 2023, the Court entered an order approving the Second Debtor Motion. [Dkt. 506.]

15. On November 7, 2023, the UCC filed the Third UCC Motion seeking authority to propound Rule 2004 discovery upon the Additional Employees. [Dkt. 658]. On November 8, 2023, the Court granted the Third UCC Motion [Dkt. 659].

16. As noted above, the Debtor is coordinating its discovery of the Additional Employees with the UCC. The Debtor only seeks discovery from the Additional Employees of the information the UCC has identified in the Third UCC Motion, so any burden upon the Additional Employees in responding to the Debtor's document requests will be minimal.

17. The Debtor also seeks authorization to serve Rule 2004 discovery on E&Y, which served as a pre-petition consultant to the Debtor.

18. Based on the Debtor's evaluation to date, the Debtor believes the Discovery Recipients may be in possession of documents and information that would relate to the conduct and events and circumstances leading to SVB's collapse and the Debtor's case.

**Relief Requested**

19. By this Motion, the Debtor seeks entry of an Order, in substantially the form attached as **Exhibit A**, authorizing the Debtor, without further order of the Court, to demand and compel by way of subpoena: (i) the production of documents from the Discovery Recipients that

4

may be relevant to the Debtor's evaluation of estate causes of action ; and (ii) the oral examination, under oath, of the Discovery Recipients.

## I. The Court Should Authorize Rule 2004 Examination of the Discovery Recipients.

20. Under Bankruptcy Rule 2004(a), "[o]n motion of any party in interest, the court may order the examination of any entity." Fed. R. Bankr. P. 2004(a). Bankruptcy Rule 2004(b) provides that the Court may authorize the examination of any entity relating "to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate." Fed. R. Bankr. P. 2004(b). In a bankruptcy "under chapter 11 of the [Bankruptcy] Code . . . the examination may also relate to the operation of any business and the desirability of its continuance, the source of any money or property acquired or to be acquired by the debtor for purposes of consummating a plan and the consideration given or offered therefor, and any other matter relevant to the case or to the formulation of a plan." *Id.*

21. "Rule 2004 discovery is broader than discovery under the Federal Rules of Civil Procedure, and has fewer procedural safeguards. It can be legitimately compared to a fishing expedition." *In re China Fishery Grp. Ltd.*, 2017 WL 3084397, at *4 (Bankr. S.D.N.Y. July 19, 2017) (quotation omitted); *see In re Hughes*, 281 B.R. 224, 226 (Bankr. S.D.N.Y. 2002) ("[I]t is well settled that the scope of examination allowed under Rule 2004 is broader than discovery allowed under the Federal Rules of Civil Procedure and may be in the nature of a fishing expedition." (internal quotation marks omitted)); *In re Ecam Publ'n, Inc.*, 131 B.R. 556, 559 (Bankr. S.D.N.Y. 1991).

22. Third parties are subject to Rule 2004 examination "if they possess knowledge of the debtor's acts, conduct, or financial affairs which relate to the bankruptcy proceedings." *In re Brown*, 2018 WL 4944816, at *3 (Bankr. S.D.N.Y. Oct. 11, 2018) (quotation omitted); *see In re*

*Recoton Corp.*, 307 B.R. 751, 755 (Bankr. S.D.N.Y. 2004) ("Any third party who has a relationship with a debtor may be made subject to a Rule 2004 investigation.").

23. The decision to grant or deny a Rule 2004 request lies "within the sound discretion of the court." *In re Transmar Commodity Grp. Ltd.*, 2018 WL 4006324, at *4 (Bankr. S.D.N.Y. Aug. 17, 2018). "A party seeking to conduct a Rule 2004 examination must also show good cause, such as the proposed examination is necessary to establish the claim of the party seeking the examination, or . . . denial of such request would cause the examiner undue hardship or injustice." *In re Gawker Media LLC*, 2017 WL 2804870, at *5 (Bankr. S.D.N.Y. June 28, 2017) (internal quotation marks omitted). Good cause exists to authorize the requested discovery here.

24. The Debtor seeks authority to serve document requests upon the Additional Employees that mirror the document requests propounded by the UCC. Because the Court has already authorized discovery from the Additional Employees, any burden upon the Discovery Recipients associated with responding to the Debtor's document requests will be minimal.

25. The Debtor also intends to serve document requests upon E&Y. As former consultant to the Debtor, E&Y likely possesses information relevant to the conduct of the Debtor's business and its financial condition.

