**Hearing Date: June 5, 2024 at 10:00 a.m. ET**
**Objection Deadline: May 29, 2024 at 4:00 p.m. ET**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re | Chapter 11 |
| SVB FINANCIAL GROUP,[1] | Case No. 23-10367 (MG) |
| Debtor. |  |

**NOTICE OF PROPOSED ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS OR UNEXPIRED LEASES AND CURE AMOUNT**

You are receiving this Notice of Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amount (this "Notice of Assumption and Assignment") because you may be a counterparty to an executory contract or unexpired lease with SVB Financial Group, as debtor and debtor-in-possession (the "Debtor"). Please read this notice carefully as your rights may be affected.

**PLEASE TAKE NOTICE** that on March 17, 2023, SVB Financial Group (the "Debtor") filed a voluntary petition for relief under title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court").

**PLEASE TAKE FURTHER NOTICE** that the Debtor has executed an Interest Purchase Agreement, dated as of May 2, 2024, by and between the Debtor and Pinegrove Sierra HoldCo LLC (the "Designated Buyer") for the purchase of the SVB Capital Business (the "Designated Buyer Agreement"), including the assumption and assignment by the Debtor of certain executory contracts and unexpired leases. The Designated Buyer Agreement is subject to higher or otherwise better offers pursuant to the terms and provisions thereof.

**PLEASE TAKE FURTHER NOTICE** that on May 2, 2024, the Debtor filed the *Debtor's Motion for Entry of Orders (I)(A) Approving Buyer Protections, (B) Scheduling a Sale Hearing, (C) Approving Form and Manner of Notices for Sale of the SVB Capital Business, (D) Approving Assumption and Assignment Procedures, and (E) Granting Related Relief, and (II)(A) Approving the SVB Capital Purchase Agreement, (B) Approving the Sale of the SVB Capital Business Free and Clear of Liens, Claims, Interests and Encumbrances, (C) Authorizing Assumption and Assignment of Executory Contracts and (D) Granting Related Relief* (the "Motion")[2] with the Court seeking entry of orders, among other things, (i) authorizing and approving procedures for the assumption and assignment of executory contracts and unexpired

---

[1]    The last four digits of SVB Financial Group's tax identification number are 2278.

[2]    All capitalized terms used but otherwise not defined herein shall have the meanings set forth in the Motion.

leases in connection with the proposed Sale of the SVB Capital Business (the "<u>Assumption and Assignment Procedures</u>") and (ii) authorizing and approving the assumption and assignment of certain executory contracts and unexpired leases.

**PLEASE TAKE FURTHER NOTICE** that, upon the closing of the Sale of the SVB Capital Business, the Debtor may assume and assign to the Ultimate Buyer certain executory contracts and unexpired leases (the "<u>Assumed Contracts</u>"). A list (the "<u>Executory Contract List</u>") (i) identifying each Assumed Contract applicable to each counterparty (a "<u>Counterparty</u>") and (ii) setting forth the proposed amount (the "<u>Cure Amount</u>") necessary to cure any default under the relevant Assumed Contract pursuant to section 365 of the Bankruptcy Code is attached hereto.

**YOU ARE RECEIVING THIS NOTICE BECAUSE YOU HAVE BEEN IDENTIFIED AS A COUNTERPARTY TO A POTENTIAL ASSUMED CONTRACT.**

**IF YOU AGREE WITH THE ASSUMPTION AND ASSIGNMENT OF YOUR CONTRACT(S) AND THE PROPOSED CURE AMOUNT(S) LISTED IN THE EXECUTORY CONTRACT LIST WITH RESPECT TO YOUR POTENTIAL ASSUMED CONTRACT(S), YOU ARE NOT REQUIRED TO TAKE ANY FURTHER ACTION.**

**IF YOU DISAGREE WITH THE ASSUMPTION AND ASSIGNMENT OF YOUR CONTRACT(S) OR THE PROPOSED CURE AMOUNT(S) LISTED IN THE EXECUTORY CONTRACT LIST WITH RESPECT TO YOUR POTENTIAL ASSUMED CONTRACT(S), YOU MAY OBJECT TO THE ASSUMPTION AND ASSIGNMENT OR THE PROPOSED CURE AMOUNT.**

**PLEASE TAKE FURTHER NOTICE THAT SERVICE OF THIS NOTICE OF ASSUMPTION AND ASSIGNMENT DOES NOT CONSTITUTE AN ADMISSION THAT ANY CONTRACT OR LEASE ON THE EXECUTORY CONTRACT LIST IS AN EXECUTORY CONTRACT OR UNEXPIRED LEASE, OR THAT ANY SUCH CONTRACT OR LEASE WILL BE ASSUMED AND ASSIGNED BY THE DEBTOR.**

