Hearing Date:  September 5, 2024 at 10:00 a.m. ET
Response Deadline:  August 29, 2024 at 4:00 p.m. ET

James L. Bromley
Andrew G. Dietderich
Christian P. Jensen
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004-2498
Telephone: (212) 558-4000
Facsimile: (212) 558-3588

*Counsel to the Debtor*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ─────────────────────── x | |
| In re | Chapter 11 |
| SVB FINANCIAL GROUP,[1] | Case No. 23-10367 (MG) |
| Debtor. | |
| ─────────────────────── x | |

### NOTICE OF DEBTOR'S SEVENTH OMNIBUS OBJECTION TO CERTAIN PROOFS OF CLAIMS WITH BRIEF IN SUPPORT AND NOTICE OF OPPORTUNITY FOR HEARING

**PLEASE TAKE NOTICE** that on the date hereof, SVB Financial Group, as debtor and debtor-in-possession (the "Debtor"), filed the *Debtor's Seventh Omnibus Objection to Certain Proofs of Claims with Brief in Support and Notice of Opportunity for Hearing* (the "Objection"). The undersigned counsel will present the Objection to the Honorable Martin Glenn, Chief Judge of the United States Bankruptcy Court for the Southern District of New York (the "Court") at a hearing to be held on **September 5, 2024 at 10:00 a.m. (prevailing Eastern Time)** (the "Hearing").

---

[1]    The last four digits of SVB Financial Group's tax identification number are 2278.

**PLEASE TAKE FURTHER NOTICE** that any responses (the "Responses") to the Objection shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules for the United States Bankruptcy Court for the Southern District of New York and shall be filed in writing with the Court Clerk in accordance with the customary practices of the Court and General Order M-399.  Responses must be filed and received no later than **August 29, 2024 at 4:00 p.m. (prevailing Eastern Time)** (the "Response Deadline") and must be served on the following parties: (a) counsel to the Debtor, Sullivan & Cromwell LLP, 125 Broad Street, New York, NY 10004, Attn: Christian P. Jensen (jensenc@sullcrom.com); (b) counsel to the Official Committee of Unsecured Creditors, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, NY 10036, Attn: Ira S. Dizengoff (idizengoff@akingump.com) and Brad M. Kahn (bkahn@akingump.com) and 2001 K Street NW, Washington, DC 20006, Attn: James R. Savin (jsavin@akingump.com); and (c) counsel to William K. Harrington, the United States Trustee for Region 2, U.S. Department of Justice, Office of the U.S. Trustee, Alexander Hamilton U.S. Custom House, One Bowling Green, Room 534, New York, New York 10004, Attn: Andrea B. Schwartz, Esq. (andrea.b.schwartz@usdoj.gov), Annie Wells, Esq. (annie.wells@usdoj.gov) and Rachael E. Siegel, Esq. (rachael.e.siegel@usdoj.gov).

**PLEASE TAKE FURTHER NOTICE** that Responses must contain, at a minimum, the following information:  a caption stating the name of the Court, the name of the Debtor, the case number, the title of the Objection to which the response is directed and, if applicable, the proof of claim number(s) related thereto from the official claims register (the "Claims Register") maintained by Kroll Restructuring Administration LLC (or any subsequently appointed claims agent); a concise statement setting forth the reasons why the Court should not grant the Objection with respect to such Claim, including the factual and legal bases upon which

the claimant will rely in opposing the Objection; a copy of any documentation or other evidence

of the Claim, to the extent not already included with the Claim, upon which the claimant will

rely in opposing the Objection; *provided*, *however*, that the claimant need not disclose

confidential, proprietary or otherwise protected information in the response; *provided*, *further*,

*however*, that the claimant shall disclose to the Debtor all information and provide copies of all

documents that the claimant believes to be confidential, proprietary or otherwise protected and

upon which the claimant intends to rely in support of its Claim, subject to appropriate

confidentiality constraints; and contact information for the responding party, including:  the

name, address, telephone number and email address of the responding claimant or the name,

address, telephone number and email address of the claimant's attorney or designated

representative to whom the attorneys for the Debtor should serve a reply to the response, if any;

or the name, address, telephone number and email address of the party with authority to

reconcile, settle or otherwise resolve the Objection on the claimant's behalf.

   **PLEASE TAKE FURTHER NOTICE** that only those Responses that are timely

filed, served and received will be considered at the Hearing.  Failure to file a timely Response

may result in the entry of an order granting the relief requested in the Objection without further

notice or a hearing before the Court.  Failure to attend the Hearing in person or by counsel may

result in relief being granted or denied upon default.  In the event that no Response to the

Objection is timely filed and served, the relief requested in the Objection may be granted without

notice or a hearing before the Court.

   **PLEASE TAKE FURTHER NOTICE** that copies of the Objection may be

obtained from the Court's website, https://ecf.nysb.uscourts.gov, for a nominal fee, or obtained

free of charge by accessing the website of the Debtor's claims and noticing agent,

https://restructuring.ra.kroll.com/svbfg/.

Dated: August 6, 2024                          /s/ James L. Bromley
      New York, New York              James L. Bromley
                                Andrew G. Dietderich
                                Christian P. Jensen
                                SULLIVAN & CROMWELL LLP
                                125 Broad Street
                                New York, NY 10004
                                Telephone:    (212) 558-4000
                                Facsimile:     (212) 558-3588
                                E-mail:          bromleyj@sullcrom.com
                                                    dietdericha@sullcrom.com
                                                  jensenc@sullcrom.com

                                *Counsel to the Debtor*

James L. Bromley
Andrew G. Dietderich
Christian P. Jensen
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004-2498
Telephone: (212) 558-4000
Facsimile: (212) 558-3588

*Counsel to the Debtor*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

———————————————————— x
                                              :
In re                                         :        Chapter 11
                                              :
                                              :        Case No. 23-10367 (MG)
SVB FINANCIAL GROUP,[1]                        :
                                              :
            Debtor.                           :
                                              :
———————————————————— x

**DEBTOR'S SEVENTH OMNIBUS OBJECTION TO CERTAIN PROOFS OF CLAIMS**
**WITH BRIEF IN SUPPORT AND NOTICE OF OPPORTUNITY FOR HEARING**

> **CLAIMANTS RECEIVING NOTICE OF THIS OMNIBUS OBJECTION**
> **SHOULD LOCATE THEIR NAMES AND CORRESPONDING CLAIMS ON**
> **EXHIBIT 1, EXHIBIT 2, EXHIBIT 3, EXHIBIT 4, EXHIBIT 5, EXHIBIT 6,**
> **EXHIBIT 7 AND EXHIBIT 8 TO THE PROPOSED ORDER**
> **ATTACHED TO THE OBJECTION.**

SVB Financial Group (the "Debtor") hereby files this seventh omnibus claims

objection (the "Objection") for entry of an order, substantially in the form attached hereto as

**Exhibit A** (the "Proposed Order"), pursuant to section 502 of title 11 of the United States Code,

11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), rule 3007 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules"), disallowing and expunging from the claims register each of

———————————————

[1]      The last four digits of SVB Financial Group's tax identification number are 2278.

the claims identified on **Exhibit 1**, **Exhibit 2**, **Exhibit 3**, **Exhibit 4**, **Exhibit 5**, **Exhibit 6**,

**Exhibit 7** and **Exhibit 8** to the Proposed Order (collectively, the "Claims") in its entirety.

In support of this Objection, the Debtor submits the *Declaration of Holden Bixler In Support of Debtor's Seventh Omnibus Objection to Certain Proofs of Claim With Brief in Support and Notice of Opportunity for Hearing* (the "Bixler Declaration"), attached hereto as **Exhibit B**, and respectfully states as follows:

## Background

1.       On March 17, 2023 (the "Petition Date"), the Debtor filed with the Court a voluntary petition for relief under the Bankruptcy Code (this "Chapter 11 Case").  The Debtor continues to operate its businesses and manage its properties as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On March 28, 2023, the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102 of the Bankruptcy Code [D.I. 72].

2.       Additional factual background relating to the Debtor's business and the commencement of this Chapter 11 Case is set forth in the *Declaration of William C. Kosturos in Support of the Debtor's Chapter 11 Petition and First Day Pleadings* [D.I. 21] and *Supplemental Declaration of William C. Kosturos in Support of the Debtor's Chapter 11 Petition and First Day Pleadings* [D.I. 43].

## Facts Specific to the Relief Requested

3.       On June 29, 2023, the Court entered an order [D.I. 373] (the "Bar Date Order") establishing certain dates and deadlines for filing proofs of claims in this Chapter 11 Case.  Specifically, the Court established, among other things, (a) August 11, 2023 at 4:00 p.m. (Eastern Time) as the bar date (the "General Bar Date") for certain entities other than

-2-

governmental units to file proofs of claim against the Debtor that arose prior to the Petition Date,
including, subject to the exceptions set forth in the Bar Date Order, secured claims, unsecured
priority claims, unsecured nonpriority claims and claims pursuant to section 503(b)(9) of the
Bankruptcy Code and (b) September 14, 2023 at 4:00 p.m. (Eastern Time) as the bar date (the
"Governmental Bar Date") for governmental units to file proofs of claim against the Debtor.  The
bar date for any person or entity that holds a claim that arises from the rejection of an executory
contract or unexpired lease is (i) the later of (A) the General Bar Date and (B) the date that is 30
days after the effective date of rejection for such executory contract or unexpired lease or (ii) any
date this Court may fix in the applicable order authorizing the rejection of an executory contract
or unexpired lease.

4.      On November 13, 2023, the Debtor filed a motion [D.I. 672] (the
"Omnibus Claims Objections Procedures Motion") seeking entry of an order granting the Debtor
leave to file omnibus objections to claims in accordance with certain omnibus claims objection
procedures.  On November 30, 2023, the Court entered an order approving the Omnibus Claims
Objections Procedures Motion [D.I. 713] (the "Omnibus Claims Objections Procedures Order")
allowing the Debtor to combine and file up to 200 objections to claims in a single omnibus
objection and grouping together the claims with multiple objections if the multiple objections are
the same with respect to all claims.

5.      As of the date hereof, the Debtor has received more than 1,460 claims
asserting in excess of $8.47 billion.  These claims include, among other things, general
unsecured trade claims, employee claims and litigation claims.  A number of these claims have
been or may be satisfied in the ordinary course of business or pursuant to a prior order of the
Court.

6.      On December 15, 2023, the Debtor filed its first omnibus objection to certain claims [D.I. 768] (the "First Omnibus Claim Objection") seeking entry of an order expunging certain claims from the claims register.  The Debtor objected to 86 claims totaling over $1.5 billion in the First Omnibus Claim Objection.  On January 17, 2024, the Court entered an order sustaining the First Omnibus Claim Objection [D.I. 817].

7.      On January 16, 2024, the Debtor filed its second omnibus objection to certain claims [D.I. 812] (the "Second Omnibus Claim Objection") seeking entry of an order expunging certain additional claims from the claims register.  The Debtor objected to 30 claims totaling over $18 million in the Second Omnibus Claim Objection.  On March 6, 2024, the Court entered an order sustaining the Second Omnibus Claim Objection [D.I. 897].

8.      On March 8, 2024, the Debtor filed its third omnibus objection to certain claims [D.I. 908] (the "Third Omnibus Claim Objection") seeking entry of an order expunging certain additional claims from the claims register.  The Debtor objected to 197 claims totaling over $89 million in the Third Omnibus Claim Objection.  On April 9, 2024, the Court entered an order overruling without prejudice the objections to four claims included in the Third Omnibus Claim Objection [D.I. 1025], on April 10, 2024, the Court entered an order sustaining the remainder of the Third Omnibus Claim Objection [D.I. 1029] and on July 17, 2024 the Court entered an order sustaining the Third Omnibus Claim Objection with respect to one of the claims it had previously overruled without prejudice [D.I. 1298].

9.      On April 8, 2024, the Debtor filed its fourth omnibus objection to certain claims [D.I. 1021] (the "Fourth Omnibus Claim Objection") seeking entry of an order expunging certain additional claims from the claims register.  The Debtor objected to 58 claims totaling

-4-

over $21 million in the Fourth Omnibus Claim Objection. On May 10, 2024, the Court entered an order sustaining the Fourth Omnibus Claim Objection [D.I. 1119].

10.    On May 6, 2024, the Debtor filed its fifth omnibus objection to certain claims [D.I. 1099] (the "Fifth Omnibus Claim Objection") seeking entry of an order expunging certain additional claims from the claims register. The Debtor objected to 10 claims totaling over $1.75 million in the Fifth Omnibus Claim Objection. On July 2, 2024, the Court entered an order sustaining the Fifth Omnibus Claim Objection [D.I. 1250].

11.    On May 31, 2024, the Debtor filed its sixth omnibus objection to certain claims [D.I. 1182] (the "Sixth Omnibus Claim Objection") seeking entry of an order expunging certain additional claims from the claims register. The Debtor objected to 15 claims totaling over $31 million in the Sixth Omnibus Claim Objection. On July 2, 2024, the Court entered an order sustaining the Sixth Omnibus Claim Objection [D.I. 1251].

### Jurisdiction

12.    The Court has jurisdiction to consider this Objection pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). The statutory predicates for the relief requested herein are section 502 of the Bankruptcy Code and Bankruptcy Rule 3007.

### Relief Requested

13.    By this Objection, the Debtor seeks entry of the Proposed Order disallowing and expunging in its entirety from the claims register or reclassifying each of the Claims in the manner specified in the Proposed Order.

### Basis for Relief

14.    Section 502 of the Bankruptcy Code provides that "[a] claim or interest, proof of which is filed under section 501 of [the Bankruptcy Code], is deemed allowed, unless a

party in interest . . . objects." 11 U.S.C. § 502.  Bankruptcy Rule 3007(c) and 3007(d) provide

that, under certain circumstances, or with Court approval, more than one claim may be joined in

a single objection.  Fed. R. Bankr. P. 3007(c)-(d).  In addition, the Omnibus Claims Objections

Procedures Order provides a list of certain grounds upon which the Debtor is authorized to join

claims in a single omnibus objection.

15.     As set forth in Bankruptcy Rule 3001(f), a proof of claim executed and

filed in accordance with Bankruptcy Rule 3001 shall constitute prima facie evidence of the

validity and amount of claim.  *See In re Vanegas*, 290 B.R. 190, 193 (Bankr. D. Conn. 2003)

(citing Bankruptcy Rule 3001(f) and holding that the evidence submitted by the debtor was

insufficient to overcome the validity and amount of bank's proof of claim); *In re Rockefeller Ctr.*

*Props.*, 272 B.R. 524, 539 n. 13, 553 (Bankr. S.D.N.Y. 2000) (citing Bankruptcy Rule 3001(f) in

analysis of debtors' objection to former tenant's proof of claim and granting partial summary

judgment with respect to the objection where there were no material facts in dispute).

16.     To receive the benefit of *prima facie* validity, however, "the proof of

claim must set forth the facts necessary to support the claim."  *In re Marino*, 90 B.R. 25, 28

(Bankr. D. Conn. 1988) (holding that claimant's proof of claim was not entitled to the

presumption of *prima facie* validity because it did not set forth the necessary facts); *see also* Fed.

R. Bankr. P. 3001(c)(1) (requiring claimant to provide documentation where claim is based on a

writing).

17.     A party objecting to the proof of claim must only provide evidence

sufficient to negate the *prima facie* validity of the claim by refuting one or more of the facts in

the filed claim.  *See In re Waterman Steamship Corp.*, 200 B.R. 770, 774-75, 777 (Bankr. S.

D.N.Y. 1996) (reopening discovery into asbestos claims due to insufficient information upon

-6-

which to determine validity of claims). Once this occurs, "the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence." *In re WorldCom, Inc.*, No. 02-13533 (AJG), 2005 WL 3832065, at *4, *9 (Bankr. S.D.N.Y. 2005) (citing Bankruptcy Rule 3001(f) and holding that claimant did not meet its burden to prove validity of anticipatory breach and unjust enrichment claims, but that further evidence was needed to assess the merits of lack of good faith claim) (quoting *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992)); *see also In re St. Johnsbury Trucking Co.*, 206 B.R. 318, 323, 328 (Bankr. S.D.N.Y. 1997) (citing Bankruptcy Rule 3001(f) and allowing claim where debtor failed to refute any of the material facts in proof of claim).

18.    The claimant must prove the claim, not sit back while the objector attempts to disprove it. *See In re Bennett*, 83 B.R. 248, 252 (Bankr. S.D.N.Y. 1988) (holding that debtor presented sufficient evidence to rebut the *prima facie* validity of claimant's claim and that claimant failed to prove claim by a preponderance of credible evidence).

19.    Prior to filing this Objection, the Debtor, with assistance from its professionals, reviewed the Claims to determine, among other things, whether such Claims had already been satisfied by the Debtor and/or corresponded to notation of amounts outstanding in the Debtor's books and records. Based on a review of the Debtor's books and records, the Debtor objects to the claims identified on **Exhibit 1** attached to the Proposed Order (such claims, the "Amended Claims"); the claims identified on **Exhibit 2** attached to the Proposed Order (such claims, the "Modified Amount Claims"); the claims identified on **Exhibit 3** attached to the Proposed Order (such claims, the "Substantive Duplicate Claims"); the claims identified on **Exhibit 4** attached to the Proposed Order (such claims, the "Late Filed Claims"); the claims identified on **Exhibit 5** attached to the Proposed Order (such claims, the "No Liability Claims");

-7-

the claims identified on **Exhibit 6** attached to the Proposed Order (such claims, the

"Misclassified Claims"); the claims identified on **Exhibit 7** attached to the Proposed Order (such

claims, the "Insufficient Documentation Claims"); and the claims identified on **Exhibit 8**

attached to the Proposed Order (such claims, the "Satisfied Claims").  Such Claims should be

disallowed and expunged, or modified, as explained in greater detail below.

## EXHIBIT 1: AMENDED CLAIMS

### A.    Amended Claims

20.    The Debtor objects to the Amended Claims listed on **Exhibit 1** to the

Proposed Order as having been amended or modified, and thus superseded, by a subsequently

filed proof of claim.  The claims set forth under the column heading "Surviving Claims" on

**Exhibit 1** are claims that were subsequently filed by or on behalf of the same claimants in

respect of the same liabilities as the Amended Claims, as so indicated on the face of the

Surviving Claims.  The Surviving Claims have thus amended and superseded the Amended

Claims.  By filing the Surviving Claims, the claimants liquidated, reduced, or otherwise modified

the liability originally identified in the Amended Claims.  The Surviving Claims will remain on

the Debtor's claims register as outstanding liabilities, subject to the Debtor's right to object to

such Surviving Claims at a later date on any grounds that bankruptcy or non-bankruptcy law

permits or until the Surviving Claims are withdrawn by the claimants or disallowed by the Court.

*See, e.g.*, 11 U.S.C. § 502(a).

21.    The relief requested in this Objection is necessary to prevent the

allowance of the Amended Claims, which by their nature have been superseded and remain on

the Debtor's claims register only as a technicality.  Accordingly, the Debtor seeks to disallow the

Amended Claims in full and thereby:  (a) prevent the claimants from obtaining a double recovery

on account of any single obligation; and (b) limit the claimants to a single claim for those amounts currently asserted by the claimant in respect of the same liabilities.

## EXHIBIT 2: MODIFIED AMOUNT CLAIMS

### B.    Modified Amount Claims

22.    The Debtor objects to the Modified Amount Claims listed on **Exhibit 2** to the Proposed Order as asserting amounts that are partially satisfied and thus requiring modification to match the amounts reflected in the Debtor's books and records following payments made to the claimants.  One Claim of Debbie Snow listed on **Exhibit 2** had an amount that was overstated due to a docketing error and thus should be modified to the amount indicated in the filed Claim.  The amounts set forth under the column heading "Modified" on **Exhibit 2** are the modified amounts reflecting the remaining claim not yet satisfied through payments to the claimants or the corrected claim amount.  The individual reason justifying the modification of each Modified Amount Claim is included in **Exhibit 2**.

23.    Adjusting the claim amount of the Modified Amount Claims as set forth on **Exhibit 2** will avoid unwarranted recoveries on a single claim to the detriment of other creditors.  Accordingly, the Debtor request that the Court modify the Modified Amount Claim as set forth on **Exhibit 2** to the Proposed Order.  The Debtor reserves the right to object to the proofs of claim, as modified on **Exhibit 2**, on any other grounds whatsoever.

## EXHIBIT 3: SUBSTANTIVE DUPLICATE CLAIMS

### C.    Substantive Duplicate Claims

24.    The Claims identified on **Exhibit 3** to the Proposed Order are substantive duplicates of other claims filed by or on behalf of the same claimant, meaning they are filed in respect of the same liabilities but may list different claimed amounts or have other variations. Although in each case the later filed Claims do not indicate that they are amendments of the

earlier filed claims, the Debtor has determined that the later filed claims contain more supporting

documentations, contain more details or correct apparent typographical errors.  The Debtor

should not be required to pay a claimant twice on the same obligation or debt.  Moreover,

elimination of the Substantive Duplicate Claims will enable the Debtor's claims register to more

accurately reflect the claims asserted against the Debtor.  Accordingly, the Debtor seeks to

disallow in full the claims set forth under the column heading "Claims to be Disallowed" on

**Exhibit 3** to the Proposed Order and thereby:  (a) prevent the claimants from obtaining double

recovery on account of any single obligation; (b) ensure a more efficient administration of the

Debtor's claim register; and (c) limit the claimants to a single claim for those amounts currently

asserted by the claimant in respect of the same liabilities.

25.    Any claim set forth under the column heading "Surviving Claims" on

**Exhibit 3** to the Proposed Order will remain on the Debtor's claims register as outstanding

liabilities, subject to the Debtor's rights to object to the Surviving Claims at a later date on any

grounds that bankruptcy or non-bankruptcy law permits or until such Surviving Claims are

withdrawn by the claimants or disallowed by the Court.  *See, e.g.*, 11 U.S.C. § 502(a).  The

claimants will suffer no prejudice because the Surviving Claims will be unaffected by the relief

sought in this Objection, and the claimants' rights to assert these liabilities against the Debtor's

estate will be preserved, subject to the Debtor's ongoing rights to object to the Surviving Claims

on any other applicable grounds, including other grounds set forth in subsequent omnibus

objections of the Debtor.

4857-7095-1888 v.3

## EXHIBIT 4: LATE FILED CLAIMS

### D.    Late Filed Claims

26.    The Debtor objects to the Late Filed Claims listed on **Exhibit 4** to the

Proposed Order as being claims that were filed after the applicable Bar Date and should therefore

be disallowed and expunged.

27.    The Bar Date Order provides in relevant part:

> Pursuant to Bankruptcy Rule 3003(c)(2), all holders of claims that fail to
> comply with this Order by timely filing a proof of claim in appropriate
> form, if required, *shall be forever barred, estopped and enjoined* from
> asserting the applicable claim (including any such claim asserting
> administrative expense status under section 503(b)(9) of the Bankruptcy
> Code) against the Debtor or property of the estate and shall not be treated
> as a creditor with respect to such claim for purposes of voting on or
> distribution under any plan of reorganization filed in this chapter 11 case.

