**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:

SVB FINANCIAL GROUP,

        Reorganized Debtor.

**NOT FOR PUBLICATION**

Case No. 23-10367 (MG)

**MEMORANDUM OPINION AND ORDER RE DEBTOR'S**
**NINTH OMNIBUS OBJECTION TO CERTAIN PROOFS OF CLAIMS**

*A P P E A R A N C E S:*

SULLIVAN & CROMWELL LLP
*Attorneys for the Reorganized Debtor*
125 Broad Street
New York, NY 10004
By:    James L. Bromley, Esq.
         Andrew G. Dietderich, Esq.
         Christian P. Jensen, Esq.
         Angela Zhu, Esq.

Harbir Dhillon
*Pro se Creditor*

**MARTIN GLENN**
**CHIEF UNITED STATES BANKRUPTCY JUDGE**

      Pending before the Court is the ninth omnibus claims objection (the "Claims Objection," ECF Doc. # 1518) of SVB Financial Group (the "Debtor" or "SVB") for entry of an order disallowing and expunging certain claims (each, "POC [Claim Number]," and collectively, the "Claims") from the Debtor's claims register in their entirety. (Claims Objection at 1–2.) The Claims are set forth and identified in Exhibit 1, Exhibit 2, Exhibit 3, Exhibit 4, Exhibit 5, and Exhibit 6 to the proposed order (the "Proposed Order") that is annexed to the Claims Objection as Exhibit A. Also included as part of the Claims Objection is the declaration of Holden Bixler, managing director at Alvarez & Marsal North America LLC, in support of the Claims Objection (the "Bixler Declaration") as Exhibit B. On November 1, 2024, the Debtor filed revised Exhibits

3 and 4 to the Proposed Order (each, a "Revised Exhibit [Number]") granting the relief sought. (*See Notice of Filing of Revised Exhibits to the Proposed Order Sustaining the Debtor's Ninth Omnibus Objection to Claims* (the "Revised Exhibits"), ECF Doc. # 1553.)

The response deadline to the Claims Objection was October 31, 2024 at 4:00 p.m. (ET). Only *pro se* creditor Harbir Dhillon filed a response (the "Dhillon Response," ECF Doc. # 1539) in connection with POC 1395 he filed in the unsecured amount of $829,057.02 (the "Dhillon Claim").[1]  Revised Exhibit 3 reflects the Debtor's withdrawal of the Claims Objection to the Dhillon Claim as Dhillon "agreed to the Modified Amount specified."[2]  (Revised Exhibits at 2.) Accordingly, this Opinion will not address the Dhillon Response.

For the reasons discussed below, the Court **SUSTAINS** the Claims Objection as to all of the Claims, *except for the Sanchez Claim* (defined below).  With respect to the Sanchez Claim, the Court **DIRECTS** the Debtor to submit a supplemental declaration on or before November 14, 2024, addressing whether the vesting date for Sanchez's equity award occurred before March 10, 2023.  If the vesting date was after March 10, 2023, the Claims Objection to the Sanchez Claim will be **SUSTAINED**.

---

[1] The Dhillon Response opposed the Claims Objection's proposed modification of Mr. Dhillon's asserted claim amount and requested, instead, that the Court allow the Dhillon Claim based on current market values. (Dhillon Response at 2.)  It argued that reduction of the Dhillon Claim amount based on an "outdated valuation [was] unfair and denie[d] [him] the actual value of [his] investment."  (*Id.*)

[2] The Revised Exhibit 3 also withdraws the Claims Objection with respect to one other proof of claim in addition to the Dhillon Claim.

