Response Deadline: September 2, 2025 at 4:00 p.m. (EST)

Seth Van Aalten
Anthony De Leo
Bryant P. Churbuck
COLE SCHOTZ P.C.
1325 Avenue of the Americas, 19th Floor
New York, NY 10019
Telephone: (212) 752-8000
Facsimile: (212) 752-8393

*Counsel to SVB Financial Trust, as successor to the Debtor*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | : |
| | : |
| SVB FINANCIAL GROUP, | : Chapter 11 |
| | : |
| | : Case No. 23-10367 (MG) |
| Reorganized Debtor.[1] | : |
| | : |

**LIQUIDATING TRUST'S FIFTEENTH OMNIBUS OBJECTION TO
CERTAIN CLAIMS WITH BRIEF IN SUPPORT**

**CLAIMANTS RECEIVING NOTICE OF THIS OMNIBUS OBJECTION
SHOULD LOCATE THEIR NAMES AND CORRESPONDING CLAIMS
ON EXHIBIT 1 AND EXHIBIT 2 TO THE PROPOSED ORDER
ATTACHED TO THIS OBJECTION.**

SVB Financial Trust (the "Liquidating Trust"), as successor-in-interest to SVB Financial Group (the "Debtor"), hereby files its fifteenth omnibus claims objection (the "Objection") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to sections 502 and 510(b) of title 11 of the United States Code (the "Bankruptcy Code") and rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"): (i) subordinating and reclassifying the claims identified on **Exhibit 1** to the Proposed Order

---

[1] The last four digits of SVB Financial Group's tax identification number are 2278.

(collectively, the "Securities Claims"); and (ii) disallowing and expunging from the claims register in their entirety or, alternatively, subordinating and reclassifying the claims identified on **Exhibit 2** to the Proposed Order (collectively, the "Indemnification Claims" and, together with the Securities Claims, the "Claims"). In support of this Objection, the Liquidating Trust respectfully states as follows:

## Background

1. On March 17, 2023 (the "Petition Date"), the Debtor filed with the Court a voluntary petition for relief under the Bankruptcy Code (this "Chapter 11 Case"). On August 2, 2024, the Court entered the *Findings of Fact, Conclusions of Law and Order Confirming the Debtor's Second Amended Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [D.I. 1379] (the "Confirmation Order" and with respect to the plan attached thereto, the "Plan")[2] confirming the Plan which, among other things, provides for the creation of the Liquidating Trust for the purpose of liquidating and distributing the assets of the Liquidating Trust and deems the Liquidating Trust a successor-in-interest to the Debtor for purposes specifically set forth in the Plan or in the Liquidating Trust Agreement. *See* Plan, § 5.2.

2. On November 7, 2024, all conditions precedent to the Effective Date set forth in Article 13 of the Plan were satisfied in accordance with the Plan and the Confirmation Order, and the Effective Date of the Plan occurred. *See Notice of Effective Date of Debtor's Confirmed Second Amended Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [D.I. 1563]. On the Effective Date, the Plan vested the Liquidating Trust with the sole authority to reconcile, dispute, litigate, settle, compromise, or otherwise resolve any disputed claim. *See* Conf. Order, ¶ 33; Plan, § 11.2.

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Plan.

2

3.     Additional factual background relating to the Debtor's business and the commencement of this Chapter 11 Case is set forth in the *Declaration of William C. Kosturos in Support of the Debtor's Chapter 11 Petition and First Day Pleadings* [D.I. 21] and the *Supplemental Declaration of William C. Kosturos in Support of the Debtor's Chapter 11 Petition and First Day Pleadings* [D.I. 43].