26. Rule 2004 discovery is necessary for the Debtor to identify, understand and evaluate estate claims or causes of action. The debtor-in-possession is a fiduciary of the estate and is charged with taking actions that benefit the estate as a whole. *In re Smart World Technologies, LLC*, 423 F.3d 166, 175 (2d Cir. 2005) (the debtor in possession, "as fiduciary . . . bears the burden of 'maximiz[ing] the value of the estate'"); *In re Ancora*, 2016 WL 7868696, at *10 (Bankr. S.D.N.Y. 2016) (same) (citing *Hirsch v. Penn. Textile Corp, Inc. (In re Centennial Textiles, Inc.)*, 227 B.R. 606, 612 (Bankr. S.D.N.Y. 1998) ("As fiduciaries, the debtor in possession and its

managers are obligated to . . . maximize the value of the estate … and protect and conserve the debtor's property.") The debtor-in-possession is also entrusted with evaluating, and if appropriate, pursuing or settling estate causes of actions. *Smart World*, 423 F.3d at 175 ("In making the debtor-in-possession accountable for the estate's legal claims, Congress vested the debtor with the responsibility to determine how best to handle those claims."). Accordingly, Rule 2004 discovery is appropriate here.

## II. The Court Should Authorize Rule 2004 Examination on an Expedited Basis.

27. The Discovery Recipients also should be required to produce documents on an expedited basis. Bankruptcy Rule 9006(c)(1) provides that, "when an act is required or allowed to be done at or within a specified time by [the Bankruptcy Rules] or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced." Here, it is critical that the Debtor obtain information from the Discovery Recipients as quickly as possible to evaluate potential causes of action and inform the plan formulation process. As noted above, the Debtor's document requests to the Additional Employees mirror document requests that have already been propounded by the UCC. Moreover, the Debtor's document requests to E&Y will be tailored to facilitate a prompt production of relevant material. Accordingly, expedited discovery would not create an undue burden for either the Additional Employees or E&Y.

## Conclusion

28. For the above reasons, the Debtor respectfully requests that this Court grant the relief requested in this Motion and enter an Order substantially in the form attached as **Exhibit A**.

Dated: November 8, 2023
New York, New York

Respectfully submitted,

**JENNER & BLOCK LLP**

By: /s/ *Vincent E. Lazar*

Vincent E. Lazar
Landon S. Raiford (admitted *pro hac vice*)
353 N. Clark Street
Chicago, Illinois 60654
(312) 222-9350
vlazar@jenner.com
lraiford@jenner.com

Marc B. Hankin
Carl N. Wedoff
1155 Avenue of the Americas
New York, NY 10036
(212) 891-1600
mhankin@jenner.com
cwedoff@jenner.com

*Conflicts Counsel to the Debtor*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>SVB FINANCIAL GROUP,[1]<br><br>    Debtor. | Chapter 11<br><br>Case No. 23-10367 (MG) |

**ORDER GRANTING SVB FINANCIAL GROUP'S THIRD *EX PARTE*
MOTION FOR ENTRY OF AN ORDER UNDER BANKRUPTCY
CODE SECTION 105 AND FEDERAL RULES OF BANKRUPTCY
PROCEDURE 2004, 9006, AND 9016 AUTHORIZING EXPEDITED DISCOVERY**

Upon the Debtor's *Third Ex Parte Motion for Entry of an Order Pursuant to Bankruptcy Code Section 105 and Federal Rules of Bankruptcy Procedure 2004, 9006, and 9016 Authorizing Expedited Discovery* (the "**Motion**")[2]; the Court finding that the notice of the Motion is good and sufficient under the circumstances; the Court having reviewed the Motion and finding good cause to grant the Motion, it is ORDERED:

1. The Motion is granted to the extent provided herein.

2. The Debtor is hereby authorized under Bankruptcy Rule 2004 to demand and compel by way of subpoena: (i) the production of documents from the Discovery Recipients that may be relevant to the Debtor's evaluation of estate claims or causes of action; (ii) the oral examination, under oath, of the Discovery Recipients.

3. The Debtor is hereby authorized to use the following procedures in connection with the Debtor's issuance of any subpoena:

---

[1] The last four digits of SVB Financial Group's tax identification number are 2278.

[2] Capitalized terms that are not otherwise defined herein are intended to have the same meaning attributed to them in the Motion.

a. Except as otherwise agreed by the Debtor, or subsequently ordered by the Court, a party served with a subpoena seeking documents (whether or not it also seeks testimony) is directed, within 21 days of service of such subpoena, to produce all documents responsive to such subpoena or, if the requested documents have already been produced to the UCC, within 7 days of service of such subpoena; .

b. Except as otherwise agreed by the Debtor, or subsequently ordered by the Court, if the subpoena so directs, a party may be required to appear for the oral examination within 21 days of service of a deposition subpoena, which notice is deemed to be reasonable;

c. If a Discovery Recipient objects to producing documents or appearing for examination, they must file and serve within seven days of service of a subpoena, a motion seeking a protective order, which the Court shall hear on shortened notice, no later than five days from the filing of such motion (subject to the Court's availability); and

d. Nothing herein limits the substantive rights of any party under applicable law to object to any subpoena the Debtor may serve.

4. This Court shall retain jurisdiction to resolve any disputes arising or related to this Order including any discovery disputes that may arise between or among the parties and to interpret, implement, and enforce the provisions of this Order.

Dated: November \_\_\_\_, 2023

_____
The Honorable Martin Glenn
United States Bankruptcy Judge