**PLEASE TAKE FURTHER NOTICE** that if, following service of this Notice of Assumption and Assignment, the Debtor identifies additional executory contracts and unexpired leases for assumption and assignment in connection with the Sale ("<u>Additional Assumed Contracts</u>," and, together with the Assumed Contracts, the "<u>Assumed Debtor Contracts</u>") or any previously proposed Cure Amounts are modified, the Debtor may file with this Court and serve by first-class mail (and/or by email, as applicable) a notice (a "<u>Further Assignment Notice</u>," and, together with the Initial Assignment Notices, the "<u>Contract Notices</u>") on each impacted Counterparty. Further Assignment Notices shall contain the same information as the Initial Assignment Notice. Further Assignment Notices may be filed and served at any time up to the closing of the Sale.

**PLEASE TAKE FURTHER NOTICE** that a hearing to consider approval of the Sale (the "<u>Sale Hearing</u>") has been requested to be held before the Honorable Martin Glenn, Chief United States Bankruptcy Judge, in the United States Bankruptcy Court for the Southern

District of New York, located at One Bowling Green, New York, New York 10004. The Sale Hearing may be adjourned or modified by the Debtor by an announcement of the adjourned date or modification at a hearing before the Court and/or by filing a notice on the Court's docket. At the Sale Hearing, the Debtor will seek approval of the sale of the SVB Capital Business to the Ultimate Buyer.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Assumption and Assignment Procedures, a Counterparty may file an objection to (i) the proposed Cure Amount, (ii) the proposed assumption and assignment of the Assumed Debtor Contracts, (iii) the adequate assurance of future performance provided by the Designated Buyer or (iv) whether applicable law excuses a Counterparty from accepting performance by, or rendering performance to, the Designated Buyer (each, a "Cure Objection"). In the event the Debtor enters into a Superior Transaction, a Counterparty may file an objection with respect to adequate assurance of future performance provided by the Ultimate Buyer and whether applicable law excuses a Counterparty from accepting performance by, or rendering performance to, the Ultimate Buyer (each, an "Assignee Objection," either a Cure Objection or an Assignee Objection, a "Contract Objection").

**PLEASE TAKE FURTHER NOTICE** that any Contract Objection must (i) be in writing; (ii) state with specificity the nature of such objection and, in the case of a Cure Objection, if disputed, the alleged Cure Amount and any and all defaults that must be cured or satisfied in order for such Assumed Debtor Contract to be assumed and assigned (with appropriate documentation in support thereof); (iii) comply with the terms of these Assumption and Assignment Procedures, the Bankruptcy Rules and the Local Rules; and (iv) be filed with this Court and properly served on the (A) counsel to William K. Harrington, the United States Trustee for Region 2, U.S. Department of Justice, Office of the U.S. Trustee, (B) counsel to the Debtor, (C) counsel to the Official Committee of Unsecured Creditors appointed in this Chapter 11 Case, (D) counsel for the Designated Buyer, (E) counsel for the Ultimate Buyer (if different than the Designated Buyer), (F) counsel to the Ad Hoc Group of Senior Noteholders (as defined in the *Verified Statement of Davis Polk & Wardwell LLP Pursuant to Federal Rule of Bankruptcy Procedure 2019* [D.I. 149]), (G) counsel to the Ad Hoc Cross-Holder Group (as defined in the *Verified Statement of White & Case LLP Pursuant to Bankruptcy Rule 2019* [D.I. 142]) and (H) all parties requesting notice in this Chapter 11 Case pursuant to Bankruptcy Rule 2002.

**PLEASE TAKE FURTHER NOTICE** that a Contract Objection must be filed and duly served in accordance with the following deadlines (each, a "Contract Objection Deadline"): (i) a Counterparty to an Assumed Contract included in an Initial Assignment Notice will have until the Sale Objection Deadline to file and duly serve a Cure Objection; (ii) a Counterparty to an Additional Debtor Contract included in a Further Assignment Notice will have until the later of the Sale Objection Deadline and 10 days after such Further Assignment Notice to file and duly serve a Cure Objection; and (iii) in the event the Debtor enters into a Superior Transaction, any Counterparty to an Assumed Debtor Contract may file and duly serve an Assignee Objection until the later of (A) 7 days after the date of the notice filed by the Debtor announcing the identity of the Ultimate Buyer and (B) with respect to an Additional Assumed

Contract, 10 days after the date of the Further Assignment Notice which includes such Additional Assumed Contract.