Bar Date Order ¶ 11 (emphasis added).

28.    Accordingly, pursuant to the terms of the Bar Date Order, each of the

holders of the Late Filed Claims are barred from filing a claim against the Debtor, and the Debtor

is discharged from any and all liabilities to such claimants.  Failure to disallow the Late Filed

Claims would prejudice the holders of claims who complied with the Bar Date Order and timely

filed their claims by potentially reducing the ultimate distribution to the holders of such claims.

Accordingly, the Debtor requests that the Late Filed Claims be disallowed in their entirety.

## EXHIBIT 5: NO LIABILITY CLAIMS

### E.    No Liability Claims

29.    The Debtor objects to the No Liability Claims listed on **Exhibit 5** to the

Proposed Order as being claims for which the Debtor is not liable.  Section 502(b)(1) of the

Bankruptcy Code provides that a claim may not be allowed to the extent that "such claim is

unenforceable against the debtor." 11 U.S.C. § 502(b)(1). Accordingly, the No Liability Claims should be disallowed and expunged from the claims register.

30. There are multiple reasons why the Debtor is not liable for the No Liability Claims listed on **Exhibit 5**. The individual reasons for why the Debtor is not liable for each of the No Liability Claims are set forth on **Exhibit 5** and are summarized below.

(a) There is one claim where the claimant, the State of New Jersey's Taxation Bankruptcy Unit, seeks $00.00. This claim amends Claim No. 100, which relates to the Debtor's New Jersey tax liabilities for the tax year ending December 31, 2022. This claim has been satisfied. The Debtor's New Jersey tax return for the tax year ending December 31, 2022 filed on November 13, 2023 reported a tax liability of $8,000, and such tax liability has been satisfied with an overpayment on account.

(b) There is one claim where the claimant, the New Mexico Taxation & Revenue Department, seeks $00.00. This claim amends Claim No. 13, which relates to the Debtor's New Mexico tax liabilities for the tax year ending December 31, 2022. This claim has been satisfied. The Debtor's New Mexico tax return for the tax year ending December 31, 2022 filed on October 16, 2023 reported a tax liability of $50, and such tax liability has been satisfied with an overpayment on account.

(c) There is one Claim where the claimant, Elizabeth A. Marx, is claiming amounts allegedly owed under a Life Insurance Policy. The Life Insurance policy attached to the Proof of Claim is between Charter Bank, and Elizabeth A. Marx. The Debtor is not liable for this, as the obligation belonged to Charter Bank, which later merged into Silicon Valley Bank, or the insurer under the policy.

(d) There are four Claims by claimants who are claiming amounts allegedly

-12-

owed by the Debtor for unpaid leases. Those claims are not liabilities of the Debtor as they were assumed and assigned to First-Citizens Bank & Trust Company or a designated affiliate thereof ("FCB") pursuant to the *Order Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases* [D.I. 369].

(e)    There are two Claims related to insurance policies. Both Claims are unliquidated and appear to be protective in nature. According to the Debtor's books and records, there is no liability owed to either claimant.

(f)    There are five Claims for payment of alleged amounts under executory contracts. The relevant contracts have been assumed and assigned by the Debtor pursuant to the Court's orders as detailed in **Exhibit 5**.

31.    The relief requested in regard to the No Liability Claims is necessary to prevent the allowance of claims for which the claimants are not entitled to any recovery from the Debtor. Their inclusion in the claims register unjustifiably encumbers the Debtor's asset pool and hinders the equitable treatment of legitimate creditors. Accordingly, the Debtor requests that the No Liability Claims be disallowed and expunged in their entirety from the claims register.

## EXHIBIT 6: MISCLASSIFIED CLAIMS

### F.    Misclassified Claims

32.    The Debtor objects to the Misclassified Claims listed on **Exhibit 6** to the Proposed Order on the basis that these claims either (a) overstate the priority amount of the claims under Section 507(a)(4) of the Bankruptcy Code, (b) are not entitled to priority under Section 507(a) of the Bankruptcy Code or (c) incorrectly allege priority status under Section 503(b)(9) of the Bankruptcy Code and therefore should be reclassified to general unsecured claims accordingly to the amounts specified in **Exhibit 6** under the heading "Reclassified". The claims listed on **Exhibit 6** are for three types of employee obligations:

-13-

deferred compensation (such claims, the "Deferred Compensation Claims"), bonuses and claims
for severance pursuant to severance agreements.

33.    Section 507(a)(4) of the Bankruptcy Code does not apply to claims for
bonuses or deferred compensation.  As such, to the extent any of the Misclassified Claims allege
claims for bonuses or deferred compensation payments, they are not entitled to priority status
pursuant to Section 507(a)(4) of the Bankruptcy Code and should be reclassified to general
unsecured claims unless otherwise entitled to priority status under another basis.  *See* 11 U.S.C.
§ 507(a)(4) (providing that priority extends to "(A) wages, salaries, or commissions, including
vacation, severance, and sick leave pay earned by an individual; or (B) sales
commissions . . . ."); *Albert* v. *New York, N.H. & H.R. Co.*, 348, F.2d 304, 307 (2d. Cir. 1965)
(holding, under Bankruptcy Act provision that preceded § 507(a)(4), that priority status on
claims for wages does not extend to deferred compensation).

34.    Several of the Misclassified Claims list priority amounts under
Section 507(a)(4) of the Bankruptcy Code in excess of the statutory cap of $15,150 per claimant
for "wages, salaries, or commissions, including vacation, severance, and sick leave pay" earned
within 180 days before the earlier of the petition date or the cessation of the debtor's business.
*See* 11 U.S.C. § 507(a)(4) (noting that the applicable cap under § 507(a)(4) is "$15,150"
effective April 1, 2022).  To the extent that any such Misclassified Claims allege claims for
severance payments pursuant to severance agreements and are entitled to priority status under
Section 507(a)(4) of the Bankruptcy Code, any portion above the statutory cap should be
reclassified to general unsecured claims.

35.    Several Misclassified Claims incorrectly allege priority status under
Section 503(b)(9) of the Bankruptcy Code and should be reclassified to a general unsecured

-14-

4857-7095-1888 v.3

claim in the manner provided in **Exhibit 6**, unless otherwise entitled to priority status under other basis. Section 503(b)(9) of the Bankruptcy Code provides for administrative priority to claims for certain goods received by a debtor and does not apply to services received by a debtor. *See* COLLIER ON BANKRUPTCY ¶ 507.06 (16th ed. 2024) ("Section 503(b)(9) only applies to vendors of goods, not to vendors of services."). Since all the claimants listed in **Exhibit 6** who are alleging priority status pursuant to Section 509(b)(9) are seeking payment of their Deferred Compensation Claims and are not asserting claims on the basis of selling goods to the Debtor, Section 503(b)(9) is not applicable.

36.    Section 507(a)(5) of the Bankruptcy Code provides priority status to "allowed unsecured claims for contributions to an employee benefit plan (A) from services rendered within 180 days before the date of the filing of the petition or the date of the cessation of the debtor's business, whichever occurs first; but only (B) for each such plan, to the extent of (i) the number of employees covered by each such plan multiplied by [$15,150]; less (ii) the aggregate amount paid to such employees under [Section 507(a)(4) of the Bankruptcy Code], plus the aggregate amount paid by the estate on behalf of such employees to any other employee benefit plan." *See* 11 U.S.C. § 507(a)(5) (noting that the applicable cap under § 507(a)(5) is "$15,150" effective April 1, 2022). While the Bankruptcy Code does not define an employee benefit plan, legislative history and caselaw demonstrate that Section 507(a)(5) was intended to cover pension plans, health insurance plans and life insurance plans, which do not include the Deferred Compensation Plan. *See* 4 COLLIER ON BANKRUPTCY ¶ 507.07 ("The legislative history refers to pension plans, health insurance plans and life insurance plans as the type of employee benefit plan intended to be included within the scope of the priority."). Therefore, Deferred

-15-

Compensation Claims are not entitled to priority pursuant to Sections 507(a) of the Bankruptcy Code and should be reclassified to general unsecured claims.

37.    Deferred Compensation Claims are treated as general unsecured claims under the terms of the SVBFG Deferred Compensation Plan (the "Deferred Compensation Plan") under which such claims arise.  The Deferred Compensation Plan, attached hereto as **Exhibit C**, contains specific language in a section entitled "Unsecured General Creditor of the Employer" that "Participants and their Beneficiaries, heirs, successors and assigns shall have no legal or equitable rights, interests or claims in any property or assets of the Employer."  *See* Exhibit C, Section 11.2.  Under New York law, when a contract is unambiguous, it "must be enforced according to the plain meaning of its terms."  *See Greenfield* v. *Philles Records, Inc.*, 98 N.Y.2d 562, 569 (2002).  Here, the plain meaning of Section 11.2 of the Deferred Compensation Plan is that the property or assets in question—the value of their deferred compensation—is unsecured, and the Deferred Compensation Claims should be reclassified accordingly.  *See e.g.*, *Liquidating Trustee's Thirteenth Omnibus Objection to Certain Proofs of Claim (Deferred Compensation Claims, Pension Claims, and Duplicate Bond Claims), In re Deans Foods Company*, No. 19-36314 (CML) (S.D.T.X. 2023), D.I 1258 (modifying deferred compensation claims from 507 priority status to general unsecured status where, in deferred compensation agreements, specific provision noted that plan participants would be treated as general unsecured creditors); *see also Order Sustaining Liquidating Trustee's Thirteenth Omnibus Objection to Certain Proofs of Claim (Deferred Compensation Claims, Pension Claims, and Duplicate Bond Claims), In re Deans Foods Company*, No. 19-36314 (CML) (S.D.T.X. 2023), D.I 1284.  Therefore, the Deferred Compensation Claims are not entitled to priority pursuant to Sections 507(a) of the Bankruptcy Code and should be reclassified to general unsecured claims.

4857-7095-1888 v.3

**EXHIBIT 7: INSUFFICIENT DOCUMENTATION CLAIMS**

G.      **Insufficient Documentation Claims**

38.      The Debtor objects to the Insufficient Documentation Claims listed on

**Exhibit 7** to the Proposed Order because they lack the requisite supporting documentation for

the Debtor to be able to verify the existence of any claim against the Debtor.  Many of the

Insufficient Documentation Claims attach no supporting documentation at all.  For the Claims

that attach some documentation, the documentation is insufficient to verify the existence or

amount of the underlying claims as they relate to the Debtor.  As such, the Insufficient

Documentation Claims are not *prima facie* valid.

39.      Pursuant to Bankruptcy Rule 3001(c), a claimant that files a proof of claim

based on a writing must file a copy of the writing with the proof of claim or otherwise explain

that the writing has been lost or destroyed.  To receive the benefit of *prima facie* validity, "the

proof of claim must set forth the facts necessary to support the claim."  *In re Marino*, 90 B.R. 25,

28 (Bankr. D. Conn. 1988) (holding that claimant's proof of claim was not entitled to

presumption of *prima facie* validity because it did not set forth necessary facts).

40.      Accordingly, the Debtor requests that the Insufficient Documentation

Claims be disallowed and expunged in their entirety from the claims register.

**EXHIBIT 8: SATISFIED CLAIMS**

H.      **Satisfied Claims**

41.      The Debtor objects to the Satisfied Claims listed on **Exhibit 8** to the

Proposed Order as having been paid postpetition.  Failure to disallow the Satisfied Claims could

result in each claimant receiving an unwarranted and duplicative recovery against the Debtor's

estate, to the detriment of similarly situated creditors.

42.     Bankruptcy Rule 3007(d) and the Omnibus Claims Objections Procedures Order permit the Debtor to file an omnibus objection to a claim because such claim has been satisfied.  Fed. R. Bankr. P. 3007(d)(5).  The claims listed on **Exhibit 8** as Satisfied Claims are claims related to contracts assigned to and assumed by another entity or trade claims paid by another entity as evidenced by the payment confirmations made available to the Debtor.  The individual reason for the rejection of each of the Satisfied Claims is set forth on **Exhibit 8**.

43.     Satisfied Claims represent claims on behalf of which the claimant has already received payment, and for which the Debtor is no longer liable.  Therefore, the Satisfied Claims should be disallowed and expunged from the Debtor's claims register.  The relief requested in this Objection is necessary to prevent a claimant from obtaining double recovery on account of a single obligation.

## Notice

44.     Notice of this Objection has been provided in accordance with the Omnibus Claims Objections Procedures Order as well as the Court's case management order [D.I. 131] (the "Case Management Order") upon:  (a) counsel to the U.S. Trustee; (b) counsel to the Committee; (c) parties that have filed a request for service of papers under Bankruptcy Rule 2002; (d) claimants whose Claims are subject to this Objection; and (e) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002.  The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be provided.

## Reservation of Rights

45.     This Objection is limited to the grounds stated herein.  Accordingly, it is without prejudice to the rights of the Debtor to object to any claim on any grounds whatsoever. The Debtor expressly reserves all further substantive or procedural objections.  Nothing contained herein is intended or should be construed as:  (a) an admission as to the validity of any

-18-

claim against the Debtor; (b) a waiver of the Debtor's rights to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Objection or any order granting the relief requested by this Objection; (e) an approval or assumption of any agreement, contract or lease under section 365 of the Bankruptcy Code; or (f) a waiver of the Debtor's rights under the Bankruptcy Code or any other applicable law.  Likewise, any payment made pursuant to an order by this Court is not intended and should not be construed as an admission as to the validity of any claim or waiver of the Debtor's rights to dispute such claim subsequently.

## Separate Contested Matter

46.     To the extent that a response is filed regarding any Claim listed in this Objection and the Debtor is unable to resolve any such response, each such Claim, and the objection as it pertains to such Claim, will constitute a separate contested matter as contemplated by Bankruptcy Rule 9014.  Accordingly, the Debtor requests that any order entered by the Court regarding an objection or other reply asserted in response to this Objection be deemed a separate order with respect to each proof of claim.

47.     To the extent the proponent of any Claim proposed to be rejected pursuant to this Objection disagrees with the bases set forth in this Objection, such proponent is encouraged to contact counsel to the Debtor to discuss the Objection prior to filing a formal disagreement on the docket of this Chapter 11 Case.

## Conclusion

WHEREFORE, for the reasons set forth herein, the Debtor respectfully requests that the Court (a) enter the Proposed Order and (b) grant such other and further relief as is just and proper.

4857-7095-1888 v.3

## <u>NOTICE OF OPPORTUNITY FOR HEARING</u>

**YOUR RIGHTS MAY BE AFFECTED. YOU SHOULD READ THIS DOCUMENT CAREFULLY AND CONSULT YOUR ATTORNEY ABOUT YOUR RIGHTS AND THE EFFECT OF THIS DOCUMENT. QUESTIONS REGARDING THIS OBJECTION SHOULD BE DIRECTED TO THE UNDERSIGNED COUNSEL TO THE DEBTOR. IF YOU DO NOT WANT THE COURT TO GRANT THIS REQUESTED RELIEF, OR YOU WISH TO HAVE YOUR VIEWS CONSIDERED, YOU MUST FILE A WRITTEN RESPONSE OR OBJECTION TO THE REQUESTED RELIEF WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK, NO LATER THAN 4:00 P.M. PREVAILING EASTERN TIME ON THE DATE THAT IS SEVEN (7) DAYS BEFORE THE APPLICABLE HEARING DATE. YOU SHOULD ALSO SERVE A FILE-STAMPED COPY OF YOUR RESPONSE OR OBJECTION TO THE UNDERSIGNED MOVANT/ MOVANT'S ATTORNEY AND FILE A CERTIFICATE OF SERVICE WITH THE COURT. THIS DOCUMENT WILL BE HEARD AT THE NEXT SCHEDULED OMNIBUS HEARING THAT IS AT LEAST THIRTY (30) DAYS FROM THE DATE OF THE FILING OF THIS DOCUMENT. IF NO RESPONSE OR OBJECTION IS TIMELY FILED, THE COURT MAY GRANT THE REQUESTED RELIEF WITHOUT A HEARING OR FURTHER NOTICE.**

4857-7095-1888 v.3

Dated: August 6, 2024          /s/ James L. Bromley
New York, New York             James L. Bromley
                               Andrew G. Dietderich
                               Christian P. Jensen
                               SULLIVAN & CROMWELL LLP
                               125 Broad Street
                               New York, NY 10004
                               Telephone:    (212) 558-4000
                               Facsimile:    (212) 558-3588
                               E-mail:       bromleyj@sullcrom.com
                                             dietdericha@sullcrom.com
                                             jensenc@sullcrom.com

                               *Counsel to the Debtor*

**<u>EXHIBIT A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- x

In re                                                            :          Chapter 11
                                                                 :
SVB FINANCIAL GROUP,[1]                                          :          Case No. 23-10367 (MG)
                                                                 :
                    Debtor.                                      :
                                                                 :
---------------------------------------------------------------- x

## <u>ORDER SUSTAINING DEBTOR'S SEVENTH OMNIBUS OBJECTION TO CLAIMS</u>

Upon the seventh omnibus claims objection (the "<u>Objection</u>")[2] of SVB Financial

Group, as debtor and debtor-in-possession (the "<u>Debtor</u>"), for entry of an order (this "<u>Order</u>"),

pursuant to section 502 of the Bankruptcy Code and Bankruptcy Rule 3007, disallowing and

expunging from the claims register the Claims identified on **<u>Exhibit 1</u>**, **<u>Exhibit 3</u>**, **<u>Exhibit 4</u>**,

**<u>Exhibit 5</u>**, **<u>Exhibit 7</u>** and **<u>Exhibit 8</u>** attached hereto; and modifying the Claims identified on

**<u>Exhibit 2</u>** attached hereto; and reclassifying the Claims identified on **<u>Exhibit 6</u>** attached hereto;

and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and

this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and that the response

deadline to the Objection expired on August 29, 2024; and responses (if any) to the Objection

having been withdrawn, resolved or overruled; and this Court finding that proper and adequate

notice of the Objection and the relief requested therein has been provided; and this Court having

found and determined that the relief sought in the Objection is in the best interests of the Debtor,

its estate, its creditors and all other parties-in-interest; and that the legal and factual bases set

---

[1]    The last four digits of SVB Financial Group's tax identification number are 2278.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the
       Objection.

forth in the Objection establish just cause for the relief granted herein; and after due deliberation

and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1.        The Objection is SUSTAINED as set forth herein.

2.        Each Claim identified (a) on **Exhibit 4**, **Exhibit 5**, **Exhibit 7** and

**Exhibit 8** or (b) under the heading "Claims to be Disallowed" on **Exhibit 1** and **Exhibit 3**

attached hereto, is disallowed and expunged from the claims register in its entirety.  For the

avoidance of doubt, each Claim identified under the heading "Surviving Claims" on **Exhibit 1**

and **Exhibit 3** is unaffected by this Order and will remain on the Debtor's claims register, subject

to the Debtor's right to object to such Claim at a later date on any grounds that bankruptcy or

non-bankruptcy law permits or until such Claim is withdrawn by the claimant or disallowed by

the Court.  Each Claim identified on **Exhibit 2** attached hereto has its claim amount modified to

the amount under the heading "Modified."  For the avoidance of doubt, each Claim as modified

to the amount identified on **Exhibit 2** will remain on the Debtor's claims register, subject to the

Debtor's right to object to such modified Claim at a later date on any grounds that bankruptcy or

non-bankruptcy law permits or until such modified Claim is withdrawn by the claimant or

disallowed by the Court.  Each Claim identified on **Exhibit 6** attached hereto has the portions of

the Claim reclassified to the amount and classification under the heading "Reclassified."  For the

avoidance of doubt, each Claim as reclassified to the classification identified on **Exhibit 6** will

remain on the Debtor's claims register, subject to the Debtor's right to object to such reclassified

Claim at a later date on any grounds that bankruptcy or non-bankruptcy law permits or until such

modified Claim is withdrawn by the claimant or disallowed by the Court.

-2-

3.      The clerk of the Court and the claims and noticing agent appointed in the above captioned bankruptcy case are directed to reflect (a) the disallowance of the Claims listed on **Exhibit 4**, **Exhibit 5**, **Exhibit 7** and **Exhibit 8**, (b) under the heading "Claims to be Disallowed" on **Exhibit 1** and **Exhibit 3**, (c) the modification of the Claims listed on **Exhibit 2** and (d) the reclassification of the Claims listed on **Exhibit 6** in their respective records.

4.      To the extent a response is filed regarding any Claim, each such Claim, and the Objection as it pertains to such Claim, will constitute a separate contested matter as contemplated by Bankruptcy Rule 9014.  This Order will be deemed a separate order with respect to each Claim.

5.      The Debtor has provided a notice to the claimants listed on **Exhibit 1**, **Exhibit 2**, **Exhibit 3**, **Exhibit 4**, **Exhibit 5**, **Exhibit 6**, **Exhibit 7** and **Exhibit 8** that complies with the notice and service procedures set forth in the Omnibus Claims Objections Procedures Order [D.I. 713] and the Bankruptcy Rules.

6.      Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed:  (a) an admission as to the validity of any claim against the Debtor; (b) a waiver of the Debtor's rights to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Objection or any order granting the relief requested by this Objection; (e) an approval or assumption of any agreement, contract or lease under section 365 of the Bankruptcy Code; or (f) a waiver of the Debtor's rights under the Bankruptcy Code or any other applicable law.

7.      The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

4857-7095-1888 v.3

8.      The requirements set forth in Bankruptcy Rule 6004(a) are satisfied.

9.      This Order is immediately effective and enforceable, notwithstanding the
possible applicability of Bankruptcy Rule 6004(h) or otherwise.

10.     The requirements set forth in Bankruptcy Rules 6006 and 9014 are
satisfied.

11.     This Court shall retain exclusive jurisdiction with respect to any matters,
claims, rights or disputes arising from or related to the Objection or the implementation of this
Order.