2

### I. BACKGROUND

**A. Relevant Case History**

On March 17, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for chapter 11 relief under the Bankruptcy Code. (Claims Objection ¶ 1.) On March 28, 2023, the U.S. Trustee appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102 of the Bankruptcy Code. (*Id.*)

On June 29, 2023, the Court entered an order establishing certain dates and deadlines for filing proofs of claims (the "Bar Date Order," ECF Doc. # 373). (*Id.* ¶ 4.) Specifically, the Bar Date Order established, among other things, (a) August 11, 2023 at 4:00 p.m. as the bar date for certain entities other than governmental units to file proofs of claim against the Debtor that arose prior to the Petition Date, including, subject to the exceptions, secured claims, unsecured priority claims, unsecured nonpriority claims, and claims pursuant to section 503(b)(9) of the Bankruptcy Code (the "General Bar Date"), and (b) September 14, 2023 at 4:00 p.m. as the bar date for governmental units to file proofs of claim against the Debtor (the "Governmental Bar Date"). (Bar Date Order ¶¶ 3–4.) The bar date for any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease is (i) the later of (A) the General Bar Date and (B) the date that is 30 days after the effective date of rejection for such executory contract or unexpired lease or (ii) any date this Court may fix in the applicable order authorizing the rejection of an executory contract or unexpired lease. (Claims Objection ¶ 4.)

On August 2, 2024, the Court entered the *Findings of Fact, Conclusions of Law and Order Confirming the Debtor's Second Amended Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* (the "Confirmation Order," ECF Doc. # 1379, and with respect to the plan attached thereto, the "Plan") confirming the Plan. (*Id.* ¶ 2.)

3

### B. Omnibus Claims Objection Procedures

As of the date of the Claims Objection, the Debtor indicates that it has received more than 1,850 claims in the total asserted amount of nearly $12 billion. (*Id.* ¶ 6.) Such claims include, among other things, general unsecured trade claims, employee claims, and litigation claims. (*Id.*) The Debtor notes that a number of these claims have been or may be satisfied in the ordinary course of business or pursuant to a prior order of the Court. (*Id.*)

On November 30, 2023, the Court entered an order (ECF Doc. # 713) approving the Debtor's proposed omnibus claims objection procedures (the "Omnibus Claims Objection Procedures"). (*Id.* ¶ 5.) Among other things, the Omnibus Claims Objection Procedures allow the Debtor to combine and file up to 200 objections to claims in a single omnibus objection and group together the claims with multiple objections if the multiple objections are the same with respect to all claims. (*Id.*)

### C. The Debtor's Ninth Omnibus Claims Objection

The Claims Objection seeks entry of an order disallowing and expunging each of the Claims from the Debtor's claims register. The Debtor indicates that, with the assistance of its professionals, it reviewed the Claims to determine, among other things, whether such Claims had already been satisfied by the Debtor and/or corresponded to notation of amounts outstanding in the Debtor's books and records. (*Id.* ¶ 22.) Based on a review of the Debtor's books and records, the Debtor objects to the following:

- the Claims identified on Exhibit 1 to the Proposed Order (such Claims, the "No Liability Claims");
- the Claim identified on Exhibit 2 to the Proposed Order (such Claim, the "Insufficient Documentation Claim");
- the Claims identified on Revised Exhibit 3 to the Proposed Order (such Claims, the "Modified Amount Claims");

4

- the Claims identified on Exhibit 5 to the Proposed Order (such Claims, the "Amended Claims"); and

- the Claims identified on Exhibit 6 to the Proposed Order (such Claims, the "Duplicate Bondholder Claims").[3]

(*Id.*)

### 1. No Liability Claims (Exhibit 1 to the Proposed Order)

The Debtor seeks to disallow and expunge the No Liability Claims listed on Exhibit 1 to the Proposed Order as being claims for which the Debtor is not liable. (*Id.* ¶ 23.) In support of disallowance, the Debtor cites to section 502(b)(1), which provides that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor." (*Id.* (quoting 11 U.S.C. § 502(b)(1).) The reasons for each of the No Liability Claims is as follows:

- POC 734 was filed by Colleen Graham in the amount of $1,995,035.30 (the "Graham Claim") on account of equity awards granted to her on July 1, 2021 she alleges she did not receive. Attached to the Graham Claim are Fidelity Account statements containing the value of shares she asserts were not granted. After review of its books and records, the Debtor determined that she received all equity awards she was entitled to; there are no outstanding awards owed.