## Facts Specific to the Relief Requested

4.     On June 29, 2023, the Court entered an order [D.I. 373] (the "Bar Date Order") establishing certain dates and deadlines for filing proofs of claims in this Chapter 11 Case. Specifically, the Court established, among other things, (a) August 11, 2023 at 4:00 p.m. (Eastern Time) as the bar date (the "General Bar Date") for certain entities other than governmental units to file proofs of claim against the Debtor that arose prior to the Petition Date, including, subject to the exceptions set forth in the Bar Date Order, secured claims, unsecured priority claims, unsecured nonpriority claims and claims pursuant to section 503(b)(9) of the Bankruptcy Code and (b) September 14, 2023 at 4:00 p.m. (Eastern Time) as the bar date (the "Governmental Bar Date") for governmental units to file proofs of claim against the Debtor. The bar date for any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease is (i) the later of (A) the General Bar Date and (B) the date that is 30 days after the effective date of rejection for such executory contract or unexpired lease or (ii) any date this Court may fix in the applicable order authorizing the rejection of an executory contract or unexpired lease.

5.     On November 13, 2023, the Debtor filed a motion [D.I. 672] (the "Omnibus Claims Objections Procedures Motion") seeking entry of an order granting the Debtor leave to file omnibus objections to claims in accordance with certain omnibus claims objection procedures. On November 30, 2023, the Court entered an order approving the Omnibus Claims Objections

3

Procedures Motion [D.I. 713] (the "Omnibus Claims Objections Procedures Order") allowing the Debtor to combine and file up to 200 objections to claims in a single omnibus objection and grouping together the claims with multiple objections if the multiple objections are the same with respect to all claims.

6. As of the date hereof, the Debtor has received over 1,500 claims asserting over $9.5 billion. These claims include, among other things, general unsecured trade claims, employee claims and litigation claims. A number of these claims have been or may be satisfied in the ordinary course of business or pursuant to a prior order of the Court. Claims that were allowed as of the Effective Date have been satisfied in accordance with the treatment provided in the Plan.

7. On December 15, 2023, the Debtor filed its first omnibus objection to certain claims [D.I. 768] (the "First Omnibus Claim Objection") seeking entry of an order expunging certain claims from the claims register. The Debtor objected to 86 claims totaling over $1.5 billion in the First Omnibus Claim Objection. On January 17, 2024, the Court entered an order sustaining the First Omnibus Claim Objection [D.I. 817].

8. On January 16, 2024, the Debtor filed its second omnibus objection to certain claims [D.I. 812] (the "Second Omnibus Claim Objection") seeking entry of an order expunging certain additional claims from the claims register. The Debtor objected to 30 claims totaling over $18 million in the Second Omnibus Claim Objection. On March 6, 2024, the Court entered an order sustaining the Second Omnibus Claim Objection [D.I. 897].

9. On March 8, 2024, the Debtor filed its third omnibus objection to certain claims [D.I. 908] (the "Third Omnibus Claim Objection") seeking entry of an order expunging certain additional claims from the claims register. The Debtor objected to 197 claims totaling over $89 million in the Third Omnibus Claim Objection. On April 9, 2024, the Court entered an order

overruling without prejudice the objections to four claims included in the Third Omnibus Claim Objection [D.I. 1025]. On April 10, 2024, the Court entered an order sustaining the remainder of the Third Omnibus Claim Objection [D.I. 1029]. On July 17, 2024, the Court entered an order sustaining the Third Omnibus Claim Objection with respect to one of the claims it had previously overruled without prejudice [D.I. 1298]. On September 17, 2024, the Court entered an order sustaining the Third Omnibus Claim Objection with respect to the remaining three claims it had previously overruled without prejudice [D.I. 1471].

10. On April 8, 2024, the Debtor filed its fourth omnibus objection to certain claims [D.I. 1021] (the "Fourth Omnibus Claim Objection") seeking entry of an order expunging certain additional claims from the claims register. The Debtor objected to 58 claims totaling over $21 million in the Fourth Omnibus Claim Objection. On May 10, 2024, the Court entered an order sustaining the Fourth Omnibus Claim Objection [D.I. 1119].