**PLEASE TAKE FURTHER NOTICE** that if no objections are received by the latest applicable Contract Objection Deadline with respect to an Assumed Debtor Contract, then (i) the applicable Counterparty shall be deemed to have consented to the assumption and assignment of such Assumed Debtor Contract and the proposed Cure Amount shall be binding on the applicable Counterparty for all purposes and will constitute a final determination of the total Cure Amount required to be paid in connection with the assumption and assignment of such contract, and (ii) the contract will be assumed and assigned to the Ultimate Buyer as of the closing date of the Sale, as approved by the Sale Order.

**PLEASE TAKE FURTHER NOTICE** that a hearing with respect to Contract Objections timely and duly filed before the Sale Objection Deadline shall be held at the Sale Hearing (the "Initial Contract Hearing"). Hearings with respect to Contract Objections to Assumed Debtor Contracts for which the applicable Contract Objection Deadlines are later than the Sale Objection Deadline may be held on such dates as this Court may designate (each, an "Additional Contract Hearing," and, together with the Initial Contract Hearing, each, a "Contract Hearing"). Upon resolution of a Contract Objection, provided that neither the Debtor nor the Ultimate Buyer have determined to exclude the relevant contract from the Sale, and upon payment of the applicable cure amount, if any, the contract will be deemed assumed and assigned to the Ultimate Buyer as of the closing date of the Sale. If this Court determines at a Contract Hearing that a particular Assumed Debtor Contract cannot be assumed and assigned for any reason, then such Assumed Debtor Contract shall no longer be considered an Assumed Debtor Contract.

**PLEASE TAKE FURTHER NOTICE that any Counterparty to an Assumed Debtor Contract who fails to timely file and properly serve a Contract Objection in accordance with the Assumption and Assignment Procedures (i) will be deemed to have forever waived and released any Contract Objection and consented to the assumption and assignment of such Assumed Debtor Contract on the terms set forth in the applicable Notice of Assumption and Assignment, subject to the occurrence of the closing of the Sale, and (ii) will be barred and estopped forever from asserting or claiming against the Debtor or the Ultimate Buyer that any additional amounts are due or defaults exist, or conditions to assignment must be satisfied, under such Assumed Debtor Contract; provided, however, that a Counterparty to an Assumed Debtor Contract shall not be barred from seeking additional amounts on account of any defaults occurring between the service of the latest served Contract Notice and the assumption of the Assumed Debtor Contract.**

**PLEASE TAKE FURTHER NOTICE** that this Notice is subject to the fuller terms and conditions of the Motion and the Buyer Protections Order, with such Buyer Protections Order controlling in the event of any conflict, and the Debtor encourages parties in interest to review such documents in their entirety. Copies of the Motion and Buyer Protections Order, as well as all related exhibits, including all other documents filed with the Court, are available (i) free of charge from the website of the Debtor's claims and noticing agent, Kroll Restructuring Administration ("Kroll"), at https://restructuring.ra.kroll.com/SVBFG and (ii) for a fee on the Court's electronic docket for this Chapter 11 Case at www.nysb.uscourts.gov (a

PACER login and password are required and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov).  In addition, copies of the Motion and the Buyer Protections Order may be requested from Kroll by email at svbfginfo@ra.kroll.com.

| | |
|---|---|
| Dated: May 2, 2024<br>New York, New York | */s/ James L. Bromley*<br>James L. Bromley<br>Andrew G. Dietderich<br>Christian P. Jensen<br>SULLIVAN & CROMWELL LLP<br>125 Broad Street<br>New York, NY 10004<br>Telephone: (212) 558-4000<br>Facsimile: (212) 558-3588<br>E-mail: bromleyj@sullcrom.com<br>        dietdericha@sullcrom.com<br>        jensenc@sullcrom.com<br><br>*Counsel to the Debtor* |