Dated:_____          _____
       New York, New York                The Honorable Martin Glenn
                                          Chief United States Bankruptcy Judge

4857-7095-1888 v.3

## EXHIBIT 1

SVB Financial Group, Case No. 23-10367
Amended Claims
Exhibit 1

| | CLAIMS TO BE DISALLOWED | | | | SURVIVING CLAIMS | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER / DEBTOR | CLAIM # | CLAIM AMOUNT | NAME | DATE FILED | CASE NUMBER / DEBTOR | CLAIM # | CLAIM AMOUNT |
| 1 | DEPARTMENT OF TREASURY - INTERNAL REVENUE SERVICE P.O. BOX 7346 PHILADELPHIA, PA 19101-7346 | 10/16/23 | 23-10367 SVB Financial Group | 1367 | $1,002,042,914.00* | DEPARTMENT OF TREASURY - INTERNAL REVENUE SERVICE PO BOX 7346 PHILADELPHIA, PA 19101-7346 | 06/04/24 | 23-10367 SVB Financial Group | 1419 | $649,049,209.70* |
| 2 | DEPARTMENT OF TREASURY - INTERNAL REVENUE SERVICE PO BOX 7346 PHILADELPHIA, PA 19101-7346 | 06/04/24 | 23-10367 SVB Financial Group | 1419 | $649,049,209.70* | DEPARTMENT OF TREASURY - INTERNAL REVENUE SERVICE P.O. BOX 7346 PHILADELPHIA, PA 19101-7346 | 07/01/24 | 23-10367 SVB Financial Group | 1454 | $43,917,572.70* |
| 3 | FCP-345 SAN ANTONIO OWNER, LLC C/O MARY H. ROSE, BUCHALTER PC 1000 WILSHIRE BLVD., SUITE 1500 LOS ANGELES, CA 90017 | 11/09/23 | 23-10367 SVB Financial Group | 1383 | $612,953.79 | FCP-345 SAN ANTONIO OWNER, LLC C/O BUCHALTER PC ATTN: MARY H. ROSE 1000 WILSHIRE BLVD., SUITE 1500 LOS ANGELES, CA 90017 | 06/10/24 | 23-10367 SVB Financial Group | 1420 | $431,596.15 |
| 4 | JOINT OFFICIAL LIQUIDATORS OF SVB CAYMAN NIALL LEDWIDGE 120 W 45 ST NEW YORK, NY 10036 | 08/11/23 | 23-10367 SVB Financial Group | 1247 | Undetermined* | JOINT OFFICIAL LIQUIDATORS OF SVB (CAYMAN ISLANDS BRANCH) (IN OFFICIAL LIQUIDATION) NIALL LEDWIDGE 120 WEST 45TH ST NEW YORK, NY 10036 | 06/28/24 | 23-10367 SVB Financial Group | 1450 | $476,612,862.00* |

*Indicates claim contains unliquidated and/or undetermined amounts

SVB Financial Group - Case No. 23-10367
Amended Claims
Exhibit 1

| | CLAIMS TO BE DISALLOWED | | | | | SURVIVING CLAIMS | | | |
|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER / DEBTOR | CLAIM # | CLAIM AMOUNT | NAME | DATE FILED | CASE NUMBER / DEBTOR | CLAIM # | CLAIM AMOUNT |
| 5 | OREGON DEPARTMENT OF REVENUE 955 CENTER ST NE SALEM, OR 97301-2555 | 08/25/23 | 23-10367 SVB Financial Group | 1324 | Undetermined* | OREGON DEPARTMENT OF REVENUE 955 CENTER ST NE SALEM, OR 97301-2555 | 06/28/24 | 23-10367 SVB Financial Group | 1451 | Undetermined* |

**<u>EXHIBIT 2</u>**

SVB Financial Group Case No. 23-10367
Modified Amount Claims
Exhibit 2

| | | | | ASSERTED | | | MODIFIED | |
|---|---|---|---|---|---|---|---|---|
| | NAME | CLAIM # | DEBTOR | PRIORITY STATUS | AMOUNT | DEBTOR | PRIORITY STATUS | AMOUNT |
| 1 | 360 TREASURY SYSTEMS AG<br>ATTN: VIKTOR ZAGREDA<br>GRUENEBURGWEG 16-18<br>WESTEND CARREE<br>FRANKFURT AM MAIN,<br>D-60322 | 1008 | SVB Financial Group | Unsecured | $62,792.90 | SVB Financial Group | Unsecured | $60,525.37 |
| | Reason:  Claim has been partially satisfied by payment of invoice #I-B12701710 via: check #C0186204C dated 12/20/2017 totaling $2,267.53. | | | | | | | |
| 2 | CHAVEZ, STEPHEN<br>1702 HASKELL ST<br>AUSTIN, TX 78702 | 311 | SVB Financial Group | Unsecured | $16,431.66 | SVB Financial Group | Unsecured | $175.86 |
| | Reason:  The creditor asserts employee stock plan awards and paid time off. The Debtor is not liable for employee stock plan awards or balances. The claim has been reduced accordingly and the remaining balance of $175.86 reflects the Creditor's assertions for unpaid time off. | | | | | | | |
| 3 | CRAVATH SWAINE & MOORE LLP<br>825 EIGHTH AVENUE<br>NEW YORK, NY 10019 | 98 | SVB Financial Group | Unsecured | $12,084.30 | SVB Financial Group | Unsecured | $3,903.75 |
| | Reason:  Claim has been partially satisfied via: ACH #C0354897C dated 09/26/23 totaling $8,180.55. | | | | | | | |
| 4 | DEBEVOISE & PLIMPTON LLP<br>JASMINE BALL<br>66 HUDSON BOULEVARD<br>NEW YORK, NY 10001 | 1030 | SVB Financial Group | Unsecured | $493,494.04 | SVB Financial Group | Unsecured | $232,404.68 |
| | Reason:  The following bills asserted by the claimant have been satisfied post-petition by a non-Debtor obligor totaling $261,089.34 according to the proof of claim supporting documentation: 2441215, 2441216, 2441221, 2441222, 2441234, 2441214, 2441230, 2441231. | | | | | | | |

1

SVB Financial Group Case No. 23-10367
Modified Amount Claims
Exhibit 2

| | | | | ASSERTED | | MODIFIED | | |
|---|---|---|---|---|---|---|---|---|
| | NAME | CLAIM # | DEBTOR | PRIORITY STATUS | AMOUNT | DEBTOR | PRIORITY STATUS | AMOUNT |
| 5 | LOCKTON DUNNING SERIES OF LOCKTON DEPT 3042PO BOX 123042 DALLAS, TX 75312-3042 | SCHF_00006497 | SVB Financial Group | Unsecured | $3,652.51 | SVB Financial Group | Unsecured | $1,152.51 |
| | Reason:  Claim has been partially satisfied via: ACH #C0345474C dated 05/24/23 totaling $2,500.00. | | | | | | | |
| 6 | SNOW, DEBBIE 22 NORFOLK AVE PEABODY, MA 01960 | 101 | SVB Financial Group | 503(b)(9) | $579.80 | SVB Financial Group | Priority | $579.80 |
| | | | SVB Financial Group | Priority | $579.80 | | | |
| | | | | Subtotal | $1,159.60 | | | |
| | Reason:  The asserted claim amount is overstated due to a docketing error. The claim has been modified to align with the total amount asserted by the Claimant. | | | | | | | |

2

**<u>EXHIBIT 3</u>**

SVB Financial Group Case No. 23-10367
Substantive Duplicate
Exhibit 3

| | CLAIMS TO BE DISALLOWED | | | | SURVIVING CLAIMS | | | |
|---|---|---|---|---|---|---|---|---|
| NAME | DATE FILED | CASE NUMBER / DEBTOR | CLAIM # | CLAIM AMOUNT | NAME | DATE FILED | CASE NUMBER / DEBTOR | CLAIM # | CLAIM AMOUNT |
| 1 ACE AMERICAN INSURANCE COMPANY DUANE MORRIS LLP C/O WENDY M. SIMKULAK 30 S. 17TH STREET PHILADELPHIA, PA 19103 | 08/10/23 | 23-10367 SVB Financial Group | 954 | Undetermined* | FEDERAL INSURANCE COMPANY DUANE MORRIS LLP C/O WENDY M. SIMKULAK 30 S. 17TH STREET PHILADELPHIA, PA 19103 | 08/10/23 | 23-10367 SVB Financial Group | 978 | Undetermined* |

Reason:  The claim to be disallowed asserts the same underlying insurance obligations and liabilities of the surviving claim. The Debtor's books and records reflects Federal Insurance Company as the party to post-petition insurance policies.

| 2 FUHRMAN, JANNA 9904 WINGOOD DR. VENICE, FL 34292 | 07/12/23 | 23-10367 SVB Financial Group | 196 | $6,000.00 | U.S. BANK TRUST COMPANY, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE 1.800% NOTES DUE 2031 SEWARD & KISSEL LLP ATTN: JOHN R. ASHMEAD, ESQ. CATHERINE V. LOTEMPIO, ESQ. ONE BATTERY PARK PLAZA NEW YORK, NY 10004 | 08/10/23 | 23-10367 SVB Financial Group | 1043 | $501,125,000.00* |

Reason:  The claim to be disallowed is substantively duplicative of the Trustee claim filed on behalf of bondholders.

*Indicates claim contains unliquidated and/or undetermined amounts

1

SVB Financial Group Case No. 23-10367
Substantive Duplicate
Exhibit 3

| | CLAIMS TO BE DISALLOWED | | | | | SURVIVING CLAIMS | | | |
|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER / DEBTOR | CLAIM # | CLAIM AMOUNT | NAME | DATE FILED | CASE NUMBER / DEBTOR | CLAIM # | CLAIM AMOUNT |
|---|---|---|---|---|---|---|---|---|---|---|
| 3 | GREAT NORTHERN INSURANCE COMPANY DUANE MORRIS LLP C/O WENDY M. SIMKULAK 30 S. 17TH STREET PHILADELPHIA, PA 19103 | 08/10/23 | 23-10367 SVB Financial Group | 984 | Undetermined* | FEDERAL INSURANCE COMPANY DUANE MORRIS LLP C/O WENDY M. SIMKULAK 30 S. 17TH STREET PHILADELPHIA, PA 19103 | 08/10/23 | 23-10367 SVB Financial Group | 978 | Undetermined* |

Reason:  The claim to be disallowed asserts the same underlying insurance obligations and liabilities of the surviving claim. The Debtor's books and records reflects Federal Insurance Company as the party to post-petition insurance policies.

| 4 | SHIHADY, ANDREA 23806 S.126TH ST CHANDLER, AZ 85249 | 07/17/23 | 23-10367 SVB Financial Group | 232 | $5,812.00 | SHIHADY, ANDREA 23806 S. 126TH ST CHANDLER, AZ 85249 | 05/01/23 | 23-10367 SVB Financial Group | 23 | $5,812.00 |

Reason:  The claim to be disallowed asserts the same underlying liabilities of the surviving claim.

| 5 | VIGILANT INSURANCE COMPANY DUANE MORRIS LLP C/O WENDY M. SIMKULAK 30 S. 17TH STREET PHILADELPHIA, PA 19103 | 08/10/23 | 23-10367 SVB Financial Group | 985 | Undetermined* | FEDERAL INSURANCE COMPANY DUANE MORRIS LLP C/O WENDY M. SIMKULAK 30 S. 17TH STREET PHILADELPHIA, PA 19103 | 08/10/23 | 23-10367 SVB Financial Group | 978 | Undetermined* |

Reason:  The claim to be disallowed asserts the same underlying insurance obligations and liabilities of the surviving claim. The Debtor's books and records reflects Federal Insurance Company as the party to post-petition insurance policies.

**<u>EXHIBIT 4</u>**

SVB Financial Group Case No. 23-10367
Late
Exhibit 4

| | NAME | DATE FILED | CASE # | CASE NUMBER / DEBTOR | CLAIM # | CLAIM AMOUNT |
|---|---|---|---|---|---|---|
| 1 | BACHAND, MICHAEL<br>N3975 PINE MOUNTAIN ROAD<br>IRON MOUNTAIN, MI 49801 | 06/10/2024 | 23-10367 | SVB Financial Group | 1421 | $103,000.00 |
| 2 | BADER, LINDA<br>203 NEWCASTLE COURT<br>REDWOOD CITY, CA 94061 | 08/14/2023 | 23-10367 | SVB Financial Group | 1297 | $41,057.01 |
| 3 | BARVALIA, KARMLESH<br>4 EATON CT<br>PRINCETON JUNCTION, NJ 08550 | 09/13/2023 | 23-10367 | SVB Financial Group | 1356 | $129,231.00 |
| 4 | BLACKBURN, CARL<br>337 PATRIOT LANE<br>FREEDOM, PA 15042 | 06/28/2024 | 23-10367 | SVB Financial Group | 1449 | $10,000.00 |
| 5 | BRICE, BOYCE S.<br>2011 COVERED BRIDGE RD<br>KENTS STORE, VA 23084 | 06/25/2024 | 23-10367 | SVB Financial Group | 1434 | $11,462.13 |
| 6 | CHAO, HAO-MING<br>6F., NO. 37, ALY. 7, LN. 100<br>SEC. 1, DUNHUA S. RD<br>TAIPEI, 105<br>TAIWAN | 07/06/2024 | 23-10367 | SVB Financial Group | 1460 | $7,082.28 |
| 7 | CHEN, YIBO<br>10264 JUDY AVE<br>CUPERTINO, CA 95014 | 06/25/2024 | 23-10367 | SVB Financial Group | 1442 | $1,999.63 |

*Indicates claim contains unliquidated and/or undetermined amounts

SVB Financial Group Case No. 23-10367

Late

Exhibit 4

| | NAME | DATE FILED | CASE # | CASE NUMBER / DEBTOR | CLAIM # | CLAIM AMOUNT |
|---|---|---|---|---|---|---|
| 8 | CITY OF PORTLAND, OREGON<br>PORTLAND OFFICE OF THE CITY ATTORNEY<br>1221 SW FOURTH AVE., RM. 430<br>PORTLAND, OR 97204 | 07/08/2024 | 23-10367 | SVB Financial Group | 1463 | $600.00 |
| 9 | DELVACCHIO, KAREN<br>5113 S LINKS DRIVE<br>NAGS HEAD, NC 27959 | 06/25/2024 | 23-10367 | SVB Financial Group | 1443 | $33,000.00 |
| 10 | FASULLO, RAYMOND J.<br>146 FAIRMOUNT AVE<br>SOUTH PLAINFIELD, NJ 07080 | 07/01/2024 | 23-10367 | SVB Financial Group | 1453 | $4,901.08 |
| 11 | GRAHAM, JUDY<br>P. O. BOX 371065<br>MONTARA, CA 94037 | 06/25/2024 | 23-10367 | SVB Financial Group | 1441 | $4,990.00 |
| 12 | GUSTAFSON, JOHN<br>501 HARMONY PL<br>FULLERTON, CA 92831 | 06/25/2024 | 23-10367 | SVB Financial Group | 1432 | $1.20 |
| 13 | HUSAIN, SHABBIR M<br>7 OSPREY DRIVE<br>OLD BRIDGE, NJ 08857<br>UNITED STATES | 10/12/2023 | 23-10367 | SVB Financial Group | 1364 | $794.16 |
| 14 | KASER, WILLIAM<br>3171 EAST MORRISON RANCH PKWY<br>GILBERT, AZ 85296 | 08/18/2023 | 23-10367 | SVB Financial Group | 1318 | Undetermined* |

*Indicates claim contains unliquidated and/or undetermined amounts

SVB Financial Group Case No. 23-10367

Late

Exhibit 4

| | NAME | DATE FILED | CASE # | CASE NUMBER / DEBTOR | CLAIM # | CLAIM AMOUNT |
|---|------|-----------|--------|---------------------|---------|--------------|
| 15 | MARY HELEN TREXEL TOD CARL ALVIN TREXEL III 159 ALICE LANE ORINDA, CA 94563 | 06/21/2024 | 23-10367 | SVB Financial Group | 1430 | $59,577.12 |
| 16 | NANCY J SAPON TRUST 10743 SUNNYBRAE AVENUE CHATSWORTH, CA 91311 | 06/27/2024 | 23-10367 | SVB Financial Group | 1445 | $25,000.00* |
| 17 | NOYES, JANET 6344 COLBATH AVE VAN NUYS, CA 91401 | 06/25/2024 | 23-10367 | SVB Financial Group | 1433 | $868.90 |
| 18 | ORTIZ, CHRISTIAN 1001 QUEEN ST. APT 1500 HONOLULU, HI 96814 | 07/02/2024 | 23-10367 | SVB Financial Group | 1456 | $73,491.78 |
| 19 | PANG, HON MAN FLAT 15C BLK 3, MAJESTIC PARK 11 FARM ROAD TO KWA WAN KOWLOON CITY, KOWLOON, HKSAR, 0000 HONG KONG | 06/30/2024 | 23-10367 | SVB Financial Group | 1452 | $8,000.00 |
| 20 | PAPAZIAN, MARY 5 PHOENIX PLACE ANDOVER, MA 01810 | 09/05/2023 | 23-10367 | SVB Financial Group | 1347 | $175.00 |

*Indicates claim contains unliquidated and/or undetermined amounts

SVB Financial Group Case No. 23-10367

Late

Exhibit 4

| | NAME | DATE FILED | CASE # | CASE NUMBER / DEBTOR | CLAIM # | CLAIM AMOUNT |
|---|---|---|---|---|---|---|
| 21 | PRABHAKAR, RITHESH B<br>200 REGENTS DR<br>NUTLEY, NJ 07110 | 06/23/2024 | 23-10367 | SVB Financial Group | 1431 | $1,180.00 |
| 22 | ROMEU, ALICIA H<br>121 BARBERRY ROAD<br>NORTH WALES, PA 19454 | 06/26/2024 | 23-10367 | SVB Financial Group | 1444 | $2,670.00 |
| 23 | SANTORO, BRENDA<br>242 HOUGHTON STREET<br>MOUNTAIN VIEW, CA 94041 | 06/20/2024 | 23-10367 | SVB Financial Group | 1428 | $700,000.00 |
| 24 | SCHNITZ, JEFFREY<br>2219 SEMERIA AVENUE<br>BELMONT, CA 94002 | 08/12/2023 | 23-10367 | SVB Financial Group | 1261 | $102,626.00 |
| 25 | SCHWARTZ, FAINA<br>100 LAKEVIEW AVE<br>MANSFIELD, MA 02048 | 06/27/2024 | 23-10367 | SVB Financial Group | 1447 | $105,472.50 |
| 26 | SINGER, STEVEN R.<br>44 YORK STREET<br>LEXINGTON, MA 02420 | 06/18/2024 | 23-10367 | SVB Financial Group | 1427 | $39,999.00 |
| 27 | SINGH, AMRINDER<br>12045 EAST TRAIL<br>SYLMAR, CA 91342 | 07/08/2024 | 23-10367 | SVB Financial Group | 1461 | $7,954.44 |
| 28 | SOOD, RAJESH<br>5 FULHAM WAY<br>EAST WINDSOR, NJ 08520 | 06/25/2024 | 23-10367 | SVB Financial Group | 1436 | $8,115.68 |

*Indicates claim contains unliquidated and/or undetermined amounts

SVB Financial Group Case No. 23-10367

Late

Exhibit 4

| | NAME | DATE FILED | CASE # | CASE NUMBER / DEBTOR | CLAIM # | CLAIM AMOUNT |
|---|---|---|---|---|---|---|
| 29 | SOOD, VANDANA<br>5 FULHAM WAY<br>EAST WINDSOR, NJ 08520 | 06/25/2024 | 23-10367 | SVB Financial Group | 1440 | $863.14 |
| 30 | SPRAGUE, STEPHEN L<br>10507 E ACACIA DR.<br>SCOTTSDALE, AZ 85255 | 09/06/2023 | 23-10367 | SVB Financial Group | 1345 | $297,421.09 |
| 31 | TALIAFERRO, RICHARD<br>4140 E MEADOW DR.<br>PHOENIX, AZ 85032 | 06/25/2024 | 23-10367 | SVB Financial Group | 1438 | $2,641.00 |
| 32 | WARNER, JOSEPH<br>13225 231ST ROAD<br>BURDEN, KS 67019 | 06/20/2024 | 23-10367 | SVB Financial Group | 1429 | $5,000.00 |
| 33 | WOYTUS, JOHN M<br>7721 BROOKLINE TERRACE<br>RICHMOND HEIGHTS, MO 63117-1501 | 06/25/2024 | 23-10367 | SVB Financial Group | 1435 | $4,831.35 |
| 34 | ZHANG, GUOLIANG<br>380 ESPLANADE AVE<br>APT 301<br>PACIFICA, CA 94044-1818 | 06/25/2024 | 23-10367 | SVB Financial Group | 1437 | $3.60 |
| | | | | | TOTAL | $1,794,009.09* |

*Indicates claim contains unliquidated and/or undetermined amounts

**<u>EXHIBIT 5</u>**

SVB Financial Group Case No. 23-10367
No Liability Claims
Exhibit 5

| | NAME | DATE FILED | CASE # | CASE NUMBER / DEBTOR | CLAIM # | CLAIM AMOUNT |
|---|---|---|---|---|---|---|
| 1 | ACA GROUP<br>LEGAL DEPARTMENT<br>950 ROSE AVENUE<br>SUITE 950<br>NORTH BETHESDA, MD 20852 | 07/11/2023 | 23-10367 | SVB Financial Group | 160 | $55,250.00 |
| | Reason: Related contract has been assigned to First Citizens Bank per docket #858. | | | | | |
| 2 | ARCH INSURANCE COMPANY<br>FRANCINE PETROSINO, LEGAL ASSISTANT<br>210 HUDSON STREET, SUITE 300<br>JERSEY CITY, NJ 07311 | 08/04/2023 | 23-10367 | SVB Financial Group | 691 | Undetermined* |
| | Reason: The filed claim is protective in nature. According to the Debtor's books and records there is no liability owed to the claimant. | | | | | |
| 3 | CDW COMPUTER CENTERS INC<br>75 REMITTANCE DRIVE SUITE 1150<br>CHICAGO, IL 60675-1150<br>UNITED STATES | 05/22/2023 | 23-10367 | SVB Financial Group | SCHF_00006518 | $1,211.82 |
| | Reason: Claim was filed on account of an executory contract. The Creditor's contract has been assumed and assigned by the Debtor pursuant to Order Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases at Docket No. 670. | | | | | |
| 4 | CORNERSTONE TITLE HOLDER LLC<br>299 SOUTH MAIN STREET<br>SUITE 2450<br>SALT LAKE CITY, UT 84111 | 08/11/2023 | 23-10367 | SVB Financial Group | 1138 | $1,912,064.53* |
| | Reason: Claim was filed on account of an unexpired lease. The Creditor's lease has been assumed and assigned by the Debtor pursuant to Order Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases at Docket No. 369. | | | | | |