- POC 142 was filed by Newfront Retirement Systems, Inc. ("Newfront") for $27,500.00 on account of amounts owed for consulting services (the "Newfront Claim"). The Debtor indicates that after reconciliation of its own books and records, it determined there was no contract between the claimant and the Debtor as it is unaware of any such contract. Furthermore, the Debtor argues, the invoice provided in the supporting documents was made out to Silicon Valley Bank and does not pertain to the Debtor.

- POC 1020 was filed by Veronica Sanchez in the amount of $70,000.00 on account of equity awards she alleges she did not receive (the "Sanchez Claim"). The Debtor believes it has no liability because the claimant's equity awards were forfeited upon the termination of her employment, which occurred on March 10, 2023. The terms of the Debtor's 2006 Equity Incentive Plan (Bixler Declaration, Annex A) provide that awards may only be granted to "Service Providers," which is defined to comprise "Employees, Directors or Consultants."

---

[3]   As reflected in the Revised Exhibit 4, the Claims Objection to the sole claim identified on Exhibit 4 to the Proposed Order (the "Late Filed Claim") has been adjourned. Accordingly, this Opinion will not address the Late Filed Claim.

5

(*Id.* ¶ 24 & Ex. 1.)

The Debtor asserts that the disallowance and expungement of the No Liability Claims in their entirety is "necessary" as their inclusion on the claims register "unjustifiably encumbers the Debtor's asset pool and hinders the equitable treatment of legitimate creditors." (*Id.* ¶ 25.)

2. Insufficient Documentation Claims (Exhibit 2 to the Proposed Order)

The Debtor argues that the Insufficient Documentation Claim listed on Exhibit 2 to the Proposed Order should be disallowed and expunged in its entirety because it lacks the requisite supporting documentation for the Debtor to verify the existence of any claim against the Debtor. (*Id.* ¶¶ 26–27.) While the claim attaches some documentation, the Debtor maintains that such documentation is insufficient to verify the existence or amount of the underlying claim as it relates to the Debtor. (*Id.* ¶ 26.) As such, the Insufficient Documentation Claim is not *prima facie* valid as required under Rule 3001(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). (*Id.*; *see* FED. R. BANKR. P. 3001(c) (requiring a claimant that files a proof of claim based on a writing to include a copy of the writing or otherwise explain that the writing has been lost or destroyed).)

3. Modified Amount Claims (Revised Exhibit 3 to the Proposed Order)

The Debtor objects to the Modified Amount Claims listed on Revised Exhibit 3 on grounds that they relate to alleged unpaid amounts under the SVBFG Deferred Compensation Plan (the "Deferred Compensation Plan," Bixler Declaration, Annex B). (Claims Objection ¶ 29.) The Debtor submits that the Modified Amount Claims assert amounts or include scheduled amounts that do not match the "Petition Date vested account balances provided by the plan administrator of the Deferred Compensation Plan." (*Id.*) The amounts set forth under the column heading "Modified" on Revised Exhibit 3 are the modified amounts reflecting the

6

Petition Date vested balances that the plan administrator of the Deferred Compensation Plan provided to the Debtor's advisors. (*Id.*)

Modification of the amounts of the Modified Amount Claims as set forth on Revised Exhibit 3 will "avoid unwarranted recoveries on a single claim to the detriment of other creditors." (*Id.* ¶ 30.) Note that the Debtor reserves the right to object to the proofs of claim or scheduled claims, as modified per Revised Exhibit 3, on "any other grounds whatsoever." (*Id.*)

### 4. Amended Claims (Exhibit 5 to the Proposed Order)

The Debtor objects to the Amended Claims listed on Exhibit 5 to the Proposed Order as having been amended or modified, and thus superseded, by the corresponding subsequently filed proof of claim listed under the column heading, "Surviving Claims." (*Id.* ¶ 33.) The Surviving Claims liquidate, reduce, or otherwise modified the liability originally identified in the Amended Claims. (*Id.*) The Debtor indicates the Surviving Claims will remain on the Debtor's claims register as outstanding liabilities, subject to the Debtor's right to object to the Claims at a later date on any grounds permitted under applicable law or until the Surviving Claims are withdrawn by the claimants or disallowed by the Court. (*Id.* (citing 11 U.S.C. § 502(a)).)