11. On May 6, 2024, the Debtor filed its fifth omnibus objection to certain claims [D.I. 1099] (the "Fifth Omnibus Claim Objection") seeking entry of an order expunging certain additional claims from the claims register. The Debtor objected to 10 claims totaling over $1.75 million in the Fifth Omnibus Claim Objection. On July 2, 2024, the Court entered an order sustaining the Fifth Omnibus Claim Objection [D.I. 1250].

12. On May 31, 2024, the Debtor filed its sixth omnibus objection to certain claims [D.I. 1182] (the "Sixth Omnibus Claim Objection") seeking entry of an order expunging certain additional claims from the claims register. The Debtor objected to 15 claims totaling over $31 million in the Sixth Omnibus Claim Objection. On July 2, 2024, the Court entered an order sustaining the Sixth Omnibus Claim Objection [D.I. 1251].

5

13. On August 6, 2024, the Debtor filed its seventh omnibus objection to certain claims [D.I. 1384] (the "Seventh Omnibus Claim Objection") seeking entry of an order expunging certain additional claims from the claims register. The Debtor objected to 182 claims totaling over $1.7 million in the Seventh Omnibus Claim Objection. On September 16, 2024, the Court entered an order sustaining the Seventh Omnibus Claim Objection [D.I. 1467].

14. On August 31, 2024, the Debtor filed its eighth omnibus objection to certain claims [D.I. 1439] (the "Eighth Omnibus Claim Objection") seeking entry of an order expunging certain additional claims from the claims register. The Debtor objected to 20 claims totaling over $1.3 million in the Eighth Omnibus Claim Objection. On October 23, 2024, the Court entered an order overruling without prejudice the objection to three claims included in the Eighth Omnibus Claim Objection and sustaining the remainder of the Eighth Omnibus Claim Objection [D.I. 1534].

15. On October 8, 2024, the Debtor filed its ninth omnibus objection to certain claims [D.I. 1518] (the "Ninth Omnibus Claim Objection") seeking entry of an order expunging certain additional claims from the claims register. The Debtor objected to 88 claims totaling over $260 million in the Ninth Omnibus Claim Objection. On November 8, 2024, the Court entered a memorandum opinion and order sustaining the Ninth Omnibus Claim Objection with regard to all claims except for one, on which the Court requested a supplemental declaration [D.I. 1569]. On November 14, 2024, the Debtor filed a supplement declaration containing additional information on the claim in question [D.I. 1586]. On November 19, 2024, the Court entered an order sustaining the entirety of the Ninth Omnibus Claim Objection [D.I. 1594].

16. On December 17, 2024, the Liquidating Trust filed the tenth omnibus objection to certain additional claims [D.I. 1632] (the "Tenth Omnibus Claim Objection") seeking entry of an order expunging certain claims from the claims register. The Liquidating Trust objected to 200

claims totaling over $260 million in the Tenth Omnibus Claim Objection. On February 12, 2025, the Court entered an order sustaining the Tenth Omnibus Claim Objection [D.I. 1696].

17. On December 17, 2024, the Liquidating Trust filed the eleventh omnibus objection to certain claims [D.I. 1635] (the "Eleventh Omnibus Claim Objection") seeking entry of an order expunging certain additional claims from the claims register. The Liquidating Trust objected to 200 claims totaling over $10 million in the Eleventh Omnibus Claim Objection. On February 11, 2025, the Court entered a memorandum opinion and order sustaining the Eleventh Omnibus Claim Objection [D.I. 1690].

18. On December 17, 2024, the Liquidating Trust filed the twelfth omnibus objection to certain claims [D.I. 1636] (the "Twelfth Omnibus Claim Objection") seeking entry of an order expunging certain additional claims from the claims register. The Liquidating Trust objected to 200 claims totaling over $7 million in the Twelfth Omnibus Claim Objection. On February 12, 2025, the Court entered an order sustaining the Twelfth Omnibus Claim Objection [D.I. 1697].