| Executory Contracts | | | |
|---|---|---|---|
| No. | Non-Debtor Counterparty | Description of Agreement | Cure Amount |
| 1. | 4th & King, LLC | Services Agreement, dated as of October 31, 2016, by and between SVB Financial Group and 4th & King, LLC, as supplemented by the Credit Fund Visual Upgrade Statement of Work, dated as of July 22, 2021 (as further amended, modified or supplemented from time to time, and including all related schedules, order forms and statements of work) | $0 |
| 2. | Aaron G. Gershenberg; Gershenberg Massa Family Trust | Termination Agreement, dated as of March 21, 2024, by and between SVB Financial Group and Aaron G. Gershenberg | $0 |
| 3. | Aaron G. Gershenberg; Gershenberg Massa Family Trust | Mutual Release and Waiver of Claims Agreement, dated as of March 21, 2024, by and among SVB Financial Group, Aaron G. Gershenberg and Gershenberg Massa Family Trust | $0 |
| 4. | Allvue Systems, LLC | Master Subscription and Services Agreement, dated as of January 1, 2020, by and between SVB Financial Group and Allvue Systems, LLC (as amended, modified or supplemented from time to time, and including all related schedules, order forms and statements of work) | $1,376,000 |
| 5. | Carta Investor Services, Inc. | Amended & Restated Engagement Letter, dated as of April 28, 2023, as supplemented by Addenda 1 and 2 and as amended by Amendment No. 1, dated as of October 24, 2023, by and between SVB Financial Group and Carta Investor Services, Inc. (as further amended, modified or supplemented from time to time, and including all related schedules, order forms and statements of work) | $0 |

| **Executory Contracts** | | | |
|---|---|---|---|
| **No.** | **Non-Debtor Counterparty** | **Description of Agreement** | **Cure Amount** |
| 6. | eShares, Inc. | Master Subscription Agreement, dated as of February 4, 2021, by and between eShares, Inc. (d/b/a Carta, Inc.) and SVB Financial Group (as amended, modified or supplemented from time to time, and including all related schedules, order forms and statements of work) | $0 |
| 7. | George Kaiser Family Foundation | Letter Agreement, dated as of November 24, 2020, by and between SVB Financial Group and George Kaiser Family Foundation | $0 |
| 8. | George Kaiser Family Foundation | Letter Agreement, dated as of December 23, 2020, by and among, SVB Innovation Credit Fund VIII, L.P., SVB Innovation Credit Partners VIII, LLC, SVB Financial Group and George Kaiser Family Foundation | $0 |
| 9. | Knollwood Investment Fund LLC | Letter Agreement, dated as of November 24, 2020, by and between SVB Financial Group and Knollwood Investment Fund LLC | $0 |
| 10. | Knollwood Investment Fund LLC | Letter Agreement, dated as of December 23, 2020, by and among SVB Innovation Credit Fund VIII, L.P., SVB Innovation Credit Partners VIII, LLC, SVB Financial Group and Knollwood Investment Fund LLC | $0 |
| 11. | Koch Financial Assets III, LLC | Framework Agreement, dated as of July 29, 2022, by and between SVB Financial Group and Koch Financial Assets III, LLC | $0 |
| 12. | Koch Financial Assets III, LLC | Letter Agreement, dated as of December 18, 2020, by and among SVB Innovation Credit Fund VIII, L.P., SVB Innovation Credit Partners VIII, LLC, SVB Financial Group and Koch Financial Assets III, LLC | $0 |

| | Executory Contracts | | |
|---|---|---|---|
| No. | Non-Debtor Counterparty | Description of Agreement | Cure Amount |
| 13. | Mitsubishi UFJ Alternative Investments Co., Ltd. | Private Placement Agreement, dated as of February 8, 2023, by and between SVB Financial Group and Mitsubishi UFJ Alternative Investments Co., Ltd. | $0 |
| 14. | Strata Fund Solutions LLC | Amended and Restated Services Agreement, dated as of March 3, 2021, by and between SVB Financial Group and Strata Fund Solutions LLC (as amended, modified or supplemented from time to time, and including all related schedules, order forms and statements of work) | $470,000 |
| 15. | Sulu Mamdani | Membership Interest Vesting Agreement, dated August 11, 2023, by and between Sulu Mamdani, SVB Strategic Investors X, LLC, SVB Capital Partners V, LLC, SVB Strategic Investors XI, LLC, SVB Capital Partners VI, LLC, SVB CP Climate Impact GP, LLC, Sprout Endurance Partners II, LLC, SVB SIF-Ascension GP I, LLC, SVB Capital Management, LLC, and SVB Financial Group. | $0 |
| 16. | SWC WR, LP | Letter Agreement, dated as of November 24, 2020, by and between SVB Financial Group and SWC WR, LP | $0 |
| 17. | SWC WR, LP | Letter Agreement, dated as of December 23, 2020, by and among SVB Innovation Credit Fund VIII, L.P., SVB Innovation Credit Partners VIII, LLC, SVB Financial Group and SWC WR, LP | $0 |