*Indicates claim contains unliquidated and/or undetermined amounts

1

SVB Financial Group Case No. 23-10367
No Liability Claims
Exhibit 5

| | NAME | DATE FILED | CASE # | CASE NUMBER / DEBTOR | CLAIM # | CLAIM AMOUNT |
|---|---|---|---|---|---|---|
| 5 | CRESA PARTNERS BOSTON, INC. FRANKGECKER LLP JOSEPH D. FRANK 1327 W WASHINGTON BLVD, SUITE 5G/H CHICAGO, IL 60607 | 07/12/2023 | 23-10367 | SVB Financial Group | 200 | $63,931.12 |
| | Reason: Claim was filed on account of an executory contract. The Creditor's contract has been assumed and assigned by the Debtor pursuant to Order Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases at Docket No. 466. | | | | | |
| 6 | GEORGE LAWRENCE INVESTMENTS LLC 1640 NW IRVING ST PORTLAND, OR 97209 | 08/07/2023 | 23-10367 | SVB Financial Group | 753 | $402,863.45 |
| | Reason: Claim was filed on account of an unexpired lease. The Creditor's lease has been assumed and assigned by the Debtor pursuant to Order Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases at Docket No. 369. | | | | | |
| 7 | LAVACA PLAZA LLC BARTON OAKS PLAZA IV 901 S. MOPAC EXPRESSWAY SUITE 285 AUSTIN, TX 78746 | 08/04/2023 | 23-10367 | SVB Financial Group | 687 | $0.00 |
| | Reason: Claim was filed on account of an unexpired lease. The Creditor's lease has been assumed and assigned by the Debtor pursuant to Order Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases at Docket No. 369. | | | | | |
| 8 | LTIMINDTREE LIMITED KELLEY DRYE & WARREN LLP ATTN: JAMES S. CARR, ESQ & KRISTIN S. ELLIOTT, ESQ 3 WORLD TRADE CENTER 175 GREENWICH STREET NEW YORK, NY 10007 | 08/11/2023 | 23-10367 | SVB Financial Group | 1116 | $864,788.41 |
| | Reason: Related contract has been assigned to First Citizens Bank per docket #859. | | | | | |

SVB Financial Group Case No. 23-10367
No Liability Claims
Exhibit 5

| | NAME | DATE FILED | CASE # | CASE NUMBER / DEBTOR | CLAIM # | CLAIM AMOUNT |
|---|------|-----------|--------|----------------------|---------|--------------|
| 9 | MARX, ELIZABETH A.<br>ATTN: DANIEL VECCHIO<br>OGDEN MURPHY WALLACE<br>701 FIFTH AVENUE, SUITE 5600<br>SEATTLE, WA 98104-7045 | 03/29/2024 | 23-10367 | SVB Financial Group | 1413 | $286,993.00 |
| | Reason: The asserted liability related to the Life Insurance Endorsement Split Dollar Plan is a Bank liability, and not an obligation of the Debtor. | | | | | |
| 10 | NATIONAL UNION FIRE INSURANCE CO OF PITTSBURGH, PA<br>AIG PROPERTY CASUALTY, INC.<br>ATTN: KEVIN J. LARNER<br>28 LIBERTY STREET, FLOOR 22<br>NEW YORK, NY 10055 | 06/05/2023 | 23-10367 | SVB Financial Group | 81 | Undetermined* |
| | Reason: The filed claim is protective in nature. According to the Debtor's books and records there is no liability owed to the claimant. | | | | | |
| 11 | NM TAXATION & REVENUE DEPARTMENT<br>PO BOX 8575<br>ALBUQUERQUE, NM 87198-8575 | 01/29/2024 | 23-10367 | SVB Financial Group | 1401 | $0.00 |
| | Reason: Amended claim was filed for $0 liquidated and supporting documents reflect no liability owed to the taxing authority. As such the claim should be disallowed. | | | | | |
| 12 | NTC SHOPS LLC<br>1330 ST. MARYS STREET<br>STE. 350<br>RALEIGH, NC 27605 | 05/24/2023 | 23-10367 | SVB Financial Group | 58 | $2,062,709.17 |
| | Reason: Claim was filed on account of an unexpired lease. The Creditor's lease has been assumed and assigned by the Debtor pursuant to Order Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases at Docket No. 369. | | | | | |

SVB Financial Group Case No. 23-10367
No Liability Claims
Exhibit 5

| | NAME | DATE FILED | CASE # | CASE NUMBER / DEBTOR | CLAIM # | CLAIM AMOUNT |
|---|---|---|---|---|---|---|
| 13 | STATE OF NEW JERSEY - DIVISION OF TAXATION BANKRUPTCY UNIT PO BOX 245 TRENTON, NJ 08695 | 12/21/2023 | 23-10367 | SVB Financial Group | 1397 | $0.00 |

Reason: Amended claim was filed for $0 liquidated and supporting documents reflect no liability owed to the taxing authority. As such the claim should be disallowed.

| | NAME | DATE FILED | CASE # | CASE NUMBER / DEBTOR | CLAIM # | CLAIM AMOUNT |
|---|---|---|---|---|---|---|
| 14 | STUDIOS ARCHITECTURE C/O ROBIN MCNAMARA 1625 M STREET NW WASHINGTON, DC 20036 | 08/10/2023 | 23-10367 | SVB Financial Group | 950 | $660.00 |

Reason: Related contract has been assigned to First Citizens Bank per docket #706.

| | | | | | TOTAL | $5.650.471.50* |
|---|---|---|---|---|---|---|

**<u>EXHIBIT 6</u>**

SVB Financial Group Case No. 23-10367

Reclassified Claims

Exhibit 6

|  | NAME | CLAIM # | ASSERTED | | | | RECLASSIFIED | | |
|---|---|---|---|---|---|---|---|---|---|
|  |  |  | DEBTOR | PRIORITY STATUS | AMOUNT | | DEBTOR | PRIORITY STATUS | AMOUNT |
| 1 | ALGAN, BERK<br>1192 TEA ROSE CIR<br>SAN JOSE, CA 95131-3558 | 65 | SVB Financial Group | Priority | $1,367,488.73 | | SVB Financial Group | Unsecured | $1,367,488.73 |
| | Reason:  Deferred compensation liabilities are not entitled to priority status. The Debtor seeks to reclassify the claim to be treated as a general unsecured claim. | | | | | | | | |
| 2 | ANTONOV, IVO<br>778 ENCINA GRANDE DRIVE<br>PALO ALTO, CA 94306 | 566 | SVB Financial Group | Priority | $209,473.56 | | SVB Financial Group | Unsecured | $209,473.56 |
| | Reason:  Deferred compensation liabilities are not entitled to priority status. The Debtor seeks to reclassify the claim to be treated as a general unsecured claim. | | | | | | | | |
| 3 | BALASUBRAMANIAN, VIDYA<br>860 CRESTVIEW DRIVE<br>SAN CARLOS, CA 94070 | 32 | SVB Financial Group | Priority | $130,822.91 | | SVB Financial Group | Unsecured | $130,822.91 |
| | Reason:  Deferred compensation liabilities are not entitled to priority status. The Debtor seeks to reclassify the claim to be treated as a general unsecured claim. | | | | | | | | |
| 4 | BEKERMAN, JOANA<br>11935 EAST LAKE COURT<br>GREENWOOD VILLAGE, CO 80111 | 608 | SVB Financial Group | Priority | $2,764.05 | | SVB Financial Group | Unsecured | $2,764.05 |
| | Reason:  Deferred compensation liabilities are not entitled to priority status. The Debtor seeks to reclassify the claim to be treated as a general unsecured claim. | | | | | | | | |
| 5 | BISSIN, JAMES<br>3248 AVENIDA ANACAPA<br>CARLSBAD, CA 92009 | 750 | SVB Financial Group | Priority | $166,841.33 | | SVB Financial Group | Unsecured | $166,841.33 |
| | Reason:  Deferred compensation liabilities are not entitled to priority status. The Debtor seeks to reclassify the claim to be treated as a general unsecured claim. | | | | | | | | |

SVB Financial Group Case No. 23-10367
Reclassified Claims
Exhibit 6

| | NAME | CLAIM # | ASSERTED DEBTOR | PRIORITY STATUS | AMOUNT | RECLASSIFIED DEBTOR | PRIORITY STATUS | AMOUNT |
|---|---|---|---|---|---|---|---|---|
| 6 | BOWER, TRACY 12023 BELMONT WALK WAY CHARLOTTE, NC 28277 | 751 | SVB Financial Group SVB Financial Group | Priority Unsecured Subtotal | $15,150.00 $536,315.62 $551,465.62 | SVB Financial Group | Unsecured | $551,465.62 |

Reason:  Deferred compensation liabilities are not entitled to priority status. The Debtor seeks to reclassify the claim to be treated as a general unsecured claim.

| | NAME | CLAIM # | ASSERTED DEBTOR | PRIORITY STATUS | AMOUNT | RECLASSIFIED DEBTOR | PRIORITY STATUS | AMOUNT |
|---|---|---|---|---|---|---|---|---|
| 7 | BRINKLEY, ROBIN 1615 MILL QUARTER ROAD POWHATAN, VA 23139 | 609 | SVB Financial Group | Priority | $2,153.28 | SVB Financial Group | Unsecured | $2,153.28 |

Reason:  Deferred compensation liabilities are not entitled to priority status. The Debtor seeks to reclassify the claim to be treated as a general unsecured claim.

| | NAME | CLAIM # | ASSERTED DEBTOR | PRIORITY STATUS | AMOUNT | RECLASSIFIED DEBTOR | PRIORITY STATUS | AMOUNT |
|---|---|---|---|---|---|---|---|---|
| 8 | BROTHERS, THOMAS 25 FERNWOOD DR SAN FRANCISCO, CA 94127 | 1039 | SVB Financial Group SVB Financial Group | Priority Unsecured Subtotal | $15,150.00 $155,966.41 $171,116.41 | SVB Financial Group | Unsecured | $171,116.41 |

Reason:  Deferred compensation liabilities are not entitled to priority status. The Debtor seeks to reclassify the claim to be treated as a general unsecured claim.

| | NAME | CLAIM # | ASSERTED DEBTOR | PRIORITY STATUS | AMOUNT | RECLASSIFIED DEBTOR | PRIORITY STATUS | AMOUNT |
|---|---|---|---|---|---|---|---|---|
| 9 | CANAZARO, CHRISTOPHER JOHN 640 9TH ST LAKE OSWEGO, OR 97034 | 562 | SVB Financial Group SVB Financial Group | Priority Unsecured Subtotal | $15,150.00 $220,837.82 $235,987.82 | SVB Financial Group | Unsecured | $235,987.82 |

Reason:  Deferred compensation liabilities are not entitled to priority status. The Debtor seeks to reclassify the claim to be treated as a general unsecured claim.

| | NAME | CLAIM # | ASSERTED DEBTOR | PRIORITY STATUS | AMOUNT | RECLASSIFIED DEBTOR | PRIORITY STATUS | AMOUNT |
|---|---|---|---|---|---|---|---|---|
| 10 | CHANDLER, DONALD J 5615 MERIDIAN CT LAKE OSWEGO, OR 97035 | 649 | SVB Financial Group SVB Financial Group | Priority Unsecured Subtotal | $15,150.00 $930,390.43 $945,540.43 | SVB Financial Group | Unsecured | $945,540.43 |

Reason:  Deferred compensation liabilities are not entitled to priority status. The Debtor seeks to reclassify the claim to be treated as a general unsecured claim.

*Indicates claim contains unliquidated and/or undetermined amounts

2

SVB Financial Group Case No. 23-10367
Reclassified Claims
Exhibit 6

| | NAME | CLAIM # | ASSERTED DEBTOR | PRIORITY STATUS | AMOUNT | RECLASSIFIED DEBTOR | PRIORITY STATUS | AMOUNT |
|---|---|---|---|---|---|---|---|---|
| 11 | CHEE, EILEEN CATHERINE<br>5015 HELIX TER<br>LA MESA, CA 91941 | 1095 | SVB Financial Group | Priority | $169,498.75 | SVB Financial Group | Unsecured | $169,498.75 |
| | Reason:  Deferred compensation liabilities are not entitled to priority status. The Debtor seeks to reclassify the claim to be treated as a general unsecured claim. | | | | | | | |
| 12 | CHEE, EILEEN CATHERINE<br>5015 HELIX TER<br>LA MESA, CA 91941 | 1196 | SVB Financial Group | Priority | $80,000.00 | SVB Financial Group | Unsecured | $80,000.00 |
| | Reason:  Asserted liabilities are not entitled to priority status. The Debtor seeks to reclassify the claim to be treated as a general unsecured claim. | | | | | | | |
| 13 | COLACO, JOSEPH<br>1080 UPPER HAPPY<br>VALLEY ROAD<br>LAFAYETTE, CA 94549 | 509 | SVB Financial Group<br>SVB Financial Group<br><br>Subtotal | Priority<br>Unsecured | $15,150.00<br>$131,289.85<br>$146,439.85 | SVB Financial Group | Unsecured | $146,439.85 |
| | Reason:  Deferred compensation liabilities are not entitled to priority status. The Debtor seeks to reclassify the claim to be treated as a general unsecured claim. | | | | | | | |
| 14 | COLE, LAUREN<br>PO BOX 480<br>SHERBORN, MA 01770 | 1049 | SVB Financial Group | Priority | $170,117.19 | SVB Financial Group | Unsecured | $170,117.19 |
| | Reason:  Deferred compensation liabilities are not entitled to priority status. The Debtor seeks to reclassify the claim to be treated as a general unsecured claim. | | | | | | | |
| 15 | COPPINI, ADRIAN<br>51 ROSEMONT PLACE<br>SAN FRANCISCO, CA 94103 | 487 | SVB Financial Group<br>SVB Financial Group<br><br>Subtotal | Priority<br>Unsecured | $15,500.00<br>$978,767.76<br>$994,267.76 | SVB Financial Group | Unsecured | $994,267.76 |
| | Reason:  Deferred compensation liabilities are not entitled to priority status. The Debtor seeks to reclassify the claim to be treated as a general unsecured claim. | | | | | | | |
| 16 | DACRUZ, IGOR<br>2066 EMERALD ST<br>SAN DIEGO, CA 92109 | 896 | SVB Financial Group | Priority | $86,375.90 | SVB Financial Group | Unsecured | $86,375.90 |
| | Reason:  Deferred compensation liabilities are not entitled to priority status. The Debtor seeks to reclassify the claim to be treated as a general unsecured claim. | | | | | | | |

*Indicates claim contains unliquidated and/or undetermined amounts

3

SVB Financial Group Case No. 23-10367
Reclassified Claims
Exhibit 6

| | NAME | CLAIM # | DEBTOR | ASSERTED PRIORITY STATUS | ASSERTED AMOUNT | RECLASSIFIED DEBTOR | RECLASSIFIED PRIORITY STATUS | RECLASSIFIED AMOUNT |
|---|---|---|---|---|---|---|---|---|
| 17 | DANIELIAN, ROUZANNA<br>131 MOONSONG CT<br>MOORPARK, CA 93021 | 1360 | SVB Financial Group | Priority | $2,153.12 | SVB Financial Group | Unsecured | $2,153.12 |
| | Reason:  Deferred compensation liabilities are not entitled to priority status. The Debtor seeks to reclassify the claim to be treated as a general unsecured claim. | | | | | | | |
| 18 | DEVERY, MICHAEL<br>1520 KALMIA AVE<br>BOULDER, CO 80304 | 761 | SVB Financial Group<br>SVB Financial Group | Priority<br>Unsecured<br>Subtotal | $15,150.00<br>$418,277.88<br>$433,427.88 | SVB Financial Group | Unsecured | $433,427.88 |
| | Reason:  Deferred compensation liabilities are not entitled to priority status. The Debtor seeks to reclassify the claim to be treated as a general unsecured claim. | | | | | | | |
| 19 | DIPPOLD, MELODY<br>1534 PLAZA LN<br>PMB 223<br>BURLINGAME, CA 94010 | 595 | SVB Financial Group<br>SVB Financial Group | Priority<br>Unsecured<br>Subtotal | $20,030.80<br>$53,040.39<br>$73,071.19 | SVB Financial Group | Unsecured | $73,071.19 |
| | Reason:  Deferred compensation liabilities are not entitled to priority status. The Debtor seeks to reclassify the claim to be treated as a general unsecured claim. | | | | | | | |
| 20 | D'SOUZA, GILROY<br>7 DANIEL COURT<br>RANDOLPH, NJ 07869 | 298 | SVB Financial Group | Priority | $7,047.71 | SVB Financial Group | Unsecured | $7,047.71 |
| | Reason:  Deferred compensation liabilities are not entitled to priority status. The Debtor seeks to reclassify the claim to be treated as a general unsecured claim. | | | | | | | |
| 21 | ENOS, JOY<br>2 HEDGEBURY LANE<br>NANTUCKET, MA 02554 | 128 | SVB Financial Group | Priority | $114,056.00 | SVB Financial Group | Unsecured | $114,056.00 |
| | Reason:  Deferred compensation liabilities are not entitled to priority status. The Debtor seeks to reclassify the claim to be treated as a general unsecured claim. | | | | | | | |

SVB Financial Group Case No. 23-10367
Reclassified Claims
Exhibit 6

| | | | | ASSERTED | | | RECLASSIFIED | |
|---|---|---|---|---|---|---|---|---|
| | NAME | CLAIM # | DEBTOR | PRIORITY STATUS | AMOUNT | DEBTOR | PRIORITY STATUS | AMOUNT |
| 22 | FALCONER, QUENTIN K 5555 BALBOA DR OAKLAND, CA 94611 | 882 | SVB Financial Group SVB Financial Group | Priority Unsecured | $15,150.00 $614,614.13 | SVB Financial Group | Unsecured | $629,764.13 |
| | | | | Subtotal | $629,764.13 | | | |
| | Reason:  Deferred compensation liabilities are not entitled to priority status. The Debtor seeks to reclassify the claim to be treated as a general unsecured claim. | | | | | | | |
| 23 | FRANK, KALE 143 CONNECTICUT ST APT A SAN FRANCISCO, CA 94107 | 768 | SVB Financial Group | Priority | $79,997.00 | SVB Financial Group | Unsecured | $79,997.00 |
| | Reason:  Deferred compensation liabilities are not entitled to priority status. The Debtor seeks to reclassify the claim to be treated as a general unsecured claim. | | | | | | | |
| 24 | GALEOTAFIORE, GIOVANNI 130 GERRITSEN AVENUE BAYPORT, NY 11705 | 1033 | SVB Financial Group | Priority | $3,322.36 | SVB Financial Group | Unsecured | $3,322.36 |
| | Reason:  Deferred compensation liabilities are not entitled to priority status. The Debtor seeks to reclassify the claim to be treated as a general unsecured claim. | | | | | | | |
| 25 | GARRISON, ELIZABETH K. 21 N. CREST AVE. HAMILTON, NJ 08690 | 59 | SVB Financial Group | Priority | $33,570.30 | SVB Financial Group | Unsecured | $33,570.30 |
| | Reason:  Deferred compensation liabilities are not entitled to priority status. The Debtor seeks to reclassify the claim to be treated as a general unsecured claim. | | | | | | | |
| 26 | GARSCHI, MITRA 3500 N SABINO CANYON RD #83 TUCSON, AZ 85750 | 30 | SVB Financial Group | Priority | $37,015.00 | SVB Financial Group SVB Financial Group | Priority Unsecured | $15,150.00 $21,865.00 |
| | | | | | | | Subtotal | $37,015.00 |
| | Reason:  Claimant is entitled to priority status for up to $15,150 pursuant to Section 507(a)(4) of the Bankruptcy Code. The Debtor seeks to reclassify the remainder of the claimant's priority assertions to be treated as a general unsecured claim. | | | | | | | |

*Indicates claim contains unliquidated and/or undetermined amounts

5

SVB Financial Group Case No. 23-10367

Reclassified Claims

Exhibit 6

|  | | | | ASSERTED | | | RECLASSIFIED | |
|---|---|---|---|---|---|---|---|---|
|  | NAME | CLAIM # | DEBTOR | PRIORITY STATUS | AMOUNT | DEBTOR | PRIORITY STATUS | AMOUNT |
| 27 | GEORGE, MARK ALLAN<br>3019 E WILDHORSE DR<br>GILBERT, AZ 85297 | 80 | SVB Financial Group | Priority | $60,000.00 | SVB Financial Group | Unsecured | $60,000.00 |
|  | Reason:  Deferred compensation liabilities are not entitled to priority status. The Debtor seeks to reclassify the claim to be treated as a general unsecured claim. | | | | | | | |
| 28 | GEORGE, NIRMALA<br>1134 LITTLEOAK CIRCLE<br>SAN JOSE, CA 95129 | 474 | SVB Financial Group<br>SVB Financial Group | Priority<br>Unsecured<br>Subtotal | $15,150.00<br>$454,439.07<br>$469,589.07 | SVB Financial Group | Unsecured | $469,589.07 |
|  | Reason:  Deferred compensation liabilities are not entitled to priority status. The Debtor seeks to reclassify the claim to be treated as a general unsecured claim. | | | | | | | |
| 29 | GERSHENBERG, AARON<br>30 EAGLE LANDING<br>COURT<br>PARK CITY, UT 84060 | 887 | SVB Financial Group<br>SVB Financial Group | Priority<br>Unsecured<br>Subtotal | $15,150.00<br>$2,869,086.86<br>$2,884,236.86 | SVB Financial Group | Unsecured | $2,884,236.86 |
|  | Reason:  Deferred compensation liabilities are not entitled to priority status. The Debtor seeks to reclassify the claim to be treated as a general unsecured claim. | | | | | | | |
| 30 | GOLDFARB, MELISSA LYN<br>43 GORHAM AVENUE<br>WESTPORT, CT 06880 | 645 | SVB Financial Group<br>SVB Financial Group | Priority<br>Unsecured<br>Subtotal | $15,150.00<br>$366,501.29<br>$381,651.29 | SVB Financial Group | Unsecured | $381,651.29 |
|  | Reason:  Deferred compensation liabilities are not entitled to priority status. The Debtor seeks to reclassify the claim to be treated as a general unsecured claim. | | | | | | | |
| 31 | GOODWINE, ANNETTE LIM<br>231 LOS ROBLES DR<br>BURLINGAME, CA<br>94010-5927 | 489 | SVB Financial Group<br>SVB Financial Group | Priority<br>Unsecured<br>Subtotal | $15,150.00<br>$58,621.09<br>$73,771.09 | SVB Financial Group | Unsecured | $73,771.09 |
|  | Reason:  Deferred compensation liabilities are not entitled to priority status. The Debtor seeks to reclassify the claim to be treated as a general unsecured claim. | | | | | | | |

*Indicates claim contains unliquidated and/or undetermined amounts

SVB Financial Group Case No. 23-10367
Reclassified Claims
Exhibit 6

| | NAME | CLAIM # | ASSERTED | | | RECLASSIFIED | | |
|---|---|---|---|---|---|---|---|---|
| | | | DEBTOR | PRIORITY STATUS | AMOUNT | DEBTOR | PRIORITY STATUS | AMOUNT |
| 32 | GOSALIA, SANJAY S<br>412 EAST 90TH STREET<br>KANSAS CITY, MO 64131 | 1224 | SVB Financial Group<br>SVB Financial Group | Priority<br>Unsecured | $15,150.00<br>$470,016.41 | SVB Financial Group | Unsecured | $485,166.41 |
| | | | | Subtotal | $485,166.41 | | | |

Reason:  Deferred compensation liabilities are not entitled to priority status. The Debtor seeks to reclassify the claim to be treated as a general unsecured claim.

| 33 | GRAHAM, COLLEEN<br>44 ELDERFIELDS ROAD<br>MANHASSET, NY 11030 | 82 | SVB Financial Group | Priority | $1,200,637.00 | SVB Financial Group<br>SVB Financial Group | Priority<br>Unsecured | $15,150.00<br>$1,185,487.00 |
| | | | | | | | Subtotal | $1,200,637.00 |

Reason:  Claimant is entitled to priority status for up to $15,150 pursuant to Section 507(a)(4) of the Bankruptcy Code. The Debtor seeks to reclassify the remainder of the claimant's priority assertions to be treated as a general unsecured claim.

| 34 | HAMILTON, DOUGLAS LUKE<br>15774 HIDDEN HILL PLACE<br>LOS GATOS, CA 95030 | 663 | SVB Financial Group | Priority | $574,492.10 | SVB Financial Group | Unsecured | $574,492.10 |

Reason:  Deferred compensation liabilities are not entitled to priority status. The Debtor seeks to reclassify the claim to be treated as a general unsecured claim.

| 35 | HANLEY, KEITH<br>2535 SADDLEHORN COURT<br>SANTA ROSA, CA 95401 | 825 | SVB Financial Group<br>SVB Financial Group | Priority<br>Unsecured | $144,534.64<br>$495,070.10 | SVB Financial Group | Unsecured | $639,604.74 |
| | | | | Subtotal | $639,604.74 | | | |

Reason:  Deferred compensation liabilities are not entitled to priority status. The Debtor seeks to reclassify the claim to be treated as a general unsecured claim.

| 36 | HARRIS, MARK S.<br>747 BELLMEADE COURT<br>BRENTWOOD, CA 94513 | 722 | SVB Financial Group<br>SVB Financial Group | Priority<br>Unsecured | $15,500.00<br>$431,490.83 | SVB Financial Group | Unsecured | $446,990.83 |
| | | | | Subtotal | $446,990.83 | | | |

Reason:  Deferred compensation liabilities are not entitled to priority status. The Debtor seeks to reclassify the claim to be treated as a general unsecured claim.