The Debtor asserts that the relief requested is necessary to prevent the allowance of the Amended Claims as they have been superseded and remain on the claims register only as a technicality. (*Id.* ¶ 34.) Disallowance in this instance, the Debtor maintains, will prevent claimants from obtaining double recovery on account of a single obligation and limit such claimants to a single claim for amounts asserted in respect of the same liabilities. (*Id.*)

### 5. Duplicate Bondholder Claims (Exhibit 6 to the Proposed Order)

The Debtor objects to the Duplicate Bondholder Claims listed on Exhibit 6 to the Proposed Order as they are based on the same liabilities of proofs of claim filed by U.S. Bank

Trust Company, National Association, as indenture trustee under the senior notes indenture related to these Claims. (*Id.* ¶ 35.) The Debtor indicates it is not objecting to claimants receiving recoveries through the indenture trustee's proofs of claim on account of their status as holders of senior notes. (*Id.*) Thus, for each Duplicate Bondholder Claim, Exhibit 6 to the Proposed Order identifies the claim number under which the claimant will maintain a claim upon the expungement of the corresponding Duplicate Bondholder Claim(s) under the column heading "Surviving Claim." (*Id.* ¶¶ 35–36.)

As with the Amended Claims, the Debtor reserves the right to object to the Surviving Claims at a later date on any grounds that applicable law permits or until such Surviving Claims are withdrawn by the claimants or disallowed by the Court. (*Id.* ¶ 36 (citing 11 U.S.C. § 502(a)).) The Debtor maintains that claimants will not suffer any prejudice because the Surviving Claims will be unaffected by the relief sought in the Claims Objection. (*Id.*) Claimants' rights to assert liabilities against the Debtor's estate will be preserved, subject to the Debtor's ongoing rights to object to the Surviving Claims on any other applicable grounds. (*Id.*)

## II.    LEGAL STANDARD

Section 502 of the Bankruptcy Code provides that "[a] claim or interest, proof of which is filed under section 501 of [the Bankruptcy Code], is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502. Bankruptcy Rule 3007(c) and 3007(d) provide that, under certain circumstances, or with Court approval, more than one claim may be joined in a single objection. FED. R. BANKR. P. 3007(c)–(d).[4]

As set forth in Bankruptcy Rule 3001(f), a proof of claim executed and filed in accordance with Bankruptcy Rule 3001 shall constitute *prima facie* evidence of the validity and

---

[4] The order establishing the Omnibus Claims Objections Procedures provides a list of certain grounds upon which the Debtor is authorized to join claims in a single omnibus objection.

amount of claim. *See In re Residential Cap.*, 501 B.R. 531, 538 (Bankr. S.D.N.Y. 2013); *In re Vanegas*, 290 B.R. 190, 193 (Bankr. D. Conn. 2003) (citing Bankruptcy Rule 3001(f) and holding that the evidence submitted by the debtor was insufficient to overcome the validity and amount of bank's proof of claim); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 n.13, 553 (Bankr. S.D.N.Y. 2000) (citing Bankruptcy Rule 3001(f) in analysis of debtors' objection to former tenant's proof of claim and granting partial summary judgment with respect to the objection where there were no material facts in dispute).

To receive the benefit of *prima facie* validity, however, "the proof of claim must set forth the facts necessary to support the claim." *In re Marino*, 90 B.R. 25, 28 (Bankr. D. Conn. 1988) (citations and internal quotation marks omitted) (holding that claimant's proof of claim was not entitled to the presumption of *prima facie* validity because it did not set forth the necessary facts); *see also* FED. R. BANKR. P. 3001(c)(1) (requiring claimant to provide documentation where claim is based on a writing). "Failure to attach the documentation required by Rule 3001 will result in the loss of the *prima facie* validity of the claim." *In re Minbatiwalla*, 424 B.R. 104, 112 (Bankr. S.D.N.Y. 2010) (citations omitted).