19. On December 17, 2024, the Liquidating Trust filed the thirteenth omnibus objection to certain claims [D.I. 1637] (the "Thirteenth Omnibus Claim Objection") seeking entry of an order expunging certain additional claims from the claims register. The Liquidating Trust objected to 116 claims totaling over $40 million in the Thirteenth Omnibus Claim Objection. On February 11, 2025, the Court entered an order sustaining the Thirteenth Omnibus Claim Objection [D.I. 1691].

20. On April 1, 2025, the Liquidating Trust filed the fourteenth omnibus objection to certain claims [D.I. 1743] (the "Fourteenth Omnibus Claim Objection") seeking entry of an order expunging certain additional claims from the claims register. The Liquidating Trust objected to 8

claims totaling over $350,000 in the Fourteenth Omnibus Claim Objection. On May 6, 2025, the Court entered an order sustaining the Fourteenth Omnibus Claim Objection [D.I. 1758].

## Jurisdiction

21. This Court has jurisdiction to consider this Objection pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are sections 502 and 510(b) of the Bankruptcy Code and Bankruptcy Rule 3007.

## Relief Requested

22. By this Objection, the Liquidating Trust seeks entry of the Proposed Order: (i) subordinating and reclassifying the Securities Claims identified on **Exhibit 1** to the Proposed Order; and (ii) disallowing and expunging from the claims register in their entirety or, alternatively, subordinating and reclassifying the Indemnification Claims identified on **Exhibit 2** to the Proposed Order.

## Basis for Relief

23. Section 502 of the Bankruptcy Code provides that "[a] claim or interest, proof of which is filed under section 501 of [the Bankruptcy Code], is deemed allowed, unless a party in interest … objects." 11 U.S.C. § 502. Bankruptcy Rules 3007(c) and 3007(d) provide that, under certain circumstances, or with Court approval, more than one claim may be joined in a single objection. Fed. R. Bankr. P. 3007(c)-(d). In addition, the Omnibus Claims Objections Procedures Order provides a list of certain grounds upon which the Liquidating Trust is authorized to join claims in a single omnibus objection, including where the "Claim is disallowed pursuant to section 502 of the Bankruptcy Code" and the "Claim is incorrectly or improperly classified." *See* Omnibus Claims Objections Procedures Order, ¶¶ 5(c)(iv), (vii).

24. As set forth in Bankruptcy Rule 3001(f), a proof of claim executed and filed in accordance with Bankruptcy Rule 3001 shall constitute *prima facie* evidence of the validity and the amount of the claim. *See In re Vanegas*, 290 B.R. 190, 193 (Bankr. D. Conn. 2003) (citing Bankruptcy Rule 3001(f) and holding that the evidence submitted by the debtor was insufficient to overcome the validity and amount of bank's proof of claim); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539, 533 n.13 (Bankr. S.D.N.Y. 2000) (citing Bankruptcy Rule 3001(f) in analysis of debtors' objection to former tenant's proof of claim and granting partial summary judgment with respect to the objection where there were no material facts in dispute).

25. To receive the benefit of *prima facie* validity, however, "the proof of claim must set forth the facts necessary to support the claim." *In re Marino*, 90 B.R. 25, 28 (Bankr. D. Conn. 1988) (holding that claimant's proof of claim was not entitled to the presumption of prima facie validity because it did not set forth the necessary facts); *see also* Fed. R. Bankr. P. 3001(c)(1) (requiring claimant to provide documentation where claim is based on a writing).