SVB Financial Group Case No. 23-10367

Reclassified Claims

Exhibit 6

| | NAME | CLAIM # | ASSERTED DEBTOR | PRIORITY STATUS | AMOUNT | RECLASSIFIED DEBTOR | PRIORITY STATUS | AMOUNT |
|---|---|---|---|---|---|---|---|---|
| 37 | HE, ZHEN WEI 763 CAMARITAS AVE SOUTH SAN FRANCISCO, CA 94080 | 777 | SVB Financial Group | Priority | $187,280.16 | SVB Financial Group | Unsecured | $187,280.16 |
| | Reason:  Deferred compensation liabilities are not entitled to priority status. The Debtor seeks to reclassify the claim to be treated as a general unsecured claim. | | | | | | | |
| 38 | HELD, DAVID J 5626 E CHARTER OAK RD PHOENIX, AZ 85254 | 742 | SVB Financial Group | 503(b)(9) | $251,518.54 | SVB Financial Group | Unsecured | $251,518.54 |
| | Reason:  Deferred compensation liabilities are not entitled to priority status. The Debtor seeks to reclassify the claim to be treated as a general unsecured claim. | | | | | | | |
| 39 | HOEFLE, EVE 2075 LAFAYETTE ROAD UNIT B14 PORTSMOUTH, NH 03801 | 314 | SVB Financial Group | Priority | $1,824.26 | SVB Financial Group | Unsecured | $1,824.26 |
| | Reason:  Deferred compensation liabilities are not entitled to priority status. The Debtor seeks to reclassify the claim to be treated as a general unsecured claim. | | | | | | | |
| 40 | KAO, KIRK 1657 TOYON COURT SAN MATEO, CA 94403 | 447 | SVB Financial Group SVB Financial Group | Priority Unsecured | $4,900.04 $468.89 | SVB Financial Group | Unsecured | $5,368.93 |
| | | | | Subtotal | $5,368.93 | | | |
| | Reason:  Deferred compensation liabilities are not entitled to priority status. The Debtor seeks to reclassify the claim to be treated as a general unsecured claim. | | | | | | | |
| 41 | KIRKLAND, DALE C. 4489 E CONWAY DR NW ATLANTA, GA 30327 | 607 | SVB Financial Group SVB Financial Group | Priority Unsecured | $15,150.00 $263,882.29 | SVB Financial Group | Unsecured | $279,032.29 |
| | | | | Subtotal | $279,032.29 | | | |
| | Reason:  Deferred compensation liabilities are not entitled to priority status. The Debtor seeks to reclassify the claim to be treated as a general unsecured claim. | | | | | | | |

*Indicates claim contains unliquidated and/or undetermined amounts

8

SVB Financial Group Case No. 23-10367

Reclassified Claims

Exhibit 6

| | NAME | CLAIM # | ASSERTED DEBTOR | PRIORITY STATUS | AMOUNT | RECLASSIFIED DEBTOR | PRIORITY STATUS | AMOUNT |
|---|---|---|---|---|---|---|---|---|
| 42 | KOH, LIANG-KHOON<br>6090 PILGRIM AVE<br>SAN JOSE, CA 95129 | 93 | SVB Financial Group | Priority | $17,390.20 | SVB Financial Group | Unsecured | $17,390.20 |
| | Reason:  Deferred compensation liabilities are not entitled to priority status. The Debtor seeks to reclassify the claim to be treated as a general unsecured claim. | | | | | | | |
| 43 | KOHT-PHIPPS, ALICIA<br>1300 DENTWOOD DR.<br>SAN JOSE, CA 95118 | 72 | SVB Financial Group | Priority | $57,584.69 | SVB Financial Group | Unsecured | $57,584.69 |
| | Reason:  Deferred compensation liabilities are not entitled to priority status. The Debtor seeks to reclassify the claim to be treated as a general unsecured claim. | | | | | | | |
| 44 | KUCHU, VINITA<br>2613 ATLANTIC AVE<br>APT 1106<br>VIRGINIA BEACH, VA 23451 | 636 | SVB Financial Group | Priority | $3,943.81 | SVB Financial Group | Unsecured | $3,943.81 |
| | Reason:  Deferred compensation liabilities are not entitled to priority status. The Debtor seeks to reclassify the claim to be treated as a general unsecured claim. | | | | | | | |
| 45 | LAU, MARK<br>3019 E RUBY HILL DRIVE<br>PLEASANTON, CA 94566 | 575 | SVB Financial Group<br>SVB Financial Group<br>Subtotal | Priority<br>Unsecured | $15,150.00<br>$393,153.27<br>$408,303.27 | SVB Financial Group | Unsecured | $408,303.27 |
| | Reason:  Deferred compensation liabilities are not entitled to priority status. The Debtor seeks to reclassify the claim to be treated as a general unsecured claim. | | | | | | | |
| 46 | LEE, CHRIS<br>12032 PASEO BONITA<br>LOS ALAMITOS, CA 90720 | 604 | SVB Financial Group<br>SVB Financial Group<br>Subtotal | Priority<br>Unsecured | $15,150.00<br>$119,612.37<br>$134,762.37 | SVB Financial Group | Unsecured | $134,762.37 |
| | Reason:  Deferred compensation liabilities are not entitled to priority status. The Debtor seeks to reclassify the claim to be treated as a general unsecured claim. | | | | | | | |

SVB Financial Group Case No. 23-10367

Reclassified Claims

Exhibit 6

| | NAME | CLAIM # | DEBTOR | PRIORITY STATUS | AMOUNT | DEBTOR | PRIORITY STATUS | AMOUNT |
|---|---|---|---|---|---|---|---|---|
| | | | | **ASSERTED** | | | **RECLASSIFIED** | |
| 47 | LEE, JOHN 1158 BELLINGHAM SQUARE SAN RAMON, CA 94582 | 1041 | SVB Financial Group SVB Financial Group | 503(b)(9) Unsecured Subtotal | $152,622.20 $13,906.30 $166,528.50 | SVB Financial Group | Unsecured | $166,528.50 |
| | Reason:  Deferred compensation liabilities are not entitled to priority status. The Debtor seeks to reclassify the claim to be treated as a general unsecured claim. | | | | | | | |
| 48 | LI, ULYSSES 112 LITTLE GEM COURT GRIFFIN, GA 30223 | 137 | SVB Financial Group | Priority | $20,145.18 | SVB Financial Group | Unsecured | $20,145.18 |
| | Reason:  Deferred compensation liabilities are not entitled to priority status. The Debtor seeks to reclassify the claim to be treated as a general unsecured claim. | | | | | | | |
| 49 | LONGO, KEVIN MICHAEL 10 WENTWORTH DRIVE SOUTHBOROUGH, MA 01772 | 793 | SVB Financial Group SVB Financial Group | Priority Unsecured Subtotal | $15,500.00 $34,264.00 $49,764.00 | SVB Financial Group | Unsecured | $49,764.00 |
| | Reason:  Deferred compensation liabilities are not entitled to priority status. The Debtor seeks to reclassify the claim to be treated as a general unsecured claim. | | | | | | | |
| 50 | MA, CHRISTIE 3366 MELENDY DRIVE SAN CARLOS, CA 94070 | 503 | SVB Financial Group SVB Financial Group | Priority Unsecured Subtotal | $15,150.00 $76,830.98 $91,980.98 | SVB Financial Group | Unsecured | $91,980.98 |
| | Reason:  Deferred compensation liabilities are not entitled to priority status. The Debtor seeks to reclassify the claim to be treated as a general unsecured claim. | | | | | | | |
| 51 | MACDONALD, W. TIMOTHY 18 CONGRESS STREET SUITE 501 PORTSMOUTH, NH 03801-6642 | 621 | SVB Financial Group | Priority | $528,763.90 | SVB Financial Group | Unsecured | $528,763.90 |
| | Reason:  Deferred compensation liabilities are not entitled to priority status. The Debtor seeks to reclassify the claim to be treated as a general unsecured claim. | | | | | | | |

*Indicates claim contains unliquidated and/or undetermined amounts

SVB Financial Group Case No. 23-10367
Reclassified Claims
Exhibit 6

| | NAME | CLAIM # | DEBTOR | PRIORITY STATUS | AMOUNT | DEBTOR | PRIORITY STATUS | AMOUNT |
|---|---|---|---|---|---|---|---|---|
| | | | | ASSERTED | | | RECLASSIFIED | |
| 52 | MAMDANI, SULAIMAN 779 CLIFTON RD NE ATLANTA, GA 30307 | 1038 | SVB Financial Group SVB Financial Group | Priority Unsecured | $15,150.00 $330,979.77 | SVB Financial Group | Unsecured | $346,129.77 |
| | | | | Subtotal | $346,129.77 | | | |
| | Reason: Deferred compensation liabilities are not entitled to priority status. The Debtor seeks to reclassify the claim to be treated as a general unsecured claim. | | | | | | | |
| 53 | MARTIN, JR., RICHARD BERNARD 4 KAREN PLACE COMMACK, NY 11725 | 957 | SVB Financial Group SVB Financial Group | Priority Unsecured | $15,150.00 $18,294.63 | SVB Financial Group | Unsecured | $33,444.63 |
| | | | | Subtotal | $33,444.63 | | | |
| | Reason: Deferred compensation liabilities are not entitled to priority status. The Debtor seeks to reclassify the claim to be treated as a general unsecured claim. | | | | | | | |
| 54 | MARTIN, MICHAEL 2 SHORE LANE APT 503 JERSEY CITY, NY 07310 | 367 | SVB Financial Group | Priority | $2,616.75 | SVB Financial Group | Unsecured | $2,616.75 |
| | Reason: Deferred compensation liabilities are not entitled to priority status. The Debtor seeks to reclassify the claim to be treated as a general unsecured claim. | | | | | | | |
| 55 | MATLOW, SUSAN K 1498 PACAYA CV NAPLES, FL 34119 | 1227 | SVB Financial Group SVB Financial Group | Priority Unsecured | $96.00 $29,723.68 | SVB Financial Group | Unsecured | $29,819.68 |
| | | | | Subtotal | $29,819.68 | | | |
| | Reason: Deferred compensation liabilities are not entitled to priority status. The Debtor seeks to reclassify the claim to be treated as a general unsecured claim. | | | | | | | |
| 56 | MCCARTY, MICHAEL SCOTT 2132 FATE CONN RD CANTON, GA 30114 | 1124 | SVB Financial Group | Priority | $98,715.96 | SVB Financial Group | Unsecured | $98,715.96 |
| | Reason: Deferred compensation liabilities are not entitled to priority status. The Debtor seeks to reclassify the claim to be treated as a general unsecured claim. | | | | | | | |

*Indicates claim contains unliquidated and/or undetermined amounts

SVB Financial Group Case No. 23-10367
Reclassified Claims
Exhibit 6

| | | | | ASSERTED | | | RECLASSIFIED | |
|---|---|---|---|---|---|---|---|---|
| | NAME | CLAIM # | DEBTOR | PRIORITY STATUS | AMOUNT | DEBTOR | PRIORITY STATUS | AMOUNT |
| 57 | MCCOY, CHERYL<br>133 W. PERSHING AVENUE<br>PHOENIX, AZ 85029 | 510 | SVB Financial Group | Priority | $3,744.04 | SVB Financial Group | Unsecured | $3,744.04 |
| | Reason:  Deferred compensation liabilities are not entitled to priority status. The Debtor seeks to reclassify the claim to be treated as a general unsecured claim. | | | | | | | |
| 58 | MCMAHON, MICHAEL<br>81 SHEFFIELD RD<br>WALTHAM, MA 02451 | 1177 | SVB Financial Group | 503(b)(9) | $76,284.63 | SVB Financial Group | Unsecured | $76,284.63 |
| | Reason:  Deferred compensation liabilities are not entitled to priority status. The Debtor seeks to reclassify the claim to be treated as a general unsecured claim. | | | | | | | |
| 59 | MOSELEY, JACOB<br>160 ROBIN WAY<br>LOS GATOS, CA 95032 | 1149 | SVB Financial Group<br>SVB Financial Group | Priority<br>Unsecured | $15,150.00<br>$1,726,444.81 | SVB Financial Group | Unsecured | $1,741,594.81 |
| | | | | Subtotal | $1,741,594.81 | | | |
| | Reason:  Deferred compensation liabilities are not entitled to priority status. The Debtor seeks to reclassify the claim to be treated as a general unsecured claim. | | | | | | | |
| 60 | NADEL, ALAN MICHAEL<br>925 CALLAHAN LANE<br>PLACENTIA, CA 92870 | 61 | SVB Financial Group<br>SVB Financial Group | Priority<br>Unsecured | $15,150.00<br>$135,079.80 | SVB Financial Group | Unsecured | $150,229.80 |
| | | | | Subtotal | $150,229.80 | | | |
| | Reason:  Deferred compensation liabilities are not entitled to priority status. The Debtor seeks to reclassify the claim to be treated as a general unsecured claim. | | | | | | | |
| 61 | NOBLE, MARK A.<br>990 CONTINENTAL DR<br>MENLO PARK, CA 94025 | 616 | SVB Financial Group<br>SVB Financial Group | Priority<br>Unsecured | $15,150.00<br>$613,718.95 | SVB Financial Group | Unsecured | $628,868.95 |
| | | | | Subtotal | $628,868.95 | | | |
| | Reason:  Deferred compensation liabilities are not entitled to priority status. The Debtor seeks to reclassify the claim to be treated as a general unsecured claim. | | | | | | | |

*Indicates claim contains unliquidated and/or undetermined amounts

SVB Financial Group Case No. 23-10367
Reclassified Claims
Exhibit 6

|   | NAME | CLAIM # | DEBTOR | ASSERTED PRIORITY STATUS | AMOUNT | RECLASSIFIED DEBTOR | PRIORITY STATUS | AMOUNT |
|---|------|---------|--------|---------|--------|---------|--------|--------|
| 62 | O'LEARY, JOSEPH PATRICK 1122 KELLY DRIVE SAN JOSE, CA 95129 | 485 | SVB Financial Group SVB Financial Group | Priority Unsecured | $15,150.00 $398,680.20 | SVB Financial Group | Unsecured | $413,830.20 |
|   |  |  |  | Subtotal | $413,830.20 |  |  |  |
|   | Reason:  Deferred compensation liabilities are not entitled to priority status. The Debtor seeks to reclassify the claim to be treated as a general unsecured claim. |  |  |  |  |  |  |  |
| 63 | PANDIA, KAUSHAL 3742 FERNCROFT WAY DUBLIN, CA 94568 | 667 | SVB Financial Group SVB Financial Group | Priority Unsecured | $23,076.96 $150,429.29 | SVB Financial Group | Unsecured | $173,506.25 |
|   |  |  |  | Subtotal | $173,506.25 |  |  |  |
|   | Reason:  Deferred compensation liabilities are not entitled to priority status. The Debtor seeks to reclassify the claim to be treated as a general unsecured claim. |  |  |  |  |  |  |  |
| 64 | PAPADAKOS, CATHERINE PO BOX 2153 STATION MAIN SQUAMISH, BC V8B0B5 | 1158 | SVB Financial Group | Priority | $45,000.00 | SVB Financial Group | Unsecured | $45,000.00 |
|   | Reason:  Asserted liabilities are not entitled to priority status. The Debtor seeks to reclassify the claim to be treated as a general unsecured claim. |  |  |  |  |  |  |  |
| 65 | PARK, MIN 5831 ACACIA AVE OAKLAND, CA 94618 | 1058 | SVB Financial Group SVB Financial Group | Priority Unsecured | $15,160.00 $263,168.69 | SVB Financial Group | Unsecured | $278,328.69 |
|   |  |  |  | Subtotal | $278,328.69 |  |  |  |
|   | Reason:  Deferred compensation liabilities are not entitled to priority status. The Debtor seeks to reclassify the claim to be treated as a general unsecured claim. |  |  |  |  |  |  |  |
| 66 | PARRY, SHAWN 623 STONEYFORD DR. DALY CITY, CA 94015 | 943 | SVB Financial Group | Priority | $151,678.94 | SVB Financial Group | Unsecured | $151,678.94 |
|   | Reason:  Deferred compensation liabilities are not entitled to priority status. The Debtor seeks to reclassify the claim to be treated as a general unsecured claim. |  |  |  |  |  |  |  |

*Indicates claim contains unliquidated and/or undetermined amounts

13

SVB Financial Group Case No. 23-10367
Reclassified Claims
Exhibit 6

| | NAME | CLAIM # | DEBTOR | ASSERTED PRIORITY STATUS | AMOUNT | RECLASSIFIED DEBTOR | PRIORITY STATUS | AMOUNT |
|---|---|---|---|---|---|---|---|---|
| 67 | PARSONS, JAMES T. 1669 DEL MONTE WAY MORAGA, CA 94556 | 476 | SVB Financial Group SVB Financial Group | Priority Unsecured | $15,150.00 $788,651.01 | SVB Financial Group | Unsecured | $803,801.01 |
| | | | | Subtotal | $803,801.01 | | | |
| | Reason: Deferred compensation liabilities are not entitled to priority status. The Debtor seeks to reclassify the claim to be treated as a general unsecured claim. | | | | | | | |
| 68 | PIONKE, KATHY WONG 1610 N QUEEN ST #248 ARLINGTON, VA 22209 | 28 | SVB Financial Group SVB Financial Group | Priority Unsecured | $348,496.43 $30,000.00 | SVB Financial Group | Unsecured | $378,496.43 |
| | | | | Subtotal | $378,496.43 | | | |
| | Reason: Deferred compensation liabilities are not entitled to priority status. The Debtor seeks to reclassify the claim to be treated as a general unsecured claim. | | | | | | | |
| 69 | PRESSEY, WALTER 38 LAWRENCE LANE BELMONT, MA 02478 | 369 | SVB Financial Group | Priority | $1,052,344.15 | SVB Financial Group | Unsecured | $1,052,344.15 |
| | Reason: Deferred compensation liabilities are not entitled to priority status. The Debtor seeks to reclassify the claim to be treated as a general unsecured claim. | | | | | | | |
| 70 | RAJAGOPALAN, SATAGOPAN 44324 NAVAJO DR ASHBURN, VA 20147-5038 | 641 | SVB Financial Group SVB Financial Group | Priority Unsecured | $15,150.00 $282,411.55 | SVB Financial Group | Unsecured | $297,561.55 |
| | | | | Subtotal | $297,561.55 | | | |
| | Reason: Deferred compensation liabilities are not entitled to priority status. The Debtor seeks to reclassify the claim to be treated as a general unsecured claim. | | | | | | | |
| 71 | RAO, RAJESHWARI 10101 IMPERIAL AVENUE CUPERTINO, CA 95014 | 547 | SVB Financial Group | Priority | $7,506.12 | SVB Financial Group | Unsecured | $7,506.12 |
| | Reason: Deferred compensation liabilities are not entitled to priority status. The Debtor seeks to reclassify the claim to be treated as a general unsecured claim. | | | | | | | |

*Indicates claim contains unliquidated and/or undetermined amounts

14

SVB Financial Group, Case No. 23-10367
Reclassified Claims
Exhibit 6

| | NAME | CLAIM # | ASSERTED DEBTOR | PRIORITY STATUS | AMOUNT | RECLASSIFIED DEBTOR | PRIORITY STATUS | AMOUNT |
|---|---|---|---|---|---|---|---|---|
| 72 | REGAN, JOSEPH 648 TRANQUIL JADE STREET LAS VEGAS, NV 89138 | 1042 | SVB Financial Group | Priority | $655,361.25 | SVB Financial Group | Unsecured | $655,361.25 |
| | Reason: Deferred compensation liabilities are not entitled to priority status. The Debtor seeks to reclassify the claim to be treated as a general unsecured claim. | | | | | | | |
| 73 | RENTA, MONIQUE 41 VILLAGE WALK DRIVE PONTE VEDRA BEACH, FL 32082 | 930 | SVB Financial Group SVB Financial Group Subtotal | Priority Unsecured | $15,150.00 $167,818.99 $182,968.99 | SVB Financial Group | Unsecured | $182,968.99 |
| | Reason: Deferred compensation liabilities are not entitled to priority status. The Debtor seeks to reclassify the claim to be treated as a general unsecured claim. | | | | | | | |
| 74 | RISICA, JASON 13062 BLUE JAY HILL RD GRASS VALLEY, CA 95945 | 715 | SVB Financial Group SVB Financial Group Subtotal | 503(b)(9) Unsecured | $15,150.00 $889,129.00 $904,279.00 | SVB Financial Group | Unsecured | $904,279.00 |
| | Reason: Deferred compensation liabilities are not entitled to priority status. The Debtor seeks to reclassify the claim to be treated as a general unsecured claim. | | | | | | | |
| 75 | ROBINSON, CRAIG 855 JEFFERSON AVENUE PO BOX 57 REDWOOD CITY, CA 94064-0057 | 1145 | SVB Financial Group SVB Financial Group Subtotal | Priority Unsecured | $15,150.00 $72,744.62 $87,894.62 | SVB Financial Group | Unsecured | $87,894.62 |
| | Reason: Deferred compensation liabilities are not entitled to priority status. The Debtor seeks to reclassify the claim to be treated as a general unsecured claim. | | | | | | | |
| 76 | ROBINSON, ERIN 44 CHIEF JUSTICE CUSHING HWY HINGHAM, MA 02043 | 834 | SVB Financial Group SVB Financial Group Subtotal | Priority Unsecured | $15,150.00 $69,850.00 $85,000.00 | SVB Financial Group | Unsecured | $85,000.00 |
| | Reason: Deferred compensation liabilities are not entitled to priority status. The Debtor seeks to reclassify the claim to be treated as a general unsecured claim. | | | | | | | |