On the whole, "[a]n objecting party 'bears the initial burden of production and must provide evidence showing the claim is legally insufficient' under 11 U.S.C. § 502." *In re Lehman Bros. Holdings, Inc.*, 519 B.R. 47, 53–54 (Bankr. S.D.N.Y. 2014) (quoting *In re Arcapita Bank B.S.C.(c)*, 508 B.R. 814, 817 (S.D.N.Y. 2014)). A party objecting to the proof of claim must only provide evidence sufficient to negate the *prima facie* validity of the claim by refuting one or more of the facts in the filed claim. *See In re Waterman S.S. Corp.*, 200 B.R. 770, 774–75, 777 (Bankr. S. D.N.Y. 1996) (reopening discovery into asbestos claims due to insufficient information upon which to determine validity of claims); *see also In re Allegheny*

9

*Int'l, Inc.*, 954 F.2d 167, 173–74 (3d Cir. 1992); *In re Oneida, Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009*), aff'd*, No. 09 Civ. 2229(DC), 2010 WL 234827, at *3 (S.D.N.Y. Jan. 22, 2010) (same); *In re Adelphia Commc'ns Corp.*, Case No. 02-41729 (REG), 2007 WL 601452, at *5 (Bankr. S.D.N.Y. Feb. 20, 2007); *Rockefeller*, 272 B.R. at 539 (same).

Once this occurs, "the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence." *In re WorldCom, Inc.*, No. 02-13533 (AJG), 2005 WL 3832065, at *4, *9 (Bankr. S.D.N.Y. 2005) (citing Bankruptcy Rule 3001(f) and holding that claimant did not meet its burden to prove validity of anticipatory breach and unjust enrichment claims, but that further evidence was needed to assess the merits of lack of good faith claim) (quoting *Allegheny*, 954 F.2d at 173–74); *see also In re St. Johnsbury Trucking Co.*, 206 B.R. 318, 323, 328 (Bankr. S.D.N.Y. 1997) (citing Bankruptcy Rule 3001(f) and allowing claim where debtor failed to refute any of the material facts in proof of claim).

Generally, the claimant must prove the claim and not sit back while the objector attempts to disprove it. *See In re Bennett,* 83 B.R. 248, 252 (Bankr. S.D.N.Y. 1988) (holding that debtor presented sufficient evidence to rebut the *prima facie* validity of claimant's claim and that claimant failed to prove claim by a preponderance of credible evidence).

### III.    DISCUSSION

The Debtor argues that, based on a review of its books and records, the No Liability Claims, Insufficient Documentation Claim, Amended Claims, and Duplicate Bondholder Claims should be disallowed and expunged in their entirety. (*See* Bixler Declaration ¶¶ 7–8, 11–12.) Additionally, the Debtor further believes that the amounts asserted in the Modified Amount Claims should be updated to reflect the "Petition Date vested balance" as provided to the

Debtor's advisors by the administrator of the Deferred Compensation Plan per each claimant's account thereunder. (*Id.* ¶ 9.) Each category of claims is discussed in turn.

### A. No Liability Claims

Only three claims are being objected to on "no liability" grounds. The Debtor has sufficiently overcome the *prima facie* validity of two of these claims and established that each of these claims is unenforceable against the Debtor. As for the Sanchez Claim, the Debtor must file a supplemental declaration addressing the vesting date of the equity awards to Ms. Sanchez.

With respect to the Graham Claim, the Debtor submits that its books and records reflect that Ms. Graham received all equity awards owed to her. (*See* Bixler Declaration ¶ 6(a).) As Ms. Graham has not responded to the Claims Objection and shown otherwise, the Claims Objection as to the Graham Claim is **SUSTAINED**.