26. A party objecting to the proof of claim must only provide evidence sufficient to negate the *prima facie* validity of the claim by refuting one or more of the facts in the filed claim. *See In re Waterman Steamship Corp.*, 200 B.R. 770, 774-75, 777 (Bankr. S.D.N.Y. 1996) (reopening discovery into asbestos claims due to insufficient information upon which to determine validity of claims). Once this occurs, "the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence." *In re WorldCom, Inc.*, Case No. 02-13533 (AJG), 2005 WL 3832065, at *4, *9 (Bankr. S.D.N.Y. 2005) (citing Bankruptcy Rule 3001(f) and holding that claimant did not meet its burden to prove validity of anticipatory breach and unjust enrichment claims, but that further evidence was needed to assess the merits of lack of good faith claim) (quoting *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992)); *see also In re St.*

9

*Johnsbury Trucking Co.*, 206 B.R. 318, 328 (Bankr. S.D.N.Y. 1997) (citing Bankruptcy Rule 3001(f) and allowing claim where debtor failed to refute any of the material facts in proof of claim).

27. The claimant must prove the claim, not sit back while the objector attempts to disprove it. *See In re Bennett*, 83 B.R. 248, 252 (Bankr. S.D.N.Y. 1988) (holding that debtor presented sufficient evidence to rebut the *prima facie* evidence of claimant's claim and that claimant failed to prove claim by a preponderance of credible evidence).

28. Prior to filing this Objection, the Liquidating Trust, with assistance from its professionals, reviewed the Claims to determine, among other things, whether the Claims were properly classified or subject to disallowance. Based on its review, the Liquidating Trust objects to the Securities Claims identified on **Exhibit 1** attached to the Proposed Order and the Indemnification Claims identified on **Exhibit 2** attached to the Proposed Order. Such Claims should be subordinated and reclassified or disallowed and expunged, as explained in greater detail below.

### EXHIBIT 1: SECURITIES CLAIMS

29. The Securities Claims listed on **Exhibit 1** to the Proposed Order should be subordinated and reclassified as Class 7 Section 510(b) Claims under the Plan.[3] The Plan defines "Section 510(b) Claim" as "a Claim subject to subordination under section 510(b) of the Bankruptcy Code." Plan, § 2.1.178. The Plan provides that Section 510(b) Claims "shall be canceled, released, discharged, and extinguished and will be of no further force or effect, and

---

[3] Ordinarily, a party seeking to subordinate a claim must request such relief by way of commencing an adversary proceeding, except where, as here, the confirmed Plan expressly provides for the subordination of Section 510(b) Claims and separately classifies such claims for treatment purposes. *See* Fed. R. Bankr. P. 7001(h) ("The following are adversary proceedings: . . . (h) a proceeding to subordinate an allowed claim or interest, *except when subordination is provided in a Chapter … 11… plan*[.]") (emphasis supplied); *see also* Plan, § 4.2.8 (separately classifying Section 510(b) Claims into Class 7). Accordingly, the Liquidating Trust files this Objection in an abundance of caution to give express effect to the terms and conditions of the Plan.

Holders of Section 510(b) Claims shall not receive or retain any distribution, property, or other value on account of such Claims." Plan, § 4.2.8.

30. Section 510(b) of the Bankruptcy Code provides that:

> For the purpose of distribution under this title, a claim arising from rescission of a purchase or sale of a security of the debtor or of an affiliate of the debtor, for damages arising from the purchase or sale of such a security, or for reimbursement or contribution allowed under section 502 on account of such a claim, shall be subordinated to all claims or interests that are senior to or equal the claim or interest represented by such security, except that if such security is common stock, such claim has the same priority as common stock.

11 U.S.C. § 510(b).

31. Subordination under section 510(b) of the Bankruptcy Code is not left to the discretion of the Court, but rather, is mandatory in the event the requirements of that statute are met. *See In re Lehman Bros. Inc.*, 503 B.R. 778, 783-84 (Bankr. S.D.N.Y. 2014) (rejecting position that section 510(b) is ambiguous when applied to a claim arising from the purchase or sale of a security of a debtor's affiliate and finding such claim "fits comfortably within that portion of section 510(b) which mandates subordination"); *KIT digital, Inc. v. Invigor Grp. Ltd. (In re KIT digital, Inc.),* 497 B.R. 170, 178 (Bankr. S.D.N.Y. 2013) ("[B]y reason of the 'shall' in the second to last clause, subordination of any claim subject to section 510(b) is mandatory."); *In re Enron Corp.*, 341 B.R. 141, 149 (Bankr. S.D.N.Y. 2006) (referring to "mandatory subordination" with respect to section 510(b)).