SVB Financial Group Case No. 23-10367
Reclassified Claims
Exhibit 6

| | NAME | CLAIM # | ASSERTED DEBTOR | PRIORITY STATUS | AMOUNT | RECLASSIFIED DEBTOR | PRIORITY STATUS | AMOUNT |
|---|---|---|---|---|---|---|---|---|
| 77 | ROHRWASSER, MARK 8829 N 63RD PLACE PARADISE VALLEY, AZ 85253 | 700 | SVB Financial Group SVB Financial Group | Priority Unsecured | $1,926,244.07* Undetermined* | SVB Financial Group | Unsecured | $1,926,244.07 |
| | | | | Subtotal | $1,926,244.07* | | | |
| | Reason: Deferred compensation liabilities are not entitled to priority status. The Debtor seeks to reclassify the claim to be treated as a general unsecured claim. | | | | | | | |
| 78 | RUSTAGI, AMAN 4580 WOLLASTON RD CUMMING, GA 30041 | 138 | SVB Financial Group SVB Financial Group | Priority Unsecured | $68,961.39 $7,214.23 | SVB Financial Group | Unsecured | $76,175.62 |
| | | | | Subtotal | $76,175.62 | | | |
| | Reason: Deferred compensation liabilities are not entitled to priority status. The Debtor seeks to reclassify the claim to be treated as a general unsecured claim. | | | | | | | |
| 79 | SALMASO, ANTONIO 55 MONTELL ST OAKLAND, CA 94611 | 619 | SVB Financial Group SVB Financial Group | Priority Unsecured | $15,500.00 $327,470.96 | SVB Financial Group | Unsecured | $342,970.96 |
| | | | | Subtotal | $342,970.96 | | | |
| | Reason: Deferred compensation liabilities are not entitled to priority status. The Debtor seeks to reclassify the claim to be treated as a general unsecured claim. | | | | | | | |
| 80 | SAMILJAN, JORDAN 50 BOATSWAINS WAY APT 105 CHELSEA, MA 02150 | 523 | SVB Financial Group SVB Financial Group | Priority Unsecured | $2,269.24 $217.50 | SVB Financial Group | Unsecured | $2,486.74 |
| | | | | Subtotal | $2,486.74 | | | |
| | Reason: Deferred compensation liabilities are not entitled to priority status. The Debtor seeks to reclassify the claim to be treated as a general unsecured claim. | | | | | | | |
| 81 | SANTOS, MICHAEL 866 BREVINS LOOP SAN JOSE, CA 95125 | 499 | SVB Financial Group SVB Financial Group | Priority Unsecured | $15,150.00 $29,510.25 | SVB Financial Group | Unsecured | $44,660.25 |
| | | | | Subtotal | $44,660.25 | | | |
| | Reason: Deferred compensation liabilities are not entitled to priority status. The Debtor seeks to reclassify the claim to be treated as a general unsecured claim. | | | | | | | |

*Indicates claim contains unliquidated and/or undetermined amounts

16

SVB Financial Group Case No. 23-10367
Reclassified Claims

Exhibit 6

| | NAME | CLAIM # | ASSERTED DEBTOR | PRIORITY STATUS | AMOUNT | RECLASSIFIED DEBTOR | PRIORITY STATUS | AMOUNT |
|---|---|---|---|---|---|---|---|---|
| 82 | SCHEFFEL, MEGAN<br>1313 N QUINTANA ST<br>ARLINGTON, VA 22205 | 580 | SVB Financial Group<br>SVB Financial Group | Priority<br>Unsecured | $15,150.00<br>$1,851,167.44 | SVB Financial Group | Unsecured | $1,866,317.44 |
| | | | | Subtotal | $1,866,317.44 | | | |
| | Reason: Deferred compensation liabilities are not entitled to priority status. The Debtor seeks to reclassify the claim to be treated as a general unsecured claim. | | | | | | | |
| 83 | SCOTT, PETER<br>4062 23RD STREET<br>SAN FRANCISCO, CA 94114 | 584 | SVB Financial Group<br>SVB Financial Group | Priority<br>Unsecured | $15,150.00<br>$1,693,947.35 | SVB Financial Group | Unsecured | $1,709,097.35 |
| | | | | Subtotal | $1,709,097.35 | | | |
| | Reason: Deferred compensation liabilities are not entitled to priority status. The Debtor seeks to reclassify the claim to be treated as a general unsecured claim. | | | | | | | |
| 84 | SINGH, MAHENDER<br>20 KESTREL LANE<br>WESTFORD, MA 01886 | 148 | SVB Financial Group | Priority | $2,000.00 | SVB Financial Group | Unsecured | $2,000.00 |
| | Reason: Deferred compensation liabilities are not entitled to priority status. The Debtor seeks to reclassify the claim to be treated as a general unsecured claim. | | | | | | | |
| 85 | SONG, LI<br>830 ARROYO CT.<br>PALO ALTO, CA 94306 | 865 | SVB Financial Group | Priority | $323,872.75 | SVB Financial Group | Unsecured | $323,872.75 |
| | Reason: Deferred compensation liabilities are not entitled to priority status. The Debtor seeks to reclassify the claim to be treated as a general unsecured claim. | | | | | | | |
| 86 | SOZA, JOHN T.<br>817 PALMER ROAD<br>WALNUT CREEK, CA 94596 | 836 | SVB Financial Group<br>SVB Financial Group | Priority<br>Unsecured | $15,150.00<br>$898,057.09 | SVB Financial Group | Unsecured | $913,207.09 |
| | | | | Subtotal | $913,207.09 | | | |
| | Reason: Deferred compensation liabilities are not entitled to priority status. The Debtor seeks to reclassify the claim to be treated as a general unsecured claim. | | | | | | | |

*Indicates claim contains unliquidated and/or undetermined amounts

17

SVB Financial Group Case No. 23-10367
Reclassified Claims
Exhibit 6

| | | | | ASSERTED | | | RECLASSIFIED | |
|---|---|---|---|---|---|---|---|---|
| | NAME | CLAIM # | DEBTOR | PRIORITY STATUS | AMOUNT | DEBTOR | PRIORITY STATUS | AMOUNT |
| 87 | SPENCER, JACQUELYN 3742 MEADOW LANE LAFAYETTE, CA 94549 | 692 | SVB Financial Group | Priority | $178,037.84 | SVB Financial Group | Unsecured | $178,037.84 |
| | Reason:  Deferred compensation liabilities are not entitled to priority status. The Debtor seeks to reclassify the claim to be treated as a general unsecured claim. | | | | | | | |
| 88 | STEDMAN, CHRISTOPHER 1080 LAGUNA CREEK LANE PLEASANTON, CA 94566 | 826 | SVB Financial Group SVB Financial Group | Priority Unsecured Subtotal | $15,150.00 $3,937,186.61 $3,952,336.61 | SVB Financial Group | Unsecured | $3,952,336.61 |
| | Reason:  Deferred compensation liabilities are not entitled to priority status. The Debtor seeks to reclassify the claim to be treated as a general unsecured claim. | | | | | | | |
| 89 | STEVENS, WILLIAM A. 1819 MCKINLEY ROAD NAPA, CA 94558 | 776 | SVB Financial Group SVB Financial Group | Priority Unsecured Subtotal | $15,150.00 $2,180,806.77 $2,195,956.77 | SVB Financial Group | Unsecured | $2,195,956.77 |
| | Reason:  Deferred compensation liabilities are not entitled to priority status. The Debtor seeks to reclassify the claim to be treated as a general unsecured claim. | | | | | | | |
| 90 | STEVENSON, MARK L. 115 EMERSON STREET PALO ALTO, CA 94301 | 710 | SVB Financial Group | Priority | $392,447.82 | SVB Financial Group | Unsecured | $392,447.82 |
| | Reason:  Deferred compensation liabilities are not entitled to priority status. The Debtor seeks to reclassify the claim to be treated as a general unsecured claim. | | | | | | | |
| 91 | SUJANANI, ANJALEE 6 REVERE ST LEXINGTON, MA 02420 | 1034 | SVB Financial Group SVB Financial Group | Priority Unsecured Subtotal | $15,150.00 $72,392.77 $87,542.77 | SVB Financial Group | Unsecured | $87,542.77 |
| | Reason:  Deferred compensation liabilities are not entitled to priority status. The Debtor seeks to reclassify the claim to be treated as a general unsecured claim. | | | | | | | |

*Indicates claim contains unliquidated and/or undetermined amounts

SVB Financial Group Case No. 23-10367

## Reclassified Claims
## Exhibit 6

| | | | | ASSERTED | | | RECLASSIFIED | |
|---|---|---|---|---|---|---|---|---|
| | NAME | CLAIM # | DEBTOR | PRIORITY STATUS | AMOUNT | DEBTOR | PRIORITY STATUS | AMOUNT |
| 92 | SURECK, ROBERT LOUIS 6721 VALBURN DR. AUSTIN, TX 78731 | 574 | SVB Financial Group SVB Financial Group | Priority Unsecured | $15,150.00 $504,806.48 | SVB Financial Group | Unsecured | $519,956.48 |
| | | | | Subtotal | $519,956.48 | | | |
| | Reason: Deferred compensation liabilities are not entitled to priority status. The Debtor seeks to reclassify the claim to be treated as a general unsecured claim. | | | | | | | |
| 93 | TABACEK, HALINA 2383 MANZANITA AVENUE SANTA ROSA, CA 95404 | 706 | SVB Financial Group | Priority | $6,106.54 | SVB Financial Group | Unsecured | $6,106.54 |
| | Reason: Deferred compensation liabilities are not entitled to priority status. The Debtor seeks to reclassify the claim to be treated as a general unsecured claim. | | | | | | | |
| 94 | TERWILLIGER, CYNTHIA 7 ARLINGTON STREET APT. 8 CAMBRIDGE, MA 02140 | 1097 | SVB Financial Group | Priority | $3,720.12 | SVB Financial Group | Unsecured | $3,720.12 |
| | Reason: Deferred compensation liabilities are not entitled to priority status. The Debtor seeks to reclassify the claim to be treated as a general unsecured claim. | | | | | | | |
| 95 | THANKAPPAN, MANU 637 BAINBRIDGE ST FOSTER CITY, CA 94404 | 231 | SVB Financial Group | Priority | $62,398.07 | SVB Financial Group | Unsecured | $62,398.07 |
| | Reason: Deferred compensation liabilities are not entitled to priority status. The Debtor seeks to reclassify the claim to be treated as a general unsecured claim. | | | | | | | |
| 96 | THYLIN, MARK 8345 E. PRAIRIE MEADOW DR DENVER, CO 80238 | 821 | SVB Financial Group SVB Financial Group | Priority Unsecured | $15,150.00 $765,567.60 | SVB Financial Group | Unsecured | $780,717.60 |
| | | | | Subtotal | $780,717.60 | | | |
| | Reason: Deferred compensation liabilities are not entitled to priority status. The Debtor seeks to reclassify the claim to be treated as a general unsecured claim. | | | | | | | |

*Indicates claim contains unliquidated and/or undetermined amounts

19

SVB Financial Group Case No. 23-10367
Reclassified Claims
Exhibit 6

| | | | | | ASSERTED | | RECLASSIFIED | | |
|---|---|---|---|---|---|---|---|---|---|
| | NAME | CLAIM # | DEBTOR | PRIORITY STATUS | AMOUNT | DEBTOR | PRIORITY STATUS | AMOUNT | |
| 97 | TSE, IRENE<br>3673 RAMONA STREET<br>PALO ALTO, CA 94306 | 513 | SVB Financial Group<br>SVB Financial Group | Priority<br>Unsecured<br>Subtotal | $15,500.00<br>$15,723.82<br>$31,223.82 | SVB Financial Group | Unsecured | $31,223.82 | |
| | Reason: Deferred compensation liabilities are not entitled to priority status. The Debtor seeks to reclassify the claim to be treated as a general unsecured claim. | | | | | | | | |
| 98 | TU, RICKY KY<br>1199 NIKULINA CT<br>SAN JOSE, CA 95120 | 632 | SVB Financial Group<br>SVB Financial Group | Priority<br>Unsecured<br>Subtotal | $15,150.00<br>$2,231,448.33<br>$2,246,598.33 | SVB Financial Group | Unsecured | $2,246,598.33 | |
| | Reason: Deferred compensation liabilities are not entitled to priority status. The Debtor seeks to reclassify the claim to be treated as a general unsecured claim. | | | | | | | | |
| 99 | TYLER, JAMES<br>21 RUTH COURT<br>LAFAYETTE, CA 94549 | 720 | SVB Financial Group<br>SVB Financial Group | Priority<br>Unsecured<br>Subtotal | $15,150.00<br>$148,849.92<br>$163,999.92 | SVB Financial Group | Unsecured | $163,999.92 | |
| | Reason: Deferred compensation liabilities are not entitled to priority status. The Debtor seeks to reclassify the claim to be treated as a general unsecured claim. | | | | | | | | |
| 100 | UMMEL, JEAN JEN YEE<br>60 WESSEX WAY<br>SAN CARLOS, CA 94070 | 475 | SVB Financial Group<br>SVB Financial Group | Priority<br>Unsecured<br>Subtotal | $15,150.00<br>$13,136.27<br>$28,286.27 | SVB Financial Group | Unsecured | $28,286.27 | |
| | Reason: Deferred compensation liabilities are not entitled to priority status. The Debtor seeks to reclassify the claim to be treated as a general unsecured claim. | | | | | | | | |
| 101 | VORA, NIKHIL<br>571 CALISTOGA CIRCLE<br>FREMONT, CA 94536 | 704 | SVB Financial Group<br>SVB Financial Group | Priority<br>Unsecured<br>Subtotal | $15,150.00<br>$256,990.70<br>$272,140.70 | SVB Financial Group | Unsecured | $272,140.70 | |
| | Reason: Deferred compensation liabilities are not entitled to priority status. The Debtor seeks to reclassify the claim to be treated as a general unsecured claim. | | | | | | | | |

*Indicates claim contains unliquidated and/or undetermined amounts

SVB Financial Group Case No. 23-10367
Reclassified Claims
Exhibit 6

| | NAME | CLAIM # | DEBTOR | PRIORITY STATUS | AMOUNT | DEBTOR | PRIORITY STATUS | AMOUNT |
|---|---|---|---|---|---|---|---|---|
| | | | | ASSERTED | | | RECLASSIFIED | |
| 102 | VULTAGGIO, PETER<br>3329 NW 170TH CT<br>EDMOND, OK 73012 | 1088 | SVB Financial Group | Priority | $375,233.99 | SVB Financial Group | Unsecured | $375,233.99 |
| | Reason: Deferred compensation liabilities are not entitled to priority status. The Debtor seeks to reclassify the claim to be treated as a general unsecured claim. | | | | | | | |
| 103 | WANG, KAI<br>6805 DALMATIA DR<br>MCKINNEY, TX 75072-1903 | 582 | SVB Financial Group | Priority | $639,759.90 | SVB Financial Group | Unsecured | $639,759.90 |
| | Reason: Deferred compensation liabilities are not entitled to priority status. The Debtor seeks to reclassify the claim to be treated as a general unsecured claim. | | | | | | | |
| 104 | WESSEL, AULENE<br>127 DINGLETOWN ROAD<br>GREENWICH, CT 06830 | 111 | SVB Financial Group | Priority | $28,011.48 | SVB Financial Group | Unsecured | $28,011.48 |
| | Reason: Deferred compensation liabilities are not entitled to priority status. The Debtor seeks to reclassify the claim to be treated as a general unsecured claim. | | | | | | | |
| 105 | YAKKALA, RAMANJANEYULU<br>3062 DANTE COURT<br>SAN JOSE, CA 95135 | 60 | SVB Financial Group | Priority | $256,220.85 | SVB Financial Group | Unsecured | $256,220.85 |
| | Reason: Deferred compensation liabilities are not entitled to priority status. The Debtor seeks to reclassify the claim to be treated as a general unsecured claim. | | | | | | | |
| 106 | YARLAGADDA, PHANINDRA<br>10430 CHERRY TREE LANE<br>CUPERTINO, CA 95014 | 727 | SVB Financial Group<br>SVB Financial Group<br><br>Subtotal | Priority<br>Unsecured<br><br> | $15,150.00<br>$1,528,102.87<br>$1,543,252.87 | SVB Financial Group | Unsecured | $1,543,252.87 |
| | Reason: Deferred compensation liabilities are not entitled to priority status. The Debtor seeks to reclassify the claim to be treated as a general unsecured claim. | | | | | | | |
| 107 | ZAHN, LAWRENCE HOWARD<br>3704 SOARING EAGLE<br>AUSTIN, TX 78746 | 831 | SVB Financial Group<br>SVB Financial Group<br><br>Subtotal | Priority<br>Unsecured<br><br> | $15,150.00<br>$419,759.66<br>$434,909.66 | SVB Financial Group | Unsecured | $434,909.66 |
| | Reason: Deferred compensation liabilities are not entitled to priority status. The Debtor seeks to reclassify the claim to be treated as a general unsecured claim. | | | | | | | |

*Indicates claim contains unliquidated and/or undetermined amounts

SVB Financial Group Case No. 23-10367

Reclassified Claims

Exhibit 6

|     | NAME | CLAIM # | DEBTOR | ASSERTED PRIORITY STATUS | AMOUNT | RECLASSIFIED DEBTOR | PRIORITY STATUS | AMOUNT |
|-----|------|---------|--------|--------------------------|--------|---------------------|-----------------|--------|
| 108 | ZETTLER, DEANNE KATHLEEN 108 LUCY CT LAKE ZURICH, IL 60047 | 689 | SVB Financial Group | Priority | $15,150.00 | SVB Financial Group | Unsecured | $118,677.76 |
|     |      |         | SVB Financial Group | Unsecured | $103,527.76 |                     |                 |            |
|     |      |         |                     | Subtotal | $118,677.76 |                     |                 |            |

Reason:  Deferred compensation liabilities are not entitled to priority status. The Debtor seeks to reclassify the claim to be treated as a general unsecured claim.

**EXHIBIT 7**

SVB Financial Group Case No. 23-10367
Insufficient Documentation Claims
Exhibit 7

| | NAME | DATE FILED | CASE # | CASE NUMBER / DEBTOR | CLAIM # | CLAIM AMOUNT |
|---|---|---|---|---|---|---|
| 1 | BACHAND, MICHAEL<br>N3975 PINE MOUNTAIN ROAD<br>IRON MOUNTAIN, MI 49801 | 06/10/2024 | 23-10367 | SVB Financial Group | 1421 | $103,000.00 |
| | Reason: The Creditor's failure to furnish requisite supporting documentation and/or adequately delineate the investment instrument results in the Debtor's incapacity to ascertain the nature and extent, if any, of indebtedness. | | | | | |
| 2 | CENTURYLINK COMMUNICATIONS, LLC (F/K/A QWEST COMMUNICATIONS COMPANY, LLC)<br>ATTN: LEGAL-BKY<br>1025 EL DORADO BLVD<br>BROOMFIELD, CO 80021 | 04/28/2023 | 23-10367 | SVB Financial Group | 20 | $41,875.26 |
| | Reason: The Creditor's failure to furnish requisite supporting documentation and/or adequately delineate the asserted liability results in the Debtor's incapacity to ascertain the nature and extent, if any, of indebtedness. | | | | | |
| 3 | GIUDICI, PAUL E<br>12 MACINTOSH DRIVE<br>CRANSTON, RI 02921 | 07/27/2023 | 23-10367 | SVB Financial Group | 428 | $54,318.75 |
| | Reason: The Creditor's failure to furnish requisite supporting documentation and/or adequately delineate the investment instrument results in the Debtor's incapacity to ascertain the nature and extent, if any, of indebtedness. | | | | | |
| 4 | NANCY J SAPON TRUST<br>10743 SUNNYBRAE AVENUE<br>CHATSWORTH, CA 91311 | 06/27/2024 | 23-10367 | SVB Financial Group | 1445 | $25,000.00* |
| | Reason: The Creditor's failure to furnish requisite supporting documentation and/or adequately delineate the asserted liability results in the Debtor's incapacity to ascertain the nature and extent, if any, of indebtedness. | | | | | |

*Indicates claim contains unliquidated and/or undetermined amounts

1

SVB Financial Group Case No. 23-10367
Insufficient Documentation Claims
Exhibit 7

| | NAME | DATE FILED | CASE # | CASE NUMBER / DEBTOR | CLAIM # | CLAIM AMOUNT |
|---|---|---|---|---|---|---|
| 5 | NEW JERSEY UNCLAIMED PROPERTY ADMINISTRATION PO BOX 214 TRENTON, NJ 08625 | 08/28/2023 | 23-10367 | SVB Financial Group | 1328 | Undetermined* |

Reason: The Creditor's failure to furnish requisite supporting documentation and/or adequately delineate the asserted liability results in the Debtor's incapacity to ascertain the nature and extent, if any, of indebtedness.

| | NAME | DATE FILED | CASE # | CASE NUMBER / DEBTOR | CLAIM # | CLAIM AMOUNT |
|---|---|---|---|---|---|---|
| 6 | SILICON VALLEY BANK (SVB GERMANY BRANCH) GUIOLLETTSTRASSE 48 FRANKFURT, 60325 GERMANY | 08/11/2023 | 23-10367 | SVB Financial Group | 1112 | $3,720.01 |

Reason: The Creditor's failure to furnish requisite supporting documentation and/or adequately delineate the asserted liability results in the Debtor's incapacity to ascertain the nature and extent, if any, of indebtedness.

| | NAME | DATE FILED | CASE # | CASE NUMBER / DEBTOR | CLAIM # | CLAIM AMOUNT |
|---|---|---|---|---|---|---|
| 7 | ZHANG, GUOLIANG 380 ESPLANADE AVE APT 301 PACIFICA, CA 94044-1818 | 06/25/2024 | 23-10367 | SVB Financial Group | 1437 | $3.60 |

Reason: The Creditor's failure to furnish requisite supporting documentation and/or adequately delineate the asserted liability results in the Debtor's incapacity to ascertain the nature and extent, if any, of indebtedness.