With respect to the Newfront Claim, Newfront attaches solely a copy of an invoice that billed the $27,500.00 amount sought to Silicon Valley Bank and not the Debtor. (*See generally* Newfront Claim.) The Debtor indicates that it is unaware of any contract between Newfront and the Debtor, and Newfront has not shown otherwise. (Bixler Declaration ¶ 6(b); *see also In re SVB Fin. Grp.,* Case No. 23-10367 (MG), 2024 WL 4565979 (Bankr. S.D.N.Y. Oct. 23, 2024) (sustaining the Debtor's omnibus objection to claims containing invoices identifying Silicon Valley Bank as the party being invoiced on insufficient documentation grounds).) Thus, the Claims Objection to the Newfront Claim is **SUSTAINED**.

Finally, the Sanchez Claim seeks $70,000.00 on account of "employee compensation" that the Debtor believes is on account of equity awards the claimant alleges he did not receive. (*See generally* Sanchez Claim; Bixler Declaration ¶ 6(c).) The Debtor indicates it has no liability with respect to these equity awards because (i) with respect to equity awards with an "estimated

11

effective date" of May 1, 2023, the claimant was "not an employee of the Debtor or its affiliate on the planned grant date" and (ii) with respect to equity awards with an "estimated effective date" of May 2, 2022, the claimant was not an employee of the Debtor or its affiliate through the "applicable vesting date." (*Id.*)  With respect to Sanchez's employment with the Debtor or its affiliate, the Debtor states that her employment ceased as of March 10, 2023, at which time, the Debtor asserts, she forfeited any unvested equity awards.  (*Id.*)

But the Debtor has not offered any evidence to show that Sanchez's equity awards, particularly the equity award with an effective date of May 2, 2022, did not vest before March 10, 2023.  The Sanchez Claim appears to suggest that both her May 2, 2022 and May 1, 2023 equity awards had vested.

A review of the 2006 Equity Incentive Plan attached to the Bixler Declaration as Annex A, which the Debtor represents governs the Sanchez Claim, provides:

> With respect to Awards granted to Employees or Consultants, and except as otherwise provided in Section 16(c), no Award granted hereunder **shall vest and become exercisable prior to the one (1) year anniversary of the date of grant** (or, if applicable, the date an Employee or Consultant begins his or her employment or service with the Company or any Parent or Subsidiary of the Company).  Notwithstanding the foregoing sentence and subject to Section 6(e)(iii), the Administrator, in its sole discretion, may provide at the time of or following the date of grant for accelerated vesting of an Award.

(2006 Equity Incentive Plan § 6(e)(i) (emphasis added).)

Pursuant to the foregoing, the equity award effective on May 2, 2022 would not have vested until one year later on May 2, 2023, after the March 10, 2023 closure date of Silicon Valley Bank when Ms. Sanchez ceased to be an employee of the Debtor.  The Court requires clarity on this point before ruling on the Objection to the Sanchez claim.  Accordingly, the Debtor shall file a supplemental declaration on or before November 14, 2024.

### B. Insufficient Documentation Claim

The Claims Objection to the Insufficient Documentation Claim are also sustained. The sole Insufficient Documentation Claim is POC 226 filed by Jessica Ausman in the amount of $95,170.91 on account of "employee stock plan loss." (*See generally* POC 226.) Attached to Ms. Ausman's proof of claim is a "statement of account" reflecting the value of her restricted stock units ("RSUs") and the "1999 Plan – ESPP" for the period of June 28, 2019 through May 17, 2023. (*Id.*) The statement reflects, among other things, (i) a total and available value of $45.11 and $11.63, respectively, for her RSUs; (ii) a total and available value of $65.58 for her "1999 Plan – ESPP"; (iii) net proceeds of $1,356.15 for a withdrawal from the "1999 Plan – ESPP" on December 30, 2022; and (iv) a negative 100% change in "SVB Financial Group – OTC" in price from June 28, 2019 to May 17, 2023. (*Id.* at 5–8.) It is unclear from the face of the claim why Ms. Ausman believes she is entitled to $95,170.91, and she offers nothing to support that she suffered loss of value in that amount. Indeed, the Debtor is objecting to her claim as it is unable to reconcile to the amount asserted in her claim due to lack of sufficient supporting documentation. (*See* Claims Objection, Ex. 2.)