32. As set forth in the addendum attached to each of the Securities Claims, the claims are predicated on alleged misrepresentations regarding the Debtor's financial condition that, once disclosed, caused the price of the Debtor's common stock to decline. Bankruptcy Code section 510(b) plainly applies to such claims. *Enron*, 341 B.R. at 150 ("Where the asserted damages arise

11

directly out of the purchase of the security, whether from the transaction itself or the subsequent transfer, the courts have uniformly held that section 510(b) applies.").

33. Accordingly, the Liquidating Trust respectfully requests that this Court subordinate and reclassify the Securities Claims identified on **Exhibit 1** to the Proposed Order as Class 7 Section 510(b) Claims under the Plan.

### EXHIBIT 2: INDEMNIFICATION CLAIMS

34. The Liquidating Trust objects to the Indemnification Claims identified on **Exhibit 2** to the Proposed Order on grounds that such claims are subject to disallowance under section 502(e)(1)(B) of the Bankruptcy Code. Section 502(e)(1)(B) provides that:

> [T]he court shall disallow any claim for reimbursement or contribution of an entity that is liable with the debtor on or has secured the claim of a creditor to the extent that—
> . . .
> (B) such claim for reimbursement or contribution is contingent as of the time of the allowance or disallowance of such claim for reimbursement or contribution. . .

11 U.S.C. § 502(e)(1)(B).

35. A claim is subject to disallowance under section 502(e)(1)(B) where the following elements are met: (i) the claim is for reimbursement or contribution; (ii) the claimant is co-liable with the debtor on account of the claim; and (iii) the claim is contingent at the time of its allowance or disallowance. *See In re Lyondell Chem. Co.*, 442 B.R. 236, 243 (Bankr. S.D.N.Y. 2011); *In re Chemtura Corp.*, 443 B.R. 601, 612 (Bankr. S.D.N.Y. 2011); *In re Alper Holdings USA*, Case No. 07-12148, 2008 WL 4186333, at *4 (Bankr. S.D.N.Y. Sept. 10, 2008) (quoting *In re GCO, LLC*, 324 B.R. 459, 465 (Bankr. S.D.N.Y. 2005); *In re Drexel Burnham Lambert Grp. Inc.*, 148 B.R. 982, 985 (Bankr. S.D.N.Y. 1992)). Each of the Indemnification Claims satisfies these three elements.

12

36. *First*, each of the Indemnification Claims asserts contractual and common law rights to indemnification, reimbursement, and contribution in connection with claimants' underwriting or custodial services. This satisfies the "reimbursement" prong of the test for disallowance under section 502(e)(1)(B). *See In re Alper Holdings USA*, No. 07-12148, 2008 WL 4186333, at *5 (Bankr. S.D.N.Y. Sept. 10, 2008) (disallowing contractual indemnification claims pursuant to 502(e)(1)(B)); *GCO, LLC*, 324 B.R. at 465 ("Because 'the concept of reimbursement includes indemnity,' any claims for indemnification also fall within the scope of the first prong of 502(e)(1)(B)."); *In re Drexel Burnham Lambert Grp. Inc.*, 148 B.R. 982, 985 (Bankr. S.D.N.Y. 1992) (noting section 502(e)(1)(B) "clearly applies to contractual claims for indemnification").