| | | | | | TOTAL | $227,917.62* |
|---|---|---|---|---|---|---|

*Indicates claim contains unliquidated and/or undetermined amounts

2

**EXHIBIT 8**

SVB Financial Group Case No. 23-10367
Satisfied Claims
Exhibit 8

| | NAME | DATE FILED | CASE # | CASE NUMBER / DEBTOR | CLAIM # | CLAIM AMOUNT |
|---|---|---|---|---|---|---|
| 1 | CDW DIRECT, LLC<br>ATTN: VIDA KRUG<br>200 N. MILWAUKEE AVE<br>VERNON HILLS, IL 60061 | 03/28/2023 | 23-10367 | SVB Financial Group | 1 | $17,117.55 |
| | Reason: Claim has been fully satisfied via: ACH #C0339934C A071000152A dated 03/31/23 and ACH #C0341565C A071000152A dated 04/06/23. | | | | | |
| 2 | CRESA PARTNERS BOSTON INC<br>280 CONGRESS STREET 10TH FLOOR<br>BOSTON, MA 02210 | 05/22/2023 | 23-10367 | SVB Financial Group | SCHF_00006547 | $61,454.19 |
| | Reason: Claim has been fully satisfied via: ACH #C0345025C dated 05/18/23 and ACH #C0344635C dated 05/13/23. | | | | | |
| 3 | ERNST AND YOUNG GMBH<br>WIRTSCHAFTSPRUFUNGSGESELLSCHAFT<br>MERGENTHALERALLEE3 5 65760 ESCHBORN<br>FRANKFURT, 5323<br>GERMANY | 05/22/2023 | 23-10367 | SVB Financial Group | SCHF_00006535 | $1,046.06 |
| | Reason: Claim has been fully satisfied via: EFT #C001567C dated 05/17/23. | | | | | |
| 4 | ERNST AND YOUNG LLP GBP<br>1 MORE LONDON PLACE<br>LONDON, SE1 2AF<br>UNITED KINGDOM | 05/22/2023 | 23-10367 | SVB Financial Group | SCHF_00006559 | $24,673.20 |
| | Reason: Claim has been fully satisfied via: ETF #C001688C dated 05/26/23. | | | | | |
| 5 | GERSHENBERG, AARON G.<br>30 EAGLE LANDING COURT<br>PARK CITY, UT 84060 | 08/09/2023 | 23-10367 | SVB Financial Group | 893 | $107,961.41 |
| | Reason: Claim has been fully satisfied. Please refer to DKT #813 filed on 01/17/24. | | | | | |

SVB Financial Group Case No. 23-10367
Satisfied Claims
Exhibit 8

| | NAME | DATE FILED | CASE # | CASE NUMBER / DEBTOR | CLAIM # | CLAIM AMOUNT |
|---|---|---|---|---|---|---|
| 6 | WOLF & COMPANY, PC ATTN: TERESA PREZIOSO 255 STATE STREET BOSTON, MA 02109 | 07/24/2023 | 23-10367 | SVB Financial Group | 379 | $18,250.00 |

Reason: Claim has been fully satisfied via: ACH #C002283C AA dated 03/05/2024.

| | NAME | DATE FILED | CASE # | CASE NUMBER / DEBTOR | CLAIM # | CLAIM AMOUNT |
|---|---|---|---|---|---|---|
| 7 | XORIANT CORPORATION 1248 REAMWOOD AVENUE SUNNYVALE, CA 94089 UNITED STATES | 05/22/2023 | 23-10367 | SVB Financial Group | SCHF_00006494 | $105,070.67 |

Reason: Claim has been fully satisfied via: ACH #C0345190C dated 05/20/23, ACH #C0345450C dated 05/24/23, ACH #C0347106C A121143260A dated 06/17/23, ACH #C0347402C A121143260A dated 06/22/23, and ACH #C0349395C A121143260A dated 07/19/23.

| | | | | | TOTAL | $335,573.08 |

## **EXHIBIT B**

**Declaration of Holden Bixler**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

————————————————————— x
                                  :
In re                         :        Chapter 11
                                  :
SVB FINANCIAL GROUP,[1]    :        Case No. 23-10367 (MG)
                                  :
          Debtor.          :
                                  :
————————————————————— x

**DECLARATION OF HOLDEN BIXLER IN SUPPORT OF DEBTOR'S SEVENTH
OMNIBUS OBJECTION TO CERTAIN PROOFS OF CLAIM WITH
BRIEF IN SUPPORT AND NOTICE OF OPPORTUNITY FOR HEARING**

I, Holden Bixler, under penalty of perjury, declare as follows:

1.      I am a Managing Director at Alvarez & Marsal North America, LLC

("A&M").  The above-captioned debtor (the "Debtor") retained A&M under section 363 of the

Bankruptcy Code to provide a Chief Restructuring Officer and other Personnel in connection

with its chapter 11 case.

2.      As part of my current position, I am responsible for assisting the Debtor

with certain claims management and reconciliation matters.  I am also familiar with the Debtor's

day-to-day operations, financing arrangements, business affairs, and books and records that

reflect, among other things, the Debtor's liabilities and the amount thereof owed to its creditors

as of the Petition Date.

3.      I have read the *Debtor's Seventh Omnibus Objection to Certain Proofs of

Claim with Brief in Support and Notice of Opportunity for Hearing* (the "Objection")[2] and am

---

[1]    The last four digits of SVB Financial Group's tax identification number are 2278.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the
Objection.

directly, or by and through the Debtor's advisors and personnel, familiar with the information

contained therein and the exhibits attached thereto.

    4.    I am authorized to submit this declaration (the "<u>Declaration</u>") in support of

the Objection.  All matters set forth in this Declaration are based on:  (a) my personal

knowledge; (b) my review of relevant documents; (c) my view, based on my experience and

knowledge of the Debtor and the Debtor's operations, books and records, and personnel;

(d) information supplied to me by the Debtor and by others at the Debtor's request; or (e) as to

matters involving United States bankruptcy law or rules or other applicable laws, my reliance on

the advice of counsel or other advisors to the Debtor.  If called upon to testify, I could and would

testify competently to the facts set forth herein.

    5.    To the best of my knowledge, information and belief, insofar as I have

been able to ascertain after reasonable inquiry, considerable time and resources have been

expended to ensure a high level of diligence in reviewing and reconciling the Proofs of Claim

filed against the Debtor in this chapter 11 case.

    6.    Upon a thorough review of the proofs of claim filed in this chapter 11 case

and supporting documentation thereto, the Debtor has determined that the Amended Claims

listed under the heading "<u>Claims to be Disallowed</u>" on **Exhibit 1** have been amended or

modified, and thus superseded, by a subsequently filed proof of claim which shall endure as a

Surviving Claim upon entry of the Order affirming the Objection.  Accordingly, I believe the

Amended Claims listed under the heading "<u>Claims to be Disallowed</u>" on **Exhibit 1** should be

disallowed and expunged in their entirety.

    7.    Upon a thorough review of the proofs of claim filed in this chapter 11 case

and supporting documentation thereto, the Debtor has determined that the Modified Amount

Claims listed under the heading "<u>Asserted</u>" have been partially satisfied.  Modifying the Modified Amount Claims to the amounts under the heading "<u>Modified</u>" on **Exhibit 2** will avoid unwarranted recoveries on a single claim to the detriment of other creditors.

8.    Upon a thorough review of the proofs of claim filed in this chapter 11 case and supporting documentation thereto, the Debtor has determined that the Substantive Duplicate Claims listed under the heading "<u>Claims to be Disallowed</u>" on **Exhibit 3** are substantive duplicates of other Claims filed by or on behalf of the same claimant, meaning that they are filed in respect of the same liabilities but may list different claimed amounts, contain less supporting documentation or have other variations, although in each case the later filed claims do not indicate that they are amendments of the earlier filed claims.  The Substantive Duplicate Claims listed under the heading "<u>Claims to be Disallowed</u>" on **Exhibit 3** should be disallowed and expunged so that no claimant obtains double recovery on account of any single obligation.  Accordingly, I believe the Substantive Duplicate Claims listed under the heading "<u>Claims to be Disallowed</u>" on **Exhibit 3** should be disallowed and expunged in their entirety.

9.    Upon a thorough review of the proofs of claim filed in this chapter 11 case and supporting documentation thereto, the Debtor has determined that the Late Filed Claims listed on **Exhibit 4** were filed after the applicable Bar Date.  Failure to disallow the Late Filed Claims would prejudice the holders of claims who complied with the Bar Date Order and timely filed their claims by potentially reducing the ultimate distribution to the holders of such claims.  Accordingly, I believe the Late Filed Claims listed on **Exhibit 4** should be disallowed and expunged in their entirety.

10.    Upon a thorough review of the proofs of claim filed in this chapter 11 case and supporting documentation thereto, the Debtor has determined that the No Liability Claims

-3-

listed on **Exhibit 5** are for claims on which the Debtor is not liable, for the various reasons set

forth in the Objection and **Exhibit 5**.

      (a)     There is one claim where the claimant, the State of New Jersey's Taxation

Bankruptcy Unit, seeks $00.00.  This claim amends Claim No. 100, which relates to the

Debtor's New Jersey tax liabilities for the tax year ending December 31, 2022.  This

claim has been satisfied.  The Debtor's New Jersey tax return for the tax year ending

December 31, 2022 filed on November 13, 2023 reported a tax liability of $8,000, and

such tax liability has been satisfied with an overpayment on account.

      (b)     There is one claim where the claimant, the New Mexico Taxation &

Revenue Department, seeks $00.00.  This claim amends Claim No. 13, which relates to

the Debtor's New Mexico tax liabilities for the tax year ending December 31, 2022.  This

claim has been satisfied.  The Debtor's New Mexico tax return for the tax year ending

December 31, 2022 filed on October 16, 2023 reported a tax liability of $50, and such tax

liability has been satisfied with an overpayment on account.

      (c)     There is one Claim where the claimant, Elizabeth A. Marx, is claiming

amounts allegedly owed under a Life Insurance Policy.  The Life Insurance policy

attached to the Proof of Claim is between Charter Bank, and Elizabeth A. Marx.  The

Debtor is not liable for this, as the obligation belonged to Charter Bank, which later

merged into Silicon Valley Bank, or the insurer under the policy.

      (d)     There are four Claims by claimants who are claiming amounts allegedly

owed by the Debtor for unpaid leases.  Those claims are not liabilities of the Debtor as

they were assumed and assigned to First-Citizens Bank & Trust Company or a designated

affiliate thereof ("<u>FCB</u>") pursuant to the *Order Authorizing the Assumption and*

*Assignment of Certain Executory Contracts and Unexpired Leases* [D.I. 369].

(e)    There are two Claims related to insurance policies.  Both Claims are unliquidated and appear to be protective in nature.  According to the Debtor's books and records, there is no liability owed to either claimant.

(f)    There are two Claims for payment of alleged amounts under executory contracts.  The relevant contracts have been assumed and assigned by the Debtor pursuant to the Court's orders as detailed in **Exhibit 5**.

11.    Accordingly, I believe the No Liability Claims listed on **Exhibit 5** should be disallowed and expunged in their entirety.

12.    The Deferred Compensation Agreement is the governing document for the Deferred Compensation Claims.  Upon a thorough review of the proofs of claim filed in this chapter 11 case and supporting documentation thereto, the Debtor has determined that the Deferred Compensation Claims and the other Misclassified Claims listed on **Exhibit 6** should be reclassified accordingly.

13.    Upon a thorough review of the proofs of claim filed in this chapter 11 case, the Debtor has determined that the Insufficient Documentation Claims listed on **Exhibit 7** lack the requisite supporting documentation for the Debtor to verify the existence of any claim against the Debtor.  Accordingly, I believe the Insufficient Documentation Claims listed on **Exhibit 7** should be disallowed and expunged in their entirety.

14.    Upon a thorough review of the proofs of claim filed in this chapter 11 case and supporting documentation thereto, the Debtor has determined that the Satisfied Claims listed on **Exhibit 8** are for obligations already satisfied by payments.  The individual reason for each of the Satisfied Claims is set forth on **Exhibit 8**.  Thus, the Satisfied Claims should be disallowed

and expunged so that no claimant obtains double recovery on account of any single obligation.

Accordingly, I believe the Satisfied Claims listed on **Exhibit 8** should be disallowed and

expunged in their entirety.

15.     Failure to disallow, expunge and modify, as applicable, the disputed

Claims could result in the relevant claimant receiving an unwarranted recovery against the

Debtor, to the detriment of other creditors.  Accordingly, I believe the Court should grant the

relief requested in the Objection.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and

correct.

*[Remainder of Page Intentionally Left Blank]*

Dated:  August 6, 2024

/s/ *Holden Bixler*

Holden Bixler
Managing Director, Alvarez & Marsal North
America

**<u>EXHIBIT C</u>**

**Deferred Compensation Plan**

**EXHIBIT 10.7**

**SVB Financial Group**

**Deferred Compensation Plan**

Amended and Restated Effective January 23, 2019

**TABLE OF CONTENTS**

**PURPOSES 1**

**ARTICLE 1 - DEFINITIONS 2**

**ARTICLE 2 - PARTICIPATION 5**

**ARTICLE 3 - DEFERRAL ELECTIONS 6**

**ARTICLE 4 - EMPLOYER CONTRIBUTIONS 9**

**ARTICLE 5 - PARTICIPANT ACCOUNT 10**

**ARTICLE 6 - INVESTMENT OF CONTRIBUTIONS 11**

**ARTICLE 7 - RIGHT TO BENEFITS 12**

**ARTICLE 8 - DISTRIBUTION OF BENEFITS 14**

**ARTICLE 9 - AMENDMENT AND TERMINATION 15**

**ARTICLE 10 - THE TRUST 16**

**ARTICLE 11 - MISCELLANEOUS 17**

**ARTICLE 12 - PLAN ADMINISTRATION 20**

**PURPOSES**

The purposes of the SVB Financial Group Deferred Compensation Plan (the "Plan") are (a) to permit eligible employees to elect to defer receipt of compensation which would otherwise be payable to them currently as annual base pay or bonuses and (b) to provide investment alternatives for voluntary and mandatory deferred compensation.

The Plan is intended to be a "plan which is unfunded and is maintained by an employer primarily for the purpose of providing deferred compensation for a select group of management or highly compensated employees" within the meaning of Sections 201(2), 301(a)(3) and 401(a)(1) of ERISA and shall be implemented and administered in a manner consistent therewith. The Plan also is intended to comply with Section 409A of the Internal Revenue Code.

1

## ARTICLE 1 - DEFINITIONS

Wherever used herein, the following terms have the meanings set forth below, unless context clearly requires a different meaning:

1.1 **"Account"** means an account established for the purpose of recording amounts credited on behalf of a Participant pursuant to Article 3 and/or Employer Contributions pursuant to Article 4, and any income, expenses, gains, losses or distributions included thereon. The Account shall be a bookkeeping entry only and shall be utilized solely as a device for the measurement and determination of the amounts to be paid to a Participant pursuant to the Plan.

1.2 **"Administrator"** means the Employer, or such other person or persons designated by the Employer to be responsible for the administration of the Plan.

1.3 **"Base Pay"** means the basic or regular rate of per payroll period remuneration paid to the Participant by the Employer.

1.4 **"Beneficiary"** means the persons, trusts, estates or other entities entitled under Section 7.2 to receive benefits under the Plan upon the death of a Participant.

1.5 **"Board"** means the Compensation Committee of Board of Directors of the Plan Sponsor.

1.6 **"Bonus"** means a bonus payment that is earned by an Eligible Employee during the Plan Year for services rendered to Employer and that the Administrator has designated as deferrable under the Plan prior to the commencement of any applicable Plan Year.

1.7 **"Code"** means the Internal Revenue Code of 1986, as amended from time to time.

1.8 **"Compensation"** means Base Pay and Bonus earned by an Eligible Employee during the Plan Year for services rendered to Employer as determined by the Administrator.

1.9 **"Deferral Election"** means an election an Eligible Employee makes as provided by Section 3.1.

1.10 **"Eligible Employee"** means an employee that Employer (a) determines to be a member of a select group of management or highly compensated employees within the meaning of Sections 201(2), 301(a)(3) and 401(a)(1) of ERISA, and (b) designates as an Eligible Employee for purposes of this Plan.

1.11 **"Employer"** means SVB Financial Group and all other members of SVB Controlled Group that it designates to participate in this Plan.

2

1.12    "**Employer Contributions**" means those contributions made to the Plan by Employer into the Participant's Account in accordance with Article 4.

1.13    **"ERISA"** means the Employee Retirement Income Security Act of 1974, as amended from time to time.

1.14    **"Participant"** means any Eligible Employee who participates in the Plan in accordance with Article 2.

1.15    **"Plan"** means this SVB Financial Group Deferred Compensation Plan, as set forth herein and as it may be amended from time to time.

1.16    **"Plan Sponsor"** means SVB Financial Group.

1.17    **"Plan Year"** means the calendar year; provided, however, that solely for purposes of Sections 3.1, 3.2 and 3.5, prior to the commencement of an applicable calendar year the Plan Administrator may determine that the Plan Year shall be a different period of roughly-equivalent time with respect to Base Pay deferral elections, which alternative period of time shall commence no sooner than the first day of the applicable calendar year, and the Plan Administrator shall timely communicate to Participants such alternative Plan Year for purposes of Participants' Base Pay deferral elections for the alternative Plan Year. Notwithstanding the foregoing, an alternative Plan Year shall not overlap with another Plan Year.

1.18    **"Separation from Service"** means a Participant's death, retirement, or other termination of employment with the SVB Controlled Group.  The determination of whether a Participant has terminated employment shall be determined based on the facts and circumstances in accordance with the rules set forth in Code Section 409A and the regulations thereunder. Whether a Separation from Service has occurred is based on whether the facts and circumstances indicate that the Participant and the Employer reasonably anticipated that no further services would be performed for the Employer after a certain date or that the level of bona fide services the Participant would perform after such date (whether as an employee or as an independent contractor) would permanently decrease to less than twenty percent (20%) of the average level of bona fide services performed (whether as an employee or an independent contractor) over the immediately preceding 36-month period (or if employed by an Employer less than 36 months, such lesser period). A Participant will be deemed to have had a Separation from Service if the Participant's level of bona fide services performed decreases to a level that is twenty percent (20%) or less of the average level of services performed by the Participant during the immediately preceding 36-month period (or if the Participant has not been employed for 36 months, such less period of employment).  A Participant shall not be deemed to have Separated from Service if the Participant continues to provide services to an Employer (whether as an employee or an independent contractor) at an annual rate that is fifty percent (50%) or more of the services rendered, on average, during the immediately preceding 36 months of employment with an

3

Employer (or if employed by an Employer less than 36 months, such lesser period). In addition to the foregoing, a Separation from Service will not be deemed to have occurred while a Participant is on military leave, sick leave, or other bona fide leave of absence if the period of such leave does not exceed six months, or if longer, so long as the Participant's right to reemployment with the Employer is provided either by statute or contract. If the period of leave exceeds six months and the Participant's right to reemployment is not provided either by statute or contract, then the Participant is deemed to have Separated from Service on the first day immediately following such six-month period.

1.19    **"Special Retention Incentives"** means retention incentives offered to selected key Participants as provided in Section 3.4.

1.20    **"Specified Employee"** means a Participant who is identified as a "specified employee" as of the date of his or her Separation from Service in accordance with the requirements of Treasury Regulation Section 1.409A-1(i).

1.21    **"SVB Controlled Group"** means the Employers and any corporation which is a member of a controlled group of corporations (as defined in Code Section 414(b)) which includes an Employer and any trade or business (whether or not incorporated) which is under common control (as defined in Code Section 414(c)) with an Employer.

1.22    **"Total Disability"** means total disability as determined by the Social Security Administration or other disability that complies with the requirements of Treasury Regulations Section 1.409A-3(i)(4).

1.23    **"Valuation Date"** means each business day of the Plan Year and such other date(s) as Employer designates.

## ARTICLE 2 - PARTICIPATION

2.1    **Participation.** Each Eligible Employee shall become a Participant in the Plan by (a) executing a Deferral Election in accordance with the provisions of Article 3, (b) receiving an Employer Contribution pursuant to Article 4 or (c) being designated as a Participant in a Special Retention Incentive.

2.2    **Termination of Participation.**  A Participant's participation in the Plan shall cease upon his or her termination of service with the Employer for any reason or his or her ceasing to qualify as an Eligible Employee. Upon any termination of participation, a Participant's deferrals and/or Employer Contributions, if any, shall cease but the provisions of Section 8.2 shall continue to apply.

2.3    **Other Termination of Employment.** If the Participant's employment is terminated prior to the end of a Special Retention Incentive Vesting Period for any reason other

4

than death or Total Disability, the Participant will forfeit all rights to payment of the Special Retention Incentive under this Plan.

## ARTICLE 3 - DEFERRAL ELECTIONS

3.1    **Deferral Election.** Each Eligible Employee may elect to defer Compensation earned by him or her during a Plan Year by executing a Deferral Election in accordance with rules and procedures established by the Administrator and the provisions of this Article 3. The Deferral Election must separately specify for each type of Compensation (i.e., Base Pay and Bonus) the whole number percentage multiple that the Participant elects to defer and the timing and form of payment of the deferred amount.

A new Deferral Election must be timely executed for each Plan Year during which the Eligible Employee elects to defer Compensation. An Eligible Employee who does not timely execute a Deferral Election shall be deemed to have elected zero deferrals for such Plan Year.

The Administrator shall specify a period, ending no later than December 31st of the calendar year immediately preceding the Plan Year during which Deferral Elections may be made as to Compensation earned during a Plan Year. Each Deferral Election becomes irrevocable at the close of the specified period.

3.2    **Election to Defer Base Pay.** An Eligible Employee may elect to defer Base Pay for a Plan Year in any amount (in 1% increments) from 5% to 50% of Base Pay.

3.3    **Election to Defer Bonus.** An Eligible Employee may elect to defer (in 1% increments) from 5% to 100% of his or her Bonus for a Plan Year.

3.4    **Special Retention Incentives.** From time to time during the Plan Year, the Administrator, in its sole discretion, shall designate Special Retention Incentives to key employees as eligible for investment in this Plan during the retention qualifying period.

3.5    **Timing of Election to Defer.**

3.5.1    **Base Pay.** Each Eligible Employee who desires to defer Base Pay earned during a Plan Year must execute a Deferral Election within the period preceding the Plan Year specified by the Administrator.

3.5.2    **Bonus.** Each Eligible Employee who desires to defer a Bonus must execute a Deferral Election within the period preceding the Plan Year during which the Bonus is earned that is specified by the Administrator.

3.5.3    **Performance-Based Compensation**. Notwithstanding the foregoing, with respect to any amounts to be contributed to the Plan for a Plan Year

5

that can be treated as "performance-based compensation" as described in Code Section 409A(a)(4)(B)(iii) and the Treasury Regulations promulgated thereunder, a Deferral Election must be executed no later than the date which is six months before the end of the performance period in which the amount (i.e. Bonus) is earned, provided that the Participant performs services continuously from the later of the beginning of the performance period or the date the performance criteria are established through the date the election is made and the election may not be made after the date the amount of such performance-based compensation has become reasonably ascertainable. Performance-based compensation means compensation the amount of which, or entitlement to, is contingent on satisfying pre-established organizational or individual performance criteria relating to a performance period of at least 12 consecutive months. Performance criteria are pre-established if established in writing by not later than 90 days after the beginning of the performance period; provided the outcome of the criteria are substantially uncertain at the time the criteria are established.