Accordingly, the Claims Objection as to the Insufficient Documentation Claim is **SUSTAINED**. In any event, as the Court recognized in its ruling on the Debtor's eighth omnibus claims objection, claims for loss of value of stock generally are more properly asserted by the Debtor (as opposed to individual creditors or shareholders) against directors and officers of Silicon Valley Bank instead of the Debtor. *SVB Fin. Grp.*, 2024 WL 4565979, at *9–10 (discussing the Second Circuit's recent ruling in *In re Nordlicht*, 115 F.4th 90 (2d Cir. 2024)). Thus, alternative grounds, which the Debtor has not asserted here, may exist to support the disallowance and expungement of the Insufficient Documentation Claim.

### C. Modified Amount Claims

The Claims Objection with respect to the Modified Amount Claims is also sustained. The Debtor submits that the amounts asserted with respect to each of these claims, as reflected in the Revised Exhibit 3, should be modified to correspond with the "Petition Date vested balance" for each claimant's account under the Deferred Compensation Plan. (Bixler Declaration ¶ 9.) These amounts, which reflect each claimant's vested deferred compensation liability, were "provided to the Debtor's advisors by the administrator of the Deferred Compensation Plan." (*Id.*)

Modification of the asserted amounts would avoid "unwarranted recoveries" on account of these claims to the "detriment of other creditors." (*Id.*) Additionally, certain of the Modified Amount Claims were originally filed in unliquidated amounts, and the Claims Objection assigns a liquidated value to these claims. (*See, e.g.*, Revised Exhibit 3 (assigning, for example, a value of $56,091.25 to proof of claim no. 1047 filed by LeAnn Rogers originally asserted in an "undetermined" amount).) As none of the claimants on the Revised Exhibit 3 have otherwise opposed the Debtor's modification of their claim amount, the Claims Objection to the Modified Amount Claims is **SUSTAINED**. *See In re Lehman Bros. Holdings*, 519 B.R. at 53–54 ("Once the objecting party has met its initial burden, it is up to the claimant to 'prove by a preponderance of the evidence that under applicable law the claim should be allowed.'" (citation omitted)).

### D. Amended Claims

The Claims Objection as to the Amended Claims is similarly **SUSTAINED**. The Debtor submits that, based on a review of its books and records, the Amended Claims have been amended or modified, and thus superseded, by the corresponding subsequently filed proof of

14

claim identified under the "Surviving Claim" heading on Exhibit 5. (Bixler Declaration ¶ 11.) The Debtor has satisfied its initial burden to show that Amended Claims are legally insufficient, and no holder of an Amended Claim has responded to the Claims Objection arguing otherwise.

### E. Duplicate Bondholder Claims

Lastly, the Claims Objection to the Duplicate Bondholder Claims set forth on Exhibit 6 to the Proposed Order is also sustained. The Debtor indicates that the Duplicate Bondholder Claims are "based on the same liabilities of proofs of claim filed by U.S. Bank Trust Company, National Association, as indenture trustee under the senior notes indenture related to these Claims." (Bixler Declaration ¶ 12.) As these Claims will be satisfied through the indenture trustee's proofs of claim, which will continue on as the "Surviving Claims," the Duplicate Bondholder Claims will be disallowed and expunged to avoid double recovery on account of a single obligation.

Accordingly, the Claims Objection to the Duplicate Bondholder Claims is **SUSTAINED**.

### IV. CONCLUSION

For the reasons discussed above, the Court **SUSTAINS** the Claims Objection to all of the claims except for the Sanchez Claim as to which the Debtor is directed to file a supplemental declaration as discussed above.

**IT IS SO ORDERED.**

Dated:   November 8, 2024
         New York, New York

*Martin Glenn*
MARTIN GLENN
United States Bankruptcy Judge

15