37. *Second*, each of the Indemnification Claims alleges co-liability with the Debtor. To satisfy this element, courts "require a finding that the causes of action in the underlying lawsuit assert claims upon which, if proven, the debtor could be liable but for the automatic stay." *In re Wedtech Corp.*, 85 B.R. 285, 290 (Bankr. S.D.N.Y. 1988). The Indemnification Claims satisfy the co-liability element of section 502(e)(1)(B) because indemnification and contribution presuppose co-liability. *See In re Motors Liquidation Co.*, 598 B.R. 744, 760 (Bankr. S.D.N.Y. 2019) ("By its very nature a claim for contribution presupposes a sharing of liability and thus a codebtor relationship.") (quoting *Matter of Baldwin-United Corp.*, 55 B.R. 885, 891 (Bankr. S.D. Ohio 1985)); *see also GCO, LLC*, 324 B.R. at 465 (holding that claim for indemnification "certainly satisfy[ies]" the co-liability prong of section 502(e)(1)(B)).

38. *Third*, each of the Indemnification Claims is contingent. "[A] claim is contingent 'if the debtor's legal duty to pay does not come into existence until triggered by the occurrence of a future event.'" *Pearl-Phil GMT (Far East) Ltd. v. Caldor Corp.*, 266 B.R. 575, 580 (S.D.N.Y. 2001) (quoting *Mazzeo v. United States (In re Mazzeo)*, 131 F.3d 295, 303 (2d Cir. 1997)). A

claim is contingent for section 502(e)(1)(B) purposes until the co-debtor's liability is established and the co-debtor has paid the creditor. *In re Motors Liquidation Co.*, 598 B.R. at 760.

39. Here, the claimants asserting Indemnification Claims have not alleged, and the Liquidating Trust has no information to suggest, that a court has reduced to judgment any claim related to claimants' underwriting or custodial services or that claimants have paid any such claims. Accordingly, the Indemnification Claims satisfy every element of section 502(e)(1)(B) and should be disallowed and expunged from the claims register in their entirety.

40. Alternatively, in the event the Court determines the Indemnification Claims identified on **Exhibit 2** to the Proposed Order are not subject to disallowance under section 502(e)(1)(B) of the Bankruptcy Code, such claims should be subordinated and reclassified as Class 7 Section 510(b) Claims under the Plan. The Indemnification Claims are based on claimants' underwriting or custodial services in connection with the Debtor's securities offerings and therefore are subject to subordination under section 510(b) of the Bankruptcy Code. *See In re Lehman Brothers, Inc.*, 519 B.R. 434, 451-52 (S.D.N.Y. 2014) (affirming the Bankruptcy Court's decision subordinating co-underwriters' contribution claims against debtor based on sale of debtor's affiliate's securities).

## Notice

41. Notice of this Objection has been provided in accordance with the Omnibus Claims Objection Procedures Order as well as the Court's case management order [D.I. 131] (the "Case Management Order") upon: (a) counsel to the U.S. Trustee; (b) counsel for the claimants whose Claims are subject to this Objection; and (c) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002. The Liquidating Trust submits that, in light of the nature of the relief requested, no other or further notice need be provided.

14

**Reservation of Rights**

42. This Objection is limited to the grounds stated herein. Accordingly, it is without prejudice to the rights of the Liquidating Trust to object to any claim on any grounds whatsoever. The Liquidating Trust expressly reserves all further substantive or procedural objections. Nothing contained herein is intended or should be construed as: (a) an admission as to the validity of any claim against the Liquidating Trust; (b) a waiver of the Liquidating Trust's rights to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Objection or any order granting the relief requested by this Objection; (e) an approval or assumption of any agreement, contract or lease under section 365 of the Bankruptcy Code; or (f) a waiver of the Liquidating Trust's rights under the Bankruptcy Code or any other applicable law. Likewise, any payment made pursuant to an order by this Court is not intended and should not be construed as an admission as to the validity of any claim or waiver of the Liquidating Trust's rights to dispute such claim subsequently.