3.5.4    **Initial Year of Eligibility**. In the case of the first Plan Year in which an Employee first becomes classified or designated as an Eligible Employee, if and to the extent permitted by the Administrator, the individual may make an election no later than thirty (30) days after the date he or she becomes an Eligible Employee to defer Base Pay and/or Bonus (as applicable), for services to be performed after the election or to elect the time and form of payment of any Employer Contribution. A Deferral Election will be deemed to apply to Bonus for services performed after the election if the election applies to no more than an amount equal to the total Bonus for the performance period multiplied by the ratio of the number of days remaining in the performance period after the election over the total number of days in the performance period. This paragraph will not apply to an Employee who is a participant in any other account balance deferred compensation plans maintained by any member of the SVB Controlled Group which is required to be aggregated with this Plan under Code Section 409A.

3.5.5    **Initial Deferral Election with Respect to Certain Forfeitable Rights**. Notwithstanding the foregoing, if an Eligible Employee has a right to a payment in a subsequent tax year that is subject to a condition requiring the Eligible Employee to perform services for the Employer for at least 12 months after the Eligible Employee obtains the legally binding right to the to avoid forfeiture of the payment (as described in Treasury Regulations Section 1.409A-2(a)(5)), the Participant may make a Deferral Election no later than 30 days after the Participant obtains the legally binding right to the payment, provided the Participant makes the election at least 12

6

months prior to the earliest date on which the applicable forfeiture condition could lapse.

3.6    **Election of Payment Schedule and Form of Payment.** At the time an Eligible Employee completes a Deferral Election in accordance with Section 3.5, the Eligible Employee must separately elect the time and form of payment for each type of Compensation being deferred (i.e., for Base Pay and Bonus). To the extent permitted by the Administrator, an Eligible Employee may elect the time and form of payment of an Employer Contribution pursuant to the applicable procedures in Section 3.5.

A Participant may designate a specific Plan Year to commence distribution of all or a portion of the Participant's Account. The Plan Year must be at least three Plan Years after the first day of the Plan Year during which the election is effective. A Participant may also elect to receive a distribution of all or a portion of the Participant's Account upon the Participant's Separation from Service. Notwithstanding the foregoing, in the event that a Participant's Separation from Service occurs prior to a Plan Year that a Participant has selected to commence distribution of all or a portion of his or her Account, such portion of the Participant's Account shall commence distribution upon the Participant's Separation from Service. In the event that a Participant (or Employer) fails to make a valid election with respect to the time of payment for deferrals of any type of Compensation or receipt of Employer Contributions for a Plan Year, then such amounts shall be paid upon the Participant's Separation from Service.

A Participant must elect to receive distribution of the Participant's Account in either a single lump sum in cash or in annual cash installments over a period of up to ten years. In the event that a Participant fails to make a valid election with respect to the form of payment for deferrals of any type of Compensation and/or receipt of Employer Contributions for a Plan Year, then such deferrals shall be paid in a single lump sum.


## ARTICLE 4 - EMPLOYER CONTRIBUTIONS

4.1    **Employer Contributions**. The Administrator, in its discretion, may credit additional amounts as Employer Contributions to the Account of any Eligible Employee, Participant or group of Participants. No such contribution to an Eligible Employee, Participant or group of Participants shall imply any right on the part of other Eligible Employees or Participants to receive a similar contribution, nor are such contributions required to be uniform with respect to the Participants for whom they are made.

4.2    **Timing**. The Administrator will make any Employer Contributions under Section 4.1 for a Plan Year at such times as Code Section 409A or any other applicable laws, rules and regulations may permit.

4.3 **Deferral Election**. To the extent permitted by the Administrator, an Eligible Employee or Participant may elect the time and form of payment of any Employer Contributions being made to the Plan on his or her behalf under Section 4.1. Any such election shall be subject to the Deferral Election rules set forth in Article 3 of the Plan. In the event that a the Participant is not permitted to elect the time and form of payment for an Employer Contribution, Employer may set the time and form of payment either before the Participant obtains the legally binding right to the payment or, if later, the date the an employee could have otherwise elected the time and form of payment under Article 3 of the Plan or as otherwise permitted in accordance with Section 409A of the Code.

4.4 **Vesting**. The vesting rules for any amounts credited to the Participant's Account as Employer Contributions are set forth in Section 7.1.2 of the Plan.

4.5 **Distribution**. The distribution rules for any amounts credited to the Participant's Account as Employer Contributions are set forth in Article 8 of the Plan.

## ARTICLE 5 - PARTICIPANT ACCOUNT

5.1 **Individual Accounts.** The Administrator will establish and maintain a bookkeeping Account for each Participant which will reflect deferrals made pursuant to Article 3, and Employer Contributions made pursuant to Article 4, if any, along with earnings, expenses, gains and losses credited thereto, attributable to the hypothetical investments made with the amounts in the Participant's Account as provided in Article 6. The amount a Participant elects to defer in accordance with Article 3 shall be credited to the Participant's Account at the time the amount subject to the Deferral Election would otherwise have been payable to the Participant but for his or her election to defer. Each Employer Contribution made pursuant to Article 4 shall be credited to a Participant's Account on the date approved by Employer or, if the Employer has not approved a specific date, within 30 days of the date the Employer approves crediting an Employer Contribution to the Participant's Account. The Administrator will establish and maintain such other accounts and records as it decides in its discretion to be reasonably required or appropriate to discharge its duties under the Plan.

## ARTICLE 6 - INVESTMENT OF CONTRIBUTIONS

6.1 **Investment Options.** The amount in a Participant's Account shall be treated as invested in the investment options designated for this purpose by the Administrator.

6.2 **Adjustment of Accounts.** The amount in a Participant's Account shall be adjusted for hypothetical investment earnings or losses in an amount equivalent to the gains or losses reported by the investment options selected by the Participant or Beneficiary from among the investment options provided in Section 6.1. A Participant may, in accordance with rules and procedures established by the

8

Administrator, change the investments to be used for the purpose of calculating future hypothetical investment adjustments to the Participant's Account or to future Participant deferrals and/or Employer Contributions effective as of the Valuation Date coincident with or next following notice to the Administrator.  The Account of each Participant shall be adjusted as of each Valuation Date to reflect: (a) the hypothetical investment earnings and/or losses described above; (b) Participant deferrals and/or Employer Contributions, if any; and (c) distributions or withdrawals from the Account.

## ARTICLE 7 - RIGHT TO BENEFITS

7.1    **Vesting.**

7.1.1    **Vesting for Voluntary Elected Deferral Amounts.** Except as provided in Sections 7.1.2 and 7.1.3, a Participant, at all times, has a 100% nonforfeitable interest in voluntary elected deferral amounts credited to his or her Account.

7.1.2    **Vesting for Employer Contributions**. At the time that the Administrator approves any Employer Contributions to be made to a Participant's Account for a Plan Year, the Administrator shall also determine, in its sole discretion, whether such Employer Contributions shall be subject to a substantial risk of forfeiture and the applicable vesting period (e.g., time or performance based vesting).  Unless otherwise provided by the Employer at the time of approval of an Employer Contribution on behalf of a Participant, a Participant's Employer Contributions under the Plan will become 100% vested (nonforfeitable) upon the occurrence of any of the following events:

7.1.2.1 The Participant's Total Disability;

7.1.2.2 Participant's death; or

7.1.2.3 Participant's involuntary Separation from Service due to job elimination.

7.1.3 In the event that a Participant's Employer Contributions become 100% nonforfeitable due to the occurrence of an event in Sections 7.1.2.1 or 7.1.2.3, such benefit will be paid to the Participant in a lump sum with 60 days of such event or, in the event of the Participant's death, paid pursuant to Section 7.2 below.

9

7.1.4      **Vesting for Special Retention Incentives**.  These awards are subject to time-based vesting requirements (and other vesting requirements as the Administrator may determine from time to time) based on the following schedule:

| Vesting Period | Retention Incentive to Salary Multiple |
|---|---|
| 3 years | Less than or equal to one times annual salary |
| 4 years | Greater than one times annual salary and less than or equal to two times annual salary |
| 5 years | Greater than two times annual salary |

7.2      **Death.** The balance or remaining balance credited to a Participant's Account shall be paid to his or her Beneficiary in a single lump sum payment as soon as practicable following the date of death, but in no event later than the end of the year in which the death occurred or, if later, the 15th day of the third month immediately following the date of death.  If multiple Beneficiaries have been designated, each Beneficiary shall receive a single lump sum payment of his or her specified portion of the Account as soon as practicable following the date of death, but in no event later than the end of the year in which the death occurred or, if later, the 15th day of the third month immediately following the date of death.

A Participant may designate a Beneficiary or Beneficiaries, or change any prior designation of Beneficiary or Beneficiaries in accordance with rules and procedures established by the Administrator.

A copy of the death notice or other sufficient documentation must be filed with and approved by the Administrator. If upon the death of the Participant there is, in the opinion of the Administrator, no designated Beneficiary for part or all of the Participant's Account, such amount will be paid to his or her estate (such estate shall be deemed to be the Beneficiary for purposes of the Plan) in a single lump sum payment.

**ARTICLE 8 - DISTRIBUTION OF BENEFITS**

8.1      **Amount of Benefits.** The amount credited to a Participant's Account as determined under Articles 5 and 7 shall determine and constitute the basis for the value of benefits payable to the Participant under the Plan.

10

8.2    **Method and Timing of Distributions for Voluntary Deferrals and Employer Contributions.**

8.2.1    **Method and Timing of Distributions for a Specified Plan Year.** In the event a Participant has selected a specific Plan Year to begin distribution of all or a portion of the voluntary deferrals and/or Employer Contributions (if any) credited to his or her Account, such distribution shall commence in January of the Plan Year that the Participant had elected for beginning such distribution from his or her Account, and shall be made in the form specified by the Participant in accordance with the provisions of Article 3.

8.2.2    **Method and Timing of Distributions for Separation from Service.** Subject to Section 8.4, in the event that all or any portion of a Participant's Account is distributable upon the Participant's Separation from Service, such distribution shall commence in January of the first Plan Year that commences six months after the Participant's date of Separation from Service, and shall be made in the form specified by the Participant in accordance with the provisions of Article 3.

8.3    **Method and Timing of Distributions for Special Retention Incentives.** Distributions for Special Retention Incentive will occur as soon as administratively feasible following the vesting date specified by the Administrator, but in no event more than 60 days.

8.4    **Cashouts of Amounts Not Exceeding $10,000.** If the amount credited to the Participant's Account does not exceed $10,000 at the time of the Participant's Separation from Service, the Employer may pay such amount to the Participant in a single lump sum payment as soon as practicable following such termination or cessation of service regardless of whether the Participant had made different elections of time or form of payment as to the amount credited to his or her Account or whether the Participant was receiving installments at the time of such termination. A distribution made to a Specified Employee shall not be made before the date that is six months after the date of his or her Separation from Service.

## ARTICLE 9 - AMENDMENT AND TERMINATION

9.1    **Amendment by Employer.** The Plan Sponsor reserves the right to amend the Plan (for itself and each Employer) through action of the Board.  An amendment must be in writing and executed by an officer authorized to take such action.  Each amendment shall be effective when approved by the Board.  No amendment can directly or indirectly deprive any current or former Participant or Beneficiary of all or any portion of his or her Account, which had accrued prior to the amendment.

9.2    **Retroactive Amendments.** An amendment made by the Plan Sponsor in accordance with Section 9.1 may be made effective on a date prior to the first day of the Plan Year in which it is adopted if such amendment is necessary or appropriate

11

to enable the Plan to satisfy the applicable requirements of the Code or ERISA or to conform the Plan to any change in federal law or to any regulations or ruling thereunder. Any retroactive amendment by the Plan Sponsor shall be subject to the provisions of Section 9.1.

9.3 **Plan Termination.** The Plan has been adopted with the intention and expectation that it will be continued indefinitely. Each Employer, however, reserves the right to terminate the Plan with respect to its participating employees. Each Employer has no obligation or liability whatsoever to maintain the Plan for any length of time and may discontinue contributions under the Plan or terminate the Plan at any time without any liability hereunder for any such discontinuance or termination.

9.4 **Distribution Upon Termination of the Plan.** Upon termination of the Plan, no further contributions shall be made under the Plan and if such termination meets the distribution acceleration requirements of Treasury Regulation Section 1.409A-3(j)(4)(ix), all amounts credited to each Participant's Account shall be paid out as soon as administratively feasible in accordance with such regulations in a single lump sum payment regardless of the elections the Participant had made concerning the time and form of payment of the amounts credited to his or her Account and regardless of whether the Participant was receiving installments at the time of such Plan termination.

## ARTICLE 10 - THE TRUST

10.1 **Establishment of Trust.** The Plan Sponsor may but is not required to establish a trust to hold amounts, which the Plan Sponsor may contribute from time to time to correspond to some or all amounts credited to Participants under Section 5.1. If the Plan Sponsor elects to establish a trust, the provisions of Sections 10.2 and 10.3 shall become operative.

10.2 **Grantor Trust.** Any trust established by the Plan Sponsor shall be between the Plan Sponsor and a trustee pursuant to a separate written agreement under which assets are held, administered and managed, subject to the claims of the Plan Sponsor's creditors in the event of the Plan Sponsor's insolvency, until paid to the Participant and/or his or her Beneficiaries specified in the Plan. The trust is intended to be treated as a grantor trust under the Code, and the establishment of the trust shall not cause the Participant to realize current income on amounts contributed thereto.

10.3 **Investment of Trust Funds.** Any amounts contributed to the trust by the Plan Sponsor shall be invested by the trustee in accordance with the provisions of the trust and the instructions of the Administrator. Trust investments need not reflect the hypothetical investments selected by Participants under Section 6.1 for the purpose of adjusting Accounts and the earnings or investment results of the trust

12

shall not affect the hypothetical investment adjustments to Participants' Accounts under the Plan.

## ARTICLE 11 - MISCELLANEOUS

11.1 **Acceleration of Payments Permitted Under Code Section 409A.** Notwithstanding anything in this Plan to the contrary, the Administrator may provide that a Participant will receive all or a portion of his or her Account prior to the time specified in this Plan to the extent such acceleration is permitted under Code Section 409A.

11.2 **Unsecured General Creditor of the Employer.** Participants and their Beneficiaries, heirs, successors and assigns shall have no legal or equitable rights, interests or claims in any property or assets of the Employer. For purposes of the payment of benefits under the Plan, any and all of the Employer's assets shall be, and shall remain, the general, unpledged, unrestricted assets of the Employer. Each Employer's obligation under the Plan shall be merely that of an unfunded and unsecured promise to pay money in the future.

11.3 **Employer's Liability.** Each Employer's liability for the payment of benefits under the Plan shall be defined only by the Plan and by the Deferral Elections entered into between a Participant and the Employer. An Employer shall have no obligation or liability to a Participant under the Plan except as provided by the Plan and a Deferral Election or agreements. An Employer shall have no liability to Participants employed by other Employers.

11.4 **Limitation of Rights.** Neither the establishment of the Plan, nor any amendment thereof, nor the creation of any fund or account, nor the payment of any benefits, will be construed as giving to the Participant or any other person any legal or equitable right against the Employer or Administrator, except as provided herein; and in no event will the terms of employment or service of the Participant be modified or in any way affected hereby.

11.5 **Assignment of Benefits.** Except as hereinafter provided with respect to marital disputes, none of the benefits or rights of a Participant or any Beneficiary of a Participant shall be subject to the claim of any creditor. In particular, to the fullest extent permitted by law, all such benefits and rights shall be free from attachment, garnishment, or any other legal or equitable process available to any creditor of the Participant and his or her Beneficiary. Neither the Participant nor his or her Beneficiary shall have the right to alienate, anticipate, commute, pledge, encumber, or assign any of the payments which he or she may expect to receive, contingently or otherwise, under this Plan, except the right to designate a Beneficiary to receive death benefits provided hereunder. In cases of marital dispute, the Employer shall observe the terms of the Plan unless and until ordered to do otherwise by a state or Federal court. As a condition of participation, a Participant agrees to hold the

13

Employer harmless from any harm that arises out of the Employer's obeying the final order of any state or Federal court, whether such order effects a judgment of such court or is issued to enforce a judgment or order of another court. A distribution made to comply with a court-approved settlement incident to divorce or to comply with Federal conflict of interest requirements shall be permitted, notwithstanding the provisions of Article 3 or any elections made by the Participant to the contrary.

11.6   **Facility of Payment.** If the Administrator determines, on the basis of medical reports or other evidence satisfactory to the Administrator, that the recipient of any benefit payments under the Plan is incapable of handling his or her affairs by reason of minority, illness, infirmity or other incapacity, the Administrator may direct the Employer to disburse such payments to a person or institution designated by a court which has jurisdiction over such recipient or a person or institution otherwise having the legal authority under State law for the care and control of such recipient. The receipt by such person or institution of any such payments therefore, and any such payment to the extent thereof, shall discharge the liability of the Employer for the payment of benefits hereunder to such recipient.

11.7   **Notices.** Any notice or other communication in connection with the Plan shall be deemed delivered in writing if addressed as provided below and if either actually delivered at said address or, in the case of a letter, five business days shall have elapsed after the same shall have been deposited in the United States mails, first-class postage prepaid and registered or certified:

(a)        If it is sent to the Employer or Administrator, it will be at the address specified by the Employer; or

(b)        In each case at such address as the addressee shall have specified by written notice delivered in accordance with the foregoing to the addressor's then effective notice address.

11.8   **Tax Withholding.** The Employer shall have the right to deduct from all payments or deferrals made under the Plan any tax required by law to be withheld. If the Employer concludes that tax is owed with respect to any deferral or payment hereunder, the Employer shall withhold such amounts from any payments due the Participant, as permitted by law, or otherwise make appropriate arrangements with the Participant or his or her Beneficiary for satisfaction of such obligation. Tax, for purposes of this Section 11.8 means any federal, state, local or any other governmental income tax, employment or payroll tax, excise tax, or any other tax or assessment owing with respect to amounts deferred, any earnings thereon, and any payments made to Participants under the Plan.

11.9   **Indemnification.** Each Employer shall indemnify and hold harmless each employee, officer, or director of an Employer to whom is delegated duties, responsibilities, and authority with respect to the Plan against all claims, liabilities, fines and penalties, and all expenses reasonably incurred by or imposed upon him

14

or her (including but not limited to reasonable attorney fees) which arise as a result of his or her actions or failure to act in connection with the operation and administration of the Plan to the extent lawfully allowable and to the extent that such claim, liability, fine, penalty, or expense is not paid for by liability insurance purchased or paid for by an Employer. Notwithstanding the foregoing, an Employer shall not indemnify any person for any such amount incurred through any settlement or compromise of any action unless the Employer consents in writing to such settlement or compromise.

11.10   **Governing Law.** The Plan will be construed, administered and enforced according to ERISA, and to the extent not preempted thereby, the laws of the State of California.

## ARTICLE 12 - PLAN ADMINISTRATION

12.1   **Powers and Responsibilities of the Administrator.** The Administrator has the full power and the full responsibility to administer the Plan in all of its details, subject, however, to the applicable requirements of ERISA. The Administrator's powers and responsibilities include, but are not limited to, the following:

(a)         To make and enforce such rules and regulations as it deems necessary or proper for the efficient administration of the Plan;

(b)         To interpret the Plan, its interpretation thereof in good faith to be final and conclusive on all persons claiming benefits under the Plan;

(c)         To decide all questions concerning the Plan and the eligibility of any person to participate in the Plan;

(d)         To administer the claims and review procedures specified in Section 12.2;

(e)         To compute the amount of benefits which will be payable to any Participant, former Participant or Beneficiary in accordance with the provisions of the Plan;

(f)         To determine the person or persons to whom such benefits will be paid;

(g)         To authorize the payment of benefits;

(h)         To comply with the reporting and disclosure requirements of Part 1 of Subtitle B of Title I of ERISA;

(i)         To appoint such agents, counsel, accountants, and consultants as may be required to assist in administering the Plan;

(j)         By written instrument, to allocate and delegate its responsibilities, including the formation of an Administrative Committee to administer the Plan.

15

12.2   **Claims and Review Procedures.**

(a)      <u>Claims Procedure</u>. If any person believes he or she is being denied any rights or benefits under the Plan, such person may file a claim in writing with the Administrator within one year of the date of the event giving rise to the claim for benefits under the Plan.  If any such claim is wholly or partially denied, the Administrator will notify such person of its decision in writing.  Such notification will contain (i) specific reasons for the denial, (ii) specific reference to pertinent Plan provisions, (iii) a description of any additional material or information necessary for such person to perfect such claim and an explanation of why such material or information is necessary, and (iv) information as to the steps to be taken if the person wishes to submit a request for review.  Such notification will be given within 90 days after the claim is received by the Administrator (or within 180 days, if special circumstances require an extension of time for processing the claim, and if written notice of such extension and circumstances is given to such person within the initial 90-day period).

(b)      <u>Review Procedure</u>. Within 60 days after the date on which a person receives a written notification of denial of claim, such person (or his or her duly authorized representative) may (i) file a written request with the Administrator for a review of his or her denied claim and of pertinent documents and (ii) submit written issues and comments to the Administrator.  The Administrator will notify such person of its decision in writing.  Such notification will be written in a manner calculated to be understood by such person and will contain specific reasons for the decision as well as specific references to pertinent Plan provisions.  The decision on review will be made within 60 days after the request for review is received by the Administrator (or within 120 days, if special circumstances require an extension of time for processing the request, such as an election by the Administrator to hold a hearing, and if written notice of such extension and circumstances is given to such person within the initial 60-day period).

(c)      No action at law or equity shall be brought to recover benefits under the Plan unless the action is commenced within two (2) years after the occurrence of the loss for which a claim is made. Except as required by applicable law, no action at law or equity shall be brought to recover a benefit under the Plan unless and until the claimant has:

(i)              submitted a claim for benefits;

(ii)             been notified by the Board that the benefits (or a portion thereof) are denied;

(iii)            filed a written request for a review of denial with the Board; and

16

(iv)                         been notified in writing that the denial has been affirmed.

12.3   **Plan Administrative Costs.**  All reasonable costs and expenses (including legal, accounting, and employee communication fees) incurred by the Administrator in administering the Plan shall be paid by the Employer.

12.4   **Code Section 409A.**  The Plan shall be interpreted and construed as necessary to comply with Code Section 409A and any regulations or other guidance promulgated thereunder. Any provision that is noncompliant with Code Section 409A is deemed amended to comply with Code Section 409A Code or if it cannot be so amended is void.  The Employer does not guarantee the tax treatment of any payment or benefit under the Plan and the Participant shall at all times be responsible for any and all tax liabilities and payments related to the benefits provided hereunder.

Approved by the Compensation Committee on January 23, 2019.  Refer to official Compensation Committee Minutes for approval record.