43. The Liquidating Trust expressly reserves the right to amend, modify, or supplement this Objection and to seek additional relief with respect to any other claims (filed or not) by any of the creditors identified on **Exhibit 1** and **Exhibit 2** to the Proposed Order. Without limiting the generality of the foregoing, the Liquidating Trust specifically reserves the right to amend this Objection, file additional papers in support of this Objection or take other appropriate actions, including, without limitation, to: (a) respond to any allegation or defense that may be raised in a response filed by or on behalf of the claimants or other interested parties; or (b) object in the event a claimant seeks to file a late claim or provides (or attempts to provide) additional documentation.

**Separate Contested Matter**

44. To the extent that a response is filed regarding any of the Claims listed in this Objection and the Liquidating Trust is unable to resolve any such response, each such Claim, and the Objection as it pertains to such Claim, will constitute a separate contested matter as contemplated by Bankruptcy Rule 9014, to the extent applicable. Accordingly, the Liquidating Trust requests that any order entered by the Court regarding an objection or any other reply asserted in response to this Objection be deemed a separate order with respect to each Proof of Claim.

45. To the extent the proponent of any Claim proposed to be rejected pursuant to this Objection disagrees with the bases set forth in this Objection, such proponent is encouraged to contact counsel to the Liquidating Trust to discuss the Objection prior to filing a formal disagreement on the docket of this Chapter 11 Case.

**Conclusion**

**WHEREFORE**, for the reasons set forth herein, the Liquidating Trust respectfully requests that the Court (a) enter the Proposed Order and (b) grant such other and further relief as is just and proper.

40000/1014-50518517v1

**NOTICE OF OPPORTUNITY FOR HEARING**

**YOUR RIGHTS MAY BE AFFECTED. YOU SHOULD READ THIS DOCUMENT CAREFULLY AND CONSULT YOUR ATTORNEY ABOUT YOUR RIGHTS AND THE EFFECT OF THIS DOCUMENT. QUESTIONS REGARDING THIS OBJECTION SHOULD BE DIRECTED TO THE UNDERSIGNED COUNSEL TO THE LIQUIDATING TRUST. IF YOU DO NOT WANT THE COURT TO GRANT THIS REQUESTED RELIEF, OR YOU WISH TO HAVE YOUR VIEWS CONSIDERED, YOU MUST FILE A WRITTEN RESPONSE OR OBJECTION TO THE REQUESTED RELIEF WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK, NO LATER THAN 4:00 P.M. PREVAILING EASTERN TIME ON THE DATE THAT IS SEVEN (7) DAYS BEFORE THE APPLICABLE HEARING DATE. YOU SHOULD ALSO SERVE A FILE-STAMPED COPY OF YOUR RESPONSE OR OBJECTION TO THE UNDERSIGNED ATTORNEYS AND FILE A CERTIFICATE OF SERVICE WITH THE COURT. THIS DOCUMENT WILL BE HEARD AT THE NEXT SCHEDULED OMNIBUS HEARING THAT IS AT LEAST THIRTY (30) DAYS FROM THE DATE OF THE FILING OF THIS DOCUMENT. IF NO RESPONSE OR OBJECTION IS TIMELY FILED, THE COURT MAY GRANT THE REQUESTED RELIEF WITHOUT A HEARING OR FURTHER NOTICE.**

40000/1014-50518517v1

| | |
|---|---|
| Dated: July 31, 2025<br>      New York, New York | Respectfully submitted,<br><br>By:  <u>*/s/ Seth Van Aalten*</u><br>      Seth Van Aalten<br>      Anthony De Leo<br>      Bryant P. Churbuck<br>      COLE SCHOTZ P.C.<br>      1325 Avenue of the Americas, 19th Floor<br>      New York, NY 10019<br>      Telephone: (212) 752-8000<br>      Facsimile: (212) 752-8393<br>      Email:  svanaalten@coleschotz.com<br>                adeleo@coleschotz.com<br>                bchurbuck@coleschotz.com<br><br>      *Counsel to SVB Financial Trust, as*<br>      *successor to the Debtor* |